# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **MATTHEW D. GUERTIN** | Case No: 25-cv-2670 |
| Plaintiff, | |
| v. | |
| **TIM WALZ,** Governor of Minnesota; | |
| **KEITH ELLISON,** Minnesota Attorney General; | |
| **HENNEPIN COUNTY,** a municipal entity; | |
| **MARY MORIARTY,** Hennepin County Attorney; | |
| **JUDITH COLE,** Sr. Assistant Hennepin County Attorney; | |
| **MICHAEL BERGER,** Chief Public Defender, Hennepin County; | |
| **KERRY W. MEYER,** Chief Judge, 4th District; | **MOTION TO DISQUALIFY JUDGE JERRY W. BLACKWELL PURSUANT TO 28 U.S.C. § 455(a) and (b)(1)** |
| **BRUCE M. RIVERS,** Private Defense Counsel; | |
| **CHELA GUZMAN-WIEGERT,** Assistant County Administrator; | |
| **ALISHA NEHRING,** MN Department of Health Attorney; | |
| **HILARY CALIGIURI,** Presiding Criminal Judge, 4th District; | |
| **TODD FELLMAN,** Presiding Juvenile Judge, 4th District; | |
| **SARAH HUDLESTON,** Judge, 4th District; | |
| **WILLIAM H. KOCH,** Judge, 4th District; | |
| **JULIA DAYTON-KLEIN,** Judge, 4th Judicial District; | |
| **DANIELLE C. MERCURIO,** Judge, 4th Judicial District; | |
| **GEORGE F. BORER,** Referee, 4th Judicial District; | |

| | |
|---|---|
| **LEE CUELLAR,**<br>Judicial Clerk, 4th District;<br>**MAWERDI HAMID,**<br>Assistant Hennepin County Attorney;<br>**JACQUELINE PEREZ,**<br>Assistant Hennepin County Attorney;<br>**EMMETT M. DONNELLY,**<br>Hennepin County Public Defender;<br>**RAISSA CARPENTER,**<br>Hennepin County Public Defender;<br>**SHEREEN ASKALANI,**<br>Judge, 4th District;<br>**DR. JILL ROGSTAD,**<br>Senior Clinical Forensic Psychologist;<br>**DR. ADAM MILZ,**<br>Hennepin County Psychological Services;<br>**DR. KATHERYN CRANBROOK,**<br>Hennepin County Psychological Services;<br>**DR. KRISTEN A. OTTE,**<br>Hennepin County Psychological Services;<br>**MICHAEL K. BROWNE,**<br>Judge, 4th District;<br>**LISA K. JANZEN,**<br>Judge, 4th District;<br>**CAROLINA A. LAMAS,**<br>Judge, 4th District;<br>**JOHN DOES 1–50;**<br>**JANE DOES 1–50,**<br>                         Defendants. | |

Plaintiff Matthew D. Guertin respectfully moves this Court for the immediate disqualification of the Honorable Jerry W. Blackwell as presiding judge in the above-captioned matter, pursuant to 28 U.S.C. § 455(a) and (b)(1), and in support states as follows:

## I. LEGAL STANDARD

Under 28 U.S.C. § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further requires disqualification where the judge has "a personal bias or prejudice concerning a party."

The purpose of § 455 is to preserve public confidence in the integrity of the judicial process, regardless of whether actual bias exists. As the Supreme Court has stated:

> "*Justice must satisfy the appearance of justice.*"
> *Liteky v. United States*, 510 U.S. 540, 548 (1994)

## II. FACTUAL BASIS FOR DISQUALIFICATION

### A | Judge Blackwell Maintains Political and Professional Ties With Named Defendants

**1.** Plaintiff's complaint names both Governor Tim Walz and Attorney General Keith Ellison as defendants in a RICO and civil rights action involving systemic judicial and prosecutorial misconduct.

**2.** Judge Blackwell has donated campaign contributions to both Tim Walz and Keith Ellison, creating a personal political entanglement with material parties to the case.

**3.** In 2021, Judge Blackwell personally served as special prosecutor under Ellison in the State v. Chauvin trial and appeared on national media as part of Ellison's legal team — establishing a clear and substantial professional alignment with a named defendant.

**B   |   The Appearance of Bias Is Unavoidable**

1. This case alleges coordinated misconduct by the Minnesota Attorney General's Office and the Governor's office, with Ellison and Walz as central actors.

2. Any reasonable member of the public aware of Judge Blackwell's history would question his ability to fairly adjudicate a RICO claim involving his former colleague and political beneficiary.

3. Under *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008), the test is "*whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.*"

## III.   DISCLOSURE FAILURE AND PROCEDURAL CONCERNS

- Judge Blackwell did not disclose his prior involvement with Ellison or his political support of Walz upon assignment to this case.

- Plaintiff had no prior opportunity to object prior to the Clerk's random assignment process.

- The plaintiff is a pro se litigant asserting unprecedented digital forensic claims against an entire system of judicial retaliation and synthetic docket fabrication — a matter of profound public interest and vulnerability that demands objective neutrality.

## IV.   REQUEST FOR RELIEF

**WHEREFORE,**

Plaintiff respectfully requests that:

**1.** Judge Jerry W. Blackwell be disqualified from further proceedings in this case under 28 U.S.C. § 455(a) and (b)(1);

**2.** The case be reassigned by random draw to a judge without any personal or political entanglement with the named parties;

**3.** This motion be ruled upon prior to any substantive action taken on Plaintiff's pending IFP service motion, in the interest of judicial neutrality.

**Dated:  June 26, 2025**               *Respectfully submitted,*

                                         */s/ Matthew D. Guertin*

                                        Matthew David Guertin
                                        ***Plaintiff Pro Se***
                                        4385 Trenton Ln. N 202
                                        Plymouth, MN  55442
                                        Telephone: 763-221-4540
                                        MattGuertin@protonmail.com
                                        www.MattGuertin.com