UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Matthew D. Guertin, | Civ. No. 25-2670 (PAM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Tim Walz, Governor of Minnesota – sued in his official capacity; Keith Ellison, Attorney General of Minnesota – sued in his official capacity; Hennepin County, a municipal entity; Mary Moriarty, Hennepin County Attorney – sued in both her official and individual capacities; Judith Cole, Sr. Assistant Hennepin County Attorney – sued in her individual capacity; Michael Berger, Chief Public Defender, Hennepin County – sued in his individual capacity; Kerry W. Meyer, Chief Judge, 4th District – sued in her individual capacity; Bruce M. Rivers, Private Defense Counsel – sued in his individual capacity; Chela Guzman-Wiegart, Assistant County Administrator – sued in her individual capacity; Alisha Nehring, MN Department of Health Attorney – sued in her individual capacity; Hilary Caligiuri, Presiding Criminal Judge, 4th District sued in her individual capacity; Todd Fellman, Presiding Juvenile Judge, 4th District – sued in his individual capacity; Sarah Hudleston, Judge, 4th District – sued in her individual capacity; William H. Koch, Judge, 4th District – sued in his individual capacity; Julia Dayton-Klein, Judge, 4th Judicial District – sued in her individual capacity; Danielle C. Mercurio, Judge, 4th Judicial District – sued in her individual capacity; George F. Borer, Referee, 4th | |

1

Judicial District – sued in his individual capacity; Lee Cuellar, Judicial Clerk, 4th District sued in his individual capacity; Mawerdi Hamid, Assistant Hennepin County Attorney – sued in her individual capacity; Jacqueline Perez, Assistant Hennepin County Attorney – sued in her individual capacity; Emmett M. Donnelly, Hennepin County Public Defender – sued in his individual capacity; Raissa Carpenter, Hennepin County Public Defender – sued in her individual capacity; Shereen Askalani, Judge, 4th District –sued in her individual capacity; Jill Rogstad, Dr. – Senior Clinical Forensic Psychologist – sued in her individual capacity; Adam Milz, Dr. – Hennepin County Psychological Services – sued in his individual capacity; Katheryn Cranbrook, Dr. – Hennepin County Psychological Services – sued in her individual capacity; Kristen A. Otte, Dr. – Hennepin County Psychological Services – sued in her individual capacity; Michael K. Browne, Judge, 4th District – sued in his individual capacity; Lisa K. Janzen, Judge, 4th District – sued in her individual capacity; Carolina A. Lamas, Judge, 4th District – sued in her individual capacity; John Does 1-50; and Jane Does 1-50,

Defendants.

Plaintiff Matthew D. Guertin was charged in state court with various gun offenses in 2023. See State of Minnesota v. Guertin, Crim. No. 27-23-1886 (Minn. Dist. Ct.). Progress in that case has been slow, mostly because Guertin has repeatedly been found unable to assist in his own defense. See Minn. R. Crim. P. 20. Guertin previously filed a

2

lawsuit in this District challenging various aspects of the prosecution under 42 U.S.C. § 1983. That action, ultimately, was dismissed without prejudice under the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). Federal courts generally are required to abstain from exercising jurisdiction over claims whose litigation would interfere with ongoing state criminal proceedings, see, e.g., Plouffe v. Ligon, 606 F.3d 890, 892 (8th Cir. 2010) (setting forth requirements for Younger abstention), and Guertin's case was not an exception to that rule, see Guertin v. Hennepin Cnty., Civ. No. 24-2646, 2024 WL 4355087, at *2–3 (D. Minn. Sept. 30, 2024) (Tunheim, J.).

Guertin has now returned to federal court with another Complaint attacking the ongoing criminal proceedings—a sprawling, meandering pleading, stretching out over 120 pages. The "foundation" of the Complaint is that "Plaintiff Matthew David Guertin was the only real human defendant inserted into an otherwise fully synthetic legal universe." (Compl. (Docket No. 1) ¶ 7.) According to Guertin, various state officials—including the governor of the State of Minnesota; the chief prosecutor and public defender of Hennepin County; various state-court judges, referees, clerks, and other judicial employees; and various doctors who have examined Guertin as part of the competency proceedings—have conspired to create a facsimile of judicial reality, where the reality of what is occurring in the state-court criminal proceeding is obscured by fictitious documents appearing on the record of that proceeding. Alongside that central claim, Guertin presents dozens of ancillary claims attacking nearly every aspect of how the criminal prosecution has been conducted.

There are multiple problems with the Complaint. The first is that it violates Fed. R. Civ. P. 8(a)(2), which requires that a pleading stating a claim for relief contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear. Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed." Gurman v. Metro Hous. and Redev. Auth., 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011) (Schiltz, C.J.). Guertin's pleading is self-evidently neither short nor plain.

A district court may dismiss sua sponte a complaint that violates Rule 8, see Olson v. Little, 978 F.2d 1264 (8th Cir. 1992) (unpublished table disposition), but if the only defect in Guertin's pleading were that it is too long and too complex, the Court would allow Guertin to amend his Complaint rather than dismiss the action. There are many other problems, however. The Younger abstention doctrine remains a barrier to Guertin procuring relief in federal court from the ongoing criminal prosecution in state court, as explained at length in the order dismissing Guertin's prior lawsuit. See Guertin, 2024 WL 4355087, at *2–4. Like Rule 8, Younger may also be invoked by a federal district court sua sponte. See Geier v. Missouri Ethics Comm'n, 715 F.3d 674, 676 (8th Cir. 2013) (affirming sua sponte dismissal on Younger grounds); Spottswood v. State of MN Wash Co, Civ. No. 24-0224, 2024 WL 3403235, at *1 n.4 (D. Minn. June 17, 2024) (Wright, M.J.). Most of the individuals being sued are vested with either judicial or prosecutorial immunity from suit. See, e.g., Mireles v. Waco, 502 U.S. 9, 9–10 (1991) (judicial immunity); Imbler v. Pachtman, 424 U.S. 409, 431 (1976). These defenses, too, may be

4

invoked sua sponte.  See, e.g., Myers v. Vogal, 960 F.2d 750, 750 (8th Cir. 1992); Broussard v. Hollenhorst, Civ. No. 22-0342, 2022 WL 748470, at *4 n.8 (D. Minn. Mar. 11, 2022) (Nelson, J.) (collecting cases).  The Complaint repeatedly invokes criminal statutes that do not provide a private right of action; Guertin lacks standing to bring claims under these provisions, see Kunzer v. Magill, 667 F. Supp. 2d 1058, 1060–61 (D. Minn. 2009) (Hovland, J.), which in turn implicates the jurisdiction of the Court—and jurisdictional defects may also be raised sua sponte.  See Fed. R. Civ. P. 12(h)(3).

Perhaps the biggest problem with the Complaint, though, is that the factual allegation that Guertin regards as foundational to his lawsuit—that "Guertin was the only real human defendant inserted into an otherwise fully synthetic legal universe"—is delusional.  (See Compl. ¶ 7.)  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."  Denton v. Hernandez, 504 U.S. 25, 33 (1992).  The entire 120-page, 540-paragraph Complaint is underpinned by allegations that are "wholly incredible," id., which in turn renders this lawsuit frivolous.  And a district court may dismiss a frivolous lawsuit sua sponte.  See Mallard v. U.S. Dist. Ct., 490 U.S. 296, 307–08 (1989) ("Statutory provisions may simply codify existing rights or powers. [28 U.S.C. §] 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision"); Porter v. Fox, 99 F.3d 271, 273 (8th Cir. 1996).

For all of these reasons, this action is dismissed without prejudice.  Guertin's Motion for service of process to be effected by the U.S. Marshal pursuant to 28 U.S.C. § 1915(d)

is denied as moot.  An appeal cannot be taken from this dismissal in good faith, and any application to proceed in forma pauperis on appeal submitted by Guertin will be denied on that basis.  See 28 U.S.C. § 1915(a)(3).  Guertin's Motion to disqualify Judge Jerry W. Blackwell, who was previously assigned to this action, is denied as moot as a result of Judge Blackwell's recusal from the matter.

Accordingly, **IT IS HEREBY ORDERED that:**

1. This action is **DISMISSED without prejudice**;

2. Plaintiff's Motion for service of process to be effected by the U.S. Marshal (Docket No. 2) is **DENIED as moot**; and

3. Plaintiff's Motion to disqualify Judge Jerry W. Blackwell (Docket No. 5) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 10, 2025                                       *s/ Paul A. Magnuson*
                                                                         Paul A. Magnuson
                                                                         United States District Court Judge