# EXHIBIT MCR-1

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-01-17**
MCRO_27-CR-23-1886_Finding of Incompetency and Order_2024-01-17_20240430072352.pdf
File Hash:   d1c60e5543fb330ac53256624297617aea67f6aa65f6d26425beb44c510d47e0
Page: 1 of 4

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Matthew David Guertin,

Defendant.

Court File No. 27-CR-23-1886

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter was scheduled to come before the undersigned Referee of District Court on January 16, 2024. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant was represented by Bruce Rivers, Esq.

Prior to the hearing, the parties agreed to a finding of incompetency entered administratively. Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 07/17/1981, was charged in MNCIS file 27-CR-23-1886 with Dangerous Weapons (Felony) and three counts of Firearm-Serial Number-Receive/Possess With No Serial Number (Felony) arising from an incident alleged to have occurred on January 21, 2023. On January 25, 2023, Referee Lyonel Norris found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On November 15, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability

---

**Case No. 27-CR-19-901**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-19-901_Finding of Incompetency and Order_2023-02-15_20240430091100.pdf
File Hash:   87b20e720c10d039a9af912409cc0c3197d14f803a28b5ea905292b36557b27c
Page: 1 of 4

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Eyuael Gonfa Kebede,

Defendant.

Court File No. 27-CR-19-901;
27-CR-20-13495

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on February 14, 2023. The hearing was held remotely using the Zoom internet platform. Heidi Johnston, Minneapolis City Attorney, represented the plaintiff. Defendant was represented by Gregory Renden, Assistant Hennepin County Public Defender, who waived the Defendant's appearance.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 05/18/1994), was convicted in MNCIS file 27-CR-19-901 DWI (Gross Misdemeanor) and charged in MNCIS file 27-CR-20-13495 with two counts of DWI (Gross Misdemeanor) arising from an incident alleged to have occurred on 04/05/2020.   On 05/09/2022, Judge Daly found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On 11/23/2022, Judge Janzen ordered that Defendant undergo an updated evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Katheryn Cranbrook, PsyD, ABPP, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Katheryn Cranbrook, PsyD, ABPP, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

---

**Case No. 27-CR-20-7092**
State of MN vs DWAYNE ANTHONY BLEDSOE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-01-23**
MCRO_27-CR-20-7092_Finding of Incompetency and Order_2024-01-23_20240430085300.pdf
File Hash:   f29f12b3235ea3fca447b13bd79042366f7a435925e9d646b2d8676109471109
Page: 1 of 4

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Dwayne Anthony Bledsoe,

Defendant.

Court File No. 27-CR-20-7092; 27-CR-21-933

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on January 23, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant was represented by Atif Khan, Assistant Hennepin County Public Defender. Defendant was not present.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 11/03/1979, was charged in MNCIS file 27-CR-20-7092 with Domestic Abuse No Contact Order – Violate No Contact Order (Gross Misdemeanor) arising from an incident alleged to have occurred on February 1, 2020; and in MNCIS file 27-CR-21-933 with Simple Robbery (Felony) arising from an incident alleged to have occurred on January 13, 2021.  On February 10, 2021, Judge Paul Scoggin found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On September 28, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to

---

**EXHIBIT MCR-1 | p. 1**

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-01-17**
MCRO_27-CR-23-1886_Finding of Incompetency and Order_2024-01-17_20240430072352.pdf
File Hash:      d1c60e5543fb330ac53256624297617aea67f6aa65f6d26425beb44c510d47e0
Page: 2 of 4

---

to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Jacqueline Perez, Assistant Hennepin County Attorney – Criminal Division;

   Bruce Rivers, Attorney for Defendant

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical

2

---

**Case No. 27-CR-19-901**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-19-901_Finding of Incompetency and Order_2023-02-15_20240430091100.pdf
File Hash:      87b20e720c10d039a9af912409cc0c3197d14f803a28b5ea905292b36557b27c
Page: 2 of 4

---

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charges.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Megan Griffin, Minneapolis City Attorney – Criminal Division;

   Gregory Renden, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals;

2

---

**Case No. 27-CR-20-7092**
State of MN vs DWAYNE ANTHONY BLEDSOE
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-01-23**
MCRO_27-CR-20-7092_Finding of Incompetency and Order_2024-01-23_20240430085300.pdf
File Hash:      f29f12b3235ea3fca447b13bd79042366f7a435925e9d646b2d8676109471109
Page: 2 of 4

---

rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Travis Huddy, Assistant Hennepin County Attorney – Criminal Division;

   Megan Griffin, Minneapolis City Attorney;

   Atif Khan, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records

2

---

2

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-01-17**
MCRO_27-CR-23-1886_Finding of Incompetency and Order_2024-01-17_20240430072352.pdf
File Hash:    d1c60e5543fb330ac53256624297617aea67f6aa65f6d26425beb44c510d47e0
Page: 3 of 4

dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order

3

---

**Case No. 27-CR-19-901**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-19-901_Finding of Incompetency and Order_2023-02-15_20240430091100.pdf
File Hash:    87b20e720c10d039a9af912409cc0c3197d14f803a28b5ea905292b36557b27c
Page: 3 of 4

physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

3

---

**Case No. 27-CR-20-7092**
State of MN vs DWAYNE ANTHONY BLEDSOE
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-01-23**
MCRO_27-CR-20-7092_Finding of Incompetency and Order_2024-01-23_20240430085300.pdf
File Hash:    f29f12b3235ea3fca447b13bd79042366f7a435925e9d646b2d876109471109
Page: 3 of 3

maintained by:  Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order

3

**EXHIBIT MCR-1 | p. 3**

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2024-01-17**
MCRO_27-CR-23-1886_Finding of Incompetency and Order_2024-01-17_20240430072352.pdf
File Hash:       d1c60e5543fb330ac53256624297617aea67f6aa65f6d26425beb44c510d47e0
Page: 4 of 4

may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is July 16, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Bruce Rivers, Attorney for Defendant (riverslawyers@aol.com);

    c. Jacqueline Perez, Assistant Hennepin County Attorney (jacqueline.perez@hennepin.us);

    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

_____   _____
Referee of District Court        Judge of District Court

4

---

**Case No. 27-CR-19-901**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-02-15**
MCRO_27-CR-19-901_Finding of Incompetency and Order_2023-02-15_20240430091100.pdf
File Hash:       87b20e720c10d039a9af912409cc0c3197d14f803a28b5ea905292b36557b27c
Page: 4 of 4

12. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 15, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Gregory Renden, Assistant Hennepin County Public Defender;

    c. Megan Griffin, Minneapolis City Attorney – Criminal Division;

    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

13. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

_____   _____
Referee of District Court        Judge of District Court

4

---

**Case No. 27-CR-20-7092**
State of MN vs DWAYNE ANTHONY BLEDSOE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2024-01-23**
MCRO_27-CR-20-7092_Finding of Incompetency and Order_2024-01-23_20240430085300.pdf
File Hash:       f29f12b3235ea3fca447b13bd79042366f7a435925e9d646b2d8676109471109
Page: 4 of 4

may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is July 23, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Atif Khan, Assistant Hennepin County Public Defender;

    c. Travis Huddy, Assistant Hennepin County Attorney;

    d. Megan Griffin, Minneapolis City Attorney;

    e. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Dayton Klein, Julia
Jan 23, 2024 3:08 PM
Judge of District Court

4

**EXHIBIT MCR-1 | p. 4**

**Case No. 27-CR-20-10049**
State of MN vs Beyonce Porshae Brown
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-10-17**
MCRO_27-CR-20-10049_Finding of Incompetency and Order_2023-10-17_20240430085646.pdf
File Hash:   ab8da6679a5a6de5a63d44c118b2b90b95eb6d740483c7453ac0dec63ca977fa
Page: 1 of 4

**Case No. 27-CR-20-11638**
State of MN vs JOHN EMIL STICHA
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-05-24**
MCRO_27-CR-20-11638_Finding of Incompetency and Order_2023-05-24_20240430085821.pdf
File Hash:   29da560fe5e4e72686584583059e6ba2f30f21cff818d157a35fabb4bfae8434
Page: 1 of 4

**Case No. 27-CR-20-11638**
State of MN vs JOHN EMIL STICHA
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-11-28**
MCRO_27-CR-20-11638_Finding of Incompetency and Order_2023-11-28_20240430085818.pdf
File Hash:   90f54b0f965748c75968bfa548ca8a108cd3468197334eecc0e37992d692a6f5
Page: 1 of 4

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Beyonce Porschean Brown,

Defendant.

Court File No. 27-CR-20-9420, 27-CR-20-939,
27-CR-20-10049, 27-CR-22-24933, 27-CR-23-8017

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on October 17, 2023. The hearing was held remotely using the Zoom internet platform. Amanda Grossmann, Brooklyn Park City Attorney, waived her appearance. Defendant appeared out of custody and was represented by Melissa Fraser, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/24/2000), was charged in MNCIS file 27-CR-22-24933 with Third Degree Driving Under the Influence (Gross Misdemeanor) and Fourth Degree Driving Under the Influence of Alcohol (Misdemeanor) arising from an incident alleged to have occurred on October 30, 2022; in MNCIS file 27-CR-20-9420 with Theft (Misdemeanor) arising from an incident alleged to have occurred on April 6, 2020; in MNCIS file 27-CR-20-939 with Give Peace Officer False Name/Birthdate/ID Card (Misdemeanor) arising from an incident alleged to have occurred on January 10, 2020; in MNCIS file 27-CR-20-10049 with Trespass (Misdemeanor), Theft (Misdemeanor), and Obstruct Legal Process (Misdemeanor) arising from an incident alleged to have occurred on April 22, 2020; in MNCIS file 27-CR-23-8017 with Theft (Misdemeanor) arising from an incident alleged to have occurred on April 7, 2023.

2. On July 5, 2023, Judge Francis Magill ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

John Emil Sticha,

Defendant.

Court File No. 27-CR-20-11638

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on May 23, 2023. The hearing was held remotely using the Zoom internet platform. Wynn Curtiss, Hopkins City Attorney, waived his appearance. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/19/1961), was charged in MNCIS file 27-CR-20-11638 with Third Degree Driving While Impaired (Gross Misdemeanor), Driving While Under the Influence of a Controlled Substance (Gross Misdemeanor), and Careless Driving (Misdemeanor) arising from an incident alleged to have occurred on March 1, 2020.

2. On January 23, 2023, Judge Moore ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01. However, pursuant to agreement of the parties, the Court adopts the written report filed in MNCIS file 66-CR-21-2313.

3. In MNCIS file 66-CR-21-2313, Dr. Diandra E. Sigurdsson, Psy.D., LP, Forensic Examiner, Direct Care and Treatment – Forensic Services, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Diandra E. Sigurdsson, Psy.D., LP, Forensic Examiner, Direct Care and Treatment – Forensic Services, opined that Defendant, due to mental illness or cognitive impairment, lacks

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

John Emil Sticha,

Defendant.

Court File No. 27-CR-20-11638

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on November 28, 2023. The hearing was held remotely using the Zoom internet platform. Curtiss Wynn, Hopkins City Attorney, did not appear. Defendant was not present and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/19/1961), was charged in MNCIS file 27-CR-20-11638 with Third Degree Driving While Impaired (Gross Misdemeanor) and Driving While Under the Influence of a Controlled Substance (Gross Misdemeanor) arising from an incident alleged to have occurred on March 1, 2020.

2. On September 12, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01. However, pursuant to agreement of the parties, the Court adopts the finding of incompetence in MNCIS file 66-CR-21-2313 (which relied on a report filed in 66-CR-23-748) in MNCIS file 27-CR-20-11638.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charges.

---

**EXHIBIT MCR-1 | p. 5**

**Case No. 27-CR-20-10049**
State of MN vs Beyonce Porshae Brown
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-10-17**
MCRO_27-CR-20-10049_Finding of Incompetency and Order_2023-10-17_20240430085646.pdf
File Hash: ab8da6679a5a6de5a63d44c118b2b90b95eb6d740483c7453ac0dec63ca977fa
Page: 2 of 4

3. Dr. John R. Anderson, Ph.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. John R. Anderson, Ph.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The prosecutor has filed a Notice of Intent to Prosecute the gross misdemeanor charge. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Amanda Grossmann, Brooklyn Park City Attorney – Criminal Division;

   Gretchen Hoffman, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

2

**Case No. 27-CR-20-11638**
State of MN vs JOHN EMIL STICHA
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-05-24**
MCRO_27-CR-20-11638_Finding of Incompetency and Order_2023-05-24_20240430085821.pdf
File Hash: 29da560fe5e4e72686584583059e6ba2f30f21cff818d157a35fabb4bfae8434
Page: 2 of 4

the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charges. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Wynn Charles Curtiss, Hopkins City Attorney – Criminal Division;

   Julia Inz, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care,

2

**Case No. 27-CR-20-11638**
State of MN vs JOHN EMIL STICHA
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-11-28**
MCRO_27-CR-20-11638_Finding of Incompetency and Order_2023-11-28_20240430085818.pdf
File Hash: 90f54b0f965748c75968bfa548ca8a108cd3468197334eecc0e37992d692a6f5
Page: 2 of 4

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Wynn Curtiss, Hopkins City Attorney – Criminal Division;

   Julia Inz, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

2

**Case No. 27-CR-20-10049**
State of MN vs Beyonce Porshae Brown
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   2023-10-17
MCRO_27-CR-20-10049_Finding of Incompetency and Order_2023-10-17_20240430085646.pdf
File Hash:   ab8da6679a5a6de5a63d44c118b2b90b95eb6d740483c7453ac0dec63ca977fa
Page: 3 of 4

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all

3

---

**Case No. 27-CR-20-11638**
State of MN vs JOHN EMIL STICHA
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   2023-05-24
MCRO_27-CR-20-11638_Finding of Incompetency and Order_2023-05-24_20240430085821.pdf
File Hash:   29da560fe5e4e72686584583059e6ba2f30f21cff818d157a35fabb4bfae8434
Page: 3 of 4

treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received

3

---

**Case No. 27-CR-20-11638**
State of MN vs JOHN EMIL STICHA
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   2023-11-28
MCRO_27-CR-20-11638_Finding of Incompetency and Order_2023-11-28_20240430085818.pdf
Page: 3 of 4

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is May 28, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

3

**EXHIBIT MCR-1 | p. 7**

**Case No. 27-CR-20-10049**
State of MN vs Beyonce Porshae Brown
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-17**
MCRO_27-CR-20-10049_Finding of Incompetency and Order_2023-10-17_20240430085646.pdf
File Hash:   ab8da6679a5a6de5a63d44c118b2b90b95eb6d740483c7453ac0dec63ca977fa
Page: 4 of 4

information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 16, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Gretchen Hoffman, Assistant Hennepin County Public Defender;

    c. Amanda Grossmann, Brooklyn Park City Attorney – Criminal Division;

    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

13. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:

_____
Referee of District Court

**BY THE COURT:**

_____
Anderson, James
Oct 18 2023 9:05 AM
Judge of District Court

4

---

**Case No. 27-CR-20-11638**
State of MN vs JOHN EMIL STICHA
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-24**
MCRO_27-CR-20-11638_Finding of Incompetency and Order_2023-05-24_20240430085821.pdf
File Hash:   29da560fe5e4e72686584583059e6ba2f30f21cff818d157a35fabb4bfae8434
Page: 4 of 4

in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 21, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Julia Inz, Assistant Hennepin County Public Defender;

    c. Wynn Charles Curtiss, Hopkins City Attorney – Criminal Division;

    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

13. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:

_____
Referee of District Court

**BY THE COURT:**

_____
Judge of District Court

4

---

**Case No. 27-CR-20-11638**
State of MN vs JOHN EMIL STICHA
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-28**
MCRO_27-CR-20-11638_Finding of Incompetency and Order_2023-11-28_20240430085818.pdf
File Hash:   90f54b0f965748c75968bfa548ca8a108cd3468197334eecc0e37992d692a6f5
Page: 4 of 4

    b. Julia Inz, Assistant Hennepin County Public Defender (julia.inz@hennepin.us);

    c. Wynn Curtiss, Hopkins City Attorney – Criminal Division (wcurtiss@chestnutcambronne.com);

    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

13. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:

_____
Mercurio, Danielle
Nov 28 2023 3:13 PM
Referee of District Court

**BY THE COURT:**

_____
Browne, Michael
Nov 28 2023 4:19 PM
Judge of District Court

4

8

**EXHIBIT MCR-1 | p. 8**

**Case No. 27-CR-20-13495**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-20-13495_Finding of Incompetency and Order_2023-02-15_20240430085918.pdf
File Hash:      5eea4351ba3efe5f4c3f112225aa21e1b85028af82b07bcd6491e9b174f2ce70
Page: 1 of 4

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

State of Minnesota,

Court File No. 27-CR-19-901;
27-CR-20-13495

Plaintiff,

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

vs.

Eyuael Gonfa Kebede,

Defendant.

This matter came before the undersigned Referee of District Court on February 14, 2023. The hearing was held remotely using the Zoom internet platform. Heidi Johnston, Minneapolis City Attorney, represented the plaintiff. Defendant was represented by Gregory Renden, Assistant Hennepin County Public Defender, who waived the Defendant's appearance.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 05/18/1994), was convicted in MNCIS file 27-CR-19-901 DWI (Gross Misdemeanor) and charged in MNCIS file 27-CR-20-13495 with two counts of DWI (Gross Misdemeanor) arising from an incident alleged to have occurred on 04/05/2020.   On 05/09/2022, Judge Daly found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On 11/23/2022, Judge Janzen ordered that Defendant undergo an updated evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Katheryn Cranbrook, PsyD, ABPP, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Katheryn Cranbrook, PsyD, ABPP, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

---

**Case No. 27-CR-20-20788**
State of MN vs Lawrence Joseph Durheim
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-26**
MCRO_27-CR-20-20788_Finding of Incompetency and Order_2023-04-26_20240430090226.pdf
File Hash:      8676e010feb1b9b4cb0073735b6b292e78217cd4fee00325f02e1b7f93093ca1
Page: 1 of 4

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

State of Minnesota,

Court File No. 27-CR-20-20788

Plaintiff,

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

vs.

Lawrence Joseph Durheim,

Defendant.

This matter came before the undersigned Referee of District Court on April 25, 2023. Jacob Fischmann, Assistant Hennepin County Attorney, represented the plaintiff. Defendant was represented by Jesse Dong, Assistant Hennepin County Public Defender. Pursuant to agreement by the parties, the Court handled this matter administratively without appearances.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/21/1970), was charged in MNCIS file 27-CR-20-20788 with Domestic Assault – By Strangulation (Felony) arising from an incident alleged to have occurred on September 12, 2020.  On September 8, 2021, Judge Lamas found probable cause to believe that the offense was committed, and that Defendant committed it.

2. On February 21, 2023, Judge Browne ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Amy Crockford, Psy.D, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

---

**Case No. 27-CR-20-20788**
State of MN vs Lawrence Joseph Durheim
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-12**
MCRO_27-CR-20-20788_Finding of Incompetency and Order_2024-02-12_20240430090219.pdf
File Hash:      36ac6e02d22e5424303e995b5ea702e806483986160b1f6e1692f4b2888cb72a
Page: 1 of 4

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

State of Minnesota,

Court File No. 27-CR-20-20788

Plaintiff,

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

vs.

Lawrence Joseph Durheim,

Defendant.

This matter came administratively before the undersigned Judge of District Court on February 8, 2024, per agreement by the parties. Jacob Fischmann, Assistant Hennepin County Attorney, represented the plaintiff. Defendant was represented by Andrew Reiland, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/21/1970), was charged in MNCIS file 27-CR-20-20788 with Domestic Assault – By Strangulation (Felony) arising from an incident alleged to have occurred on September 12, 2020.  On September 8, 2021, Judge Lamas found probable cause to believe that the offense was committed and that Defendant committed it.

2. On January 19, 2024, Judge Shereen Askalani ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Catherine A. Carlson, Psy.D. LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Catherine A. Carlson, Psy.D. LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**EXHIBIT MCR-1 | p. 9**

**Case No. 27-CR-20-13495**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-20-13495_Finding of Incompetency and Order_2023-02-15_20240430085918.pdf
File Hash:   5eea4351ba3efe5f4c3f112225aa21e1b85028af82b07bcd6491e9b174f2ce70
Page: 2 of 4

**Case No. 27-CR-20-20788**
State of MN vs Lawrence Joseph Durheim
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-26**
MCRO_27-CR-20-20788_Finding of Incompetency and Order_2023-04-26_20240430090226.pdf
File Hash:   8676e010feb1b9b4cb0073735b6b292e78217cd4fee00325f02e1b7f93093ca1
Page: 2 of 4

**Case No. 27-CR-20-20788**
State of MN vs Lawrence Joseph Durheim
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-12**
MCRO_27-CR-20-20788_Finding of Incompetency and Order_2024-02-12_20240430090219.pdf
File Hash:   36ac6e02d22e5424303e995b5ea702e806483986160b1f6e1692f4b2888cb72a
Page: 2 of 4

---

**Column 1 (Case No. 27-CR-20-13495):**

CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charges.

ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Megan Griffin, Minneapolis City Attorney – Criminal Division;

   Gregory Renden, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals;

2

---

**Column 2 (Case No. 27-CR-20-20788, 2023-04-26):**

CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Jacob Fischmann, Assistant Hennepin County Attorney – Criminal Division;

   Jesse Dong, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or

2

---

**Column 3 (Case No. 27-CR-20-20788, 2024-02-12):**

CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Jacob Fischmann, Assistant Hennepin County Attorney – Criminal Division;

   Andrew Reiland, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or

2

**EXHIBIT MCR-1 | p. 10**

**Case No. 27-CR-20-13495**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-20-13495_Finding of Incompetency and Order_2023-02-15_20240430085918.pdf
File Hash:       5eea4351ba3efe5f4c3f112225aa21e1b85028af82b07bcd6491e9b174f2ce70
Page: 3 of 4

physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

3

---

**Case No. 27-CR-20-20788**
State of MN vs Lawrence Joseph Durheim
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-26**
MCRO_27-CR-20-20788_Finding of Incompetency and Order_2023-04-26_20240430090226.pdf
File Hash:       8676e010feb1b9b4cb0073735b6b292e78217cd4fee00325f02e1b7f93093ca1
Page: 3 of 4

programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

3

---

**Case No. 27-CR-20-20788**
State of MN vs Lawrence Joseph Durheim
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-12**
MCRO_27-CR-20-20788_Finding of Incompetency and Order_2024-02-12_20240430090219.pdf
File Hash:       36ac6e02d22e5424303e995b5ea702e806483986160b1f6e1692f4b2888cb72a
Page: 3 of 3

programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

3

**Case No. 27-CR-20-13495**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:      **2023-02-15**
MCRO_27-CR-20-13495_Finding of Incompetency and Order_2023-02-15_20240430085918.pdf
File Hash:        5eea4351ba3efe5f4c3f112225aa21e1b85028af82b07bcd6491e9b174f2ce70
Page: 4 of 4

12. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 15, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:
    a. Fourth Judicial District Court – 4thCriminalRule20 email list;
    b. Gregory Renden, Assistant Hennepin County Public Defender;
    c. Megan Griffin, Minneapolis City Attorney – Criminal Division;
    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);
    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.
13. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____        _____
Referee of District Court                    Judge of District Court

4

---

**Case No. 27-CR-20-20788**
State of MN vs Lawrence Joseph Durheim
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:      **2023-04-26**
MCRO_27-CR-20-20788_Finding of Incompetency and Order_2023-04-26_20240430090226.pdf
File Hash:        8676e010feb1b9b4cb0073735b6b292e78217cd4fee00325f02e1b7f93093ca1
Page: 4 of 4

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 24, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:
    a. Fourth Judicial District Court – 4thCriminalRule20 email list;
    b. Jesse Dong, Assistant Hennepin County Public Defender;
    c. Jacob Fischmann, Assistant Hennepin County Attorney;
    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);
    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.
14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____        _____
Referee of District Court                    Judge of District Court

4

---

**Case No. 27-CR-20-20788**
State of MN vs Lawrence Joseph Durheim
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:      **2024-02-12**
MCRO_27-CR-20-20788_Finding of Incompetency and Order_2024-02-12_20240430090219.pdf
File Hash:        36ac6e02d22e5424303e995b5ea702e806483986160b1f6e1692f4b2888cb72a
Page: 4 of 4

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 20, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:
    a. Fourth Judicial District Court – 4thCriminalRule20 email list;
    b. Andrew Reiland, Assistant Hennepin County Public Defender (Andrew.reiland@hennepin.us);
    c. Jacob Fischmann, Assistant Hennepin County Attorney (Jacob.fischmann@hennepin.us);
    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);
    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.
14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

                         **BY THE COURT:**

                _____
                Judge of District Court

4

**EXHIBIT MCR-1 | p. 12**

**Case No. 27-CR-21-933**
State of MN vs DWAYNE ANTHONY BLEDSOE
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2024-01-23**
MCRO_27-CR-21-933_Finding of Incompetency and Order_2024-01-23_20240430075226.pdf
File Hash:  c4ba239f35fd912a67f6f0d38046a9b3c2c20912b1c40df96e2febdd0476197e
Page: 1 of 4

---

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Dwayne Anthony Bledsoe,

Defendant.

Court File 27-CR-20-7092; 27-CR-21-933

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

---

This matter came before the undersigned Judge of District Court on January 23, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant was represented by Atif Khan, Assistant Hennepin County Public Defender. Defendant was not present.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 11/03/1979), was charged in MNCIS file 27-CR-20-7092 with Domestic Abuse No Contact Order – Violate No Contact Order (Gross Misdemeanor) arising from an incident alleged to have occurred on February 1, 2020; and in MNCIS file 27-CR-21-933 with Simple Robbery (Felony) arising from an incident alleged to have occurred on January 13, 2021. On February 10, 2021, Judge Paul Scoggin found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On September 28, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to

---

**Case No. 27-CR-21-6229**
State of MN vs MARVAL BARNES
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-10-03**
MCRO_27-CR-21-6229_Finding of Incompetency and Order_2023-10-03_20240430080218.pdf
File Hash:  5a79544fd4cd6df4fcef3c7017260e8788030dc41a11386866af19f87fae7e80
Page: 1 of 4

---

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Marval Barnes,

Defendant.

Court File No. 27-CR-21-8613; 27-CR-21-8856; 27-CR-21-11460; 27-CR-21-11758

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

---

This matter came before the undersigned Judge of District Court on October 3, 2023, without appearances pursuant to an agreement by the parties. Britta Nicholson and Erin Stephens, Assistant Hennepin County Attorneys, represented the plaintiff. Defendant was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 12/17/1979), was charged in MNCIS file 27-CR-21-8613 with Damage to Property – 1st Degree (Felony) arising from an incident alleged to have occurred on April 29, 2021; in MNCIS file 27-CR-21-8856 with two counts of Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on May 6, 2021; in MNCIS file 27-CR-21-11460 with Damage to Property – 1st Degree (Felony) arising from an incident alleged to have occurred on April 27, 2021; and in MNCIS file 27-CR-21-11758 with Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on May 14, 2021. On July 15, 2021, Judge Hilary Caligiuri found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On July 21, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Elizabeth Barbo, Ph.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

---

**Case No. 27-CR-21-6710**
State of MN vs TEMEKA MICHELLE NICHOLS
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-04-26**
MCRO_27-CR-21-6710_Finding of Incompetency and Order_2023-04-26_20240430080352.pdf
File Hash:  b1212c98cd295f424ba19005214104e2c275872a182a7784772e190b98528b4a
Page: 1 of 4

---

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Temeka Michelle Nichols,

Defendant.

Court File No. 27-CR-21-6710; 27-CR-22-19425; 27-CR-23-2795

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

---

This matter came before the undersigned Referee of District Court on April 25, 2023. Elizabeth A. Scoggin, Assistant Hennepin County Attorney, represented the plaintiff. Megan Griffin, Assistant Minneapolis City Attorney, represented the plaintiff. Defendant was represented by J.C. Horvath, Assistant Hennepin County Public Defender, and Ashley Fischer, Assistant Hennepin County Public Defender. Pursuant to agreement by the parties, the Court handled this matter administratively without appearances.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 03/25/1991), was charged in MNCIS file 27-CR-23-2795 with 4th Degree Assault (Felony) arising from an incident alleged to have occurred on February 3, 2023; MNCIS file 27-CR-21-6710 with 4th Degree Assault (Gross Misdemeanor) arising from an incident alleged to have occurred on April 2, 2021; and MNCIS file 27-CR-22-19425 with Trespass (Misdemeanor) and Disorderly Conduct (Misdemeanor) arising from an incident alleged to have occurred on September 29, 2022.

2. On March 22, 2023, Judge Garcia ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in the felony matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Adam Milz, Ph.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

---

**EXHIBIT MCR-1 | p. 13**

**Case No. 27-CR-21-933**
State of MN vs DWAYNE ANTHONY BLEDSOE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-01-23**
MCRO_27-CR-21-933_Finding of Incompetency and Order_2024-01-23_20240430075226.pdf
File Hash:   c4ba239f35fd912a67f6f0d38046a9b3c2c20912b1c40df96e2febdd0476197e
Page: 2 of 4

rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Travis Huddy, Assistant Hennepin County Attorney – Criminal Division;

    Megan Griffin, Minneapolis City Attorney;

    Atif Khan, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records

2

---

**Case No. 27-CR-21-6229**
State of MN vs MARVAL BARNES
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-03**
MCRO_27-CR-21-6229_Finding of Incompetency and Order_2023-10-03_20240430080218.pdf
File Hash:   5a79544fd4cd6df4fcef3c7017260e8788030dc41a11386866af19f87fae7e80
Page: 2 of 4

4.  Dr. Elizabeth Barbo, Ph.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Erin Stephens and Britta Nicholson, Assistant Hennepin County Attorneys;

    Susan Herlofsky, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care,

2

---

**Case No. 27-CR-21-6710**
State of MN vs TEMEKA MICHELLE NICHOLS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-26**
MCRO_27-CR-21-6710_Finding of Incompetency and Order_2023-04-26_20240430080352.pdf
File Hash:   b1212c98cd295f424ba19005214104e2c275872a182a7784772e190b98528b4a
Page: 2 of 4

4.  Dr. Adam Milz, Ph.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Elizabeth Scoggin, Assistant Hennepin County Attorney – Criminal Division;

    Flavio Abreu, Minneapolis City Attorney – Criminal Division;

    James Horvath, Assistant Hennepin County Public Defender;

    Ashley Fischer, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

2

**EXHIBIT MCR-1 | p. 14**

**Case No. 27-CR-21-933**
State of MN vs DWAYNE ANTHONY BLEDSOE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-01-23**
MCRO_27-CR-21-933_Finding of Incompetency and Order_2024-01-23_20240430075226.pdf
File Hash:   c4ba239f35fd912a67f6f0d38046a9b3c2c20912b1c40df96e2febdd0476197e
Page: 3 of 4

maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order

3

---

**Case No. 27-CR-21-6229**
State of MN vs MARVAL BARNES
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-03**
MCRO_27-CR-21-6229_Finding of Incompetency and Order_2023-10-03_20240430080218.pdf
File Hash:   5a79544fd4cd6df4fcef3c7017260e8788030dc41a11386866af19f87fae7e80
Page: 3 of 4

treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received

3

---

**Case No. 27-CR-21-6710**
State of MN vs TEMEKA MICHELLE NICHOLS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-26**
MCRO_27-CR-21-6710_Finding of Incompetency and Order_2023-04-26_20240430080352.pdf
File Hash:   b1212c98cd295f424ba19005214104e2c275872a182a7784772e190b98528b4a
Page: 3 of 4

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security,

3

**Case No. 27-CR-21-933**
State of MN vs DWAYNE ANTHONY BLEDSOE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-01-23**
MCRO_27-CR-21-933_Finding of Incompetency and Order_2024-01-23_20240430075226.pdf
File Hash:   c4ba239f35fd912a67f6f0d38046a9b3c2c20912b1c40df96e2febdd0476197e
Page: 4 of 4

may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is July 23, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Atif Khan, Assistant Hennepin County Public Defender;

    c. Travis Huddy, Assistant Hennepin County Attorney;

    d. Megan Griffin, Minneapolis City Attorney;

    e. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_Dayton-Klein, Julia_
_Jan 23, 2024 3:08 PM_
Judge of District Court

4

---

**Case No. 27-CR-21-6229**
State of MN vs MARVAL BARNES
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-03**
MCRO_27-CR-21-6229_Finding of Incompetency and Order_2023-10-03_20240430080218.pdf
File Hash:   5a79544fd4cd6df4fcef3c7017260e8788030dc41a11386866af19f87fae7e80
Page: 4 of 4

in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 1, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Susan Herlofsky, Assistant Hennepin County Public Defender;

    c. Britta Nicholson, Assistant Hennepin County Attorney;

    d. Erin Stephens, Assistant Hennepin County Attorney;

    e. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_Dayton-Klein, Julia_
_Oct 3 2023 4:15 PM_
Judge of District Court

4

---

**Case No. 27-CR-21-6710**
State of MN vs TEMEKA MICHELLE NICHOLS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-26**
MCRO_27-CR-21-6710_Finding of Incompetency and Order_2023-04-26_20240430080352.pdf
File Hash:   b1212c98cd295f424ba19005214104e2c275872a182a7784772e190b98528b4a
Page: 4 of 4

employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 24, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Elizabeth Scoggin, Assistant Hennepin County Attorney – Criminal Division;

    c. Flavio Abreu, Minneapolis City Attorney – Criminal Division;

    d. James Horvath, Assistant Hennepin County Attorney;

    e. Ashley Fischer, Assistant Hennepin County Public Defender;

    f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____          _____
Referee of District Court                    Judge of District Court

4

**Case No. 27-CR-21-19723**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-07-12**
MCRO_27-CR-21-19723_Finding of Incompetency and Order_2023-07-12_20240430082933.pdf
File Hash:  7dd967540e7bcbbf19623a165e120680c40aaa9d6044d6f430eb698ea70ef32b5
Page: 1 of 4

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CRIMINAL DIVISION |

State of Minnesota,

Plaintiff,

Court File No. 27-CR-21-19723;
27-CR-21-23456; 27-CR-22-15550;
27-CR-23-6045; 27-CR-23-8012

vs.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

Brittany Latesha Crutchfield,

Defendant.

This matter came before the undersigned Referee of District Court on July 11, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

### FINDINGS OF FACT

1. Defendant (date of birth 03/06/1988), was charged in MNCIS file 27-CR-21-19723 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on October 21, 2021; in MNCIS file 27-CR-21-23456 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 19, 2021; in MNCIS file 27-CR-22-15550 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on August 5, 2022; in MNCIS file 27-CR-23-6045 with Trespassing (Misdemeanor) arising from an incident alleged to have occurred on March 21, 2023; and in MNCIS file 27-CR-23-8012 with Theft (Misdemeanor) arising from an incident alleged to have occurred on April 16, 2023.

2. On June 8, 2023, Judge David Piper ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kathryn Jameson, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-07-12**
MCRO_27-CR-21-23456_Finding of Incompetency and Order_2023-07-12_20240430084309.pdf
File Hash:  3c1ea746c74a4a606ce777dae12ec544538449b92e05ff94012361ef4ea49aa5
Page: 1 of 4

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CRIMINAL DIVISION |

State of Minnesota,

Plaintiff,

Court File No. 27-CR-21-19723;
27-CR-21-23456; 27-CR-22-15550;
27-CR-23-6045; 27-CR-23-8012

vs.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

Brittany Latesha Crutchfield,

Defendant.

This matter came before the undersigned Referee of District Court on July 11, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

### FINDINGS OF FACT

1. Defendant (date of birth 03/06/1988), was charged in MNCIS file 27-CR-21-19723 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on October 21, 2021; in MNCIS file 27-CR-21-23456 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 19, 2021; in MNCIS file 27-CR-22-15550 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on August 5, 2022; in MNCIS file 27-CR-23-6045 with Trespassing (Misdemeanor) arising from an incident alleged to have occurred on March 21, 2023; and in MNCIS file 27-CR-23-8012 with Theft (Misdemeanor) arising from an incident alleged to have occurred on April 16, 2023.

2. On June 8, 2023, Judge David Piper ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kathryn Jameson, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

**Case No. 27-CR-22-3377**
State of MN vs CHASE RADLEY GREEN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-06-14**
MCRO_27-CR-22-3377_Finding of Incompetency and Order_2023-06-14_20240429031120.pdf
File Hash:  22726174465f854a7a073e0e1dd11a94e042f02dff472c4366ac14432680507
Page: 1 of 4

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CRIMINAL DIVISION |

State of Minnesota,

Plaintiff,

Court File No. 27-CR-22-3377, 27-CR-22-
22687, 27-CR-23-4971

vs.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

Chase Radley Green,

Defendant.

This matter came before the undersigned Judge of District Court on June 13, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared out of custody and was represented by Eve Byron, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

### FINDINGS OF FACT

1. Defendant (date of birth 04/15/1984), was charged in MNCIS file 27-CR-22-3377 with Theft (Felony) arising from an incident alleged to have occurred on February 19, 2022; in MNCIS file 27-CR-22-22687 with Theft (Misdemeanor) arising from an incident alleged to have occurred on November 14, 2022; and in MNCIS file 27-CR-23-4971 with 5th Degree Drugs (Felony) arising from an incident alleged to have occurred on February 25, 2023.

2. On April 21, 2023, Judge Amber Brennan ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristine Kienlen, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristine Kienlen, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**EXHIBIT MCR-1 | p. 17**

**Case No. 27-CR-21-19723**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:    **2023-07-12**
MCRO_27-CR-21-19723_Finding of Incompetency and Order_2023-07-12_20240430082933.pdf
File Hash:    7dd967540e7bcbf19623a165e120680c40aaa9d6044d6f430eb698ea70ef32b5
Page: 2 of 4

---

4.  Dr. Kathryn Jameson, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

### ORDER

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.
2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Megan Gjere, Assistant Hennepin County Attorney – Criminal Division;

    Alicia Granse, Assistant Hennepin County Public Defender
3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.
4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.
5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.
6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.
7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the

2

---

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:    **2023-07-12**
MCRO_27-CR-21-23456_Finding of Incompetency and Order_2023-07-12_20240330084309.pdf
File Hash:    3c1ea746c74a4a606ce777dae12ec544538449b92e05ff94012361ef4ea49aa5
Page: 2 of 4

---

4.  Dr. Kathryn Jameson, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

### ORDER

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.
2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Megan Gjere, Assistant Hennepin County Attorney – Criminal Division;

    Alicia Granse, Assistant Hennepin County Public Defender
3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.
4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.
5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.
6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.
7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the

2

---

**Case No. 27-CR-22-3377**
State of MN vs CHASE RADLEY GREEN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:    **2023-06-14**
MCRO_27-CR-22-3377_Finding of Incompetency and Order_2023-06-14_20240429031120.pdf
File Hash:    22726174465f854a7a0743e0d1dd11a94e042f02dff472c4366ac14432680507
Page: 2 of 4

---

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

### ORDER

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.
2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Nicholas Nathanial Summers, Assistant Hennepin County Attorney – Criminal Division;

    Chase Myhran, Assistant Hennepin County Public Defender
3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.
4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.
5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.
6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.
7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals;

2

**EXHIBIT MCR-1 | p. 18**

**Case No. 27-CR-21-19723**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-07-12**
MCRO_27-CR-21-19723_Finding of Incompetency and Order_2023-07-12_20240430082933.pdf
File Hash:   7dd967540e7bcbf19623a165e120680c40aaa9d6044d6f430eb698ea70ef32b5
Page: 3 of 4

records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider

3

---

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-07-12**
MCRO_27-CR-21-23456_Finding of Incompetency and Order_2023-07-12_20240330084309.pdf
File Hash:   3c1ea746c74a4a606ce777dae12ec544538449b92e05ff94012361ef4ea49aa5
Page: 3 of 4

records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider

3

---

**Case No. 27-CR-22-3377**
State of MN vs CHASE RADLEY GREEN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-06-14**
MCRO_27-CR-22-3377_Finding of Incompetency and Order_2023-06-14_20240429031120.pdf
File Hash:   22726174465f854a7a0743e0e1dd11a94e042f02dff472c4366ac14432680507
Page: 3 of 4

physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

3

**EXHIBIT MCR-1 | p. 19**

**Case No. 27-CR-21-19723**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-07-12**
MCRO_27-CR-21-19723_Finding of Incompetency and Order_2023-07-12_20240430082933.pdf
File Hash: 7dd967540e7bcbf19623a165e120680c40aaa9d6044d6f430eb698ea70ef32b5
Page: 4 of 4

to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.
13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is January 9, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:
    a. Fourth Judicial District Court – 4thCriminalRule20 email list;
    b. Alicia Granse, Assistant Hennepin County Public Defender;
    c. Megan Gjere, Assistant Hennepin County Attorney;
    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);
    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.
14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By: **BY THE COURT:**

________________________ ______________________________
Referee of District Court Judge of District Court

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-07-12**
MCRO_27-CR-21-23456_Finding of Incompetency and Order_2023-07-12_20240430084309.pdf
File Hash: 3c1ea746c74a4a606ce777dae12ec544538449b92e05ff94012361ef4ea49aa5
Page: 4 of 4

to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.
13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is January 9, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:
    a. Fourth Judicial District Court – 4thCriminalRule20 email list;
    b. Alicia Granse, Assistant Hennepin County Public Defender;
    c. Megan Gjere, Assistant Hennepin County Attorney;
    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);
    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.
14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By: **BY THE COURT:**

________________________ ______________________________
Referee of District Court Judge of District Court

**Case No. 27-CR-22-3377**
State of MN vs CHASE RADLEY GREEN
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-06-14**
MCRO_27-CR-22-3377_Finding of Incompetency and Order_2023-06-14_20240429031120.pdf
File Hash: 22726174465f854a7a0743e0e1dd11a94e042f02dff472c4366ac14432680507
Page: 4 of 4

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.
13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is December 12, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:
    a. Fourth Judicial District Court – 4thCriminalRule20 email list;
    b. Chase Myhran, Assistant Hennepin County Public Defender;
    c. Nicholas Nathanial Summers, Assistant Hennepin County Attorney;
    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);
    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.
14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

______________________________
Judge of District Court

**Case No. 27-CR-22-10646**
State of MN vs LAMAR GLASS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-28**
MCRO_27-CR-22-10646_Finding of Incompetency and Order_2023-11-28_20240429152949.pdf
File Hash:   a352b1bbc63977db1d484739ad61340160a717d7552bb110db00d2aaf4828b61
Page: 1 of 4

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Lamar Glass,

Defendant.

Court File No. 27-CR-22-10646

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
**AND ORDER REGARDING**
**COMPETENCY**

This matter was scheduled to come before the undersigned Referee of the District Court on November 28, 2023. Travis Huddy, Assistant Hennepin County Attorney, represented the plaintiff. Defendant was represented by Allison Chadwick, Assistant Hennepin County Public Defender. Prior to the hearing, the parties agreed to the finding of incompetency and requested the finding be entered administratively without a hearing.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 12/15/1975), was charged in MNCIS file 27-CR-22-10646 with Assault-2ⁿᵈ Degree-Dangerous Weapon-Substantial Bodily Harm (Felony) arising from an incident alleged to have occurred on 06/01/2022.  On May 31, 2023, Judge Browne found probable cause to believe that the offense was committed and that Defendant committed it.

2. On May 31, 2023, Judge Browne ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristine Kienlen, Psy.D., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristine Kienlen, Psy.D., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

---

**Case No. 27-CR-22-13941**
State of MN vs TIA TIAUNNA PAYNE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-10**
MCRO_27-CR-22-13941_Finding of Incompetency and Order_2023-05-10_20240429161312.pdf
File Hash:   f7166d24de3b25ecf2879177abe792ea12d926a94d24e46143fa58fb2ba8eab1
Page: 1 of 4

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Tia Tiaunna Payne,

Defendant.

Court File No. 27-CR-22-13941

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
**AND ORDER REGARDING**
**COMPETENCY**

This matter came before the undersigned Judge of District Court on May 9, 2023. The hearing was held remotely using the Zoom internet platform. Thomas Arneson, Assistant Hennepin County Attorney, appeared for the State. Defendant appeared out of custody and was represented by Attorney Mark Seeger.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 12/19/1980), was charged in MNCIS file 27-CR-22-13941 with Assault – 4ᵗʰ Degree – Peace Officer – Throws/transfers bodily fluids or feces at or onto officer (Felony); Assault-5ᵗʰ Degree-Fear of Bodily Harm or Death (Misdemeanor) arising from an incident alleged to have occurred on 07/16/2022. On January 20, 2023, Judge Meyer found probable cause to believe that the offenses were committed, and that Defendant committed them.

2. On January 20, 2023, Judge Meyer ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

---

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-07-12**
MCRO_27-CR-22-15550_Finding of Incompetency and Order_2023-07-12_20240429161911.pdf
File Hash:   54c0a948f713bc1d34c6cfaff63b50593bdd0e9a2a6260bf20342aab2bebfe7
Page: 1 of 4

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Brittany Latesha Crutchfield,

Defendant.

Court File No. 27-CR-21-19723;
27-CR-21-23456; 27-CR-22-15550;
27-CR-23-6045; 27-CR-23-8012

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
**AND ORDER REGARDING**
**COMPETENCY**

This matter came before the undersigned Referee of District Court on July 11, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 03/06/1988), was charged in MNCIS file 27-CR-21-19723 with 3ʳᵈ Degree Burglary (Felony) arising from an incident alleged to have occurred on October 21, 2021; in MNCIS file 27-CR-21-23456 with 3ʳᵈ Degree Burglary (Felony) arising from an incident alleged to have occurred on December 19, 2021; in MNCIS file 27-CR-22-15550 with 3ʳᵈ Degree Burglary (Felony) arising from an incident alleged to have occurred on August 5, 2022; in MNCIS file 27-CR-23-6045 with Trespassing (Misdemeanor) arising from an incident alleged to have occurred on March 21, 2023; and in MNCIS file 27-CR-23-8012 with Theft (Misdemeanor) arising from an incident alleged to have occurred on April 16, 2023.

2. On June 8, 2023, Judge David Piper ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kathryn Jameson, Psy.D, LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

**EXHIBIT MCR-1 | p. 21**

**Case No. 27-CR-22-10646**
State of MN vs LAMAR GLASS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-28**
MCRO_27-CR-22-10646_Finding of Incompetency and Order_2023-11-28_20240429152949.pdf
File Hash:   a352b1bbc63977db1d484739ad61340160a717d7552bb110db00d2aaf4828b61
Page: 2 of 4

**Case No. 27-CR-22-13941**
State of MN vs TIA TIAUNNA PAYNE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-10**
MCRO_27-CR-22-13941_Finding of Incompetency and Order_2023-05-10_20240429161312.pdf
File Hash:   f7166d24de3b25ecf2879177abe792ea12d926a94d24e46143fa58fb2ba8eab1
Page: 2 of 4

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-07-12**
MCRO_27-CR-22-15550_Finding of Incompetency and Order_2023-07-12_20240429161911.pdf
File Hash:   54c0a948f713bc1d34c6cfaff63b50593bdd0e9a2a62620bf20342aab2bebfe7
Page: 2 of 4

---

### Column 1 — Case No. 27-CR-22-10646

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Travis Huddy, Assistant Hennepin County Attorney – Criminal Division;

    Allison Chadwick, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation

2

### Column 2 — Case No. 27-CR-22-13941

4. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charges.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Kaitlin Anderson, Assistant Hennepin County Attorney – Criminal Division;

    Mark Seeger, Attorney at Law

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

2

### Column 3 — Case No. 27-CR-22-15550

4. Dr. Kathryn Jameson, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Megan Gjere, Assistant Hennepin County Attorney – Criminal Division;

    Alicia Granse, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the

2

**EXHIBIT MCR-1 | p. 22**

**Case No. 27-CR-22-10646**
State of MN vs LAMAR GLASS
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-11-28**
MCRO_27-CR-22-10646_Finding of Incompetency and Order_2023-11-28_20240429152949.pdf
File Hash:  a352b1bbc63977db1d484739ad61340160a717d7552bb110db00d2aaf4828b61
Page: 3 of 4

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

3

---

**Case No. 27-CR-22-13941**
State of MN vs TIA TIAUNNA PAYNE
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-05-10**
MCRO_27-CR-22-13941_Finding of Incompetency and Order_2023-05-10_20240429161312.pdf
File Hash:  f7166d24de3b25ecf2879177abe792ea12d926a94d24e46143fa58fb2ba8eab1
Page: 3 of 4

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

3

---

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-07-12**
MCRO_27-CR-22-15550_Finding of Incompetency and Order_2023-07-12_20240429161911.pdf
File Hash:  54c0a948f713bc1d34c6cfaff63b50593bdd0e9a2a62620bf20342aab2bebfe7
Page: 3 of 4

records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider

3

**EXHIBIT MCR-1 | p. 23**

**Case No. 27-CR-22-10646**
State of MN vs LAMAR GLASS
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-11-28**
MCRO_27-CR-22-10646_Finding of Incompetency and Order_2023-11-28_20240429152949.pdf
File Hash:  a352b1bbc63977db1d484739ad61340160a717d7552bb110db00d2aaf4828b61
Page: 4 of 4

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is May 28, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Allison Chadwick, Assistant Hennepin County Public Defender;

    c. Travis Huddy, Assistant Hennepin County Attorney;

    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:          **BY THE COURT:**

_____          _____
Referee of District Court          Judge of District Court

4

---

**Case No. 27-CR-22-13941**
State of MN vs TIA TIAUNNA PAYNE
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-05-10**
MCRO_27-CR-22-13941_Finding of Incompetency and Order_2023-05-10_20240429161312.pdf
File Hash:  f7166d24de3b25ecf2879177abe792ea12d926a94d24e46143fa58fb2ba8eab1
Page: 4 of 4

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 7, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Mark Seeger, Attorney at Law;

    c. Kaitlin Anderson, Assistant Hennepin County Attorney;

    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

13. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

4

---

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-07-12**
MCRO_27-CR-22-15550_Finding of Incompetency and Order_2023-07-12_20240429161911.pdf
File Hash:  54c0a948f713bc1d34c6cfaff63b50593bdd0e9a2a62620bf20342aab2bebfe7
Page: 4 of 4

to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is January 9, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Alicia Granse, Assistant Hennepin County Public Defender;

    c. Megan Gjere, Assistant Hennepin County Attorney;

    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:          **BY THE COURT:**

_____          _____
Referee of District Court          Judge of District Court

4

**EXHIBIT MCR-1 | p. 24**

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-01-24**
MCRO_27-CR-22-18209_Finding of Incompetency and Order_2023-01-24_20240429162103.pdf
File Hash:   61f3d93aedba0f7613f22f609ff67e83778ffd2345b3dacd8af5a19fc516d832
Page: 1 of 4

**Case No. 27-CR-22-18789**
State of MN vs MOLLY ANNE PRICE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-15**
MCRO_27-CR-22-18789_Finding of Incompetency and Order_2023-03-15_20240429162251.pdf
File Hash:   9eed921608305a73dcdd67c6a2357a0465397da45ac36a9608078869eee093a4
Page: 1 of 4

**Case No. 27-CR-22-18938**
State of MN vs NURADIN MOHAMUD
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-01-11**
MCRO_27-CR-22-18938_Finding of Incompetency and Order_2023-01-11_20240429162443.pdf
File Hash:   39419b00c3e5121f1f89efac68b9368b0b7f7fa3a6c086a5947cf1edd29e1bd3
Page: 1 of 4

---

## Column 1 — Case No. 27-CR-22-18209

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Juliet Kay Higgins,

Defendant.

Court File No. 27-CR-22-18209;
27-CR-23-66; 27-CR-23-574; 27-CR-23-762

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on January 24, 2023. The hearing was held remotely using the Zoom internet platform. Robert Sorenson, Assistant Hennepin County Attorney, represented the plaintiff in Court File No. 27-CR-22-18209. Defendant appeared in custody and was represented by Raissa Carpenter, Assistant Hennepin County Public Defender. Megan Griffin, Minneapolis City Attorney, appeared on behalf of the plaintiff in Court File Nos. 27-CR-23-66, 27-CR-23-574, and 27-CR-23-762. Pursuant to agreement of the parties, the Court is applying these findings to cases 27-CR-23-66, 27-CR-23-574, and 27-CR-23-762.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 09/30/1968), was charged in MNCIS file 27-CR-22-18209 with Domestic Assault (Felony) arising from an incident alleged to have occurred on 09/11/2022. On 10/13/2022, Judge Juan Hoyos found probable cause to believe that the offense was committed and that Defendant committed it.

2. On 10/13/2022, Judge Juan Hoyos ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristine Kienlen, Psy.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristine Kienlen, Psy.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to

---

## Column 2 — Case No. 27-CR-22-18789

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Molly Anne Price,

Defendant.

Court File No. 27-CR-22-18789

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on March 14, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 07/17/1987), was charged in MNCIS file 27-CR-22-18789 with Threats of Violence (Felony) arising from an incident alleged to have occurred on 09/19/2022. On 10/21/2022, Judge Michael Burns found probable cause to believe that the offense was committed and that Defendant committed it.

2. On 12/29/2022, Judge Michael Burns ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristine Kienlen, Psy.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristine Kienlen, Psy.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

---

## Column 3 — Case No. 27-CR-22-18938

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Nuradin Mohamud,

Defendant.

Court File No. 27-CR-22-18938

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on January 10, 2023. The hearing was held remotely using the Zoom internet platform. Robert Sorenson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Judith Samson, Esq.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 07/26/1982), was charged with two counts of Aggravated Robbery-1st Degree (Felony) arising from an incident alleged to have occurred on 05/11/2022. On 11/21/2022, Referee Lyonel Norris found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On 11/21/2022, Referee Lyonel Norris ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, and Dr. Casey Boland, Psy.D., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, and Dr. Casey Boland, Psy.D., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability

---

**EXHIBIT MCR-1 | p. 25**

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-01-24**
MCRO_27-CR-22-18209_Finding of Incompetency and Order_2023-01-24_20240429162103.pdf
File Hash:    61f3d93aedba0f7613f22f609ff67e83778ffd2345b3dacd8af5a19fc516d832
Page: 2 of 4

rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges in 27-CR-23-66, 27-CR-23-574, and 27-CR-23-762 must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Dominic Haik, Assistant Hennepin County Attorney – Criminal Division;

   Raissa Carpenter, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records

2

---

**Case No. 27-CR-22-18789**
State of MN vs MOLLY ANNE PRICE
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-03-15**
MCRO_27-CR-22-18789_Finding of Incompetency and Order_2023-03-15_20240429162251.pdf
File Hash:    9eed921608305a73dcdd67c6a2357a0465397da45ac36a9608078869eee093a4
Page: 2 of 4

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Erin Stephens, Assistant Hennepin County Attorney – Criminal Division;

   Jesse Dong, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or

2

---

**Case No. 27-CR-22-18938**
State of MN vs NURADIN MOHAMUD
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-01-11**
MCRO_27-CR-22-18938_Finding of Incompetency and Order_2023-01-11_20240429162443.pdf
File Hash:    39419b00c3e5121f1f89efac68b9368b0b7f7fa3a6c086a5947cf1edd29e1bd3
Page: 2 of 4

to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Daniel Robert Provencher, Assistant Hennepin County Attorney – Criminal Division;

   Judith Samson, Defense Attorney

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical

2

**EXHIBIT MCR-1 | p. 26**

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-01-24**
MCRO_27-CR-22-18209_Finding of Incompetency and Order_2023-01-24_20240429162103.pdf
File Hash:   61f3d93aedba0f7613f22f609ff67e83778ffd2345b3dacd8af5a19fc516d832
Page: 3 of 4

maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

12. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal

3

---

**Case No. 27-CR-22-18789**
State of MN vs MOLLY ANNE PRICE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-15**
MCRO_27-CR-22-18789_Finding of Incompetency and Order_2023-03-15_20240429162251.pdf
File Hash:   9eed921608305a73dcdd67c6a2357a0465397da45ac36a9608078869eee093a4
Page: 3 of 4

programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

3

---

**Case No. 27-CR-22-18938**
State of MN vs NURADIN MOHAMUD
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-01-11**
MCRO_27-CR-22-18938_Finding of Incompetency and Order_2023-01-11_20240429162443.pdf
File Hash:   39419b00c3e5121f1f89efac68b9368b0b7f7fa3a6c086a5947cf1edd29e1bd3
Page: 3 of 4

dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

12. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how

3

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-01-24**
MCRO_27-CR-22-18209_Finding of Incompetency and Order_2023-01-24_20240429162103.pdf
File Hash:      61f3d93aedba0f7613f22f609ff67e83778ffd2345b3dacd8af5a19fc516d832
Page: 4 of 4

shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

13. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

14. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is July 25, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Raissa Carpenter, Assistant Hennepin County Public Defender;

   c. Dominic Haik, Assistant Hennepin County Attorney;

   d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

15. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

4

---

**Case No. 27-CR-22-18789**
State of MN vs MOLLY ANNE PRICE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-15**
MCRO_27-CR-22-18789_Finding of Incompetency and Order_2023-03-15_20240429162251.pdf
File Hash:      9eed921608305a73dcdd67c6a2357a0465397da45ac36a9608078869eee093a4
Page: 4 of 4

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 12, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Jesse Dong, Assistant Hennepin County Public Defender;

   c. Erin Stephens, Assistant Hennepin County Attorney;

   d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

_____   _____
Referee of District Court    Judge of District Court

4

---

**Case No. 27-CR-22-18938**
State of MN vs NURADIN MOHAMUD
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-01-11**
MCRO_27-CR-22-18938_Finding of Incompetency and Order_2023-01-11_20240429162443.pdf
File Hash:      39419b00c3e5121f1f89efac68b9368b0b7f7fa3a6c086a5947cf1edd29e1bd3
Page: 4 of 4

the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

13. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

14. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is July 11, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Judith Samson, Defense Attorney;

   c. Daniel Robert Provencher, Assistant Hennepin County Attorney;

   d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

15. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

_____   _____
Referee of District Court    Judge of District Court

4

**EXHIBIT MCR-1 | p. 28**

**Case No. 27-CR-22-19036**
State of MN vs Crystal Latasha Mcbounds
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2024-03-11**
MCRO_27-CR-22-19036_Finding of Incompetency and Order_2024-03-11_20240429162538.pdf
File Hash: e0688a9d6ff4671cf71af08922dc0b61e45e789d65a4cf75c14e551f144baaeb
Page: 1 of 4

**STATE OF MINNESOTA**  **DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**  **CRIMINAL DIVISION**

State of Minnesota,

Court File No. 27-CR-22-19036

Plaintiff,

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

vs.

Crystal Latasha Mcbounds,

Defendant.

This matter was scheduled to come before the undersigned Referee of District Court on March 12, 2024. Jenna Dominik, Assistant Hennepin County Attorney, represented the plaintiff. Defendant and. was represented by Allison Chadwick, Assistant Hennepin County Public Defender. Prior to the hearing, the parties agreed to an entry of a finding of incompetency without a hearing.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/24/1998), was charged in MNCIS file 27-CR-22-19036 with Assault-2nd Degree-Dangerous Weapon (Felony) arising from an incident alleged to have occurred on 07/15/2022. On October 13, 2023, Judge Michael Browne found probable cause to believe that the offense was committed and that Defendant committed it.

2. On October 13, 2023, Judge Michael Browne ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Adam Gierok, PsyD, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Adam Gierok, PsyD, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**Case No. 27-CR-22-22687**
State of MN vs CHASE RADLEY GREEN
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-06-14**
MCRO_27-CR-22-22687_Finding of Incompetency and Order_2023-06-14_20240429163209.pdf
File Hash: f296f93673e4aac6d6ebe731032f06ad57d52855489ee22ee65235483bd68f5c
Page: 1 of 4

**STATE OF MINNESOTA**  **DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**  **CRIMINAL DIVISION**

State of Minnesota,

Court File No. 27-CR-22-3377, 27-CR-22-22687, 27-CR-23-4971

Plaintiff,

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

vs.

Chase Radley Green,

Defendant.

This matter came before the undersigned Judge of District Court on June 13, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared out of custody and was represented by Eve Byron, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 04/15/1984), was charged in MNCIS file 27-CR-22-3377 with Theft (Felony) arising from an incident alleged to have occurred on February 19, 2022; in MNCIS file 27-CR-22-22687 with Theft (Misdemeanor) arising from an incident alleged to have occurred on November 14, 2022; and in MNCIS file 27-CR-23-4971 with 5th Degree Drugs (Felony) arising from an incident alleged to have occurred on February 25, 2023.

2. On April 21, 2023, Judge Amber Brennan ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristine Kienlen, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristine Kienlen, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-12-05**
MCRO_27-CR-22-25151_Finding of Incompetency and Order_2023-12-05_20240429164605.pdf
File Hash: 2ce7a92fc82ee6cec32a3128372234a7cd32057e4e81cfe7536fd4c15df2f4d
Page: 1 of 4

**STATE OF MINNESOTA**  **DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**  **CRIMINAL DIVISION**

State of Minnesota,

Court File No. 27-CR-22-25151

Plaintiff,

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

vs.

Nicole Loretta Kelm,

Defendant.

This matter came before the undersigned Referee of District Court on December 5, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant was not present and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 10/17/1985), was charged in MNCIS file 27-CR-22-25151 with Assault – 2nd Degree (Felony) arising from an incident alleged to have occurred on December 14, 2022. On October 13, 2023, Judge Michael Burns found probable cause to believe that the offense was committed and that Defendant committed it.

2. On October 13, 2023, Judge Michael Burns ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Joseph Korevec, Psy.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Joseph Korevec, Psy.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**EXHIBIT MCR-1 | p. 29**

**Case No. 27-CR-22-19036**
State of MN vs Crystal Latasha Mcbounds
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-03-11**
MCRO_27-CR-22-19036_Finding of Incompetency and Order_2024-03-11_20240429162538.pdf
File Hash:    e0688a9d6ff4671cf71af08922dc0b61e45e789d65a4cf75c14e551f144baaeb
Page: 2 of 4

CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Jenna Dominik, Assistant Hennepin County Attorney – Criminal Division;

    Allison Chadwick, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or

2

---

**Case No. 27-CR-22-22687**
State of MN vs CHASE RADLEY GREEN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-06-14**
MCRO_27-CR-22-22687_Finding of Incompetency and Order_2023-06-14_20240429163209.pdf
File Hash:    f296f93673e4aac6d6ebe731032f06ad57d52855489ee22ee65235483bd68f5c
Page: 2 of 4

CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Nicholas Nathanial Summers, Assistant Hennepin County Attorney – Criminal Division;

    Chase Myhran, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals;

2

---

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-12-05**
MCRO_27-CR-22-25151_Finding of Incompetency and Order_2023-12-05_20240429164605.pdf
File Hash:    2ce7af92fc82ee6cec32a3128372234a7cd32057e4e81cfe7536fd4c15df2f4d
Page: 2 of 4

CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Joshua Luger, Assistant Hennepin County Attorney – Criminal Division;

    Amanda Brodhag, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or

2

**EXHIBIT MCR-1 | p. 30**

**Case No. 27-CR-22-19036**
State of MN vs Crystal Latasha Mebounds
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-11**
MCRO_27-CR-22-19036_Finding of Incompetency and Order_2024-03-11_20240429162538.pdf
File Hash:   e0688a9d6ff4671cf71af08922dc0b61e45e789d65a4cf75c14e551f144baaeb
Page: 3 of 4

programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

3

---

**Case No. 27-CR-22-22687**
State of MN vs CHASE RADLEY GREEN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-14**
MCRO_27-CR-22-22687_Finding of Incompetency and Order_2023-06-14_20240429163209.pdf
File Hash:   f296f93673e4aac6d6ebe731032f06ad57d52855489ee22ee65235483bd68f5c
Page: 3 of 4

physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

3

---

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-12-05**
MCRO_27-CR-22-25151_Finding of Incompetency and Order_2023-12-05_20240429164605.pdf
File Hash:   2ce7af92fc82ee6cec32a3128372234a7cd32057e4e81cfe7536fd4c15df2f4d
Page: 3 of 3

programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

3

**Case No. 27-CR-22-19036**
State of MN vs Crystal Latasha Mcbounds
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-11**
MCRO_27-CR-22-19036_Finding of Incompetency and Order_2024-03-11_20240429162538.pdf
File Hash:   e0688a9d6ff4671cf71af08922dc0b61e45e789d65a4cf75c14e551f144baaeb
Page: 4 of 4

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 10, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Allison Chadwick, Assistant Hennepin County Public Defender (allison.chadwick@hennepin.us);

    c. Jenna Dominik, Assistant Hennepin County Attorney (jenna.dominik@hennepin.us);

    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:        **BY THE COURT:**

_____    _____
Referee of District Court        Judge of District Court

4

---

**Case No. 27-CR-22-22687**
State of MN vs CHASE RADLEY GREEN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-14**
MCRO_27-CR-22-22687_Finding of Incompetency and Order_2023-06-14_20240429163209.pdf
File Hash:   f296f93673e4aac6d6ebe731032f06ad57d52855489ee22ee65235483bd68f5c
Page: 4 of 4

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is December 12, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Chase Myhran, Assistant Hennepin County Public Defender;

    c. Nicholas Nathanial Summers, Assistant Hennepin County Attorney;

    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

4

---

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-12-05**
MCRO_27-CR-22-25151_Finding of Incompetency and Order_2023-12-05_20240429164605.pdf
File Hash:   2cc7af92fc82ee6cec32a3128372234a7cd32057e4e81cfe7536fd4c15df2f4d
Page: 4 of 4

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is June 4, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Amanda Brodhag, Assistant Hennepin County Public Defender (amanda.brodhag@hennepin.us);

    c. Joshua Luger, Assistant Hennepin County Attorney (joshua.luger@hennepin.us);

    d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:        **BY THE COURT:**

*Brent George*
Dec 13 2023 8:24 AM    *Michael Browne*
    Dec 13 2023 12:46 PM

_____    _____
Referee of District Court        Judge of District Court

4

**EXHIBIT MCR-1 | p. 32**

**Case No. 27-CR-23-1101**
State of MN vs MICHAEL CHANTEL WRIGHT
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-08-30**
MCRO_27-CR-23-1101_Finding of Incompetency and Order_2023-08-30_20240430072129.pdf
File Hash:        71306d61cec36c8c5627f7208f1caf84432a23c9c1cbc2d3c9eeb1ca86d6ef4b
Page: 1 of 4

---

**STATE OF MINNESOTA**
**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

Court File 27-CR-20-22772
27-CR-20-22967
27-CR-23-1101

State of Minnesota,

Plaintiff,

vs.

Michael Chantel Wright,

Defendant.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on August 29, 2023. The hearing was held remotely using the Zoom internet platform. Heidi Johnston, Minneapolis City Attorney, represented the plaintiff. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 04/03/1973), was charged in MNCIS file 27-CR-20-22772 with Harassment; Violation of Restraining Order (Misdemeanor) arising from an incident alleged to have occurred on September 18, 2019; MNCIS Case No. 27-CR-20-22967 with Harassment; Violation of Restraining Order (Misdemeanor) arising from an incident alleged to have occurred on October 24, 2020; and MNCIS Case No. 27-CR-23-1101 with Harassment; Return to Property – No Claim/ Right/ Consent (Gross Misdemeanor) and three counts of Harassment; Violation of Restraining Order (Misdemeanor) arising from an incident alleged to have occurred on July 17, 2020. In the latter case, on April 26, 2023, Judge Burdorf found probable cause to believe that the Gross Misdemeanor offense was committed and that Defendant committed it.

2. On April 26, 2023, Judge Burdorf ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

---

**Case No. 27-CR-23-1101**
State of MN vs MICHAEL CHANTEL WRIGHT
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-04-04**
MCRO_27-CR-23-1101_Finding of Incompetency and Order_2024-04-04_20240430072125.pdf
File Hash:        4bec871123a4a9e8b40426b669bfb948d5aceedfb0b145dc5a3c1d43404f9ba62
Page: 1 of 4

---

**STATE OF MINNESOTA**
**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

Court File No. 27-CR-23-1101

State of Minnesota,

Plaintiff,

vs.

Michael Chantel Wright,

Defendant.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee/Judge of District Court on April 5, 2024. The hearing was held remotely using the Zoom internet platform. Megan Griffin City of Minneapolis represented the plaintiff. Defendant appeared out of custody and was represented by Melissa Fraser, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 04/30/1973), was charged in MNCIS file 27-CR-23-1101 with Harassment – Return to Property – No Claim/Right/Consent (Gross Misdemeanor), Harassment - Violation of Restraining Order (Misdemeanor), Harassment - Violation of Restraining Order (Misdemeanor), and Harassment - Violation of Restraining Order (Misdemeanor) arising from an incident alleged to have occurred on July 17, 2020. On April 26, 2023, Judge Burdorf found probable cause to believe that the offense(s) were committed and that Defendant committed them.

2. On April 26, 2023, Judge Burdorf ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to

---

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-04-26**
MCRO_27-CR-23-21403_Finding of Incompetency and Order_2024-04-26_20240430074932.pdf
File Hash:        246b11ee00401646a6010b9f37283cbddfd194037f8615a61a291779d5a781ec
Page: 1 of 4

---

**STATE OF MINNESOTA**
**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

Court File No. 27-CR-23-21403, 27-CR-24-385

State of Minnesota,

Plaintiff,

v.

Peter Jahan Lehmeyer,

Defendant.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the Honorable Michael K. Browne, Judge of District Court, on April 25, 2024. The hearing was held in person at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota. Steven M. Tallen, Deephaven City Attorney, represented the State. Defendant appeared out of custody and was represented by Julia M. Inz, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 07/14/1982), was charged in MNCIS file 27-CR-23-21403 with driving after cancellation – inimical to public safety (Gross Misdemeanor) arising from an incident alleged to have occurred on October 6, 2023; and MNCIS Case No. 27-CR-24-385 with driving after cancellation – inimical to public safety (Gross Misdemeanor) arising from an incident alleged to have occurred on December 29, 2023. On October 9, 2023, Judge Wahl found probable cause to believe that the offense(s) was committed, and that Defendant committed it.

2. On October 9, 2024, the Honorable Edward Wahl, Judge of District Court, ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Elizabeth J. Barbo, Ph.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

**EXHIBIT MCR-1 | p. 33**

**Case No. 27-CR-23-1101**
State of MN vs MICHAEL CHANTEL WRIGHT
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-08-30**
MCRO_27-CR-23-1101_Finding of Incompetency and Order_2023-08-30_20240430072129.pdf
File Hash: 71306d61cec36c8c5627f7208f1caf84432a23c9c1cbc2d3c9ceb1ca86d6ef4b
Page: 2 of 4

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charge(s). The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Zenaida Chico, Minneapolis City Attorney – Criminal Division;

   Juanita Louise Kyle, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

2

---

**Case No. 27-CR-23-1101**
State of MN vs MICHAEL CHANTEL WRIGHT
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2024-04-04**
MCRO_27-CR-23-1101_Finding of Incompetency and Order_2024-04-04_20240430072125.pdf
File Hash: 4bec871123a4a9e8b40426b669bfb948d5acedfb0b145dc5a3c1d43404f9ba62
Page: 2 of 4

rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charge. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Zenaida Chico, Hennepin County Attorney – Criminal Division;

   Juanita Kyle, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care,

2

---

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2024-04-26**
MCRO_27-CR-23-21403_Finding of Incompetency and Order_2024-04-26_20240430074932.pdf
File Hash: 246b11ee00401646a6010b9f37283cbddfd194037f8615a61a291779d5a781ec
Page: 2 of 4

4. A contested competency hearing was held on April 11, 2024, and the undersigned judge determined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charge(s).

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Steven M. Tallen, Deephaven City Attorney – Criminal Division (stallen@grjn.com);

   Julia M. Inz, Assistant Hennepin County Public Defender (Julia.Inz@hennepin.us).

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

2

**EXHIBIT MCR-1 | p. 34**

**Case No. 27-CR-23-1101**
State of MN vs MICHAEL CHANTEL WRIGHT
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-08-30**
MCRO_27-CR-23-1101_Finding of Incompetency and Order_2023-08-30_20240430072129.pdf
File Hash:   71306d61cec36c8c5627f7208f1caf84432a23c9c1cbc2d3c9ceb1ca86d6ef4b
Page: 3 of 4

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all

3

---

**Case No. 27-CR-23-1101**
State of MN vs MICHAEL CHANTEL WRIGHT
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-04-04**
MCRO_27-CR-23-1101_Finding of Incompetency and Order_2024-04-04_20240430072125.pdf
File Hash:   4bec871123a4a9e8b40426b669bfb948d5acedfb0b145dc5a3c1d43404f9ba62
Page: 3 of 4

treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received

3

---

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-04-26**
MCRO_27-CR-23-21403_Finding of Incompetency and Order_2024-04-26_20240430074932.pdf
File Hash:   246b11ee00401646a6010b9f37283cbddfd194037f8615a61a291779d5a781ec
Page: 3 of 4

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

3

**EXHIBIT MCR-1 | p. 35**

**Case No. 27-CR-23-1101**
**State of MN vs MICHAEL CHANTEL WRIGHT**
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-08-30**
MCRO_27-CR-23-1101_Finding of Incompetency and Order_2023-08-30_20240430072129.pdf
File Hash:      71306d61cec36c8c5627f7208f1caf84432a23c9c1cbc2d3c9ceb1ca86d6ef4b
Page: 4 of 4

---

information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is February 27, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;
   b. Zenaida Chico, Minneapolis City Attorney – Criminal Division;
   c. Juanita Louise Kyle, Assistant Hennepin County Public Defender
   d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);
   e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

13. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

BY THE COURT:

_____
Judge of District Court

4

---

**Case No. 27-CR-23-1101**
**State of MN vs MICHAEL CHANTEL WRIGHT**
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-04-04**
MCRO_27-CR-23-1101_Finding of Incompetency and Order_2024-04-04_20240430072125.pdf
File Hash:      4bec871123a4a9e8b40426b669bfb948d5acedfb0b145dc5a3c1d43404f9ba62
Page: 4 of 4

---

in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 1, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;
   b. Zenaida Chico, Hennepin County Attorney – Criminal Division;
   c. Juanita Kyle, Assistant Hennepin County Public Defender
   d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);
   e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

13. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Dated: April 4, 2024

BY THE COURT:

_____
Browne, Michael
Apr 4 2024 1:50 PM
Judge of District Court

4

---

**Case No. 27-CR-23-21403**
**State of MN vs PETER JAHAN LEHMEYER**
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-04-26**
MCRO_27-CR-23-21403_Finding of Incompetency and Order_2024-04-26_20240430074932.pdf
File Hash:      246b11ee00401646a6010b9f37283cbddfd194037f8615a61a291779d5a781ec
Page: 4 of 4

---

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 22, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;
   b. Julia M. Inz, Assistant Hennepin County Public Defender;
   c. Steven M. Tallen, Deephaven City Attorney – Criminal Division;
   d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);
   e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

13. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

BY THE COURT

4

**EXHIBIT MCR-1 | p. 36**

**Case No. 27-CR-23-284**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-284_Finding of Incompetency and Order_2023-03-22_20240430071740.pdf
File Hash:   97f3e1e640182b7db3837b46374b10057ea0607047b65398911 8a1642db7f748
Page: 1 of 6

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-12-06**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-06_20240430072732.pdf
File Hash:   461d1d13b1692b0373965bf6ef2af6e287dfc51bacfdd3caf92f3aee58d544b5
Page: 1 of 6

**Case No. 27-CR-23-3423**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-3423_Finding of Incompetency and Order_2023-03-22_20240430072821.pdf
File Hash:   fcf3ba67b44d5e2ade6f6dadc9f2f7ac99958bedb4bf1aead429c4c05ec150d1
Page: 1 of 6

---

**STATE OF MINNESOTA**                    **DISTRICT COURT**
                                   **FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**              **CRIMINAL DIVISION**

State of Minnesota,            Court File No. 27-CR-22-17879, 27-CR-22-
                               20234, 27-CR-23-62, 27-CR-23-284, 27-CR-
                Plaintiff,     23-1251, 27-CR-23-1657, 27-CR-23-2211, 27-
                               CR-23-3423

vs.                            **FINDINGS OF FACT,**
                               **CONCLUSIONS OF LAW**
Mohamed Abdi Shide,            **AND ORDER REGARDING**
                               **COMPETENCY**
                Defendant.

This matter came before the undersigned Referee of District Court on March 21, 2023. The hearing was held remotely using the Zoom internet platform. Megan Griffin, Minneapolis City Attorney, represented the plaintiff. Christopher Renz, counsel for the Metropolitan Airports Commission, waived his appearance. Defendant appeared in custody and was represented by Ashley Schoenborn, Assistant Hennepin County Public Defender. Also present was Sahil Kahin, Somali language interpreter.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/02/1987), was charged in MNCIS file 27-CR-22-17879 with Trespassing (Misdemeanor) arising from an incident alleged to have occurred on September 07, 2022; in MNCIS file 27-CR-22-20234 with Indecent Exposure (Misdemeanor) arising from an incident alleged to have occurred on October 10, 2022; in MNCIS file 27-CR-23-62 with 5th Degree Assault (Misdemeanor) arising from an incident alleged to have occurred on January 2, 2023; in MNCIS file 27-CR-23-284 with Trespass on Critical Public Service Facilities arising from an incident alleged to have occurred on January 3, 2023; in MNCIS file 27-CR-23-1251 with Indecent Exposure (Misdemeanor) and Trespass (Misdemeanor) arising from an incident alleged to have occurred on January 2, 2023; in MNCIS file 27-CR-23-1657 with Give Peace Officer False Name (Misdemeanor) arising from an incident alleged to have occurred on January 11, 2023; in MNCIS file 27-CR-23-2211 with 5th Degree Assault (Misdemeanor) arising from an incident alleged to have occurred on January 28, 2023; in

---

State of Minnesota                         District Court

County of Hennepin                    Fourth Judicial District

                                        Referee Lori D. Skibbie
State of Minnesota,                     Case Type: Criminal
                Plaintiff,
                                      **FINDINGS OF FACT AND**
v.                                    **CONCLUSIONS OF LAW**
                                      **REGARDING DEFENDANT'S**
                                      **COMPETENCY TO PROCEED**

Aaron Dashaun Cherry,

                Defendant.           Case Number(s):   27-CR-23-3198;
                                                       27-CR-21-19577

The above-entitled matter came before Lori D. Skibbie, Referee of District Court, on November 17, 2023, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Lauren Herbert, Director of the Department for Human Services Forensic Evaluation Department, dated August 31, 2023. Joshua Luger, Assistant Hennepin County Attorney, appeared for the State. Chelsea Knutson appeared with and on behalf of the Defendant who was present. Dr. Lauren Herbert testified, and the Court received her report dated August 31, 2023. Chelsea Knutson also testified. Also present at the hearing was Susan Herlofsky, Defense co-counsel. The Court took the matter under advisement. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1. Defendant is **INCOMPETENT** to proceed.

**PROCEDURAL HISTORY AND FINDINGS OF FACT**

Mr. Cherry is charged with one count of Violating a No Contact Order and one count of Domestic Assault – Felony. On July 31, 2023, probable cause was found that a crime had been committed, and a Rule 20.01 evaluation was ordered by Judge Koch. Dr. Lauren Herbert of Fourth Judicial District Psychological Services was assigned to complete the 20.01 evaluation of the defendant, Mr. Cherry. Dr. Herbert filed her report with the court on August 31, 2023, and opined that Mr. Cherry was competent to proceed. The Defendant requested an evidentiary hearing.

---

**STATE OF MINNESOTA**                    **DISTRICT COURT**
                                   **FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**              **CRIMINAL DIVISION**

State of Minnesota,            Court File No. 27-CR-22-17879, 27-CR-22-
                               20234, 27-CR-23-62, 27-CR-23-284, 27-
                Plaintiff,     CR-23-1251, 27-CR-23-1657, 27-CR-23-2211, 27-
                               CR-23-3423

vs.                            **FINDINGS OF FACT,**
                               **CONCLUSIONS OF LAW**
Mohamed Abdi Shide,            **AND ORDER REGARDING**
                               **COMPETENCY**
                Defendant.

This matter came before the undersigned Referee of District Court on March 21, 2023. The hearing was held remotely using the Zoom internet platform. Megan Griffin, Minneapolis City Attorney, represented the plaintiff. Christopher Renz, counsel for the Metropolitan Airports Commission, waived his appearance. Defendant appeared in custody and was represented by Ashley Schoenborn, Assistant Hennepin County Public Defender. Also present was Sahil Kahin, Somali language interpreter.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/02/1987), was charged in MNCIS file 27-CR-22-17879 with Trespassing (Misdemeanor) arising from an incident alleged to have occurred on September 07, 2022; in MNCIS file 27-CR-22-20234 with Indecent Exposure (Misdemeanor) arising from an incident alleged to have occurred on October 10, 2022; in MNCIS file 27-CR-23-62 with 5th Degree Assault (Misdemeanor) arising from an incident alleged to have occurred on January 2, 2023; in MNCIS file 27-CR-23-284 with Trespass on Critical Public Service Facilities arising from an incident alleged to have occurred on January 3, 2023; in MNCIS file 27-CR-23-1251 with Indecent Exposure (Misdemeanor) and Trespass (Misdemeanor) arising from an incident alleged to have occurred on January 2, 2023; in MNCIS file 27-CR-23-1657 with Give Peace Officer False Name (Misdemeanor) arising from an incident alleged to have occurred on January 11, 2023; in MNCIS file 27-CR-23-2211 with 5th Degree Assault (Misdemeanor) arising from an incident alleged to have occurred on January 28, 2023; in

**EXHIBIT MCR-1 | p. 37**

**Case No. 27-CR-23-284**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-03-22**
MCRO_27-CR-23-284_Finding of Incompetency and Order_2023-03-22_20240430071740.pdf
File Hash:    97f3e1e640182b7db3837b46374b10057ea0607047b65398911a8a1642db7f748
Page: 2 of 6

---

MNCIS file 27-CR-23-3423 with Indecent Exposure (Gross Misdemeanor) and Trespass on Critical Public Services Facilities (Gross Misdemeanor) from an incident alleged to have occurred on February 12, 2023. On February 14, 2023, Judge Larson found probable cause to believe that the offense(s) were committed and that Defendant committed them.

2. On February 14, 2023, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Amanda Powers, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amanda Powers, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charge(s). The misdemeanor charges(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

Heidi Johnston, Assistant Minneapolis City Attorney – Criminal Division;

Gretchen Zettler, Assistant Minneapolis City Attorney – Criminal Division;

Amy Jo Tripp-Steiner, Assistant Minneapolis City Attorney – Criminal Division;

Christopher Renz, Attorney for Metropolitan Airport Commission;

Patrick Marzitelli, Assistant Minneapolis City Attorney – Criminal Division;

Ahmad Samaha, Assistant Minneapolis City Attorney – Criminal Division;

2

---

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-12-06**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-06_20240430072732.pdf
File Hash:    461d1d13b1692b0373965bf6ef2af6e287dfc51bacfdd3caf92f3aee58d544b5
Page: 2 of 6

---

In her report filed August 31, 2023, Dr. Herbert stated that due to Mr. Cherry's lack of participation in the interview, relevant background information could not be obtained directly from Mr. Cherry. Therefore, the background information was obtained by looking at Dr. Coffin's April 3, 2023, Rule 20 Report. *Id.* 20 Report. p. 4. Dr. Herbert noted that Mr. Cherry reported he was born in Illinois and has a poor relationship with his parents. *Id.* He was raised by his father's sister who he considers his mother. *Id.* Mr. Cherry had previously denied in a 2009 psychologic evaluation any mental health treatment of any kind. However, during this evaluation he was diagnosed with Conduct Disorder, Mild to Moderate and History of Alcohol and Cannabis Abuse. *Id.* According to Hennepin Healthcare records from April 26, 2018, Mr. Cherry presented with "severe attention deficit". *Id.* Mr. Cherry, according to a 2018 PSI, had consumed alcohol to the point of blacking out, but did not consume alcohol every day. *Id.* This PSI stated Mr. Cherry had also started using cannabis in 2007 or 2008 and had used it everyday until 2017. *Id.* However, a 2022 PSI stated that Mr. Cherry denied ever experimenting with cannabis or alcohol ever in his life. *Id* at 5. Mr. Cherry has never had symptoms of psychosis, including auditory or visual hallucinations, delusional or paranoid thoughts, or ideas of reference. *Id.* However, medical records reported that Mr. Cherry had suicidal behavior in 2018 while in Ramsey County Jail. *Id.*

Dr. Herbert also reviewed Mr. Cherry's prior three competency to proceed evaluations. The first evaluation was done by Dr. Bruce Renken on November 17, 2021. *Id.* at 8. Dr. Renken stated that Mr. Cherry was minimally cooperative. *Id.* His responses were disjointed or in unfinished sentences or phrases. *Id.* He then began to respond in a very slow manner before eventually speaking at a normal pace. *Id.* Dr. Renken questioned why Mr. Cherry was able to speak normally and asked if Mr. Cherry was playing games. *Id.* Mr. Cherry responded, "I won't play games." *Id.* Dr. Renken also noted that at another evaluation, Mr. Cherry presented as if he could not understand basic instructions. *Id.* Dr. Renken opined that Mr. Cherry was incompetent to proceed and noted, "Mr. Cherry's history suggests an atypical clinical picture, with possible factors of substance and malingers, as well as likely symptoms of mental illness." *Id.* Mr. Cherry was diagnosed with Antisocial Personality Disorder and Unspecified Anxiety Disorder. *Id.*

The second competency hearing was administered by Dr. John Anderson on May 13, 2022. Dr. Anderson opined that Mr. Cherry was competent to proceed and Mr. Cherry's cooperation was inconsistent throughout the interviews. *Id.* Dr. Anderson noted that Mr. Cherry would sometimes respond to questions and other times "stared as if to convey he did not hear a question". *Id.* Dr.

38

---

**Case No. 27-CR-23-3423**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-03-22**
MCRO_27-CR-23-3423_Finding of Incompetency and Order_2023-03-22_20240430072821.pdf
File Hash:    fcf3ba67b44d5e2ade6f6dafc9f2f7ac99958bedb4bf1aead429c4c05ec150d1
Page: 2 of 6

---

MNCIS file 27-CR-23-3423 with Indecent Exposure (Gross Misdemeanor) and Trespass on Critical Public Services Facilities (Gross Misdemeanor) from an incident alleged to have occurred on February 12, 2023. On February 14, 2023, Judge Larson found probable cause to believe that the offense(s) were committed and that Defendant committed them.

2. On February 14, 2023, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Amanda Powers, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amanda Powers, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charge(s). The misdemeanor charges(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

Heidi Johnston, Assistant Minneapolis City Attorney – Criminal Division;

Gretchen Zettler, Assistant Minneapolis City Attorney – Criminal Division;

Amy Jo Tripp-Steiner, Assistant Minneapolis City Attorney – Criminal Division;

Christopher Renz, Attorney for Metropolitan Airport Commission;

Patrick Marzitelli, Assistant Minneapolis City Attorney – Criminal Division;

Ahmad Samaha, Assistant Minneapolis City Attorney – Criminal Division;

2

**EXHIBIT MCR-1 | p. 38**

**Case No. 27-CR-23-284**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-284_Finding of Incompetency and Order_2023-03-22_20240430071740.pdf
File Hash:   97f3e1e640182b7db3837b46374b10057ea0607047b65398911 8a1642db7f748
Page: 3 of 6

Ashley Schoenborn, Assistant Hennepin County Public Defender;

Yastril Nanez, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-12-06**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-06_20240430072732.pdf
File Hash:   461d1d13b1692b0373965bf6ef2af6e287dfc51bacfdd3caf92f3aee58d544b5
Page: 3 of 6

Anderson administered a screening instrument to test for malingering and noted that Mr. Cherry responded yes to all but one item, which is atypical for someone with genuine psychiatric or cognitive disorder. *Id.* Dr. Anderson opined that Mr. Cherry was feigning and deemed him competent to proceed. *Id.* Mr. Cherry was diagnosed with Antisocial Personality Disorder, Alcohol Use Disorder and Cannabis use Disorder, both in a controlled environment. *Id.*

Mr. Cherry's most recent competency evaluation was completed on April 3, 2023, by Dr. Richard Coffin. *Id.* at 9. Dr. Coffin noted that Mr. Cherry was not cooperative in answering questions. *Id.* Mr. Cherry communicated through gesturing and writing various case numbers, statements, phone numbers and emails from the collection of documents Mr. Cherry had brought into the interview. *Id.* During another interview with Dr. Coffin, Mr. Cherry was mostly mute except to complain of abdominal pain. *Id.* He was clutching his abdomen and rocking back and forth throughout the majority of the interview. *Id.* Mr. Cherry was able to participate in some discussion, but his thoughts were disorganized outside of those few interactions. Dr. Coffin noted Mr. Cherry can communicate about topics he chooses, but otherwise has disjointed communications. *Id.* at 11. Dr. Coffin diagnosed Mr. Cherry with Antisocial Personality Disorder, Malingering and Cannabis Use Disorder, in a controlled environment. *Id.* at 13. Dr. Coffin opined that Mr. Cherry was competent to proceed. *Id.*

Dr. Herbert, after reviewing these files and conducting her own interviews with Mr. Cherry opined that Mr. Cherry was competent to proceed. *Id.* at 17. Dr. Herbert's report noted that Mr. Cherry did not speak throughout their interview. *Id.* at 16. She noted that Mr. Cherry showed her his inmate bracelet at one point, but otherwise provided no communication. *Id.* Dr. Herbert stated that Mr. Cherry's history presents an atypical clinical picture and the symptom he presents with most consistently is mutism. *Id.* She notes mutism, with the exception of Schizophrenia, is generally not a feature of mental illness. However, she does state mutism can be a symptom of cognitive impairment, "typically related to a developmental and/or neurocognitive disability." *Id.* Dr. Herbert noted, "Mutism alone is not sufficient to render an individual incompetent to proceed." *Id.* Dr. Herbert further stats that Mr. Cherry has demonstrated an ability to understand what is being said to him by responding behaviorally that is relevant. *Id.* Finally, Dr. Herbert concluded in her report that because Mr. Cherry remained mute that she was "unable to formally obtain information relevant to his ability to consult with counsel, understand the proceedings, or participate in his defense." *Id.* at 17.

39

**Case No. 27-CR-23-3423**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-3423_Finding of Incompetency and Order_2023-03-22_20240430072821.pdf
File Hash:   fcf3ba67b44d5e2ade6f6dafc9f2f7ac99958bedb4bf1aead429c4c05ec150d1
Page: 3 of 6

Ashley Schoenborn, Assistant Hennepin County Public Defender;

Yastril Nanez, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

**EXHIBIT MCR-1 | p. 39**

**Case No. 27-CR-23-284**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-03-22**
MCRO_27-CR-23-284_Finding of Incompetency and Order_2023-03-22_20240430071740.pdf
File Hash:    97f3e1e640182b7db3837b46374b10057ea0607047b653989118a1642db7f748
Page: 4 of 6

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-12-06**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-06_20240430072732.pdf
File Hash:    461d1d13b1692b0373965bf6ef2af6e287dfc51bacfdd3caf92f3aee58d544b5
Page: 4 of 4

**Case No. 27-CR-23-3423**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-03-22**
MCRO_27-CR-23-3423_Finding of Incompetency and Order_2023-03-22_20240430072821.pdf
File Hash:    fcf3ba67b44d5e2ade6f6dafc9f2f7ac99958bedb4bf1aead429c4c05ec150d1
Page: 4 of 4

---

**Column 1 — Case No. 27-CR-23-284**

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

---

**Column 2 — Case No. 27-CR-23-3198**

In addition to her report, Dr. Herbert provided testimony in this matter. Dr. Herbert testified that she reviewed the prior competency proceedings, including the reports done by Dr. Renken, Dr. Anderson and Dr. Coffin. She also reviewed a 2018 PSI report. Dr. Herbert also personally interviewed Mr. Cherry. Her interview with Mr. Cherry only lasted about 5 minutes. She testified that typically evaluations last between an hour and a half to two hours. Dr. Herbert testified that despite the short-time frame in her personal evaluation, she opined that Mr. Cherry was likely competent to proceed. She testified that her determination comes from the totality of the information available, and that it is important not to weigh one source heavier than another. However, Dr. Herbert testified that she was not able to say with certainty that Mr. Cherry could rationally consult with counsel.

Dr. Herbert testified further that she did not do psych, cognitive or malingering testing on Mr. Cherry. When Dr. Herbert was asked if one component of malingering is different presentations with different individuals, she answered yes. However, she further testified that she did not find it necessary to speak to friends or family of Mr. Cherry. She also stated that she did not speak to other deputies in the jail that had more routine contact with Mr. Cherry as she didn't find it necessary to seek out that information. Dr. Herbert also testified that psych testing would be useful to making a diagnosis of malingering but did not test Mr. Cherry for it. She further testified that mutism could be a result of cognitive impairment or deficit. However, Dr. Herbert stated she did not do cognitive testing for Mr. Cherry as she did not see the need for it.

Ms. Knutson, Mr. Cherry's counsel, also provided testimony in this matter. Ms. Knutson testified that she has been a public defender in Minneapolis since April 2018. She stated she currently represents around 80 clients and has provided legal services for several hundred throughout her five-year tenure as a public defender. Ms. Knutson testified that she has only requested Rule 20.01 competency evaluation for three clients, including Mr. Cherry, since she became a public defender. She stated that she met with Mr. Cherry three to four times before making a Rule 20.01 motion, and two to four times since, and had spoken with his previous counsel as well. During these meetings with Mr. Cherry, he did not speak with Ms. Knutson verbally. She stated that he would only communicate through writings that did not give direction on how to proceed in his current case. Ms. Knutson tried open and closed-ended questions, asked specific questions about the writings Mr. Cherry would give her, and attempted to solicit nonverbal communication by gesture to ascertain a level of understanding. These meetings, in total, lasted

40

---

**Column 3 — Case No. 27-CR-23-3423**

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

---

**EXHIBIT MCR-1 | p. 40**

**Case No. 27-CR-23-284**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-03-22**
MCRO_27-CR-23-284_Finding of Incompetency and Order_2023-03-22_20240430071740.pdf
File Hash:    97f3e1e640182b7db3837b46374b10057ea0607047b653989118a1642db7f748
Page: 5 of 6

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least fourteen (14) days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 19, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

   b.  Ashley Schoenborn, Assistant Hennepin County Public Defender;

   c.  Yastril Nanez, Assistant Hennepin County Public Defender

   d.  Heidi Johnston, Assistant Minneapolis City Attorney – Criminal Division;

   e.  Gretchen Zettler, Assistant Minneapolis City Attorney – Criminal Division;

   f.  Amy Jo Tripp-Steiner, Assistant Minneapolis City Attorney – Criminal Division;

   g.  Christopher Renz, Attorney for Metropolitan Airport Commission;

   h.  Patrick Marzitelli, Assistant Minneapolis City Attorney – Criminal Division;

   i.  Ahmad Samaha, Assistant Minneapolis City Attorney – Criminal Division;

   j.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   k.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

<div align="center">5</div>

---

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-12-06**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-06_20240430072732.pdf
File Hash:    461d1d13b1692b0373965bf6ef2af6e287dfc51bacfdd3caf92f3aee58d544b5
Page: 5 of 6

approximately two to three hours, and in that time, there was never a verbal response from Mr. Cherry.

Ms. Knutson further testified that due to the lack of communication with Mr. Cherry, it makes certain decisions with his case impossible. She states that Mr. Cherry must be able to make a decision about whether to plea and whether or not to testify, which cannot be ascertained without any logical communication from Mr. Cherry. Ms. Knutson also stated that she has not been able to gather any information from Mr. Cherry. When asked if Ms. Knutson believed Mr. Cherry could understand the charges, she said it was unclear because she has never received an answer. She stated that decisions must come from Mr. Cherry and if he does understand, he still is not communicating with her. She further testified that she could see no benefit to Mr. Cherry not communicating. When asked if Mr. Cherry's mutism was delaying moving forward in his case, she replied yes and that he has been in custody since February 2023. Ms. Knutson stated that even when Mr. Cherry would gesture or write something down, it was nonsensical and not in response to the questions she asked him. She stated that she did not find his responses to be meaningful. Finally, Ms. Knutson stated she would not be able to effectively represent Mr. Cherry due to his lack of communication.

<div align="center">LEGAL CONCLUSIONS</div>

"A defendant has a due process right not to be tried or convicted of a criminal charge if he the Minnesota Rules of Criminal Procedure requires the Court to find a defendant not competent unless the greater weight of the evidence shows that the defendant is competent to proceed. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2.  The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.  Moreover, fact-finders, including district courts, are not required to accept an expert's testimony or recommendations. *State v. Roberts*, 876 N.W.2d 863, 868 (Minn. 2016). Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed.  See *State v. Bauer*, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further inquiry into the important matter of defendant's competency). It is the State's burden, by a

<div align="center">41</div>

---

**Case No. 27-CR-23-3423**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-03-22**
MCRO_27-CR-23-3423_Finding of Incompetency and Order_2023-03-22_20240430072821.pdf
File Hash:    fcf3ba67b44d5e2ade6f6dafc9f2f7ac99958bedb4bf1aead429c4c05ec150d1
Page: 5 of 6

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least fourteen (14) days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 19, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

   b.  Ashley Schoenborn, Assistant Hennepin County Public Defender;

   c.  Yastril Nanez, Assistant Hennepin County Public Defender

   d.  Heidi Johnston, Assistant Minneapolis City Attorney – Criminal Division;

   e.  Gretchen Zettler, Assistant Minneapolis City Attorney – Criminal Division;

   f.  Amy Jo Tripp-Steiner, Assistant Minneapolis City Attorney – Criminal Division;

   g.  Christopher Renz, Attorney for Metropolitan Airport Commission;

   h.  Patrick Marzitelli, Assistant Minneapolis City Attorney – Criminal Division;

   i.  Ahmad Samaha, Assistant Minneapolis City Attorney – Criminal Division;

   j.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   k.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

<div align="center">5</div>

**Case No. 27-CR-23-284**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-284_Finding of Incompetency and Order_2023-03-22_20240430071740.pdf
File Hash:   97f3e1e640182b7db3837b46374b10057ea0607047b653989118a1642db7f748
Page: 6 of 6

Order Recommended By:                    **BY THE COURT:**

_____       _____
Referee of District Court                    Judge of District Court

6

---

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-12-06**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-06_20240430072732.pdf
File Hash:   461d1d13b1692b0373965bf6ef2af6e287dfc51bacfdd3caf92f3aee58d544b5
Page: 6 of 6

preponderance of the evidence, to prove that a defendant is competent. *State v. Curtis*, 921 N.W.2d 342, 348 (2018).  The standard to be applied is a fair preponderance of the evidence. *Id*.

Based on the totality of the facts noted above, the Court finds that the State has not met its burden of proving, by greater weight of the evidence, that Mr. Cherry is currently able to rationally consult with counsel, understand the proceedings, and participate in his defense. While Dr. Herbert opined in her report that Mr. Cherry would be competent, Mr. Cherry's mutism has significantly hindered his ability to consult with counsel and participate in his defense. The Court finds Dr. Herbert's report to be credible, but not persuasive. Mr. Cherry's competency proceeding history shows that Mr. Cherry has not been able to communicate or show understanding in a way that is meaningful towards his criminal proceedings. Dr. Herbert herself also stated she was not able to say with certainty that Mr. Cherry could rationally consult with counsel.

The Court finds Ms. Knutson's testimony that Mr. Cherry has not verbally spoken with her and has not provided any communications regarding any decisions with his case to be persuasive. Mr. Cherry has only provided a few writings, all of which have not made sense or shown that he has a requisite understanding of his criminal case. There has not been any communication in a logical or sensical way between Mr. Cherry and Ms. Knutson since Ms. Knutson took over the case, despite six to eight meetings between them. For these reasons, the Court finds that Mr. Cherry does not have a rational understanding of the proceedings, lacks the ability to rationally consult with counsel, and lacks the ability to participate in his defense.

Therefore, the court finds that the defendant, Mr. Cherry (Aaron Deshaun Cherry) is **INCOMPETENT**.

Order Recommended By:                    BY THE COURT:

Referee of District Court                    Judge of District Court

---

**Case No. 27-CR-23-3423**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-3423_Finding of Incompetency and Order_2023-03-22_20240430072821.pdf
File Hash:   fcf3ba67b44d5e2ade6f6dafc9f2f7ac99958bedb4bf1aead429c4c05ec150d1
Page: 6 of 6

Order Recommended By:                    **BY THE COURT:**

_____       _____
Referee of District Court                    Judge of District Court

6

**EXHIBIT MCR-1 | p. 42**

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-06-06**
MCRO_27-CR-18-18391_Finding of Incompetency and Order_2023-06-06_20240430092721.pdf
File Hash:    05785612ec5b460be5e05aa3fa1ec0099f2ae8157cd89a71bb8cb45c3ed13fb
Page: 2 of 5

3. Dr. Stephanie Bruss, Psy.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Stephanie Bruss, Psy.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Atif Kahn, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

2

---

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2024-03-20**
MCRO_27-CR-18-18391_Finding of Incompetency and Order_2024-03-20_20240430092713.pdf
File Hash:    e6a7dcac0f21819d9efccdb17f15d6a49deea379dd40c6bdd97538049c19b878
Page: 2 of 5

2. The Court previously entered a finding of incompetent to stand trial in each of the referenced cases.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Atif Khan, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records

2

---

**Case No. 27-CR-18-26530**
State of MN vs WILLIAM LEE NABORS
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-05-24**
MCRO_27-CR-18-26530_Finding of Incompetency and Order_2023-05-24_20240430093352.pdf
File Hash:    d9595a6e9de76ec6f9a99288d175c4caa3cff209ca2a54b8e32a68c6307aebd6b
Page: 2 of 5

4. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Natasha Yenina, Assistant Hennepin County Attorney – Criminal Division;

   Karen Mara, Minneapolis City Attorney;

   Patrick Leach, Edina City Attorney;

   Peter Martin, Attorney for Defendant

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

2

**EXHIBIT MCR-1 | p. 44**

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-18-18391_Finding of Incompetency and Order_2023-06-06_20240430092721.pdf
File Hash:   05785612cc5b460be5e05aa3fa1ec0099ff2ae8157cd89a71bb8cb45c3ed13fb
Page: 3 of 5

---

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of

3

---

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-18-18391_Finding of Incompetency and Order_2024-03-20_20240430092713.pdf
File Hash:   e6a7dcac0f2181949efccdb17f15d6a49deea379dd40c6bdd97538049c19b878
Page: 3 of 5

---

maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider

3

---

**Case No. 27-CR-18-26530**
State of MN vs WILLIAM LEE NABORS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-24**
MCRO_27-CR-18-26530_Finding of Incompetency and Order_2023-05-24_20240430093352.pdf
File Hash:   d9595a6e9de76ec6f9a99288d175c4caa3cff209c2a54b8e32a68c6307aebd6b
Page: 3 of 5

---

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all

3

**EXHIBIT MCR-1 | p. 45**

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-18-18391_Finding of Incompetency and Order_2023-06-06_20240430092721.pdf
File Hash:   05785612ec5b460be5e05aa3fa1ec0099ff2ae8157cd89a71bb8cb45c3ed13fb
Page: 4 of 5

---

this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is December 5, 2023.  One

4

---

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-18-18391_Finding of Incompetency and Order_2024-03-20_20240430092713.pdf
File Hash:   e6a7dcac0f21819949efccdb17f15d6a49deea379dd40c6bdd97538049c19b878
Page: 4 of 5

---

to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is July 2, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

   b.  Atif Khan, Assistant Hennepin County Public Defender (atif.khan@hennepin.us);

   c.  Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);

4

---

**Case No. 27-CR-18-26530**
State of MN vs WILLIAM LEE NABORS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-24**
MCRO_27-CR-18-26530_Finding of Incompetency and Order_2023-05-24_20240430093352.pdf
File Hash:   d5995a6e9de76ec6f9a99288d175c4caa3cff209c2a54b8e32a68c6307aebd6b
Page: 4 of 5

---

information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 21, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

4

**EXHIBIT MCR-1 | p. 46**

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-18-18391_Finding of Incompetency and Order_2023-06-06_20240430092721.pdf
File Hash:   05785612ec5b460be5e05aa3fa1ec0099ff2ae8157cd89a71bb8cb45c3ed13fb
Page: 5 of 5

week prior to that date, reports regarding Defendant's competency and mental status shall be
e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

    b.  Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

    c.  Atif Kahn, Assistant Hennepin County Public Defender

    d.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16.  A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____          _____
Referee of District Court                     Judge of District Court

5

---

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-18-18391_Finding of Incompetency and Order_2024-03-20_20240430092713.pdf
File Hash:   e6a7dcac0f2181949efccdb17f15d6a49deea379dd40c6bdd97538049c19b878
Page: 5 of 5

    d.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16.  A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____          _____
Referee of District Court                     Judge of District Court

5

---

**Case No. 27-CR-18-26530**
State of MN vs WILLIAM LEE NABORS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-24**
MCRO_27-CR-18-26530_Finding of Incompetency and Order_2023-05-24_20240430093352.pdf
File Hash:   d9595a6e9de76ec6f9a99288d175c4caa3cff209c2a54b8e32a68c6307aebd6b
Page: 5 of 5

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

    b.  Peter Martin, Attorney for Defendant;

    c.  Natasha Yenina, Assistant Hennepin County Attorney;

    d.  Karen Mara, Minneapolis City Attorney;

    e.  Patrick Leach, Edina City Attorney;

    f.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16.  A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____          _____
Referee of District Court                     Judge of District Court

5

**EXHIBIT MCR-1 | p. 47**

Case No. 27-CR-19-1916
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    2023-06-06
MCRO_27-CR-19-1916_Finding of Incompetency and Order_2023-06-06_20240430091213.pdf
File Hash:    9785b0b1c51af5979af7f20229cddfebd3add7eec702a0111cefeff8c420e3d2
Page: 1 of 5

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Aesha Ibrahim Osman,

Defendant.

Court File No. 27-CR-18-18391, 27-CR-19-1916, 27-CR-19-3539, 27-CR-19-17539, 27-CR-21-22058

FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY

This matter came before the undersigned Referee/Judge of District Court on June 6, 2023. The hearing was held remotely using the Zoom internet platform. Chris Freeman, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Atif Khan, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

FINDINGS OF FACT

1. Defendant (date of birth 09/13/1998), was charged in MNCIS file 27-CR-18-18391 with Assault 5th Degree-2 (Felony) arising from an incident alleged to have occurred on July 2, 2018; in MNCIS file 27-CR-19-1916 with Assault-5th Degree (Felony) and Assault-4th Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019;  in MNCIS file 27-CR-19-3539 with Assault-4th Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; in MNCIS file 27-CR-19-17539 with Assault-5th Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019; and in MNCIS file 27-CR-21-22058 with Fleeing a Peace Officer in a Motor Vehicle  (Felony) arising from an incident alleged to have occurred on November 27, 2021. In the latter case, on December 1, 2022, Judge Nicole Engisch found probable cause to believe that the offense was committed and that Defendant committed it.

2. On April 4, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

Case No. 27-CR-19-1916
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    2024-03-20
MCRO_27-CR-19-1916_Finding of Incompetency and Order_2024-03-20_20240430091206.pdf
File Hash:    b0948fb92191efdc5a4e9a0add2a5504fdb8f0c321a5c10d8adfdd2465d6aab
Page: 1 of 5

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Aesha Ibrahim Osman,

Defendant.

Court File No. 27-CR-18-18391; 27-CR-19-1916; 27-CR-19-3539; 27-CR-19-17539; 27-CR-21-22058; 27-CR-23-22062; 27-CR-24-4893

FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY

This matter came before the undersigned Referee of District Court on March 19, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Atif Khan, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

FINDINGS OF FACT

1. Defendant (date of birth 09/03/1998), was charged in MNCIS file 27-CR-18-18391 with Assault – 5th Degree (Felony) arising from an incident alleged to have occurred on July 2, 2018; in MNCIS file 27-CR-19-1916 with Assault – 5th Degree (Felony) and Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; in MNCIS file 27-CR-19-3539 with Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; in MNCIS 27-CR-19-17539 with Assault – 5th Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019; in MNCIS file 27-CR-21-22058 with Fleeing a Peace Officer in a Motor Vehicle (Felony) arising from an incident alleged to have occurred on November 27, 2021; in MNCIS file 27-CR-23-22062 with Assault – 2nd Degree (Felony), Burglary – 1st Degree (Felony), and Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on July 27, 2023; and in MNCIS file 27-CR-24-4893 with Assault – 4th Degree (Felony), Assault – 4th Degree (Felony), and Assault (Misdemeanor) arising from an incident alleged to have occurred on February 27, 2024.

Case No. 27-CR-19-3539
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    2023-06-06
MCRO_27-CR-19-3539_Finding of Incompetency and Order_2023-06-06_20240430091325.pdf
File Hash:    db9770f9cd640b76f45ae00c6fd058f840123b1b7053b928dc436f895fc37ef
Page: 1 of 5

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Aesha Ibrahim Osman,

Defendant.

Court File No. 27-CR-18-18391, 27-CR-19-1916, 27-CR-19-3539, 27-CR-19-17539, 27-CR-21-22058

FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY

This matter came before the undersigned Referee/Judge of District Court on June 6, 2023. The hearing was held remotely using the Zoom internet platform. Chris Freeman, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Atif Khan, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

FINDINGS OF FACT

1. Defendant (date of birth 09/13/1998), was charged in MNCIS file 27-CR-18-18391 with Assault 5th Degree-2 (Felony) arising from an incident alleged to have occurred on July 2, 2018; in MNCIS file 27-CR-19-1916 with Assault-5th Degree (Felony) and Assault-4th Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019;  in MNCIS file 27-CR-19-3539 with Assault-4th Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019;  in MNCIS file 27-CR-19-17539 with Assault-5th Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019; and in MNCIS file 27-CR-21-22058 with Fleeing a Peace Officer in a Motor Vehicle  (Felony) arising from an incident alleged to have occurred on November 27, 2021. In the latter case, on December 1, 2022, Judge Nicole Engisch found probable cause to believe that the offense was committed and that Defendant committed it.

2. On April 4, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

**EXHIBIT MCR-1 | p. 48**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   2023-06-06
MCRO_27-CR-19-1916_Finding of Incompetency and Order_2023-06-06_20240430091213.pdf
File Hash:      9785b0b1c51af5979af7f20229cddfebd3add7cec702a0111cefeff8c420e3d2
Page: 2 of 5

3. Dr. Stephanie Bruss, Psy.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Stephanie Bruss, Psy.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Atif Kahn, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

2

---

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   2024-03-20
MCRO_27-CR-19-1916_Finding of Incompetency and Order_2024-03-20_20240430091206.pdf
File Hash:      b0948fb92191efdc5a4e9a0add42a5504fdb8f0c321a5c10d8adfdd2465d6aab
Page: 2 of 5

2. The Court previously entered a finding of incompetent to stand trial in each of the referenced cases.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Atif Khan, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records

2

---

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   2023-06-06
MCRO_27-CR-19-3539_Finding of Incompetency and Order_2023-06-06_20240430091325.pdf
File Hash:      db9770f9cd6440b76f45ae00c6fd058f840123b1b7053b928dc436f895fc37ef
Page: 2 of 5

3. Dr. Stephanie Bruss, Psy.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Stephanie Bruss, Psy.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Atif Kahn, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

2

**EXHIBIT MCR-1 | p. 49**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-19-1916_Finding of Incompetency and Order_2023-06-06_20240330091213.pdf
File Hash:   9785b0b1c51af5979af7f20229cddfebd3add7eec702a0111cefeff8c420e3d2
Page: 3 of 5

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of

3

---

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-19-1916_Finding of Incompetency and Order_2024-03-20_20240430091206.pdf
File Hash:   b0948fb92191efdc5a4e9a0add42a5504fdb8f0c321a5c10d8adfdd2465d6aab
Page: 3 of 5

maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider

3

---

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-19-3539_Finding of Incompetency and Order_2023-06-06_20240430091325.pdf
File Hash:   db9770f9cd6440b76f45ae00c6fd058f840123b1b7053b928dc436f895fc37ef
Page: 3 of 5

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of

3

**EXHIBIT MCR-1 | p. 50**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-19-1916_Finding of Incompetency and Order_2023-06-06_20240430091213.pdf
File Hash:   9785b0b1c51af5979af7f20229cddfebd3add7eec702a0111cefeff8c420e3d2
Page: 4 of 5

---

this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is December 5, 2023.  One

4

---

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-19-1916_Finding of Incompetency and Order_2024-03-20_20240430091206.pdf
File Hash:   b0948fb92191efdc5a4e9a0add42a5504fdb8f0c321a5c10d8adfdd2465d6aab
Page: 4 of 5

---

to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is July 2, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Atif Khan, Assistant Hennepin County Public Defender (atif.khan@hennepin.us);

   c. Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);

4

---

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-19-3539_Finding of Incompetency and Order_2023-06-06_20240430091325.pdf
File Hash:   db9770f9cd6440b76f45ae00c6fd058f840123b1b7053b928dc436f895fc37ef
Page: 4 of 5

---

this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is December 5, 2023.  One

4

**EXHIBIT MCR-1 | p. 51**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    2023-06-06
MCRO_27-CR-19-1916_Finding of Incompetency and Order_2023-06-06_20240430091213.pdf
File Hash:    9785b0b1c51af5979af7f20229cddfebd3add7eec702a0111cefeff8c420e3d2
Page: 5 of 5

week prior to that date, reports regarding Defendant's competency and mental status shall be
e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

    b.  Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

    c.  Atif Kahn, Assistant Hennepin County Public Defender

    d.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:    **BY THE COURT:**

_____    _____
Referee of District Court    Judge of District Court

5

---

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    2024-03-20
MCRO_27-CR-19-1916_Finding of Incompetency and Order_2024-03-20_20240430091206.pdf
File Hash:    b0948fb92191efdc5a4e9a0add42a5504fdb8f0c321a5c10d8adfdd2465d6aab
Page: 5 of 5

    d.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:    **BY THE COURT:**

_____    _____
Referee of District Court    Judge of District Court

5

---

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    2023-06-06
MCRO_27-CR-19-3539_Finding of Incompetency and Order_2023-06-06_20240430091325.pdf
File Hash:    db9770f9cd6440b76f45ae00c6fd058f840123b1b7053b928dc436f895fc37ef
Page: 5 of 5

week prior to that date, reports regarding Defendant's competency and mental status shall be
e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

    b.  Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

    c.  Atif Kahn, Assistant Hennepin County Public Defender

    d.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:    **BY THE COURT:**

_____    _____
Referee of District Court    Judge of District Court

5

**EXHIBIT MCR-1 | p. 52**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2024-03-20**
MCRO_27-CR-19-3539_Finding of Incompetency and Order_2024-03-20_20240430091319.pdf
File Hash: 58628l4dc354c6571c074570874529b3c1a080a3bdae761c1b157798cc6f1b49
Page: 1 of 5

**Case No. 27-CR-19-9270**
State of MN vs WILLIAM LEE NABORS
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-05-24**
MCRO_27-CR-19-9270_Finding of Incompetency and Order_2023-05-24_20240430091450.pdf
File Hash: 56a893095b50e424f546e8c885090e281afdd36ee24508faf4b7468044a4b88a
Page: 1 of 5

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2024-03-12**
MCRO_27-CR-19-12466_Finding of Incompetency and Order_2024-03-12_20240430091809.pdf
File Hash: 29c47dffb62ee3e55655a13e3afff06a2a3c47699f73cf8d784f73866119acf2
Page: 1 of 5

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Aesha Ibrahim Osman,

Defendant.

Court File No. 27-CR-18-18391; 27-CR-19-1916; 27-CR-19-3539; 27-CR-19-17539; 27-CR-21-22058; 27-CR-23-22062; 27-CR-24-4893

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on March 19, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Atif Khan, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 09/03/1998), was charged in MNCIS file 27-CR-18-18391 with Assault – 5th Degree (Felony) arising from an incident alleged to have occurred on July 2, 2018; in MNCIS file 27-CR-19-1916 with Assault – 5th Degree (Felony) and Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; in MNCIS file 27-CR-19-3539 with Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; in MNCIS 27-CR-19-17539 with Assault – 5th Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019; in MNCIS file 27-CR-21-22058 with Fleeing a Peace Officer in a Motor Vehicle (Felony) arising from an incident alleged to have occurred on November 27, 2021; in MNCIS file 27-CR-23-22062 with Assault – 2nd Degree (Felony), Burglary – 1st Degree (Felony), and Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on July 27, 2023; and in MNCIS file 27-CR-24-4893 with Assault – 4th Degree (Felony), Assault – 4th Degree (Felony), and Assault – 5th Degree (Misdemeanor) arising from an incident alleged to have occurred on February 27, 2024.

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

William Lee Nabors,

Defendant.

Court File No. 27-CR-18-26530; 27-CR-19-9270, 27-CR-20-1053, 27-CR-22-3553

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on May 23, 2023. The hearing was held remotely using the Zoom internet platform. Thomas Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 12/10/1970), was convicted in MNCIS file 27-CR-18-26530 with Trespass (Gross Misdemeanor). Defendant was charged in MNCIS file 27-CR-19-9270 with Transit-Obstruct/Interfere with Operation of Vehicle (Gross Misdemeanor) arising from an incident alleged to have occurred on April 21, 2019; in MNCIS file 27-CR-20-1053 with Theft (Misdemeanor) arising from an incident alleged to have occurred on January 11, 2020; and in MNCIS file 27-CR-22-3553 with 1st Degree Assault (Felony) and 3rd Degree Assault (Felony) arising from an incident alleged to have occurred on February 22, 2022. In the latter case, on April 20, 2023, Judge Askalani found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On April 20, 2023, Judge Askalani ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Terrell Johnson,

Defendant.

Court File No. 27-CR-19-12466; 27-CR-19-19606; 27-CR-20-8926; 27-CR-20-20037; 27-CR-21-19552; 27-CR-21-23233; 27-CR-22-1165; 27-CR-22-4898; 27-CR-23-8649; 27-CR-23-25563

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on March 12, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Michelle Doffing, Minneapolis City Attorney, appeared. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/28/1979), was charged in MNCIS file 27-CR-19-12466 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on May 28, 2019; in MNCIS file 27-CR-19-19606 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on August 12, 2019; in MNCIS file 27-CR-20-8926 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 2, 2020; in MNCIS file 27-CR-20-20037 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 6, 2019; in MNCIS file 27-CR-21-19552 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on July 12, 2021; in MNCIS file 27-CR-21-23233 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on December 17, 2021; in MNCIS file 27-CR-22-1165 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on October 9, 2021; in MNCIS file 27-CR-22-4898 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on March 15, 2022; in MNCIS file 27-CR-23-8649 with Domestic Assault (Gross Misdemeanor) arising

---

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2024-03-20**
MCRO_27-CR-19-3539_Finding of Incompetency and Order_2024-03-20_20240309131319.pdf
File Hash:   5862814dc354c6571c074570874529b3c1a080a3bdae761c1b157798cc6f1b49
Page: 2 of 5

2. The Court previously entered a finding of incompetent to stand trial in each of the referenced cases.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

    Atif Khan, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records

2

---

**Case No. 27-CR-19-9270**
State of MN vs WILLIAM LEE NABORS
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-05-24**
MCRO_27-CR-19-9270_Finding of Incompetency and Order_2023-05-24_20240430091450.pdf
File Hash:   56a893095b50e424f546e8c885090e281afdd36ee24508faf4b7468044a4b88a
Page: 2 of 5

4. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Natasha Yenina, Assistant Hennepin County Attorney – Criminal Division;

    Karen Mara, Minneapolis City Attorney;

    Patrick Leach, Edina City Attorney;

    Peter Martin, Attorney for Defendant

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

2

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2024-03-12**
MCRO_27-CR-19-12466_Finding of Incompetency and Order_2024-03-12_20240430091809.pdf
File Hash:   29c47dffb62ee3e55655a13e3afff06a2a3c47699f73cf8d784f73866119acf2
Page: 2 of 5

from incident alleged to have occurred on April 25, 2023; and in MNCIS file 27-CR-23-25563 with Threats of Violence – Reckless Disregard Risk (Felony) arising from an incident alleged to have occurred on November 29, 2023. In the former case, on December 6, 2023, Judge Juan Hoyos found probable cause to believe that the offense was committed and that Defendant committed it.

2. On December 6, 2023, Judge Juan Hoyos ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Kacy Wothe, Assistant Hennepin County Attorney – Criminal Division;

    Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

    Minneapolis City Attorney;

    Laura Prahl, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

**EXHIBIT MCR-1 | p. 54**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-19-3539_Finding of Incompetency and Order_2024-03-20_20240309011319.pdf
File Hash:   5862814dc354c6571c074570874529b3c1a080a3bdae761c1b157798cc6f1b49
Page: 3 of 5

maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider

3

---

**Case No. 27-CR-19-9270**
State of MN vs WILLIAM LEE NABORS
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-05-24**
MCRO_27-CR-19-9270_Finding of Incompetency and Order_2023-05-24_20240430091450.pdf
File Hash:   56a893095b50e424f546e8c885090e281afdd36ee24508faf4b7468044a4b88a
Page: 3 of 5

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all

3

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-19-12466_Finding of Incompetency and Order_2024-03-12_20240309011809.pdf
File Hash:   29c47dffb62ee3e55655a13e3afff06a2a3c47699f73cf8d784f73866119acf2
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

3

**EXHIBIT MCR-1 | p. 55**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-19-3539_Finding of Incompetency and Order_2024-03-20_20240330091319.pdf
File Hash:   5862814dc354c6571c074570874529b3c1a080a3bdae761c1b157798cc6f1b49
Page: 4 of 5

to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is July 2, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;
    b.  Atif Khan, Assistant Hennepin County Public Defender (atif.khan@hennepin.us);
    c.  Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);

4

---

**Case No. 27-CR-19-9270**
State of MN vs WILLIAM LEE NABORS
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-05-24**
MCRO_27-CR-19-9270_Finding of Incompetency and Order_2023-05-24_20240430091450.pdf
File Hash:   56a893095b50e424f546e8c885090e281afdd36ee24508faf4b7468044a4b88a
Page: 4 of 5

information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 21, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

4

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-19-12466_Finding of Incompetency and Order_2024-03-12_20240430091809.pdf
File Hash:   29c47dffb62ee3e55655a13e3afff06a2a3c47699f73cf8d784f73866119acf2
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 10, 2024.  One week from that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;
    b.  Laura Prahl, Assistant Hennepin County Public Defender (laura.prahl@hennepin.us);
    c.  Kacy Wothe, Assistant Hennepin County Attorney (kacy.wothe@hennepin.us);
    d.  Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);
    e.  Minneapolis City Attorney;
    f.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

**EXHIBIT MCR-1 | p. 56**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-19-3539_Finding of Incompetency and Order_2024-03-20_20240430091319.pdf
File Hash:   5862814dc354c6571c074570874529b3c1a080a3bdae761c1b157798cc6f1b49
Page: 5 of 5

d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____          _____
Referee of District Court                    Judge of District Court

5

---

**Case No. 27-CR-19-9270**
State of MN vs WILLIAM LEE NABORS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-24**
MCRO_27-CR-19-9270_Finding of Incompetency and Order_2023-05-24_20240430091450.pdf
File Hash:   56a893095b50e424f546e8c885090e281afdd36ee24508faf4b7468044a4b88a
Page: 5 of 5

a. Fourth Judicial District Court – 4thCriminalRule20 email list;

b. Peter Martin, Attorney for Defendant;

c. Natasha Yenina, Assistant Hennepin County Attorney;

d. Karen Mara, Minneapolis City Attorney;

e. Patrick Leach, Edina City Attorney;

f. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____          _____
Referee of District Court                    Judge of District Court

5

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-19-12466_Finding of Incompetency and Order_2024-03-12_20240430091809.pdf
File Hash:   29c47dffb62ee3e55655a13e3afff06a2a3c47699f73cf8d784f73866119acf2
Page: 5 of 5

g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

*Mercurio, Danielle*
Mar 21 2024 2:26 PM
_____
Referee of District Court

*Browne, Michael*
Mar 21 2024 3:04 PM
_____
Judge of District Court

5

**EXHIBIT MCR-1 | p. 57**

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-19-17539_Finding of Incompetency and Order_2023-06-06_20240430091932.pdf
File Hash:     9aa8d42055bdaf01a8011b2acfb2c369922de0e83cdd41f4c0902f103903525
Page: 1 of 5

STATE OF MINNESOTA     **DISTRICT COURT**
    **FOURTH JUDICIAL DISTRICT**
COUNTY OF HENNEPIN     **CRIMINAL DIVISION**

State of Minnesota,     Court File No. 27-CR-18-18391, 27-CR-19-1916, 27-CR-19-3539, 27-CR-19-17539, 27-CR-21-22058

     Plaintiff,

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

vs.

Aesha Ibrahim Osman,

     Defendant.

This matter came before the undersigned Referee/Judge of District Court on June 6, 2023. The hearing was held remotely using the Zoom internet platform. Chris Freeman, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Atif Khan, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 09/13/1998), was charged in MNCIS file 27-CR-18-18391 with Assault 5th Degree-2 (Felony) arising from an incident alleged to have occurred on July 2, 2018; in MNCIS file 27-CR-19-1916 with Assault-5th Degree (Felony) and Assault-4th Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019;  in MNCIS file 27-CR-19-3539 with Assault-4th Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; in MNCIS file 27-CR-19-17539 with Assault-5th Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019; and in MNCIS file 27-CR-21-22058 with Fleeing a Peace Officer in a Motor Vehicle  (Felony) arising from an incident alleged to have occurred on November 27, 2021.  In the latter case, on December 1, 2022, Judge Nicole Engisch found probable cause to believe that the offense was committed and that Defendant committed it.

2. On April 4, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

---

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-19-17539_Finding of Incompetency and Order_2024-03-20_20240430091924.pdf
File Hash:     84d8f85e7ef57fc96daffb725936feb053b9095618a4577c891d9397b44ff571
Page: 1 of 5

STATE OF MINNESOTA     **DISTRICT COURT**
    **FOURTH JUDICIAL DISTRICT**
COUNTY OF HENNEPIN     **CRIMINAL DIVISION**

State of Minnesota,     Court File No. 27-CR-18-18391; 27-CR-19-1916; 27-CR-19-3539; 27-CR-19-17539; 27-CR-21-22058; 27-CR-23-22062; 27-CR-24-4893

     Plaintiff,

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

vs.

Aesha Ibrahim Osman,

     Defendant.

This matter came before the undersigned Referee of District Court on March 19, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Atif Khan, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 09/03/1998), was charged in MNCIS file 27-CR-18-18391 with Assault – 5th Degree (Felony) arising from an incident alleged to have occurred on July 2, 2018; in  MNCIS file 27-CR-19-1916 with Assault – 5th Degree (Felony) and Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; in MNCIS file 27-CR-19-3539 with Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; in MNCIS file 27-CR-19-17539 with Assault – 5th Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019; in MNCIS file 27-CR-21-22058 with Fleeing a Peace Officer in a Motor Vehicle (Felony) arising from an incident alleged to have occurred on November 27, 2021; in MNCIS file 27-CR-23-22062 with Assault – 2nd Degree (Felony), Burglary – 1st Degree (Felony), and Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on July 27, 2023; and in MNCIS file 27-CR-24-4893 with Assault – 4th Degree (Felony), Assault – 4th Degree (Felony), and Assault – 5th Degree (Misdemeanor) arising from an incident alleged to have occurred on February 27, 2024.

---

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-19-19606_Finding of Incompetency and Order_2024-03-12_20240430092030.pdf
File Hash:     d53225593fa721c9d530e6b170b6872db2d8e65dcee5ab4ffd6872767a53d09e
Page: 1 of 5

STATE OF MINNESOTA     **DISTRICT COURT**
    **FOURTH JUDICIAL DISTRICT**
COUNTY OF HENNEPIN     **CRIMINAL DIVISION**

State of Minnesota,     Court File No. 27-CR-19-12466; 27-CR-19-19606; 27-CR-20-8926; 27-CR-20-20037; 27-CR-21-19552; 27-CR-21-23233; 27-CR-22-1165; 27-CR-22-4898; 27-CR-23-8649; 27-CR-23-25563

     Plaintiff,

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

vs.

Terrell Johnson,

     Defendant.

This matter came before the undersigned Referee of District Court on March 12, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Michelle Doffing, Minneapolis City Attorney, appeared. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/28/1979), was charged in MNCIS file 27-CR-19-12466 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on May 28, 2019; in MNCIS file 27-CR-19-19606 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on August 12, 2019; in MNCIS file 27-CR-20-8926 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 2, 2020; in MNCIS file 27-CR-20-20037 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 6, 2019; in MNCIS file 27-CR-21-19552 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on July 12, 2021; in MNCIS file 27-CR-21-23233 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on December 17, 2021; in MNCIS file 27-CR-22-1165 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on October 9, 2021; in MNCIS file 27-CR-22-4898 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on March 15, 2022; in MNCIS file 27-CR-23-8649 with Domestic Assault (Gross Misdemeanor) arising

---

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    2023-06-06
MCRO_27-CR-19-17539_Finding of Incompetency and Order_2023-06-06_20240430091932.pdf
File Hash:    9aa8d42055bdaf01a8011b2acfb2c369922de0e83cdd41f4c0902f103903525
Page: 2 of 5

3. Dr. Stephanie Bruss, Psy.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Stephanie Bruss, Psy.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Atif Kahn, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

2

---

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    2024-03-20
MCRO_27-CR-19-17539_Finding of Incompetency and Order_2024-03-20_20240430091924.pdf
File Hash:    84d8f85e7ef57fc96daffb725936feb053b9095618a4573c891d9397b44ff571
Page: 2 of 5

2. The Court previously entered a finding of incompetent to stand trial in each of the referenced cases.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Atif Khan, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records

2

---

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    2024-03-12
MCRO_27-CR-19-19606_Finding of Incompetency and Order_2024-03-12_20240430092030.pdf
File Hash:    d5322593fa721c9d530e6b170b6872db2d8e65d6cee5ab4ffd6872767a53d09e
Page: 2 of 5

from incident alleged to have occurred on April 25, 2023; and in MNCIS file 27-CR-23-25563 with Threats of Violence – Reckless Disregard Risk (Felony) arising from an incident alleged to have occurred on November 29, 2023. In the former case, on December 6, 2023, Judge Juan Hoyos found probable cause to believe that the offense was committed and that Defendant committed it.

2. On December 6, 2023, Judge Juan Hoyos ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Kacy Wothe, Assistant Hennepin County Attorney – Criminal Division;

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Minneapolis City Attorney;

   Laura Prahl, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-19-17539_Finding of Incompetency and Order_2023-06-06_20240430091932.pdf
File Hash:      9aa8d42055bdaf01a8011b2acfb2c369922de0e83cdd41f4c0902f103903525
Page: 3 of 5

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of

3

---

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-19-17539_Finding of Incompetency and Order_2024-03-20_20240430091924.pdf
File Hash:      84d8f85e7ef57fc96daffb725936feb053b9095618a4577c891d9397b44ff571
Page: 3 of 5

maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider

3

---

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-19-19606_Finding of Incompetency and Order_2024-03-12_20240430092030.pdf
File Hash:      d5322593fa721c9d530e6b170b6872db2d8e65d6cee5ab4ffd6872767a53d09e
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

3

**EXHIBIT MCR-1 | p. 60**

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-19-17539_Finding of Incompetency and Order_2023-06-06_20240430091932.pdf
File Hash:     9aa8d42055bdaf01a8011b2acfb2c369922de0e83cdd41f4c0902f103903525
Page: 4 of 5

this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is December 5, 2023. One

4

---

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-19-17539_Finding of Incompetency and Order_2024-03-20_20240430091924.pdf
File Hash:     84d8f85e7ef57fc96daffb725936feb053b9095618a4577c891d9397b44ff571
Page: 4 of 5

to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is July 2, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

   b.  Atif Khan, Assistant Hennepin County Public Defender (atif.khan@hennepin.us);

   c.  Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);

4

---

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-19-19606_Finding of Incompetency and Order_2024-03-12_20240430092030.pdf
File Hash:     d5322593fa721c9d530e6b170b6872db28de65d6cee5ab4ffd6872767a53d09e
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 10, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

   b.  Laura Prahl, Assistant Hennepin County Public Defender (laura.prahl@hennepin.us);

   c.  Kacy Wothe, Assistant Hennepin County Attorney (kacy.wothe@hennepin.us);

   d.  Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);

   e.  Minneapolis City Attorney;

   f.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

**EXHIBIT MCR-1 | p. 61**

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-19-17539_Finding of Incompetency and Order_2023-06-06_20240430091932.pdf
File Hash:      9aa8d42055bdaf01a8011b2acfb2c369922de0e83cdd41f4c0902f103903525
Page: 5 of 5

week prior to that date, reports regarding Defendant's competency and mental status shall be
e-filed and e-served to:

   a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

   b.  Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   c.  Atif Kahn, Assistant Hennepin County Public Defender

   d.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is
ordered);

   e.  The Commitment Defense Panel attorney appointed to represent Defendant by the
Fourth Judicial District Court – Probate/Mental Health Division.

16.  A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and
the underlying police report(s) shall be delivered via email to the Prepetition Screening
Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

_____    _____
Referee of District Court     Judge of District Court

5

---

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-19-17539_Finding of Incompetency and Order_2024-03-20_20240430091924.pdf
File Hash:      84d8f85e7ef57fc96daffb725936feb053b9095618a4577c891d9397b44ff571
Page: 5 of 5

   d.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a
commitment is ordered);

   e.  The Commitment Defense Panel attorney appointed to represent Defendant by the
Fourth Judicial District Court – Probate/Mental Health Division.

16.  A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and
the underlying police report(s) shall be delivered via email to the Prepetition Screening
Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

_____    _____
Referee of District Court     Judge of District Court

5

---

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-19-19606_Finding of Incompetency and Order_2024-03-12_20240430092030.pdf
File Hash:      d5322593fa721c9d530e6b170b6872db2d8e65d6cee5ab4ffd6872767a53d09e
Page: 5 of 5

   g.  The Commitment Defense Panel attorney appointed to represent Defendant by the
Fourth Judicial District Court – Probate/Mental Health Division.

14.  A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and
the underlying police report(s) shall be delivered via email to the Prepetition Screening
Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

Mezueics, Danielle
Mar 21 2024 2:26 PM
_____
Referee of District Court

Browne, Michael
Mar 21 2024 3:04 PM
_____
Judge of District Court

5

**EXHIBIT MCR-1 | p. 62**

**Case No. 27-CR-20-6517**
State of MN vs Rex Allen Basswood, Jr.
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-03-08**
MCRO_27-CR-20-6517_Finding of Incompetency and Order_2023-03-08_20240430085208.pdf
File Hash: b01375970c82a03eef6092aa1ed7c98d0118ddc04a53b7886ae24b1fdd3bba05
Page: 1 of 5

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

| State of Minnesota, | Court File No. 27-CR-20-6517, 27-CR-21- |
|---|---|
| | 23131, 27-CR-22-24627 |
| Plaintiff, | **FINDINGS OF FACT,** |
| | **CONCLUSIONS OF LAW** |
| vs. | **AND ORDER REGARDING** |
| | **COMPETENCY** |
| Rex Allen Basswood, Jr., | |
| Defendant. | |

This matter came before the undersigned Judge of District Court on March 7, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Chelsea Knutson, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 07/19/1989), was charged in MNCIS file 27-CR-20-6517 with Theft (Felony) arising from an incident alleged to have occurred on 02/06/2020; in MNCIS file 27-CR-21-23131 with Theft (Felony) arising from an incident alleged to have occurred on 12/14/2021; and in MNCIS file 27-CR-22-24627 with Simple Robbery (Felony) arising from an incident alleged to have occurred on 11/08/2022.

2. On 12/30/2022, Judge Michael Browne ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**Case No. 27-CR-20-8575**
State of MN vs Bisharo Jama Noor
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-04-24**
MCRO_27-CR-20-8575_Finding of Incompetency and Order_2023-04-24_20240430085346.pdf
File Hash: efa929b0519c692890ffa96eac37fc5933aa403c40b5a0fe4f8e94e3d8f4c9cb
Page: 1 of 5

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

| State of Minnesota, | Court File No. 27-CR-20-8575; |
|---|---|
| | 27-CR-21-7676 |
| Plaintiff, | **FINDINGS OF FACT,** |
| | **CONCLUSIONS OF LAW** |
| vs. | **AND ORDER REGARDING** |
| | **COMPETENCY** |
| Bisharo Jama Noor, | |
| Defendant. | |

This matter came before the undersigned Judge of District Court on April 11, 2023. The hearing was held remotely using the Zoom internet platform. Thomas Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, on behalf of Atif Khan, Assistant Hennepin County Public Defendant. Sahil Kahin, Court Interpreter, Somali Language was also present.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/01/1988) was charged in MNCIS file 27-CR-20-8575 with 2nd Degree Assault (Felony) arising from an incident alleged to have occurred on April 2, 2020; and MNCIS file 27-CR-21-7676 with Malicious Punishment of a Child (Gross Misdemeanor) arising from an incident alleged to have occurred on January 16, 2021. On February 16, 2023, Judge Hilary Caligiuri found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On February 16, 2023, Judge Hilary Caligiuri ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. John R. Anderson, Ph.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. John R. Anderson, Ph.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2024-03-12**
MCRO_27-CR-20-8926_Finding of Incompetency and Order_2024-03-12_20240430085426.pdf
File Hash: 47d6655754049f171ff59a3f5e6b098084662b12f06a5e1fed9b31d361fa43ac
Page: 1 of 5

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

| State of Minnesota, | Court File No. 27-CR-19-12466; 27-CR-19- |
|---|---|
| | 19606; 27-CR-20-8926; 27-CR-20-20037; 27- |
| | CR-21-19552; 27-CR-21-23233; 27-CR-22- |
| Plaintiff, | 1165; 27-CR-22-4898; 27-CR-23-8649; 27- |
| | CR-23-25563 |
| vs. | **FINDINGS OF FACT,** |
| | **CONCLUSIONS OF LAW** |
| Terrell Johnson, | **AND ORDER REGARDING** |
| | **COMPETENCY** |
| Defendant. | |

This matter came before the undersigned Referee of District Court on March 12, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Michelle Doffing, Minneapolis City Attorney, appeared. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/28/1979), was charged in MNCIS file 27-CR-19-12466 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on May 28, 2019; in MNCIS file 27-CR-19-19606 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on August 12, 2019; in MNCIS file 27-CR-20-8926 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 2, 2020; in MNCIS file 27-CR-20-20037 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 6, 2019; in MNCIS file 27-CR-21-19552 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on July 12, 2021; in MNCIS file 27-CR-21-23233 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on December 17, 2021; in MNCIS file 27-CR-22-1165 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on October 9, 2021; in MNCIS file 27-CR-22-4898 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on March 15, 2022; in MNCIS file 27-CR-23-8649 with Domestic Assault (Gross Misdemeanor) arising

**EXHIBIT MCR-1 | p. 63**

**Case No. 27-CR-20-6517**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:    **2023-03-08**
MCRO_27-CR-20-6517_Finding of Incompetency and Order_2023-03-08_20240430085208.pdf
File Hash:    b01375970c82a03eef6092aa1ed7c98d0118ddc04a53b7886ae24b1fdd3bba05
Page: 2 of 5

**Case No. 27-CR-20-8575**
State of MN vs Bisharo Jama Noor
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:    **2023-04-24**
MCRO_27-CR-20-8575_Finding of Incompetency and Order_2023-04-24_20240430085346.pdf
File Hash:    efa929b0519c692890ffa96eac37fc5933aa403c40b5a0fe4f8e94e3d8f4c9cb
Page: 2 of 5

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:    **2024-03-12**
MCRO_27-CR-20-8926_Finding of Incompetency and Order_2024-03-12_20240430085426.pdf
File Hash:    47d6655754049f171ff59a3f5e6b098084662b12f06a5e1fed9b31d361fa43ac
Page: 2 of 2

---

**Column 1 — Case No. 27-CR-20-6517**

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Daniel Provencher, Assistant Hennepin County Attorney – Criminal Division;

    Chelsea Knutson, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation

2

---

**Column 2 — Case No. 27-CR-20-8575**

rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charge.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Christopher Nippoldt, Assistant Hennepin County Attorney – Criminal Division;

    Atif Khan, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records

2

---

**Column 3 — Case No. 27-CR-20-8926**

from incident alleged to have occurred on April 25, 2023; and in MNCIS file 27-CR-23-25563 with Threats of Violence – Reckless Disregard Risk (Felony) arising from an incident alleged to have occurred on November 29, 2023. In the former case, on December 6, 2023, Judge Juan Hoyos found probable cause to believe that the offense was committed and that Defendant committed it.

2. On December 6, 2023, Judge Juan Hoyos ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Kacy Wothe, Assistant Hennepin County Attorney – Criminal Division;

    Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

    Minneapolis City Attorney;

    Laura Prahl, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

**EXHIBIT MCR-1 | p. 64**

**Case No. 27-CR-20-6517**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-20-6517_Finding of Incompetency and Order_2023-03-08_20240430085208.pdf
File Hash:   b01375970c82a03eef6092aa1ed7c98d0118ddc04a53b7886ae24b1fdd3bba05
Page: 3 of 5

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order

3

---

**Case No. 27-CR-20-8575**
State of MN vs Bisharo Jama Noor
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-24**
MCRO_27-CR-20-8575_Finding of Incompetency and Order_2023-04-24_20240430085346.pdf
File Hash:   efa929b0519c692890ffa96eac37fc5933aa403c40b5a0fe4f8e94e3d8f4c9cb
Page: 3 of 5

maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider

3

---

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-20-8926_Finding of Incompetency and Order_2024-03-12_20240430085408.pdf
File Hash:   47d6655754049f171ff59a3f5e6b098084662b12f06a5e1fed9b1d361fa43ac
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

3

**EXHIBIT MCR-1 | p. 65**

**Case No. 27-CR-20-6517**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-20-6517_Finding of Incompetency and Order_2023-03-08_20240430085208.pdf
File Hash:   b01375970c82a03eef6092aa1ed7c98d0118ddc04a53b7886ae24b1fdd3bba05
Page: 4 of 5

may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 5, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

 a. Fourth Judicial District Court – 4thCriminalRule20 email list;

 b. Chelsea Knutson, Assistant Hennepin County Public Defender;

 c. Daniel Provencher, Assistant Hennepin County Attorney;

 d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

---

**Case No. 27-CR-20-8575**
State of MN vs Bisharo Jama Noor
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-24**
MCRO_27-CR-20-8575_Finding of Incompetency and Order_2023-04-24_20240430085346.pdf
File Hash:   efa929b0519c692890ffa96eac37fc5933aa403c40b5a0fe4f8e94e3d8f4c9cb
Page: 4 of 5

to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 10, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

 a. Fourth Judicial District Court – 4thCriminalRule20 email list;

 b. Atif Khan, Assistant Hennepin County Public Defender;

 c. Christopher Nippoldt, Assistant Hennepin County Attorney;

4

---

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-20-8926_Finding of Incompetency and Order_2024-03-12_20240430085408.pdf
File Hash:   47d6655754049f171ff59a3f5e6b098084662b12f06a5e1fed9b31d361fa43ac
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 10, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

 a. Fourth Judicial District Court – 4thCriminalRule20 email list;

 b. Laura Prahl, Assistant Hennepin County Public Defender (laura.prahl@hennepin.us);

 c. Kacey Wothe, Assistant Hennepin County Attorney (kacy.wothe@hennepin.us);

 d. Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);

 e. Minneapolis City Attorney;

 f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

**EXHIBIT MCR-1 | p. 66**

**Case No. 27-CR-20-6517**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-03-08**
MCRO_27-CR-20-6517_Finding of Incompetency and Order_2023-03-08_20240430085208.pdf
File Hash:    b01375970c82a03eef6092aa1ed7c98d0118ddc04a53b7886ae24b1fdd3bba05
Page: 5 of 5

e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

---

**Case No. 27-CR-20-8575**
State of MN vs Bisharo Jama Noor
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-04-24**
MCRO_27-CR-20-8575_Finding of Incompetency and Order_2023-04-24_20240430085346.pdf
File Hash:    efa929b0519c692890ffa96eac37fc5933aa403c40b5a0fe4f8e94e3d8f4c9cb
Page: 5 of 5

d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

---

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2024-03-12**
MCRO_27-CR-20-8926_Finding of Incompetency and Order_2024-03-12_20240430085426.pdf
File Hash:    47d6655754049f171ff59a3f5e6b098084662b12f06a5e1fed9b31d361fa43ac
Page: 5 of 5

g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____            _____
Mercurio, Danielle                       Browne, Michael
Mar 21 2024 2:26 PM                       Mar 21 2024 3:04 PM
Referee of District Court                 Judge of District Court

5

**EXHIBIT MCR-1 | p. 67**

Case No. 27-CR-20-19196
State of MN vs ABDIRAHMAN ISMAIL FARAH
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-20-19196_Finding of Incompetency and Order_2023-06-01_20240430090046.pdf
File Hash:   f8fc2e95a8cddaf78c1bef0aee41f5e587a4e66597f413401ad09357bbcecf3ce
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Abdirahman Ismail Farah
a/k/a Abdi Salah Farah,

Defendant.

Court File No. 27-CR-16-6572, 27-CR-20-9699, 27-CR-20-18933, 27-CR-20-19196, 27-CR-20-19631, 27-CR-20-19797, 27-CR-22-7940, 27-CR-22-24372

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on May 30, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Megan Griffin, Assistance Minneapolis City Attorney, represented plaintiff. Defendant appeared out of custody and was represented by Alicia Granse, Assistant Hennepin County Public Defender. Also present was Rahma Abdi, Somali Court Interpreter.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/01/1998), was charged in MNCIS file 27-CR-16-6572 with Disorderly Conduct (Misdemeanor) arising from an incident alleged to have occurred on February 29, 2016; in MNCIS file 27-CR-20-9699 with Theft (Felony) arising from an incident alleged to have occurred on September 9, 2019; in MNCIS file 27-CR-20-18933 with Financial Transaction Card Fraud (Felony) arising from an incident alleged to have occurred on December 23, 2019; in MNCIS file 27-CR-20-19196 with Theft (Gross Misdemeanor) arising from an incident alleged to have occurred on September 2, 2020; in MNCIS file 27-CR-20-19631 with Fleeing a Peace Officer in a Motor Vehicle (Felony) and Receiving Stolen Property (Felony) arising from an incident alleged to have occurred on September 9, 2020; in MNCIS file 27-CR-20-19797 with Simple Robbery (Felony) arising from an incident alleged to have occurred on August 29, 2020; in MNCIS file 27-CR-22-7940 with Theft (Felony) arising from

Case No. 27-CR-20-20037
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-20-20037_Finding of Incompetency and Order_2024-03-12_20240430090128.pdf
File Hash:   2af3a72ddcc0acd7912d82c995c4548a4290cd1351e34580ce2475b6eef09eff
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Terrell Johnson,

Defendant.

Court File No. 27-CR-19-12466; 27-CR-19-19606; 27-CR-20-8926; 27-CR-20-20037; 27-CR-21-19552; 27-CR-21-23233; 27-CR-22-1165; 27-CR-22-4898; 27-CR-23-8649; 27-CR-23-25563

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on March 12, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Michelle Doffing, Minneapolis City Attorney, appeared. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/28/1979), was charged in MNCIS file 27-CR-19-12466 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on May 28, 2019; in MNCIS file 27-CR-19-19606 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on August 12, 2019; in MNCIS file 27-CR-20-8926 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 2, 2020; in MNCIS file 27-CR-20-20037 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 6, 2019; in MNCIS file 27-CR-21-19552 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on July 12, 2021; in MNCIS file 27-CR-21-23233 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on December 17, 2021; in MNCIS file 27-CR-22-1165 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on October 9, 2021; in MNCIS file 27-CR-22-4898 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on March 15, 2022; in MNCIS file 27-CR-23-8649 with Domestic Assault (Gross Misdemeanor) arising

Case No. 27-CR-21-1171
State of MN vs IBSSA M YOUSSUF
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-1171_Finding of Incompetency and Order_2023-05-02_20240430075317.pdf
File Hash:   10b70c7bb630b386b11af9c40aa51ce00e6f0991e7f2583847f469c8eb63d6cb
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Ibssa M Youssuf,

Defendant.

Court File No. 27-CR-21-1171

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on May 2, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.  Meti Moussisa, Oromo Interpreter, provided interpreting services for the Defendant.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 09/22/1983), was charged in MNCIS file 27-CR-21-1171 with 1st Degree Aggravated Robbery and 2nd Degree Assault (Felonies) arising from an incident alleged to have occurred on January 15, 2021.  On March 27, 2023, Judge Jay Quam found probable cause to believe that the offense(s) were committed and that Defendant committed them.

2. On March 27, 2023, Judge Jay Quam ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Megan Paris, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Megan Paris, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability

**Case No. 27-CR-20-19196**
State of MN vs ABDIRAHMAN ISMAIL FARAH
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-20-19196_Finding of Incompetency and Order_2023-06-01_20240430090046.pdf
File Hash:   f8fc2e95a8cddaf78c1bef0aee41f5e587a4e66597f413401ad09357bbcecf3ce
Page: 2 of 5

an incident alleged to have occurred on April 23, 2022; and in MNCIS file 27-CR-22-24372 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on December 6, 2022.  On April 20, 2021, Judge Daniel Moreno found probable cause in MNCIS file 27-CR-20-19797 to believe that the offense was committed and that Defendant committed it.

2. On March 28, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Nicholas Nathanial Summers, Assistant Hennepin County Attorney – Criminal Division;

   Daniel Provencher, Assistant Hennepin County Attorney – Criminal Division;

   John-Mark Halstead, Assistant Hennepin County Attorney – Criminal Division;

   Alicia Granse, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

---

**Case No. 27-CR-20-20037**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-20-20037_Finding of Incompetency and Order_2024-03-12_20240430090128.pdf
File Hash:   2af3a72ddcc0acd7912d82c995c4548a4290cd1351e34580ce2475b6eef09eff
Page: 2 of 5

from incident alleged to have occurred on April 25, 2023; and in MNCIS file 27-CR-23-25563 with Threats of Violence – Reckless Disregard Risk (Felony) arising from an incident alleged to have occurred on November 29, 2023. In the former case, on December 6, 2023, Judge Juan Hoyos found probable cause to believe that the offense was committed and that Defendant committed it.

2. On December 6, 2023, Judge Juan Hoyos ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Kacy Wothe, Assistant Hennepin County Attorney – Criminal Division;

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Minneapolis City Attorney;

   Laura Prahl, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

---

**Case No. 27-CR-21-1171**
State of MN vs IBSSA M YOUSSUF
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-1171_Finding of Incompetency and Order_2023-05-02_20240430075317.pdf
File Hash:   10b70c7bb630b386b11af9c40aa51ce00e6f0991e7f2583847f469c8eb63d6cb
Page: 2 of 5

to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Christopher Filipski, Assistant Hennepin County Attorney – Criminal Division;

   Lynne McMullen, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical

2

**Case No. 27-CR-20-19196**
State of MN vs ABDIRAHMAN ISMAIL FARAH
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-20-19196_Finding of Incompetency and Order_2023-06-01_20240430090046.pdf
File Hash:   f8fc2e95a8cddaf78c1bef0aee41f5e587a4e66597f413401ad09357bbcecf3ce
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

3

---

**Case No. 27-CR-20-20037**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-20-20037_Finding of Incompetency and Order_2024-03-12_20240430090128.pdf
File Hash:   2af3a72ddcc0acd7912d82c995c4548a4290cd1351e34580ce2475b6eef09eff
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

3

---

**Case No. 27-CR-21-1171**
State of MN vs IBSSA M YOUSSUF
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-1171_Finding of Incompetency and Order_2023-05-02_20240430075317.pdf
File Hash:   10b70c7bb630b386b11af9c40aa51ce00e6f0991e7f2583847f469c8eb63d6cb
Page: 3 of 3

dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received

3

**EXHIBIT MCR-1 | p. 70**

**Case No. 27-CR-20-19196**
State of MN vs ABDIRAHMAN ISMAIL FARAH
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-06-01**
MCRO_27-CR-20-19196_Finding of Incompetency and Order_2023-06-01_20240430090046.pdf
File Hash:    f8fc2e95a8cddaf78c1bef0aee41f5e587a4e66597f413401ad09357bbcecf3ce
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 28, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Nicholas Nathanial Summers, Assistant Hennepin County Attorney – Criminal Division;

   c. Daniel Provencher, Assistant Hennepin County Attorney – Criminal Division;

   d. John-Mark Halstead, Assistant Hennepin County Attorney – Criminal Division;

   e. Alicia Granse, Assistant Hennepin County Public Defender;

   f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

---

**Case No. 27-CR-20-20037**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2024-03-12**
MCRO_27-CR-20-20037_Finding of Incompetency and Order_2024-03-12_20240430090128.pdf
File Hash:    2af3a72ddcc0acd7912d82c995c4548a4290cd1351e34580ce2475b6eef09eff
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 10, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Laura Prahl, Assistant Hennepin County Public Defender (laura.prahl@hennepin.us);

   c. Kacy Wothe, Assistant Hennepin County Attorney (kacy.wothe@hennepin.us);

   d. Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);

   e. Minneapolis City Attorney;

   f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

---

**Case No. 27-CR-21-1171**
State of MN vs IBSSA M YOUSSUF
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-05-02**
MCRO_27-CR-21-1171_Finding of Incompetency and Order_2023-05-02_20240430075317.pdf
File Hash:    10b70c7bb630b386b11af9c40aa51ce00e6f0991e7f2583847f469c8eb63d6cb
Page: 4 of 5

in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 31, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Christopher Filipski, Assistant Hennepin County Attorney – Criminal Division;

   c. Lynne McMullen, Assistant Hennepin County Public Defender;

   d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

**EXHIBIT MCR-1 | p. 71**

**Case No. 27-CR-20-19196**
State of MN vs ABDIRAHMAN ISMAIL FARAH
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-06-01**
MCRO_27-CR-20-19196_Finding of Incompetency and Order_2023-06-01_20240430090046.pdf
File Hash:    f8fc2e95a8cddaf78c1be0aee41f5e587a4e66597f413401ad09357bbcecf3ce
Page: 5 of 5

g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                **BY THE COURT:**

_____            _____
Referee of District Court                Judge of District Court

5

---

**Case No. 27-CR-20-20037**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2024-03-12**
MCRO_27-CR-20-20037_Finding of Incompetency and Order_2024-03-12_20240430090128.pdf
File Hash:    2af3a72ddcc0acd7912d82c995c4548a4290cd1351e34580ce2475b6eef09eff
Page: 5 of 5

g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                **BY THE COURT:**

_____            _____
Mercurio, Danielle                        Browne, Michael
Mar 21 2024 2:26 PM                    Mar 21 2024 3:04 PM
Referee of District Court                Judge of District Court

5

---

**Case No. 27-CR-21-1171**
State of MN vs IBSSA M YOUSSUF
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-05-02**
MCRO_27-CR-21-1171_Finding of Incompetency and Order_2023-05-02_20240430075317.pdf
File Hash:    10b70c7bb630b386b11af9c40aa51ce00e6f0991e7f2583847f469c8eb63d6cb
Page: 5 of 5

e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                **BY THE COURT:**

_____            _____
Referee of District Court                Judge of District Court

5

**EXHIBIT MCR-1 | p. 72**

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-21-1980_Finding of Incompetency and Order_2023-06-01_20240430075958.pdf
File Hash:   dbcc00b7a69b5d1303d372e13e90a8367cd569e7c9b178e651fcfc41320baf35
Page: 1 of 5

**Case No. 27-CR-21-6710**
State of MN vs TEMEKA MICHELLE NICHOLS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-21-6710_Finding of Incompetency and Order_2024-03-12_20240430080346.pdf
File Hash:   2130679a9ee0f7d9d1754da8df519cedd8ef6a8189fe56c6fdabf81d5c0bc4c
Page: 1 of 5

**Case No. 27-CR-21-6904**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-6904_Finding of Incompetency and Order_2023-05-02_20240430080456.pdf
File Hash:   82cae6c44ef67c5841c84388f9c66796932a651f83c7d50ec6d8c261d61d7fe7
Page: 1 of 5

---

**STATE OF MINNESOTA**     **DISTRICT COURT**
   **FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**     **CRIMINAL DIVISION**

State of Minnesota,     Court File No. 27-CR-21-1980, 27-CR-21-
   20072, 27-CR-21-20988, 27-CR-21-21355,
    Plaintiff,     27-CR-21-23188, 27-CR-21-23215, 27-CR-
   22-4087, 27-CR-22-22963, 27-CR-23-1752

vs.     **FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
Gordon Eugene Sharp, Jr.,     **AND ORDER REGARDING**
**COMPETENCY**
    Defendant.

    This matter came before the undersigned Referee of District Court on May 30, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

    Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 05/13/1988), was charged in MNCIS file 27-CR-21-1980 with Theft (Felony) arising from an incident alleged to have occurred on January 27, 2021; in MNCIS file 27-CR-21-20072 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on October 1, 2021; in MNCIS file 27-CR-21-20988 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on November 9, 2021; in MNCIS file 27-CR-21-21355 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred November 16, 2021; in MNCIS file 27-CR-21-23188 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 11, 2021; in MNCIS file 27-CR-21-23215 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 16, 2021; in MNCIS file 27-CR-22-4087 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 9, 2021; in MNCIS file 27-CR-22-22963 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on May 27, 2022; and in MNCIS file 27-CR-23-1752 with 4th Degree Damage to Property and Trespass (Misdemeanor) arising from an incident alleged to have occurred on

---

**STATE OF MINNESOTA**     **DISTRICT COURT**
   **FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**     **CRIMINAL DIVISION**

State of Minnesota,     Court File No. 27-CR-21-6710; 27-CR-23-
   2795; 27-CR-23-16856; 27-CR-23-19098; 27-
    Plaintiff,     CR-24-3451

vs.     **FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
Temeka Michelle Nichols,     **AND ORDER REGARDING**
**COMPETENCY**
    Defendant.

    This matter came before the undersigned Referee of District Court on March 12, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Michelle Doffing, Minneapolis City Attorney, appeared. Defendant appeared in custody and was represented by Christine Irfanullah, Assistant Hennepin County Public Defender.

    Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 03/25/1991), was charged in MNCIS file 27-CR-21-6710 with Assault – 4th Degree (Gross Misdemeanor) arising from an incident alleged to have occurred on April 2, 2021; in MNCIS file 27-CR-23-2795 with Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on February 3, 2023; in MNCIS file 27-CR-23-16856 with Assault – 5th Degree (Misdemeanor) arising from an incident alleged to have occurred on August 9, 2023; in MNCIS file 27-CR-23-19098 with Assault – 5th Degree (Misdemeanor) arising from an incident alleged to have occurred on September 7, 2023; and in MNCIS file 27-CR-24-3451 with Burglary – 3rd Degree (Felony) arising from an incident alleged to have occurred on January 29, 2024. In the former case, on April 20, 2022, Judge Bev Benson found probable cause to believe that the offense was committed and that Defendant committed it.

2.  On February 9, 2024, Judge William Koch ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

---

**STATE OF MINNESOTA**     **DISTRICT COURT**
   **FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**     **CRIMINAL DIVISION**

State of Minnesota,     Court File No. 27-CR-21-6904, 27-CR-21-
   8067, 27-CR-21-8227, 27-CR-21-8228, 27-
    Plaintiff,     CR-21-8229, 27-CR-21-8230, 27-CR-21-8511,
   27-CR-22-17300, 27-CR-22-21679, 27-CR-
   22-24045, 27-CR-23-385, 27-CR-23-5751, 27-
vs.     CR-23-6188

Lucas Patrick Kraskey,     **FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
   **AND ORDER REGARDING**
    Defendant.     **COMPETENCY**

    This matter came before the undersigned Referee/Judge of District Court on May 2, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney and Megan Griffin, Attorney with the City of Minneapolis, represented the plaintiffs. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

    Based on all the files and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor - GMD) and Public Urination (Misdemeanor – MSD) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged

**EXHIBIT MCR-1 | p. 73**

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-21-1980_Finding of Incompetency and Order_2023-06-01_20240430075958.pdf
File Hash:   dbcc00b7a69b5d1303d372e13e90a8367cd569e7c9b178e651fcfc41320baf35
Page: 2 of 5

January 22, 2023. On August 9, 2022, Judge Gina Brandt found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On April 3, 2022, Judge Melissa Houghtaling ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

Darren Borg, Assistant Hennepin County Attorney – Criminal Division;
Cory Strecker, Assistant Hennepin County Attorney – Criminal Division;
Hilary Minor, Assistant Hennepin County Attorney – Criminal Division;
Chase Myhran, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

---

**Case No. 27-CR-21-6710**
State of MN vs TEMEKA MICHELLE NICHOLS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-21-6710_Finding of Incompetency and Order_2024-03-12_20240430080346.pdf
File Hash:   2130679a9ee0f7d9d1754da8df519cedd8ef6a8189fe56c6fdabf81d5c0cbc4c
Page: 2 of 5

3. Dr. Mallory Jorgenson, Ph.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Mallory Jorgenson, Ph.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service;

Olivia Levinson, Assistant Hennepin County Attorney – Criminal Division;
Flavio Abreau, Minneapolis City Attorney;
Christine Irfanullah, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

2

---

**Case No. 27-CR-21-6904**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-6904_Finding of Incompetency and Order_2023-05-02_20240430080456.pdf
File Hash:   82cae6c44ef67c5841c84388f9c66796932a651f83c7d50ec6d8c261d61d7fe7
Page: 2 of 5

to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (GMD) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; in MNCIS file 27-CR-22-21679 with Trespassing (MSD) arising from an incident alleged to have occurred on October 18, 2022; in MNCIS file 27-CR-22-24045 with Trespass (MSD) arising from an incident alleged to have occurred on December 1, 2022; in MNCIS file 27-CR-23-385 with Trespass (MSD) arising from an incident alleged to have occurred on November 24, 2022; in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023; and in MNCIS file 27-CR-23-6188.

2. On March 28, 2023, Judge Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

Tom Arneson, Assistant Hennepin County Attorney – Criminal Division; and

2

**EXHIBIT MCR-1 | p. 74**

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   2023-06-01
MCRO_27-CR-21-1980_Finding of Incompetency and Order_2023-06-01_20240430075958.pdf
File Hash:   dbcc00b7a69b5d1303d372e13e90a8367cd569e7c9b178e651fcfc41320baf35
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

3

---

**Case No. 27-CR-21-6710**
State of MN vs TEMEKA MICHELLE NICHOLS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   2024-03-12
MCRO_27-CR-21-6710_Finding of Incompetency and Order_2024-03-12_20240430080346.pdf
File Hash:   2130679a9ee0f7d9d1754da8df519cedd8ef6a8189fe56c6fdabf81d5c0cbc4c
Page: 3 of 5

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of

3

---

**Case No. 27-CR-21-6904**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   2023-05-02
MCRO_27-CR-21-6904_Finding of Incompetency and Order_2023-05-02_20240430080456.pdf
File Hash:   82cae6c44ef67c5841c84388f9c66796932a651f83c7d50ec6d8c261d61d7fe7
Page: 3 of 5

Megan Griffin, City of Minneapolis Attorney

Susan Herlofsky, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

**EXHIBIT MCR-1 | p. 75**

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-06-01**
MCRO_27-CR-21-1980_Finding of Incompetency and Order_2023-06-01_20240430075958.pdf
File Hash:      dbcc00b7a69b5d1303d372e13e90a8367cd569e7c9b178e651fcfc41320baf35
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending

4

---

**Case No. 27-CR-21-6710**
State of MN vs TEMEKA MICHELLE NICHOLS
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2024-03-12**
MCRO_27-CR-21-6710_Finding of Incompetency and Order_2024-03-12_20240430080346.pdf
File Hash:      2130679a9ee0f7d9d1754da8df519cedd8ef6a8189fe56c6fdabf81d5c0cbc4c
Page: 4 of 5

this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 10, 2024.  One

4

---

**Case No. 27-CR-21-6904**
State of MN vs Lucas Patrick Kraskey
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-05-02**
MCRO_27-CR-21-6904_Finding of Incompetency and Order_2023-05-02_20240430080456.pdf
File Hash:      82cae6c44ef67c5841c84388f9c66796932a651f83c7d50ec6d8c261d61d7fe7
Page: 4 of 5

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

**EXHIBIT MCR-1 | p. 76**

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-21-1980_Finding of Incompetency and Order_2023-06-01_20240430075958.pdf
File Hash:      dbcc00b7a69b5d1303d372e13e90a8367cd569e7c9b178e651fcfc41320baf35
Page: 5 of 5

the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 28, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Chase Myhran, Assistant Hennepin County Public Defender;

   c. Darren Borg, Assistant Hennepin County Attorney;

   d. Cory Strecker, Assistant Hennepin County Attorney;

   e. Hilary Minor, Assistant Hennepin County Attorney;

   f. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

_____    _____
Referee of District Court     Judge of District Court

5

---

**Case No. 27-CR-21-6710**
State of MN vs TEMEKA MICHELLE NICHOLS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-21-6710_Finding of Incompetency and Order_2024-03-12_20240430080346.pdf
File Hash:      2130679a9ee0f7d9d1754da8df519cedd8ef6a8189fe56c6fdabf81d5c0cbc4c
Page: 5 of 5

week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Christine Irfanullah, Assistant Hennepin County Public Defender;

   c. Olivia Levinson, Assistant Hennepin County Attorney;

   d. Flavio Abreau, Minneapolis City Attorney;

   e. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

_____    _____
Mercurio, Danielle     Dayton Klein, Julia
Mar 12 2024 3:30 PM    Mar 12 2024 4:02 PM
Referee of District Court     Judge of District Court

5

---

**Case No. 27-CR-21-6904**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-6904_Finding of Incompetency and Order_2023-05-02_20240430080456.pdf
File Hash:      82cae6c44ef67c5841c84388f9c66796932a651f83c7d50ec6d8c261d61d7fe7
Page: 5 of 5

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 31, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Tom Arneson, Assistant Hennepin County Public Defender;

   c. Susan Herlofsky, Assistant Hennepin County Attorney;

   d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   e. Megan Griffin, City of Minneapolis Attorney; and

   f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

_____    _____
Referee of District Court     Judge of District Court

5

**EXHIBIT MCR-1 | p. 77**

**Case No. 27-CR-21-6904**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-6904_Finding of Incompetency and Order_2023-11-01_20240430080453.pdf
File Hash:     c4e4c2727072f80033181c0e6a6838010b699965151a250af8f4f8c29fb5d660
Page: 1 of 5

---

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-23-5751

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on October 31, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Megan Griffin, Assistant Minneapolis City Attorney, also represented the plaintiff. Defendant was also represented by Andrew J. Reiland, II, Assistant Hennepin County Public Defender. Prior to the time of the hearing, the parties agreed to the Court handling this matter administratively, without the need for appearances.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February

---

**Case No. 27-CR-21-7676**
State of MN vs Bisharo Jama Noor
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-24**
MCRO_27-CR-21-7676_Finding of Incompetency and Order_2023-04-24_20240430080545.pdf
File Hash:     844ba2806d1063046818bb4e1e2de3f486c1dd506f7de9170e015ad71d46e947
Page: 1 of 5

---

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Bisharo Jama Noor,

Defendant.

Court File No. 27-CR-20-8575; 27-CR-21-7676

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on April 11, 2023. The hearing was held remotely using the Zoom internet platform. Thomas Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, on behalf of Atif Khan, Assistant Hennepin County Public Defendant. Sahil Kahin, Court Interpreter, Somali Language was also present.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/01/1988) was charged in MNCIS file 27-CR-20-8575 with 2nd Degree Assault (Felony) arising from an incident alleged to have occurred on April 2, 2020; and MNCIS file 27-CR-21-7676 with Malicious Punishment of a Child (Gross Misdemeanor) arising from an incident alleged to have occurred on January 16, 2021. On February 16, 2023, Judge Hilary Caligiuri found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On February 16, 2023, Judge Hilary Caligiuri ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. John R. Anderson, Ph.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. John R. Anderson, Ph.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to

---

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8067_Finding of Incompetency and Order_2023-05-02_20240430080639.pdf
File Hash:     6abfe64c4011f143044b4889c3408855ab44406fd3aae0d0a3d4f177758f3d2c
Page: 1 of 5

---

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-22-21679, 27-CR-22-24045, 27-CR-23-385, 27-CR-23-5751, 27-CR-23-6188

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee/Judge of District Court on May 2, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney and Megan Griffin, Attorney with the City of Minneapolis, represented the plaintiffs. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor - GMD) and Public Urination (Misdemeanor – MSD) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged

---

EXHIBIT MCR-1 | p. 78

**Case No. 27-CR-21-6904**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-6904_Finding of Incompetency and Order_2023-11-01_20240430080453.pdf
File Hash:   c4e4c2727072f80033181c0e6a6838010b699965151a250af8f4f8c29fb5d660
Page: 2 of 5

**Case No. 27-CR-21-7676**
State of MN vs Bisharo Jama Noor
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-24**
MCRO_27-CR-21-7676_Finding of Incompetency and Order_2023-04-24_20240430080545.pdf
File Hash:   844ba2806d1063046818bb4e1e2de3f486c1dd506f7de9170e015ad71d46e947
Page: 2 of 5

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8067_Finding of Incompetency and Order_2023-05-02_20240430080639.pdf
File Hash:   6abfe64c4011f143044b4889c3408855ab44406fd3aae0d0a3d4f177758f3d2c
Page: 2 of 5

---

**Column 1 (Case No. 27-CR-21-6904)**

23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; and in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023.

2. On August 22, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Darren Borg, Assistant Hennepin County Attorney – Criminal Division;

   Christopher Freeman, Assistant Hennepin County Attorney – Criminal Division;

   Heidi Johnston, Minneapolis City Attorney;

   Andrew Reiland, II, Assistant Hennepin County Public Defender

2

---

**Column 2 (Case No. 27-CR-21-7676)**

rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charge.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Christopher Nippoldt, Assistant Hennepin County Attorney – Criminal Division;

   Atif Khan, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records

2

---

**Column 3 (Case No. 27-CR-21-8067)**

to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (GMD) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; in MNCIS file 27-CR-22-21679 with Trespassing (MSD) arising from an incident alleged to have occurred on October 18, 2022; in MNCIS file 27-CR-22-24045 with Trespass (MSD) arising from an incident alleged to have occurred on December 1, 2022; in MNCIS file 27-CR-23-385 with Trespass (MSD) arising from an incident alleged to have occurred on November 24, 2022; in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023; and in MNCIS file 27-CR-23-6188.

2. On March 28, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Tom Arneson, Assistant Hennepin County Attorney – Criminal Division; and

2

**EXHIBIT MCR-1 | p. 79**

**Case No. 27-CR-21-6904**
State of MN vs Lucas Patrick Kraskey
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-11-01**
MCRO_27-CR-21-6904_Finding of Incompetency and Order_2023-11-01_20240430080453.pdf
File Hash:    c4e4c2727072f80033181c0e6a6838010b699965151a250af8f4f8c29fb5d660
Page: 3 of 5

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous

3

---

**Case No. 27-CR-21-7676**
State of MN vs Bisharo Jama Noor
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2024-04-24**
MCRO_27-CR-21-7676_Finding of Incompetency and Order_2023-04-24_20240430080545.pdf
File Hash:    844ba2806d1063046818bb4e1e2de3f486c1dd506f7de9170e015ad71d46e947
Page: 3 of 5

maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider

3

---

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-05-02**
MCRO_27-CR-21-8067_Finding of Incompetency and Order_2023-05-02_20240430080639.pdf
File Hash:    6abfe64c4011f143044b4889c3408855ab44406fd3aae0d0a3d4f177758f3d2c
Page: 3 of 5

Megan Griffin, City of Minneapolis Attorney

Susan Herlofsky, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

EXHIBIT MCR-1 | p. 80

**Case No. 27-CR-21-6904**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-6904_Finding of Incompetency and Order_2023-11-01_20240430080453.pdf
File Hash:      c4e4c2727072f80033181c0e6a6838010b699965151a250af8f4f8c29fb5d660
Page: 4 of 5

to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 30, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;
   b. Andrew Reiland, II, Assistant Hennepin County Public Defender;
   c. Darren Borg, Assistant Hennepin County Attorney;
   d. Christopher Freeman, Assistant Hennepin County Attorney;
   e. Heidi Johnston, Minneapolis City Attorney;

4

---

**Case No. 27-CR-21-7676**
State of MN vs Bisharo Jama Noor
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-24**
MCRO_27-CR-21-7676_Finding of Incompetency and Order_2023-04-24_20240430080545.pdf
File Hash:      844ba2806d1063046818bb4e1e2de3f486c1dd506f7de9170e015ad71d46e947
Page: 4 of 5

to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 10, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;
   b. Atif Khan, Assistant Hennepin County Public Defender;
   c. Christopher Nippoldt, Assistant Hennepin County Attorney;

4

---

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8067_Finding of Incompetency and Order_2023-05-02_20240430080639.pdf
File Hash:      6abfe64c4011f143044b4889c3408855ab44406fd3aae0d0a3d4f177758f3d2c
Page: 4 of 4

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

**EXHIBIT MCR-1 | p. 81**

**Case No. 27-CR-21-6904**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-6904_Finding of Incompetency and Order_2023-11-01_20240430080453.pdf
File Hash:      c4e4c2727072f80033181c0e6a6838010b699965151a250af8f4f8c29fb5d660
Page: 5 of 5

f.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____

Judge of District Court

5

---

**Case No. 27-CR-21-7676**
State of MN vs Bisharo Jama Noor
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-24**
MCRO_27-CR-21-7676_Finding of Incompetency and Order_2023-04-24_20240430080545.pdf
File Hash:      844ba2806d1063046818bb4e1e2de3f486c1dd506f7de9170e015ad71d46e947
Page: 5 of 5

d.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____

Judge of District Court

5

---

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8067_Finding of Incompetency and Order_2023-05-02_20240430080639.pdf
File Hash:      6abfe64c4011f143044b4889c3408855ab44406fd3aae0d0a3d4f177758f3d2c
Page: 5 of 5

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 31, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

b.  Tom Arneson, Assistant Hennepin County Public Defender;

c.  Susan Herlofsky, Assistant Hennepin County Attorney;

d.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

e.  Megan Griffin, City of Minneapolis Attorney; and

f.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____        _____

Referee of District Court                    Judge of District Court

5

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-11-01**
MCRO_27-CR-21-8067_Finding of Incompetency and Order_2023-11-01_20240430080635.pdf
File Hash:  a55f0d956b9c30ba4b93b18a9101ea154159a798c3cef92f33ab0b7ab2a51891
Page: 1 of 5

---

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-05-02**
MCRO_27-CR-21-8227_Finding of Incompetency and Order_2023-05-02_20240430080732.pdf
File Hash:  1a4b6bad37621ff915b5e968f31604339d2857b3828b22179ea0383033dae9ac
Page: 1 of 5

---

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-11-01**
MCRO_27-CR-21-8227_Finding of Incompetency and Order_2023-11-01_20240430080729.pdf
File Hash:  7e9ccb9a7b76cb7c507c3ac4a00f1f9322e4d616398d2578f9f285a6ff76854
Page: 1 of 5

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

    Plaintiff,

vs.

Lucas Patrick Kraskey,

    Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-23-5751

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Judge of District Court on October 31, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Megan Griffin, Assistant Minneapolis City Attorney, also represented the plaintiff. Defendant was represented by Andrew J. Reiland, II, Assistant Hennepin County Public Defender. Prior to the time of the hearing, the parties agreed to the Court handling this matter administratively, without the need for appearances.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

    Plaintiff,

vs.

Lucas Patrick Kraskey,

    Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-22-21679, 27-CR-22-24045, 27-CR-23-385, 27-CR-23-5751, 27-CR-23-6188

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Referee/Judge of District Court on May 2, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney and Megan Griffin, Attorney with the City of Minneapolis, represented the plaintiffs. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor - GMD) and Public Urination (Misdemeanor – MSD) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

    Plaintiff,

vs.

Lucas Patrick Kraskey,

    Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-23-5751

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Judge of District Court on October 31, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Megan Griffin, Assistant Minneapolis City Attorney, also represented the plaintiff. Defendant was represented by Andrew J. Reiland, II, Assistant Hennepin County Public Defender. Prior to the time of the hearing, the parties agreed to the Court handling this matter administratively, without the need for appearances.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February

**EXHIBIT MCR-1 | p. 83**

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8067_Finding of Incompetency and Order_2023-11-01_20240430080635.pdf
File Hash:   a55f0d956b9c30ba4b93b18a9101ea154159a798c3cef92f33ab0b7ab2a51891
Page: 2 of 5

---

23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; and in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023.

2. On August 22, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Darren Borg, Assistant Hennepin County Attorney – Criminal Division;

    Christopher Freeman, Assistant Hennepin County Attorney – Criminal Division;

    Heidi Johnston, Minneapolis City Attorney;

    Andrew Reiland, II, Assistant Hennepin County Public Defender

2

---

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8227_Finding of Incompetency and Order_2023-05-02_20240430080732.pdf
File Hash:   1a4b6bad37621ff915b5e968f31604339d2857b3828b22179ea0383033dae9ac
Page: 2 of 5

---

to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (GMD) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; in MNCIS file 27-CR-22-21679 with Trespassing (MSD) arising from an incident alleged to have occurred on October 18, 2022; in MNCIS file 27-CR-22-24045 with Trespass (MSD) arising from an incident alleged to have occurred on December 1, 2022; in MNCIS file 27-CR-23-385 with Trespass (MSD) arising from an incident alleged to have occurred on November 24, 2022; in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023; and in MNCIS file 27-CR-23-6188.

2. On March 28, 2023, Judge Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

    Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Tom Arneson, Assistant Hennepin County Attorney – Criminal Division; and

2

---

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8227_Finding of Incompetency and Order_2023-11-01_20240430080729.pdf
File Hash:   7e9ccb9a7b76cb7c507c3ac4a00391f9322e4d616398d2578f9f285a6ff76854
Page: 2 of 5

---

23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; and in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023.

2. On August 22, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Darren Borg, Assistant Hennepin County Attorney – Criminal Division;

    Christopher Freeman, Assistant Hennepin County Attorney – Criminal Division;

    Heidi Johnston, Minneapolis City Attorney;

    Andrew Reiland, II, Assistant Hennepin County Public Defender

2

**EXHIBIT MCR-1 | p. 84**

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8067_Finding of Incompetency and Order_2023-11-01_20240430080635.pdf
File Hash:    a55f0d956b9c30ba4b93b18a9101ea154159a798c3cef92f33ab0b7ab2a51891
Page: 3 of 5

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous

3

---

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8227_Finding of Incompetency and Order_2023-05-02_20240430080732.pdf
File Hash:    1a4b6bad37621ff915b5e968f31604339d2857b3828b22179ea0383033dae9ac
Page: 3 of 5

Megan Griffin, City of Minneapolis Attorney
Susan Herlofsky, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

---

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8227_Finding of Incompetency and Order_2023-11-01_20240430080729.pdf
File Hash:    7e9ccb9a7b76cb7c507c3ac4a00391f9322e4d616398d2578f9f285a6ff76854
Page: 3 of 5

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous

3

**EXHIBIT MCR-1 | p. 85**

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8067_Finding of Incompetency and Order_2023-11-01_20240430080635.pdf
File Hash:   a55f0d9956b9c30ba4b93b18a9101ea154159a798c3cef92f33ab0b7ab2a51891
Page: 4 of 5

to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 30, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;
    b.  Andrew Reiland, II, Assistant Hennepin County Public Defender;
    c.  Darren Borg, Assistant Hennepin County Attorney;
    d.  Christopher Freeman, Assistant Hennepin County Attorney;
    e.  Heidi Johnston, Minneapolis City Attorney;

4

---

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8227_Finding of Incompetency and Order_2023-05-02_20240430080732.pdf
File Hash:   1a4b6bad37621ff915b5e968f31604339d2857b3828b22179ea0383033dae9ac
Page: 4 of 4

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

---

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8227_Finding of Incompetency and Order_2023-11-01_20240430080729.pdf
File Hash:   7e9ccb9a7b76cb7c507c3ac4a00391f9322e4d616398d2578f9f285a6ff76854
Page: 4 of 4

to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competency to proceed is April 30, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;
    b.  Andrew Reiland, II, Assistant Hennepin County Public Defender;
    c.  Darren Borg, Assistant Hennepin County Attorney;
    d.  Christopher Freeman, Assistant Hennepin County Attorney;
    e.  Heidi Johnston, Minneapolis City Attorney;

4

**EXHIBIT MCR-1 | p. 86**

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8067_Finding of Incompetency and Order_2023-11-01_20240430080635.pdf
File Hash:   a55f0d956b9c30ba4b93b18a9101ea154159a798c3cef92f33ab0b7ab2a51891
Page: 5 of 5

    f.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14.  A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

---

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8227_Finding of Incompetency and Order_2023-05-02_20240430080732.pdf
File Hash:   1a4b6bad37621ff915b5e968f31604339d2857b3828b22179ea0383033dae9ac
Page: 5 of 5

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14.  In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15.  Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 31, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

    b.  Tom Arneson, Assistant Hennepin County Public Defender;

    c.  Susan Herlofsky, Assistant Hennepin County Attorney;

    d.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e.  Megan Griffin, City of Minneapolis Attorney; and

    f.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16.  A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:          **BY THE COURT:**

_____      _____
Referee of District Court      Judge of District Court

5

---

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8227_Finding of Incompetency and Order_2023-11-01_20240430080729.pdf
File Hash:   7e9ccb9a7b76cb7c507c3ac4a00391f9322e4d616398d2578f9f285a6ff76854
Page: 5 of 5

    f.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14.  A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

**EXHIBIT MCR-1 | p. 87**

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-05-02**
MCRO_27-CR-21-8228_Finding of Incompetency and Order_2023-05-02_20240430080825.pdf
File Hash:    2377c67d46520b648f1867671695eee9d5eed8cedc2c3755a1afa66015df663d
Page: 1 of 5

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-11-01**
MCRO_27-CR-21-8228_Finding of Incompetency and Order_2023-11-01_20240430080822.pdf
File Hash:    396dee721d75f468df10c5ba263fbc96577a8427436f57b80e9b73f3836214b7
Page: 1 of 5

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-05-02**
MCRO_27-CR-21-8229_Finding of Incompetency and Order_2023-05-02_20240430081522.pdf
File Hash:    685b718867ad74b6eea6b3933db070379476af25105238b65c67c4a40819091c
Page: 1 of 5

---

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-22-21679, 27-CR-22-24045, 27-CR-23-385, 27-CR-23-5751, 27-CR-23-6188

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee/Judge of District Court on May 2, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney and Megan Griffin, Attorney with the City of Minneapolis, represented the plaintiffs. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor - GMD) and Public Urination (Misdemeanor – MSD) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged

---

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-23-5751

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on October 31, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Megan Griffin, Assistant Minneapolis City Attorney, also represented the plaintiff. Defendant was represented by Andrew J. Reiland, II, Assistant Hennepin County Public Defender. Prior to the time of the hearing, the parties agreed to the Court handling this matter administratively, without the need for appearances.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February

---

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-22-21679, 27-CR-22-24045, 27-CR-23-385, 27-CR-23-5751, 27-CR-23-6188

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee/Judge of District Court on May 2, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney and Megan Griffin, Attorney with the City of Minneapolis, represented the plaintiffs. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor - MSD) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged

---

**EXHIBIT MCR-1 | p. 88**

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8228_Finding of Incompetency and Order_2023-05-02_20240430080825.pdf
File Hash:      2377c67d46520b648f1867671695eee9d5eed8cedc2c3755a1afa66015df663d
Page: 2 of 5

to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (GMD) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; in MNCIS file 27-CR-22-21679 with Trespassing (MSD) arising from an incident alleged to have occurred on October 18, 2022; in MNCIS file 27-CR-22-24045 with Trespass (MSD) arising from an incident alleged to have occurred on December 1, 2022; in MNCIS file 27-CR-23-385 with Trespass (MSD) arising from an incident alleged to have occurred on November 24, 2022; in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023; and in MNCIS file 27-CR-23-6188.

2.  On March 28, 2023, Judge Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3.  Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

Tom Arneson, Assistant Hennepin County Attorney – Criminal Division; and

2

---

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8228_Finding of Incompetency and Order_2023-11-01_20240430080822.pdf
File Hash:      396dee721d75f468df10c5ba263fbc96577a8427436f57b80e9b73f3836214b7
Page: 2 of 5

23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; and in MNCIS file  27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023.

2.  On August 22, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3.  Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4.  Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

Darren Borg, Assistant Hennepin County Attorney – Criminal Division;

Christopher Freeman, Assistant Hennepin County Attorney – Criminal Division;

Heidi Johnston, Minneapolis City Attorney;

Andrew Reiland, II, Assistant Hennepin County Public Defender

2

---

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8229_Finding of Incompetency and Order_2023-05-02_20240430081522.pdf
File Hash:      685b718867ad74b6eea6b3933db070379476af25105238b65c67c4a40819091c
Page: 2 of 5

to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (GMD) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; in MNCIS file 27-CR-22-21679 with Trespassing (MSD) arising from an incident alleged to have occurred on October 18, 2022; in MNCIS file 27-CR-22-24045 with Trespass (MSD) arising from an incident alleged to have occurred on December 1, 2022; in MNCIS file 27-CR-23-385 with Trespass (MSD) arising from an incident alleged to have occurred on November 24, 2022; in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023; and in MNCIS file 27-CR-23-6188.

2.  On March 28, 2023, Judge Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3.  Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

Tom Arneson, Assistant Hennepin County Attorney – Criminal Division; and

2

**EXHIBIT MCR-1 | p. 89**

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8228_Finding of Incompetency and Order_2023-05-02_20240430080825.pdf
File Hash:      2377c67d46520b648f1867671695eee9d5eed8cedc2c3755a1afa66015df663d
Page: 3 of 5

Megan Griffin, City of Minneapolis Attorney

Susan Herlofsky, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

---

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8228_Finding of Incompetency and Order_2023-11-01_20240430080822.pdf
File Hash:      396dee721d75f468df10c5ba263fbc96577a8427436f57b80e9b73f3836214b7
Page: 3 of 5

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous

3

---

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8229_Finding of Incompetency and Order_2023-05-02_20240430081522.pdf
File Hash:      685b718867ad74b6eea6b3933db070379476af25105238b65c67c4a40819091c
Page: 3 of 5

Megan Griffin, City of Minneapolis Attorney

Susan Herlofsky, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-05-02**
MCRO_27-CR-21-8228_Finding of Incompetency and Order_2023-05-02_20240430080825.pdf
File Hash:      2377c67d46520b648f1867671695eee9d5eed8cedc2c3755a1afa66015df663d
Page: 4 of 5

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-11-01**
MCRO_27-CR-21-8228_Finding of Incompetency and Order_2023-11-01_20240430080822.pdf
File Hash:      396dee721d75f468df10c5ba263fbc96577a8427436f57b80e9b73f3836214b7
Page: 4 of 5

to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 30, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

    b.  Andrew Reiland, II, Assistant Hennepin County Public Defender;

    c.  Darren Borg, Assistant Hennepin County Attorney;

    d.  Christopher Freeman, Assistant Hennepin County Attorney;

    e.  Heidi Johnston, Minneapolis City Attorney;

4

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-05-02**
MCRO_27-CR-21-8229_Finding of Incompetency and Order_2023-05-02_20240430081522.pdf
File Hash:      685b718867ad74b6eea6b3933db070379476af25105238b65c67c4a40819091c
Page: 4 of 5

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

**EXHIBIT MCR-1 | p. 91**

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-05-02**
MCRO_27-CR-21-8228_Finding of Incompetency and Order_2023-05-02_20240430080825.pdf
File Hash:    2377c67d46520b648f1867671695eee9d5eed8cedc2c3755a1afa66015df663d
Page: 5 of 5

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 31, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Tom Arneson, Assistant Hennepin County Public Defender;

    c. Susan Herlofsky, Assistant Hennepin County Attorney;

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. Megan Griffin, City of Minneapolis Attorney; and

    f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:              **BY THE COURT:**

_____          _____
Referee of District Court              Judge of District Court

5

---

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-11-01**
MCRO_27-CR-21-8228_Finding of Incompetency and Order_2023-11-01_20240430080822.pdf
File Hash:    396dee721d75f468df10c5ba263fbc96577a8427436f57b80e9b73f3836214b7
Page: 5 of 5

    f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

---

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-05-02**
MCRO_27-CR-21-8229_Finding of Incompetency and Order_2023-05-02_20240430081522.pdf
File Hash:    685b718867ad74b6eea6b3933db070379476af25105238b65c67c4a40819091c
Page: 5 of 5

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 31, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Tom Arneson, Assistant Hennepin County Public Defender;

    c. Susan Herlofsky, Assistant Hennepin County Attorney;

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. Megan Griffin, City of Minneapolis Attorney; and

    f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:              **BY THE COURT:**

_____          _____
Referee of District Court              Judge of District Court

5

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8229_Finding of Incompetency and Order_2023-11-01_20240430081519.pdf
File Hash:   230ab2d8c19f8276a4edf1c9434521a100d9e4b89cbaf8f4bf7ee97e53870a80
Page: 1 of 5

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-23-5751

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Judge of District Court on October 31, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Megan Griffin, Assistant Minneapolis City Attorney, also represented the plaintiff. Defendant was represented by Andrew J. Reiland, II, Assistant Hennepin County Public Defender. Prior to the time of the hearing, the parties agreed to the Court handling this matter administratively, without the need for appearances.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February

---

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8230_Finding of Incompetency and Order_2023-05-02_20240430081640.pdf
File Hash:   bf9c4c12367192b38a4ac49fa2f1aa91b38a6149be6449843c5ea21f4ce52ffc
Page: 1 of 5

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-22-21679, 27-CR-22-24045, 27-CR-23-385, 27-CR-23-5751, 27-CR-23-6188

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Referee/Judge of District Court on May 2, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney and Megan Griffin, Attorney with the City of Minneapolis, represented the plaintiffs. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor - GMD) and Public Urination (Misdemeanor – MSD) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged

---

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8230_Finding of Incompetency and Order_2023-11-01_20240430081637.pdf
File Hash:   def36b792c7a0ca5feac28c31b193f4cc7ea0b6f26b529313d613309c364466a
Page: 1 of 5

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-23-5751

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Judge of District Court on October 31, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Megan Griffin, Assistant Minneapolis City Attorney, also represented the plaintiff. Defendant was represented by Andrew J. Reiland, II, Assistant Hennepin County Public Defender. Prior to the time of the hearing, the parties agreed to the Court handling this matter administratively, without the need for appearances.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February

---

**EXHIBIT MCR-1 | p. 93**

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8229_Finding of Incompetency and Order_2023-11-01_20240430081519.pdf
File Hash:   230ab2d8c19f8276a4edf1c9434521a100d9e4b89cbaf8f4bf7ee97e53870a80
Page: 2 of 5

23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; and in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023.

2. On August 22, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

Darren Borg, Assistant Hennepin County Attorney – Criminal Division;

Christopher Freeman, Assistant Hennepin County Attorney – Criminal Division;

Heidi Johnston, Minneapolis City Attorney;

Andrew Reiland, II, Assistant Hennepin County Public Defender

2

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8230_Finding of Incompetency and Order_2023-05-02_20240430081640.pdf
File Hash:   bf9c4c12367192b38a4ac49fa2f1aa91b38a6149be6449843c5ea21f4ce52ffc
Page: 2 of 5

to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (GMD) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; in MNCIS file 27-CR-22-21679 with Trespassing (MSD) arising from an incident alleged to have occurred on October 18, 2022; in MNCIS file 27-CR-22-24045 with Trespass (MSD) arising from an incident alleged to have occurred on December 1, 2022; in MNCIS file 27-CR-23-385 with Trespass (MSD) arising from an incident alleged to have occurred on November 24, 2022; in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023; and in MNCIS file 27-CR-23-6188.

2. On March 28, 2023, Judge Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

Tom Arneson, Assistant Hennepin County Attorney – Criminal Division; and

2

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8230_Finding of Incompetency and Order_2023-11-01_20240430081637.pdf
File Hash:   def36b792c7a0ca5feac28c31b193f4cc7ea0b6f26b529313d613309c364466a
Page: 2 of 5

23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; and in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023.

2. On August 22, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

Darren Borg, Assistant Hennepin County Attorney – Criminal Division;

Christopher Freeman, Assistant Hennepin County Attorney – Criminal Division;

Heidi Johnston, Minneapolis City Attorney;

Andrew Reiland, II, Assistant Hennepin County Public Defender

2

**EXHIBIT MCR-1 | p. 94**

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8229_Finding of Incompetency and Order_2023-11-01_20240430081519.pdf
File Hash:   230ab2d8c19f8276a4edf1c9434521a100d9e4b89cbaf8f4bf7ee97e53870a80
Page: 3 of 5

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous

3

---

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8230_Finding of Incompetency and Order_2023-05-02_20240430081640.pdf
File Hash:   bf9c4c12367192b38a4ac49fa2f1aa91b38a6149be6449843c5ea21f4ce52ffc
Page: 3 of 5

Megan Griffin, City of Minneapolis Attorney
Susan Herlofsky, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

---

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8230_Finding of Incompetency and Order_2023-11-01_20240430081637.pdf
File Hash:   def36b792c7a0ca5feac28c31b193f4cc7ea0b6f26b529313d613309c364466a
Page: 3 of 5

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous

3

**EXHIBIT MCR-1 | p. 95**

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8229_Finding of Incompetency and Order_2023-11-01_20240430081519.pdf
File Hash:   230ab2d8c19f8276a4edf1c9434521a100d9e4b89cbaf8f4bf7ee97e53870a80
Page: 4 of 5

to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 30, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

    b.  Andrew Reiland, II, Assistant Hennepin County Public Defender;

    c.  Darren Borg, Assistant Hennepin County Attorney;

    d.  Christopher Freeman, Assistant Hennepin County Attorney;

    e.  Heidi Johnston, Minneapolis City Attorney;

4

---

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8230_Finding of Incompetency and Order_2023-05-02_20240430081640.pdf
File Hash:   bf9c4c12367192b38a4ac49fa2f1aa91b38a6149be6449843c5ea21f4ce52ffc
Page: 4 of 4

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

---

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8230_Finding of Incompetency and Order_2023-11-01_20240430081637.pdf
File Hash:   def36b792c7a0ca5feac28c31b193f4cc7ea0b6f26b529313d613309c364466a
Page: 4 of 4

to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 30, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

    b.  Andrew Reiland, II, Assistant Hennepin County Public Defender;

    c.  Darren Borg, Assistant Hennepin County Attorney;

    d.  Christopher Freeman, Assistant Hennepin County Attorney;

    e.  Heidi Johnston, Minneapolis City Attorney;

4

**EXHIBIT MCR-1 | p. 96**

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8229_Finding of Incompetency and Order_2023-11-01_20240430081519.pdf
File Hash:   230ab2d8c19f8276a4edf1c9434521a100d9e4b89cbaf8f4bf7ee97e53870a80
Page: 5 of 5

f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

---

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8230_Finding of Incompetency and Order_2023-05-02_20240430081640.pdf
File Hash:   bf9c4c12367192b38a4ac49fa2f1aa91b38a6149be6449843c5ea21f4ce52ffc
Page: 5 of 5

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 31, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

a. Fourth Judicial District Court – 4thCriminalRule20 email list;

b. Tom Arneson, Assistant Hennepin County Public Defender;

c. Susan Herlofsky, Assistant Hennepin County Attorney;

d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

e. Megan Griffin, City of Minneapolis Attorney; and

f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                 **BY THE COURT:**

_____        _____
Referee of District Court             Judge of District Court

5

---

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8230_Finding of Incompetency and Order_2023-11-01_20240430081637.pdf
File Hash:   def36b792c7a0ca5feac28c31b193f4cc7ea0b6f26b529313d61330 9c364466a
Page: 5 of 5

f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

**EXHIBIT MCR-1 | p. 97**

**Case No. 27-CR-21-8412**
State of MN vs Stephone Ahmad Gammage
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-08-08**
MCRO_27-CR-21-8412_Finding of Incompetency and Order_2023-08-08_20240430081737.pdf
File Hash:  112ea8d798bcca539d8c1c6390e41894761b5aae9c8b5b93dc34bc36b40d6b52
Page: 1 of 5

**Case No. 27-CR-21-8511**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-05-02**
MCRO_27-CR-21-8511_Finding of Incompetency and Order_2023-05-02_20240430082013.pdf
File Hash:  8591615ddb052bc2f59ba4ace35ce305fd74d03db9a27d1d8836a3b59552a568
Page: 1 of 5

**Case No. 27-CR-21-8511**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-11-01**
MCRO_27-CR-21-8511_Finding of Incompetency and Order_2023-11-01_20240430082010.pdf
File Hash:  d4045abfeca92eb1bd951442a4da75fb6a9e0b5858483cf434960e5c250119388
Page: 1 of 5

---

STATE OF MINNESOTA — DISTRICT COURT
FOURTH JUDICIAL DISTRICT
COUNTY OF HENNEPIN — CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Stephone Ahmad Gammage,

Defendant.

Court File No. 27-CR-21-8412

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Referee of District Court on August 8, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Kevin Gray, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 07/01/1987), was charged in MNCIS 27-CR-21-8412 with 2nd Degree Assault (Felony) and 3rd Degree Assault (Felony) arising from an incident alleged to have occurred on April 28, 2021. On December 7, 2022, Judge Hilary Caligiuri found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On July 11, 2023, Judge Kerry Meyer ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. John R. Anderson, Ph.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. John R. Anderson, Ph.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

---

STATE OF MINNESOTA — DISTRICT COURT
FOURTH JUDICIAL DISTRICT
COUNTY OF HENNEPIN — CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-22-21679, 27-CR-22-24045, 27-CR-23-385, 27-CR-23-5751, 27-CR-23-6188

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Referee/Judge of District Court on May 2, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney and Megan Griffin, Attorney with the City of Minneapolis, represented the plaintiffs. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor - GMD) and Public Urination (Misdemeanor – MSD) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged

---

STATE OF MINNESOTA — DISTRICT COURT
FOURTH JUDICIAL DISTRICT
COUNTY OF HENNEPIN — CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-23-5751

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Judge of District Court on October 31, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Megan Griffin, Assistant Minneapolis City Attorney, also represented the plaintiff. Defendant was represented by Andrew J. Reiland, II, Assistant Hennepin County Public Defender. Prior to the time of the hearing, the parties agreed to the Court handling this matter administratively, without the need for appearances.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February

---

EXHIBIT MCR-1 | p. 98

**Case No. 27-CR-21-8412**
State of MN vs Stephone Ahmad Gammage
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-08-08**
MCRO_27-CR-21-8412_Finding of Incompetency and Order_2023-08-08_20240430081737.pdf
File Hash:       112ea8d798bcca539d8c1c6390e41894761b5aae9c8b5b93dc34bc36b40d6b52
Page: 2 of 5

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Jacqueline Perez, Assistant Hennepin County Attorney – Criminal Division;

   David Desmidt, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or

2

**Case No. 27-CR-21-8511**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8511_Finding of Incompetency and Order_2023-05-02_20240430082013.pdf
File Hash:       8591615ddb052bc2f59ba4ace35ce305fd74d03db9a27d1d8836a3b59552a568
Page: 2 of 5

to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (GMD) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; in MNCIS file 27-CR-22-21679 with Trespassing (MSD) arising from an incident alleged to have occurred on October 18, 2022; in MNCIS file 27-CR-22-24045 with Trespass (MSD) arising from an incident alleged to have occurred on December 1, 2022; in MNCIS file 27-CR-23-385 with Trespass (MSD) arising from an incident alleged to have occurred on November 24, 2022; in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023; and in MNCIS file 27-CR-23-6188.

2. On March 28, 2023, Judge Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

   Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Tom Arneson, Assistant Hennepin County Attorney – Criminal Division; and

2

**Case No. 27-CR-21-8511**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8511_Finding of Incompetency and Order_2023-11-01_20240430082010.pdf
File Hash:       d4045abfeca92eb1bd9514424da75fb6a9e0b5858483cf434960e5c250119388
Page: 2 of 5

23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; and in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023.

2. On August 22, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Darren Borg, Assistant Hennepin County Attorney – Criminal Division;

   Christopher Freeman, Assistant Hennepin County Attorney – Criminal Division;

   Heidi Johnston, Minneapolis City Attorney;

   Andrew Reiland, II, Assistant Hennepin County Public Defender

2

**EXHIBIT MCR-1 | p. 99**

**Case No. 27-CR-21-8412**
State of MN vs Stephone Ahmad Gammage
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-08-08**
MCRO_27-CR-21-8412_Finding of Incompetency and Order_2023-08-08_20240430081737.pdf
File Hash:      112ea8d798bcca539d8c1c6390e41894761b5aae9c8b5b93dc34bc36b40d6b52
Page: 3 of 5

programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

3

---

**Case No. 27-CR-21-8511**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-05-02**
MCRO_27-CR-21-8511_Finding of Incompetency and Order_2023-05-02_20240430082013.pdf
File Hash:      8591615ddb052bc2f59ba4ace35ce305fd74d03db9a27d1d8836a3b59552a568
Page: 3 of 5

Megan Griffin, City of Minneapolis Attorney

Susan Herlofsky, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

---

**Case No. 27-CR-21-8511**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-11-01**
MCRO_27-CR-21-8511_Finding of Incompetency and Order_2023-11-01_20240430082010.pdf
File Hash:      d4045abfeca92eb1bd9514424da75fb6a9e0b5858483cf434960e5c250119388
Page: 3 of 5

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous

3

**Case No. 27-CR-21-8412**
State of MN vs Stephone Ahmad Gammage
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-08-08**
MCRO_27-CR-21-8412_Finding of Incompetency and Order_2023-08-08_20240430081737.pdf
File Hash:    112ea8d798bcca539d8c1c6390e41894761b5aae9c8b5b93dc34bc36b40d6b52
Page: 4 of 5

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is February 6, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. David Desmidt, Assistant Hennepin County Public Defender;

   c. Jacqueline Perez, Assistant Hennepin County Attorney;

   d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

4

---

**Case No. 27-CR-21-8511**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8511_Finding of Incompetency and Order_2023-05-02_20240430082013.pdf
File Hash:    8591615ddb052bc2f59ba4ace35ce305fd74d03db9a27d1d8836a3b59552a568
Page: 4 of 5

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

101

---

**Case No. 27-CR-21-8511**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8511_Finding of Incompetency and Order_2023-11-01_20240430082010.pdf
File Hash:    d4045abfeca92eb1bd9514424da75fb6a9e0b5858483cf434960e5c250119388
Page: 4 of 5

to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 30, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Andrew Reiland, II, Assistant Hennepin County Public Defender;

   c. Darren Borg, Assistant Hennepin County Attorney;

   d. Christopher Freeman, Assistant Hennepin County Attorney;

   e. Heidi Johnston, Minneapolis City Attorney;

4

**EXHIBIT MCR-1 | p. 101**

**Case No. 27-CR-21-8412**
State of MN vs Stephone Ahmad Gammage
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-08-08**
MCRO_27-CR-21-8412_Finding of Incompetency and Order_2023-08-08_20240430081737.pdf
File Hash:     112ea8d798bcca539d8c1c6390e41894761b5aae9c8b5b93dc34bc36b40d6b52
Page: 5 of 5

---

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:          **BY THE COURT:**

_____        _____
Referee of District Court       Judge of District Court

5

---

**Case No. 27-CR-21-8511**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-21-8511_Finding of Incompetency and Order_2023-05-02_20240430082013.pdf
File Hash:     8591615ddb052bc2f59ba4ace35ce305fd74d03db9a27d1d8836a3b59552a568
Page: 5 of 5

---

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 31, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Tom Arneson, Assistant Hennepin County Public Defender;

    c. Susan Herlofsky, Assistant Hennepin County Attorney;

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. Megan Griffin, City of Minneapolis Attorney; and

    f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:          **BY THE COURT:**

_____        _____
Referee of District Court       Judge of District Court

5

---

**Case No. 27-CR-21-8511**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-8511_Finding of Incompetency and Order_2023-11-01_20240430082010.pdf
File Hash:     d4045abfeca92eb1bd9514424da75fb6a9e0b5858483cf434960e5c250119388
Page: 5 of 5

---

    f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

**EXHIBIT MCR-1 | p. 102**

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-21-10675_Finding of Incompetency and Order_2023-02-15_20240430082223.pdf
File Hash:   aa6c780f9f7333ef2466ba4a1500e3605a8671258ab50597253d9c6c740f40f2
Page: 1 of 5

**Case No. 27-CR-21-14861**
State of MN vs KESSIE KAFELE WILSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-14861_Finding of Incompetency and Order_2023-11-01_20240430082517.pdf
File Hash:   81398d4b8358ea9e12ef2a5d0b38bf6a8842734324ab135cfd991c327bd573f
Page: 1 of 5

**Case No. 27-CR-21-19552**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-21-19552_Finding of Incompetency and Order_2024-03-12_20240430082832.pdf
File Hash:   e5ad0ef799094603aed17430adcd2a18e4bcbca43c9d657afefd721744b11983
Page: 1 of 5

---

### Column 1 — Case No. 27-CR-21-10675

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT CRIMINAL DIVISION |

State of Minnesota,

Plaintiff,

vs.

Dennis Joseph Barry,

Defendant.

Court File No. 27-CR-22-22521, 27-CR-21-10675, 27-CR-21-11624, 27-CR-21-21893, 27-CR-22-3570, 27-CR-22-17662, 27-CR-22-18518

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Referee of District Court on February 14, 2023. The hearing was held remotely using the Zoom internet platform. Robert Sorenson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 05/14/1977), was charged in MNCIS file 27-CR-22-22521 with five counts of 2nd Degree Burglary (Felony) arising from an incident alleged to have occurred on 08/02/2022.  On 01/11/2023, Judge Allyn found probable cause to believe that the offenses were committed and that Defendant committed them.

2. Defendant was also charged in MNCIS file 27-CR-21-10675 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on 05/03/2021. Defendant was charged in MNCIS file 27-CR-21-11624 with Theft (Misdemeanor) arising from an incident alleged to have occurred on 06/20/2021. Defendant was charged in MNCIS file 27-CR-21-21893 with Possession of drug paraphernalia in a public place (Misdemeanor) arising from an incident alleged to have occurred on 11/28/2021. Defendant was charged in MNCIS file 27-CR-22-3570 with Threats of Violence (Felony) arising from an incident alleged to have occurred on 02/20/2022. Defendant was charged in MNCIS file 27-CR-22-17662 with Criminal Damage to Property (Misdemeanor) arising from an incident alleged to have occurred on 09/02/2022. Defendant was charged in MNCIS file 27-CR-22-18518 with Carrying

---

### Column 2 — Case No. 27-CR-21-14861

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT CRIMINAL DIVISION |

State of Minnesota,

Plaintiff,

vs.

Kessie Kafele Wilson,

Defendant.

Court File No. 27-CR-21-14861; 27-CR-23-20715

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Judge of District Court on October 31, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Matthew Swiontek, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 07/02/1979), was convicted in MNCIS file 27-CR-21-14861 with Assault - 3rd Degree (Felony) arising from an incident that occurred on June 14, 2021.

2. Defendant was charged in MNCIS file 27-CR-23-20715 with Stalking (Felony) and Threats of Violence (Felony) arising from an incident alleged to have occurred on September 21, 2023. On September 29, 2023, Senior Judge Poston found probable cause to believe that the offenses were committed and that Defendant committed them.

3. Pursuant to agreement by the parties, the Court adopted the Rule 20.01 Report dated July 19, 2023, contained in MNCIS file 27-CR-23-8817.

4. Dr. Kathryn Jameson, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court in MNCIS file 27-CR-23-8817.

5. Dr. Kathryn Jameson, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability

---

### Column 3 — Case No. 27-CR-21-19552

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT CRIMINAL DIVISION |

State of Minnesota,

Plaintiff,

vs.

Terrell Johnson,

Defendant.

Court File No. 27-CR-19-12466; 27-CR-19-19606; 27-CR-20-8926; 27-CR-20-20037; 27-CR-21-19552; 27-CR-21-23233; 27-CR-22-1165; 27-CR-22-4898; 27-CR-23-8649; 27-CR-23-25563

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Referee of District Court on March 12, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Michelle Doffing, Minneapolis City Attorney, appeared. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/28/1979), was charged in MNCIS file 27-CR-19-12466 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on May 28, 2019; in MNCIS file 27-CR-19-19606 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on August 12, 2019; in MNCIS file 27-CR-20-8926 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 2, 2020; in MNCIS file 27-CR-20-20037 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 6, 2019; in MNCIS file 27-CR-21-19552 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on July 12, 2021; in MNCIS file 27-CR-21-23233 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on December 17, 2021; in MNCIS file 27-CR-22-1165 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on October 9, 2021; in MNCIS file 27-CR-22-4898 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on March 15, 2022; in MNCIS file 27-CR-23-8649 with Domestic Assault (Gross Misdemeanor) arising

---

**EXHIBIT MCR-1 | p. 103**

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-02-15**
MCRO_27-CR-21-10675_Finding of Incompetency and Order_2023-02-15_20240430082223.pdf
File Hash:    aa6c780f9f7333ef2466ba4a1500e3605a8671258ab50597253d9c6c740f40f2
Page: 2 of 5

weapons and facsimile firearms prohibited (Misdemeanor) arising from an incident alleged to have occurred on 09/10/2022.

3. On 01/11/2023, Judge Allyn ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

4. Dr. Gregory A. Hanson, Ph.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

5. Dr. Gregory A. Hanson, Ph.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Kaitlin Anderson, Assistant Hennepin County Attorney – Criminal Division;

    Joseph McInnis, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

2

---

**Case No. 27-CR-21-14861**
State of MN vs KESSIE KAFELE WILSON
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-11-01**
MCRO_27-CR-21-14861_Finding of Incompetency and Order_2023-11-01_20240430082517.pdf
File Hash:    81398d4b8358ea9e12eef2a5d0b38bf6a8842734324ab135cfd991c327bd573f
Page: 2 of 5

to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Thomas Prochazka, Assistant Hennepin County Attorney – Criminal Division;

    Matthew Swiontek, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical

2

---

**Case No. 27-CR-21-19552**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2024-03-12**
MCRO_27-CR-21-19552_Finding of Incompetency and Order_2024-03-12_20240430082832.pdf
File Hash:    e5ad0ef799094603aed17430adcd2a18e4bcbca43c9d657afefd721744b11983
Page: 2 of 5

from incident alleged to have occurred on April 25, 2023; and in MNCIS file 27-CR-23-25563 with Threats of Violence – Reckless Disregard Risk (Felony) arising from an incident alleged to have occurred on November 29, 2023. In the former case, on December 6, 2023, Judge Juan Hoyos found probable cause to believe that the offense was committed and that Defendant committed it.

2. On December 6, 2023, Judge Juan Hoyos ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Kacy Wothe, Assistant Hennepin County Attorney – Criminal Division;

    Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

    Minneapolis City Attorney;

    Laura Prahl, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

**EXHIBIT MCR-1 | p. 104**

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-21-10675_Finding of Incompetency and Order_2023-02-15_20240430082223.pdf
File Hash:     aae6c780f9f7333ef2466ba4a1500e3605a8671258ab50597253d9c6c740f40f2
Page: 3 of 5

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

3

---

**Case No. 27-CR-21-14861**
State of MN vs KESSIE KAFELE WILSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-14861_Finding of Incompetency and Order_2023-11-01_20240430082517.pdf
File Hash:     81398d4b8358ea9e12eef2a5d0b38bf6a8842734324ab135cfd991c327bd573f
Page: 3 of 5

dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received

3

---

**Case No. 27-CR-21-19552**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-21-19552_Finding of Incompetency and Order_2024-03-12_20240430082832.pdf
File Hash:     e5ad0ef799094603aed17430adcd2a18e4bcbca43c9d657afefd721744b11983
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

3

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-21-10675_Finding of Incompetency and Order_2023-02-15_20240430082223.pdf
File Hash:   aa6c780f9f7333ef2466ba4a1500e3605a8671258ab50597253d9c6c740f40f2
Page: 4 of 5

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

4

---

**Case No. 27-CR-21-14861**
State of MN vs KESSIE KAFELE WILSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-11-01**
MCRO_27-CR-21-14861_Finding of Incompetency and Order_2023-11-01_20240430082517.pdf
File Hash:   81398d4b8358ea9e12eef2a5d0b38bf6a8842734324ab135cfd991c327bd573f
Page: 4 of 5

in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is February 6, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Matthew Swiontek, Assistant Hennepin County Public Defender;

    c. Thomas Prochazka, Assistant Hennepin County Attorney;

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

---

**Case No. 27-CR-21-19552**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-21-19552_Finding of Incompetency and Order_2024-03-12_20240430082832.pdf
File Hash:   e5ad0ef799094603aed17430adcd2a18e4bcbca43c9d657afefd721744b11983
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 10, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Laura Prahl, Assistant Hennepin County Public Defender (laura.prahl@hennepin.us);

    c. Kacy Wothe, Assistant Hennepin County Attorney (kacy.wothe@hennepin.us);

    d. Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);

    e. Minneapolis City Attorney;

    f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

**EXHIBIT MCR-1 | p. 106**

---

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-21-10675_Finding of Incompetency and Order_2023-02-15_20240430082223.pdf
File Hash:   aae6c780f9f7333ef2466ba4a1500e3605a8671258ab50597253d9c6c740f40f2
Page: 5 of 5

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 15, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;
    b.  Joseph McInnis, Assistant Hennepin County Public Defender;
    c.  Kaitlin Anderson, Assistant Hennepin County Attorney;
    d.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);
    e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

_____      _____
Referee of District Court      Judge of District Court

5

---

**Case No. 27-CR-21-14861**
State of MN vs KESSIE KAFELE WILSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-21-14861_Finding of Incompetency and Order_2023-11-01_20240430082517.pdf
File Hash:   81398d4b8358ea9e12eef2a5d0b38bf6a8842734324ab135cfd991c327bd573f
Page: 5 of 5

    e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

---

**Case No. 27-CR-21-19552**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-21-19552_Finding of Incompetency and Order_2024-03-12_20240430082832.pdf
File Hash:   e5ad0ef799094603aed17430adcd2a18e4bcbca43c9d657afefd721744b11983
Page: 5 of 5

    g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

_____      _____
Mercurio, Danielle      Browne, Michael
Mar 21 2024 2:26 PM      Mar 21 2024 3:04 PM
Referee of District Court      Judge of District Court

5

**EXHIBIT MCR-1 | p. 107**

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-06-01**
MCRO_27-CR-21-20072_Finding of Incompetency and Order_2023-06-01_20240430083050.pdf
File Hash: 72cd79365a9228192c45dc720c428f928e33ef48a4060e4902cc019bddaed26e
Page: 1 of 5

**Case No. 27-CR-21-20988**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-06-01**
MCRO_27-CR-21-20988_Finding of Incompetency and Order_2023-06-01_20240430083344.pdf
File Hash: e34cab948bdac2cebf75d800bf7e24026259ff31934c5c698dc86a7603370d9a
Page: 1 of 5

**Case No. 27-CR-21-21355**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-06-01**
MCRO_27-CR-21-21355_Finding of Incompetency and Order_2023-06-01_20240430083452.pdf
File Hash: 4c4ee569b4482006796277a508d92b8cbb53ce389987bc6a6150308a4ab9c1ac
Page: 1 of 5

---

## Column 1 — Case No. 27-CR-21-20072

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

State of Minnesota,

Plaintiff,

Court File No. 27-CR-21-1980, 27-CR-21-20072, 27-CR-21-20988, 27-CR-21-21355, 27-CR-21-23188, 27-CR-21-23215, 27-CR-22-4087, 27-CR-22-22963, 27-CR-23-1752

vs.

Gordon Eugene Sharp, Jr.,

Defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Referee of District Court on May 30, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 05/13/1988), was charged in MNCIS file 27-CR-21-1980 with Theft (Felony) arising from an incident alleged to have occurred on January 27, 2021; in MNCIS file 27-CR-21-20072 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on October 1, 2021; in MNCIS file 27-CR-21-20988 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on November 9, 2021; in MNCIS file 27-CR-21-21355 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred November 16, 2021; in MNCIS file 27-CR-21-23188 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 11, 2021; in MNCIS file 27-CR-21-23215 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 16, 2021; in MNCIS file 27-CR-22-4087 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 9, 2021; in MNCIS file 27-CR-22-22963 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on May 27, 2022; and in MNCIS file 27-CR-23-1752 with 4th Degree Damage to Property and Trespass (Misdemeanor) arising from an incident alleged to have occurred on

---

## Column 2 — Case No. 27-CR-21-20988

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

State of Minnesota,

Plaintiff,

Court File No. 27-CR-21-1980, 27-CR-21-20072, 27-CR-21-20988, 27-CR-21-21355, 27-CR-21-23188, 27-CR-21-23215, 27-CR-22-4087, 27-CR-22-22963, 27-CR-23-1752

vs.

Gordon Eugene Sharp, Jr.,

Defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Referee of District Court on May 30, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 05/13/1988), was charged in MNCIS file 27-CR-21-1980 with Theft (Felony) arising from an incident alleged to have occurred on January 27, 2021; in MNCIS file 27-CR-21-20072 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on October 1, 2021; in MNCIS file 27-CR-21-20988 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on November 9, 2021; in MNCIS file 27-CR-21-21355 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred November 16, 2021; in MNCIS file 27-CR-21-23188 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 11, 2021; in MNCIS file 27-CR-21-23215 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 16, 2021; in MNCIS file 27-CR-22-4087 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 9, 2021; in MNCIS file 27-CR-22-22963 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on May 27, 2022; and in MNCIS file 27-CR-23-1752 with 4th Degree Damage to Property and Trespass (Misdemeanor) arising from an incident alleged to have occurred on

---

## Column 3 — Case No. 27-CR-21-21355

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

State of Minnesota,

Plaintiff,

Court File No. 27-CR-21-1980, 27-CR-21-20072, 27-CR-21-20988, 27-CR-21-21355, 27-CR-21-23188, 27-CR-21-23215, 27-CR-22-4087, 27-CR-22-22963, 27-CR-23-1752

vs.

Gordon Eugene Sharp, Jr.,

Defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Referee of District Court on May 30, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 05/13/1988), was charged in MNCIS file 27-CR-21-1980 with Theft (Felony) arising from an incident alleged to have occurred on January 27, 2021; in MNCIS file 27-CR-21-20072 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on October 1, 2021; in MNCIS file 27-CR-21-20988 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on November 9, 2021; in MNCIS file 27-CR-21-21355 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred November 16, 2021; in MNCIS file 27-CR-21-23188 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 11, 2021; in MNCIS file 27-CR-21-23215 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 16, 2021; in MNCIS file 27-CR-22-4087 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 9, 2021; in MNCIS file 27-CR-22-22963 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on May 27, 2022; and in MNCIS file 27-CR-23-1752 with 4th Degree Damage to Property and Trespass (Misdemeanor) arising from an incident alleged to have occurred on

---

**EXHIBIT MCR-1 | p. 108**

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-06-01**
MCRO_27-CR-21-20072_Finding of Incompetency and Order_2023-06-01_20240430083050.pdf
File Hash:    72cd79365a9228192c45dc720c428f928e33ef48a4060e4902cc019bddaed26e
Page: 2 of 5

January 22, 2023.  On August 9, 2022, Judge Gina Brandt found probable cause to believe that the offenses were committed and that Defendant committed them.

2.  On April 3, 2022, Judge Melissa Houghtaling ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3.  Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4.  Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

Darren Borg, Assistant Hennepin County Attorney – Criminal Division;
Cory Strecker, Assistant Hennepin County Attorney – Criminal Division;
Hilary Minor, Assistant Hennepin County Attorney – Criminal Division;
Chase Myhran, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

---

**Case No. 27-CR-21-20988**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-06-01**
MCRO_27-CR-21-20988_Finding of Incompetency and Order_2023-06-01_20240430083344.pdf
File Hash:    e34cab948bdac2cebf75d800bf7e24026259ff31934c5c698dc86a7603370d9a
Page: 2 of 5

January 22, 2023.  On August 9, 2022, Judge Gina Brandt found probable cause to believe that the offenses were committed and that Defendant committed them.

2.  On April 3, 2022, Judge Melissa Houghtaling ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3.  Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4.  Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

Darren Borg, Assistant Hennepin County Attorney – Criminal Division;
Cory Strecker, Assistant Hennepin County Attorney – Criminal Division;
Hilary Minor, Assistant Hennepin County Attorney – Criminal Division;
Chase Myhran, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

---

**Case No. 27-CR-21-21355**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-06-01**
MCRO_27-CR-21-21355_Finding of Incompetency and Order_2023-06-01_20240430083452.pdf
File Hash:    4c4ee569b4482006796277a508d92b8cbb53ce389987bc6a6150308a4ab9c1ac
Page: 2 of 5

January 22, 2023.  On August 9, 2022, Judge Gina Brandt found probable cause to believe that the offenses were committed and that Defendant committed them.

2.  On April 3, 2022, Judge Melissa Houghtaling ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3.  Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4.  Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

Darren Borg, Assistant Hennepin County Attorney – Criminal Division;
Cory Strecker, Assistant Hennepin County Attorney – Criminal Division;
Hilary Minor, Assistant Hennepin County Attorney – Criminal Division;
Chase Myhran, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

EXHIBIT MCR-1 | p. 109

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-21-20072_Finding of Incompetency and Order_2023-06-01_20240430083050.pdf
File Hash:      72cd79365a9228192c45dc720c428f928e33ef48a4060e4902cc019bddaed26e
Page: 3 of 5

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

3

**Case No. 27-CR-21-20988**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-21-20988_Finding of Incompetency and Order_2023-06-01_20240430083344.pdf
File Hash:      e34cab948bdac2cebf75d800bf7e24026259ff31934c5c698dc86a7603370d9a
Page: 3 of 5

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

3

**Case No. 27-CR-21-21355**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-21-21355_Finding of Incompetency and Order_2023-06-01_20240430083452.pdf
File Hash:      4c4ee569b4482006796277a508d92b8cbb53ce389987bc6a6150308a4ab9c1ac
Page: 3 of 5

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

3

**EXHIBIT MCR-1 | p. 110**

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-06-01**
MCRO_27-CR-21-20072_Finding of Incompetency and Order_2023-06-01_20240430083050.pdf
File Hash:    72cd79365a9228192c45dc720c428f928e33ef48a4060e4902cc019bddaed26e
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending

4

---

**Case No. 27-CR-21-20988**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-06-01**
MCRO_27-CR-21-20988_Finding of Incompetency and Order_2023-06-01_20240430083344.pdf
File Hash:    e34cab948bdac2cebf75d800bf7e24026259ff31934c5c698dc86a7603370d9a
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending

4

---

**Case No. 27-CR-21-21355**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-06-01**
MCRO_27-CR-21-21355_Finding of Incompetency and Order_2023-06-01_20240430083452.pdf
File Hash:    4c4ee569b4482006796277a508d92b8cbb53ce389987bc6a6150308a4ab9c1ac
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending

4

**EXHIBIT MCR-1 | p. 111**

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-21-20072_Finding of Incompetency and Order_2023-06-01_20240430083050.pdf
File Hash:   72cd79365a9228192c45dc720c428f928e33ef48a4060e4902cc019bddaed26e
Page: 5 of 5

the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 28, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

   b.  Chase Myhran, Assistant Hennepin County Public Defender;

   c.  Darren Borg, Assistant Hennepin County Attorney;

   d.  Cory Strecker, Assistant Hennepin County Attorney;

   e.  Hilary Minor, Assistant Hennepin County Attorney;

   f.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:             **BY THE COURT:**

_____          _____
Referee of District Court             Judge of District Court

5

---

**Case No. 27-CR-21-20988**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-21-20988_Finding of Incompetency and Order_2023-06-01_20240430083344.pdf
File Hash:   e34cab948bdac2cebf75d800bf7e24026259ff31934c5c698dc86a7603370d9a
Page: 5 of 5

the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 28, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

   b.  Chase Myhran, Assistant Hennepin County Public Defender;

   c.  Darren Borg, Assistant Hennepin County Attorney;

   d.  Cory Strecker, Assistant Hennepin County Attorney;

   e.  Hilary Minor, Assistant Hennepin County Attorney;

   f.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:             **BY THE COURT:**

_____          _____
Referee of District Court             Judge of District Court

5

---

**Case No. 27-CR-21-21355**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-21-21355_Finding of Incompetency and Order_2023-06-01_20240430083452.pdf
File Hash:   4c4ee569b4482006796277a508d92b8cbb53ce389987bc6a6150308a4ab9c1ac
Page: 5 of 5

the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 28, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

   b.  Chase Myhran, Assistant Hennepin County Public Defender;

   c.  Darren Borg, Assistant Hennepin County Attorney;

   d.  Cory Strecker, Assistant Hennepin County Attorney;

   e.  Hilary Minor, Assistant Hennepin County Attorney;

   f.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:             **BY THE COURT:**

_____          _____
Referee of District Court             Judge of District Court

5

**EXHIBIT MCR-1 | p. 112**

**Case No. 27-CR-21-22058**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-21-22058_Finding of Incompetency and Order_2023-06-06_20240430083549.pdf
File Hash:   2f5aef4145be16027a4c84749132c00c08ad5cf487ce682b1cad639e6c6cf207
Page: 1 of 5

**Case No. 27-CR-21-22058**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-21-22058_Finding of Incompetency and Order_2024-03-20_20240430083543.pdf
File Hash:   65e2eb2a7a640071361b9921499ee098a2b6c845efc1a8ea39c7b8aab0f9e22b
Page: 1 of 5

**Case No. 27-CR-21-23131**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-21-23131_Finding of Incompetency and Order_2023-03-08_20240430083650.pdf
File Hash:   37a3c0dfb2cb89dbf7dc53096d3171d3bab6c64da649e3f95b3f6c36cb15514d
Page: 1 of 5

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Aesha Ibrahim Osman,

Defendant.

Court File No. 27-CR-18-18391, 27-CR-19-1916, 27-CR-19-3539, 27-CR-19-17539, 27-CR-21-22058

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee/Judge of District Court on June 6, 2023. The hearing was held remotely using the Zoom internet platform. Chris Freeman, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Atif Khan, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 09/13/1998), was charged in MNCIS file 27-CR-18-18391 with Assault 5th Degree-2 (Felony) arising from an incident alleged to have occurred on July 2, 2018; in MNCIS file 27-CR-19-1916 with Assault-5th Degree (Felony) and Assault-4th Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019;  in MNCIS file 27-CR-19-3539 with Assault-4th Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; in MNCIS file 27-CR-19-17539 with Assault-5th Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019; and in MNCIS file 27-CR-21-22058 with Fleeing a Peace Officer in a Motor Vehicle  (Felony) arising from an incident alleged to have occurred on November 27, 2021. In the latter case, on December 1, 2022, Judge Nicole Engisch found probable cause to believe that the offense was committed and that Defendant committed it.

2. On April 4, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Aesha Ibrahim Osman,

Defendant.

Court File No. 27-CR-18-18391; 27-CR-19-1916; 27-CR-19-3539; 27-CR-19-17539; 27-CR-21-22058; 27-CR-23-22062; 27-CR-24-4893

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on March 19, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Atif Khan, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 09/03/1998), was charged in MNCIS file 27-CR-18-18391 with Assault – 5th Degree (Felony) arising from an incident alleged to have occurred on July 2, 2018;  in  MNCIS  file 27-CR-19-1916 with Assault – 5th Degree (Felony) and Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; in MNCIS file 27-CR-19-3539 with Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; in MNCIS file 27-CR-19-17539 with Assault – 5th Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019; in MNCIS file 27-CR-21-22058 with Fleeing a Peace Officer in a Motor Vehicle (Felony) arising from an incident alleged to have occurred on November 27, 2021; in MNCIS file 27-CR-23-22062 with Assault – 2nd Degree (Felony), Burglary – 1st Degree (Felony), and Assault – 4th Degree (Felony) arising from an incident alleged to have occurred on July 27, 2023; and in MNCIS file 27-CR-24-4893 with Assault – 4th Degree (Felony), Assault – 4th Degree (Felony), and Assault (Misdemeanor) arising from an incident alleged to have occurred on February 27, 2024.

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Rex Allen Basswood, Jr.,

Defendant.

Court File No. 27-CR-20-6517, 27-CR-21-23131, 27-CR-22-24627

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on March 7, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Chelsea Knutson, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 07/19/1989), was charged in MNCIS file 27-CR-20-6517 with Theft (Felony) arising from an incident alleged to have occurred on 02/06/2020; in MNCIS file 27-CR-21-23131 with Theft (Felony) arising from an incident alleged to have occurred on 12/14/2021; and in MNCIS file 27-CR-22-24627 with Simple Robbery (Felony) arising from an incident alleged to have occurred on 11/08/2022.

2. On 12/30/2022, Judge Michael Browne ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

---

**EXHIBIT MCR-1 | p. 113**

**Case No. 27-CR-21-22058**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-21-22058_Finding of Incompetency and Order_2023-06-06_20240430083549.pdf
File Hash:   2f5aef4145be16027a4c84749132c00c08ad5cf487cee682b1cad639e6c6cf207
Page: 2 of 5

3.  Dr. Stephanie Bruss, Psy.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4.  Dr. Stephanie Bruss, Psy.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

    Atif Kahn, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

2

---

**Case No. 27-CR-21-22058**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-21-22058_Finding of Incompetency and Order_2024-03-20_20240430083543.pdf
File Hash:   65c2eb2a7a640071361b9921499ee098a2b6c845efc1a8ea39c7b8aab0f9e22b
Page: 2 of 5

2.  The Court previously entered a finding of incompetent to stand trial in each of the referenced cases.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

    Atif Khan, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records

2

---

**Case No. 27-CR-21-23131**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-21-23131_Finding of Incompetency and Order_2023-03-08_20240430083650.pdf
File Hash:   37a3c0dfb2cb89dbf7bc53096d3171d3bab6c64da649e3f95b3f6c36cb15514d
Page: 2 of 5

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Daniel Provencher, Assistant Hennepin County Attorney – Criminal Division;

    Chelsea Knutson, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation

2

EXHIBIT MCR-1 | p. 114

**Case No. 27-CR-21-22058**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-21-22058_Finding of Incompetency and Order_2023-06-06_20240430083549.pdf
File Hash:   2f5aef4145be16027a4c84749132c00c08ad5cf487ce682b1cad639e6c6cf207
Page: 3 of 5

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of

3

---

**Case No. 27-CR-21-22058**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-21-22058_Finding of Incompetency and Order_2024-03-20_20240430083543.pdf
File Hash:   65e2eb2a7a640071361b9921499ee098a2b6c845efc1a8ea39c7b8aab0f9e22b
Page: 3 of 5

maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider

3

---

**Case No. 27-CR-21-23131**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-21-23131_Finding of Incompetency and Order_2023-03-08_20240430083650.pdf
File Hash:   37a3c0dfb2cb89dbf7dc53096d3171d3bab6c64da649e3f95b3f6c36cb15514d
Page: 3 of 5

agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order

3

**Case No. 27-CR-21-22058**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-21-22058_Finding of Incompetency and Order_2023-06-06_20240430083549.pdf
File Hash:   2f5aef4145be16027a4c84749132c00c08ad5cf487cee682b1cad639e6c6cf207
Page: 4 of 5

this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is December 5, 2023. One

4

---

**Case No. 27-CR-21-22058**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-21-22058_Finding of Incompetency and Order_2024-03-20_20240430083543.pdf
File Hash:   65e2eb2a7a640071361b9921499ee098a2b6c845efc1a8ea39c7b8aab0f9e22b
Page: 4 of 5

to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is July 2, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Atif Khan, Assistant Hennepin County Public Defender (atif.khan@hennepin.us);

    c. Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);

4

---

**Case No. 27-CR-21-23131**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-21-23131_Finding of Incompetency and Order_2023-03-08_20240430083650.pdf
File Hash:   37a3c0dfb2cb89dbf7dc53096d3171d3bab6c64da649e3f95b3f6c36cb15514d
Page: 4 of 5

may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 5, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Chelsea Knutson, Assistant Hennepin County Public Defender;

    c. Daniel Provencher, Assistant Hennepin County Attorney;

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

**EXHIBIT MCR-1 | p. 116**

**Case No. 27-CR-21-22058**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-06**
MCRO_27-CR-21-22058_Finding of Incompetency and Order_2023-06-06_20240430083549.pdf
File Hash:      2f5aef4145be16027a4c84749132c00c08ad5cf487cee682b1cad639e6c6cf207
Page: 5 of 5

week prior to that date, reports regarding Defendant's competency and mental status shall be
e-filed and e-served to:

  a. Fourth Judicial District Court – 4thCriminalRule20 email list;

  b. Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

  c. Atif Kahn, Assistant Hennepin County Public Defender

  d. Hennepin County Attorney's Office – Adult Services Division (if a commitment is
     ordered);

  e. The Commitment Defense Panel attorney appointed to represent Defendant by the
     Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and
    the underlying police report(s) shall be delivered via email to the Prepetition Screening
    Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____          _____
Referee of District Court               Judge of District Court

5

---

**Case No. 27-CR-21-22058**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-20**
MCRO_27-CR-21-22058_Finding of Incompetency and Order_2024-03-20_20240430083543.pdf
File Hash:      65e2eb2a7a640071361b9921499ee098a2b6c845efc1a8ea39c7b8aab0f9e22b
Page: 5 of 5

  d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a
     commitment is ordered);

  e. The Commitment Defense Panel attorney appointed to represent Defendant by the
     Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and
    the underlying police report(s) shall be delivered via email to the Prepetition Screening
    Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____          _____
Referee of District Court               Judge of District Court

5

---

**Case No. 27-CR-21-23131**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-21-23131_Finding of Incompetency and Order_2023-03-08_20240430083650.pdf
File Hash:      37a3c0dfb2cb89dbf7dc53096d3171d3bab6c64da649e3f95b3f6c36cb15514d
Page: 5 of 5

  e. The Commitment Defense Panel attorney appointed to represent Defendant by the
     Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and
    the underlying police report(s) shall be delivered via email to the Prepetition Screening
    Program of Hennepin County's Human Services and Public Health Department.

                        **BY THE COURT:**

                _____
                        Judge of District Court

5

**EXHIBIT MCR-1 | p. 117**

**Case No. 27-CR-21-23188**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-21-23188_Finding of Incompetency and Order_2023-06-01_20240430083741.pdf
File Hash:   9436d4f2615f49d4a77452ff57c65d04b3bb2093a8df62ab54bf19f4de376bfd
Page: 1 of 5

**Case No. 27-CR-21-23233**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-21-23233_Finding of Incompetency and Order_2024-03-12_20240430084211.pdf
File Hash:   8c6c63eaae3b81c52b020883a3b93c6245aba2d431e3d5d1b2d34b44be30d8da
Page: 1 of 5

**Case No. 27-CR-21-23628**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-22**
MCRO_27-CR-21-23628_Finding of Incompetency and Order_2023-02-22_20240430084620.pdf
File Hash:   9e15c6a04491154432f2f0734c4108d3a1892d47c9131da09b977731f49d5dad
Page: 1 of 5

---

**STATE OF MINNESOTA**                      **DISTRICT COURT**
                                   **FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**                     **CRIMINAL DIVISION**

State of Minnesota,          Court File No. 27-CR-21-1980, 27-CR-21-
                             20072, 27-CR-21-20988, 27-CR-21-21355,
            Plaintiff,       27-CR-21-23188, 27-CR-21-23215, 27-CR-
                             22-4087, 27-CR-22-22963, 27-CR-23-1752

vs.                          **FINDINGS OF FACT,**
                             **CONCLUSIONS OF LAW**
Gordon Eugene Sharp, Jr.,    **AND ORDER REGARDING**
                             **COMPETENCY**
            Defendant.

This matter came before the undersigned Referee of District Court on May 30, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 05/13/1988), was charged in MNCIS file 27-CR-21-1980 with Theft (Felony) arising from an incident alleged to have occurred on January 27, 2021; in MNCIS file 27-CR-21-20072 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on October 1, 2021; in MNCIS file 27-CR-21-20988 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on November 9, 2021; in MNCIS file 27-CR-21-21355 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred November 16, 2021; in MNCIS file 27-CR-21-23188 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 11, 2021; in MNCIS file 27-CR-21-23215 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 16, 2021; in MNCIS file 27-CR-22-4087 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 9, 2021; in MNCIS file 27-CR-22-22963 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on May 27, 2022; and in MNCIS file 27-CR-23-1752 with 4th Degree Damage to Property and Trespass (Misdemeanor) arising from an incident alleged to have occurred on

**STATE OF MINNESOTA**                      **DISTRICT COURT**
                                   **FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**                     **CRIMINAL DIVISION**

State of Minnesota,          Court File No. 27-CR-19-12466; 27-CR-19-
                             19606; 27-CR-20-8926; 27-CR-20-20037; 27-
            Plaintiff,       CR-19552; 27-CR-21-23233; 27-CR-22-
                             1165; 27-CR-22-4898; 27-CR-23-8649; 27-
                             CR-23-25563

vs.                          **FINDINGS OF FACT,**
                             **CONCLUSIONS OF LAW**
Terrell Johnson,             **AND ORDER REGARDING**
                             **COMPETENCY**
            Defendant.

This matter came before the undersigned Referee of District Court on March 12, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Michelle Doffing, Minneapolis City Attorney, appeared. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/28/1979), was charged in MNCIS file 27-CR-19-12466 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on May 28, 2019; in MNCIS file 27-CR-19-19606 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on August 12, 2019; in MNCIS file 27-CR-20-8926 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 2, 2020; in MNCIS file 27-CR-20-20037 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 6, 2019; in MNCIS file 27-CR-19-19552 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on July 12, 2021; in MNCIS file 27-CR-21-23233 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on December 17, 2021; in MNCIS file 27-CR-22-1165 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on October 9, 2021; in MNCIS file 27-CR-22-4898 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on March 15, 2022; in MNCIS file 27-CR-23-8649 with Domestic Assault (Gross Misdemeanor) arising

**STATE OF MINNESOTA**                      **DISTRICT COURT**
                                   **FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**                     **CRIMINAL DIVISION**

State of Minnesota,          Court File No. 27-CR-21-23628, 27-CR-7797,
                             27-CR-22-9010, 27-CR-25-25134
            Plaintiff,
                             **FINDINGS OF FACT,**
                             **CONCLUSIONS OF LAW**
vs.                          **AND ORDER REGARDING**
                             **COMPETENCY**
Carmen Bendu Greaves,

            Defendant.

This matter came before the undersigned Referee of District Court on February 21, 2023. The hearing was held remotely using the Zoom internet platform. Robert Sorenson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Madeline Baskfield, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 10/03/1978), was convicted in MNCIS file 27-CR-21-23628 with three felony charges. Defendant was charged in MNCIS file 27-CR-22-7797 with Violate No Contact Order (Felony) arising from an incident alleged to have occurred on 04/22/2022. Defendant was charged in MNCIS file 27-CR-22-9010 with Violate No Contact Order (Felony) arising from an incident alleged to have occurred on 05/06/2022. Defendant was charged in 27-CR-22-25134 with Violate No Contact Order (Felony) and Domestic Abuse (Felony) arising from an incident alleged to have occurred on 12/14/2022.

2. On 01/18/2023, Referee Mercurio ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to

**Case No. 27-CR-21-23188**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-06-01**
MCRO_27-CR-21-23188_Finding of Incompetency and Order_2023-06-01_20240430083741.pdf
File Hash:    9436d4f2615f49d4a77452ff57c65d04b3bb2093a8df62ab54bf19f4de376bfd
Page: 2 of 5

January 22, 2023.  On August 9, 2022, Judge Gina Brandt found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On April 3, 2022, Judge Melissa Houghtaling ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Darren Borg, Assistant Hennepin County Attorney – Criminal Division;

   Cory Strecker, Assistant Hennepin County Attorney – Criminal Division;

   Hilary Minor, Assistant Hennepin County Attorney – Criminal Division;

   Chase Myhran, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

---

**Case No. 27-CR-21-23233**
State of MN vs TERRELL JOHNSON
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2024-03-12**
MCRO_27-CR-21-23233_Finding of Incompetency and Order_2024-03-12_20240330084211.pdf
File Hash:    8c6c63eaae3b81c52b020883a3b93c6245aba2d431e3d5d1b2d34b44be30d8da
Page: 2 of 5

from incident alleged to have occurred on April 25, 2023; and in MNCIS file 27-CR-23-25563 with Threats of Violence – Reckless Disregard Risk (Felony) arising from an incident alleged to have occurred on November 29, 2023. In the former case, on December 6, 2023, Judge Juan Hoyos found probable cause to believe that the offense was committed and that Defendant committed it.

2. On December 6, 2023, Judge Juan Hoyos ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Kacy Wothe, Assistant Hennepin County Attorney – Criminal Division;

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Minneapolis City Attorney;

   Laura Prahl, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

---

**Case No. 27-CR-21-23628**
State of MN vs Carmen Bendu Greaves
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-02-22**
MCRO_27-CR-21-23628_Finding of Incompetency and Order_2023-02-22_20240430084620.pdf
File Hash:    9e15c6a04491154432f2f0734c4108d3a1892d47c9131da09b977731f49d5dad
Page: 2 of 5

rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Lisa Godon, Assistant Hennepin County Attorney – Criminal Division;

   Madeline Baskfield, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical

2

**EXHIBIT MCR-1 | p. 119**

**Case No. 27-CR-21-23188**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-06-01**
MCRO_27-CR-21-23188_Finding of Incompetency and Order_2023-06-01_20240430083741.pdf
File Hash:  9436d4f2615f49d4a77452ff57c65d04b3bb2093a8df62ab54bf19f4de376bfd
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

3

---

**Case No. 27-CR-21-23233**
State of MN vs TERRELL JOHNSON
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2024-03-12**
MCRO_27-CR-21-23233_Finding of Incompetency and Order_2024-03-12_20240430084211.pdf
File Hash:  8c6c63eaae3b81c52b020883a3b93c6245aba2d431e3d5d1b2d34b44be30d8da
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

3

---

**Case No. 27-CR-21-23628**
State of MN vs Carmen Bendu Greaves
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-02-22**
MCRO_27-CR-21-23628_Finding of Incompetency and Order_2023-02-22_20240430084620.pdf
File Hash:  9e15c6a04491154432f2f0734c4108d3a1892d47c9131da09b977731f49d5dad
Page: 3 of 5

dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received

3

**EXHIBIT MCR-1 | p. 120**

**Case No. 27-CR-21-23188**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-21-23188_Finding of Incompetency and Order_2023-06-01_20240430083741.pdf
File Hash:   9436d4f2615f49d4a77452ff57c65d04b3bb2093a8df62ab54bf19f4de376bfd
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending

4

---

**Case No. 27-CR-21-23233**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-21-23233_Finding of Incompetency and Order_2024-03-12_20240430084211.pdf
File Hash:   8c6c63eaae3b81c52b020883a3b93c6245aba2d431e3d5d1b2d34b44be30d8da
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 10, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Laura Prahl, Assistant Hennepin County Public Defender (laura.prahl@hennepin.us);

   c. Kacy Wothe, Assistant Hennepin County Attorney (kacy.wothe@hennepin.us);

   d. Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);

   e. Minneapolis City Attorney;

   f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

---

**Case No. 27-CR-21-23628**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-22**
MCRO_27-CR-21-23628_Finding of Incompetency and Order_2023-02-22_20240430084620.pdf
File Hash:   9e15c6a04491154432f2f0734c4108d3a1892d47c9131da09b977731f49d5dad
Page: 4 of 5

in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 22, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Madeline Baskfield, Assistant Hennepin County Public Defender;

   c. Lisa Godon, Assistant Hennepin County Attorney;

   d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

**EXHIBIT MCR-1 | p. 121**

**Case No. 27-CR-21-23188**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-21-23188_Finding of Incompetency and Order_2023-06-01_20240430083741.pdf
File Hash:   9436d4f2615f49d4a77452ff57c65d04b3bb2093a8df62ab54bf19f4de376bfd
Page: 5 of 5

the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 28, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Chase Myhran, Assistant Hennepin County Public Defender;

    c. Darren Borg, Assistant Hennepin County Attorney;

    d. Cory Strecker, Assistant Hennepin County Attorney;

    e. Hilary Minor, Assistant Hennepin County Attorney;

    f. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:          **BY THE COURT:**

_____          _____
Referee of District Court          Judge of District Court

5

---

**Case No. 27-CR-21-23233**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-21-23233_Finding of Incompetency and Order_2024-03-12_20240430084211.pdf
File Hash:   8c6c63eaae3b81c52b020883a3b93c6245aba2d431e3d5d1b2d34b44be30d8da
Page: 5 of 5

    g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:          **BY THE COURT:**

Marcucto, Danielle
Mar 21 2024 2:36 PM
_____          _____
Referee of District Court          Judge of District Court
                                   Browne, Michael
                                   Mar 21 2024 3:04 PM

5

---

**Case No. 27-CR-21-23628**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-22**
MCRO_27-CR-21-23628_Finding of Incompetency and Order_2023-02-22_20240430084620.pdf
File Hash:   9e15c6a04491154432f2f0734c4108d3a1892d47c9131da09b977731f49d5dad
Page: 5 of 5

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:          **BY THE COURT:**

_____          _____
Referee of District Court          Judge of District Court

5

**EXHIBIT MCR-1 | p. 122**

**Case No. 27-CR-21-23628**
State of MN vs Carmen Bendu Greaves
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2024-03-05**
MCRO_27-CR-21-23628_Finding of Incompetency and Order_2024-03-05_20240430084617.pdf
File Hash:    ea978f770595a27cd199e49d19f1bd65f3bef0e1d164376de0534df93e02bd5d
Page: 1 of 5

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Carmen Bendu Greaves,

Defendant.

Court File No. 27-CR-21-23628; 27-CR-22-7797; 27-CR-22-9010; 27-CR-22-25134

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Judge of District Court on March 5, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Madeline Baskfield, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 10/03/1978), was convicted in MNCIS file 27-CR-21-23628 with Burglary – 1st Degree (Felony), Domestic Abuse (Felony), and Violate No Contact Order (Felony) arising from an incident that occurred on December 22, 2021. Defendant was charged in MNCIS file 27-CR-22-7797 with Violate No Contact Order (Felony) arising from an incident alleged to have occurred on April 22, 2022; in MNCIS file 27-CR-22-9010 with Violate No Contact Order (Felony) arising from an incident that occurred on May 6, 2022; and in MNCIS file 27-CR-22-25134 with Violate No Contact Order (Felony) and Domestic Abuse (Felony) arising from an incident alleged to have occurred on December 14, 2022.

2. On February 2, 2024, Judge Jean Burdorf ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Catherine A. Carlson, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

---

**Case No. 27-CR-22-1165**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2024-03-12**
MCRO_27-CR-22-1165_Finding of Incompetency and Order_2024-03-12_20240429030424.pdf
File Hash:    50978c5c4db215cc17f7a69774b22e5f9ef6b2401ac0fbc90e01715fd8775981
Page: 1 of 5

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Terrell Johnson,

Defendant.

Court File No. 27-CR-19-12466; 27-CR-19-19606; 27-CR-20-8926; 27-CR-20-20037; 27-CR-19552; 27-CR-21-23233; 27-CR-22-1165; 27-CR-22-4898; 27-CR-23-8649; 27-CR-23-25563

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Referee of District Court on March 12, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Michelle Doffing, Minneapolis City Attorney, appeared. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/28/1979), was charged in MNCIS file 27-CR-19-12466 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on May 28, 2019; in MNCIS file 27-CR-19-19606 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on August 12, 2019; in MNCIS file 27-CR-20-8926 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 2, 2020; in MNCIS file 27-CR-20-20037 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 6, 2019; in MNCIS file 27-CR-21-19552 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on July 12, 2021; in MNCIS file 27-CR-21-23233 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on December 17, 2021; in MNCIS file 27-CR-22-1165 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on October 9, 2021; in MNCIS file 27-CR-22-4898 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on March 15, 2022; in MNCIS file 27-CR-23-8649 with Domestic Assault (Gross Misdemeanor) arising

---

**Case No. 27-CR-22-3553**
State of MN vs WILLIAM LEE NABORS
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-05-24**
MCRO_27-CR-22-3553_Finding of Incompetency and Order_2023-05-24_20240429032047.pdf
File Hash:    6e54886fd0233a616acf191732ec7b006f851cede4e888bb0f5205d114409f78
Page: 1 of 5

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

William Lee Nabors,

Defendant.

Court File No. 27-CR-18-26530, 27-CR-19-9270, 27-CR-20-1053, 27-CR-22-3553

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Referee of District Court on May 23, 2023. The hearing was held remotely using the Zoom internet platform. Thomas Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 12/10/1970), was convicted in MNCIS file 27-CR-18-26530 with Trespass (Gross Misdemeanor). Defendant was charged in MNCIS file 27-CR-19-9270 with Transit-Obstruct/Interfere with Operation of Vehicle (Gross Misdemeanor) arising from an incident alleged to have occurred on April 21, 2019; in MNCIS file 27-CR-20-1053 with Theft (Misdemeanor) arising from an incident alleged to have occurred on January 11, 2020; and in MNCIS file 27-CR-22-3553 with 1st Degree Assault (Felony) and 3rd Degree Assault (Felony) arising from an incident alleged to have occurred on February 22, 2022. In the latter case, on April 20, 2023, Judge Askalani found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On April 20, 2023, Judge Askalani ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

**EXHIBIT MCR-1 | p. 123**

**Case No. 27-CR-21-23628**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-05**
MCRO_27-CR-21-23628_Finding of Incompetency and Order_2024-03-05_20240430084617.pdf
File Hash:      ea978f770595a27cd199e49d19f1bd65f3bef0e1d164376de0534df93e02bd5d
Page: 2 of 5

4. Dr. Catherine A. Carlson, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Joshua Luger, Assistant Hennepin County Attorney – Criminal Division;

   Madeline Baskfield, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care,

2

---

**Case No. 27-CR-22-1165**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-22-1165_Finding of Incompetency and Order_2024-03-12_20240429030424.pdf
File Hash:      50978c5c4db215cc17f7a69774b22e5f9ef6b2401ac0fbc90e01715fd8775981
Page: 2 of 5

from incident alleged to have occurred on April 25, 2023; and in MNCIS file 27-CR-23-25563 with Threats of Violence – Reckless Disregard Risk (Felony) arising from an incident alleged to have occurred on November 29, 2023. In the former case, on December 6, 2023, Judge Juan Hoyos found probable cause to believe that the offense was committed and that Defendant committed it.

2. On December 6, 2023, Judge Juan Hoyos ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Kacy Wothe, Assistant Hennepin County Attorney – Criminal Division;

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Minneapolis City Attorney;

   Laura Prahl, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

---

**Case No. 27-CR-22-3553**
State of MN vs WILLIAM LEE NABORS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-24**
MCRO_27-CR-22-3553_Finding of Incompetency and Order_2023-05-24_20240429032047.pdf
File Hash:      6e54886fd0233a616acf191732ec7b006f851cede4e888bb0f5205d114409f78
Page: 2 of 5

4. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Natasha Yenina, Assistant Hennepin County Attorney – Criminal Division;

   Karen Mara, Minneapolis City Attorney;

   Patrick Leach, Edina City Attorney;

   Peter Martin, Attorney for Defendant

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

2

**EXHIBIT MCR-1 | p. 124**

**Case No. 27-CR-21-23628**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-05**
MCRO_27-CR-21-23628_Finding of Incompetency and Order_2024-03-05_20240430084617.pdf
File Hash:   ea978f770595a27cd199e49d19f1bd65f3bef0e1d164376de0534df93e02bd5d
Page: 3 of 5

treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours.

3

---

**Case No. 27-CR-22-1165**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-22-1165_Finding of Incompetency and Order_2024-03-12_20240429030424.pdf
File Hash:   50978c5c4db215cc17f7a69774b22e5f9ef6b2401ac0fbc90e01715fd8775981
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

3

---

**Case No. 27-CR-22-3553**
State of MN vs WILLIAM LEE NABORS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-24**
MCRO_27-CR-22-3553_Finding of Incompetency and Order_2023-05-24_20240429032047.pdf
File Hash:   6e54886fd0233a61acf191732ec7b006f851cede4e888bb0f5205d114409f78
Page: 3 of 5

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all

3

**EXHIBIT MCR-1 | p. 125**

**Case No. 27-CR-21-23628**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-05**
MCRO_27-CR-21-23628_Finding of Incompetency and Order_2024-03-05_20240430084617.pdf
File Hash:      ea978f770595a27cd199e49d19f1bd65f3bef0e1d164376de0534df93e02bd5d
Page: 4 of 5

This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 3, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Madeline Baskfield, Assistant Hennepin County Public Defender;

    c. Joshua Luger, Assistant Hennepin County Attorney;

4

---

**Case No. 27-CR-22-1165**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-22-1165_Finding of Incompetency and Order_2024-03-12_20240429030424.pdf
File Hash:      50978c5c4db215cc17f7a69774b22e5f9ef6b2401ac0fbc90e01715fd8775981
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 10, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Laura Prahl, Assistant Hennepin County Public Defender (laura.prahl@hennepin.us);

    c. Kacy Wothe, Assistant Hennepin County Attorney (kacy.wothe@hennepin.us);

    d. Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);

    e. Minneapolis City Attorney;

    f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered).

4

---

**Case No. 27-CR-22-3553**
State of MN vs WILLIAM LEE NABORS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-24**
MCRO_27-CR-22-3553_Finding of Incompetency and Order_2023-05-24_20240429023047.pdf
File Hash:      6e54886fd0233a616acf191732ec7b006f851cede4e888bb0f5205d114409f78
Page: 4 of 5

information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 21, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

4

**EXHIBIT MCR-1 | p. 126**

**Case No. 27-CR-21-23628**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-05**
MCRO_27-CR-21-23628_Finding of Incompetency and Order_2024-03-05_20240430084617.pdf
File Hash:      ea978f770595a27cd199e49d19f1bd65f3bef0e1d164376de0534df93e02bd5d
Page: 5 of 5

d.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

Browne, Michael
Mar 5 2024 1:12 PM
_____
Judge of District Court

---

**Case No. 27-CR-22-1165**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-22-1165_Finding of Incompetency and Order_2024-03-12_20240429030424.pdf
File Hash:      50978c5c4db215cc17f7a69774b22e5f9ef6b2401ac0fbc90e01715fd8775981
Page: 5 of 5

g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

Mercurio, Danielle                        Browne, Michael
Mar 21 2024 2:36 PM                       Mar 21 2024 3:04 PM
_____          _____
Referee of District Court                Judge of District Court

---

**Case No. 27-CR-22-3553**
State of MN vs WILLIAM LEE NABORS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-24**
MCRO_27-CR-22-3553_Finding of Incompetency and Order_2023-05-24_20240429032047.pdf
File Hash:      6e54886fd0233a616acf191732ec7b006f851cede4e888bb0f5205d114409f78
Page: 5 of 5

a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

b.  Peter Martin, Attorney for Defendant;

c.  Natasha Yenina, Assistant Hennepin County Attorney;

d.  Karen Mara, Minneapolis City Attorney;

e.  Patrick Leach, Edina City Attorney;

f.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____          _____
Referee of District Court                Judge of District Court

---

5

**EXHIBIT MCR-1 | p. 127**

**Case No. 27-CR-22-3570**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-22-3570_Finding of Incompetency and Order_2023-02-15_20240429034620.pdf
File Hash:   90529382beb760be0c71c0fd6dc51130d5d190e562769503de789a3f3514fb32
Page: 1 of 5

**Case No. 27-CR-22-4087**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-22-4087_Finding of Incompetency and Order_2023-06-01_20240429035306.pdf
File Hash:   d273eb192f37e94f92b626787e983fd1750b42c2289cbc440b4423a84a4fb07
Page: 1 of 5

**Case No. 27-CR-22-4898**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-22-4898_Finding of Incompetency and Order_2024-03-12_20240429040213.pdf
File Hash:   746e67933909c062c465ed3df5cbedaf02796ba10d185c70404d615409dee066
Page: 1 of 5

---

STATE OF MINNESOTA 

COUNTY OF HENNEPIN

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Dennis Joseph Barry,

Defendant.

Court File No. 27-CR-22-22521, 27-CR-21-10675, 27-CR-21-11624, 27-CR-21-21893, 27-CR-22-3570, 27-CR-22-17662, 27-CR-22-18518

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
**AND ORDER REGARDING**
**COMPETENCY**

This matter came before the undersigned Referee of District Court on February 14, 2023. The hearing was held remotely using the Zoom internet platform. Robert Sorenson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 05/14/1977), was charged in MNCIS file 27-CR-22-22521 with five counts of 2nd Degree Burglary (Felony) arising from an incident alleged to have occurred on 08/02/2022. On 01/11/2023, Judge Allyn found probable cause to believe that the offenses were committed and that Defendant committed them.

2. Defendant was also charged in MNCIS file 27-CR-21-10675 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on 05/03/2021. Defendant was charged in MNCIS file 27-CR-21-11624 with Theft (Misdemeanor) arising from an incident alleged to have occurred on 06/20/2021. Defendant was charged in MNCIS file 27-CR-21-21893 with Possession of drug paraphernalia in a public place (Misdemeanor) arising from an incident alleged to have occurred on 11/28/2021. Defendant was charged in MNCIS file 27-CR-22-3570 with Threats of Violence (Felony) arising from an incident alleged to have occurred on 02/20/2022. Defendant was charged in MNCIS file 27-CR-22-17662 with Criminal Damage to Property (Misdemeanor) arising from an incident alleged to have occurred on 09/02/2022. Defendant was charged in MNCIS file 27-CR-22-18518 with Carrying

---

STATE OF MINNESOTA 

COUNTY OF HENNEPIN

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Gordon Eugene Sharp, Jr.,

Defendant.

Court File No. 27-CR-21-1980, 27-CR-21-20072, 27-CR-21-20988, 27-CR-21-21355, 27-CR-21-23188, 27-CR-21-23215, 27-CR-22-4087, 27-CR-22-22963, 27-CR-23-1752

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
**AND ORDER REGARDING**
**COMPETENCY**

This matter came before the undersigned Referee of District Court on May 30, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 05/13/1988), was charged in MNCIS file 27-CR-21-1980 with Theft (Felony) arising from an incident alleged to have occurred on January 27, 2021; in MNCIS file 27-CR-21-20072 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on October 1, 2021; in MNCIS file 27-CR-21-20988 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on November 9, 2021; in MNCIS file 27-CR-21-21355 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred November 16, 2021; in MNCIS file 27-CR-21-23188 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 11, 2021; in MNCIS file 27-CR-21-23215 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 16, 2021; in MNCIS file 27-CR-22-4087 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 9, 2021; in MNCIS file 27-CR-22-22963 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on May 27, 2022; and in MNCIS file 27-CR-23-1752 with 4th Degree Damage to Property and Trespass (Misdemeanor) arising from an incident alleged to have occurred on

---

STATE OF MINNESOTA 

COUNTY OF HENNEPIN

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Terrell Johnson,

Defendant.

Court File No. 27-CR-19-12466; 27-CR-19-19606; 27-CR-20-8926; 27-CR-20-20037; 27-CR-21-19552; 27-CR-21-23233; 27-CR-22-1165; 27-CR-22-4898; 27-CR-23-8649; 27-CR-23-25563

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
**AND ORDER REGARDING**
**COMPETENCY**

This matter came before the undersigned Referee of District Court on March 12, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Michelle Doffing, Minneapolis City Attorney, appeared. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/28/1979), was charged in MNCIS file 27-CR-19-12466 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on May 28, 2019; in MNCIS file 27-CR-19-19606 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on August 12, 2019; in MNCIS file 27-CR-20-8926 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 2, 2020; in MNCIS file 27-CR-20-20037 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 6, 2019; in MNCIS file 27-CR-21-19552 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on July 12, 2021; in MNCIS file 27-CR-21-23233 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on December 17, 2021; in MNCIS file 27-CR-22-1165 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on October 9, 2021; in MNCIS file 27-CR-22-4898 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on March 15, 2022; in MNCIS file 27-CR-23-8649 with Domestic Assault (Gross Misdemeanor) arising

---

**EXHIBIT MCR-1 | p. 128**

**Case No. 27-CR-22-3570**
State of MN vs Dennis Joseph Barry
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-22-3570_Finding of Incompetency and Order_2023-02-15_20240429034620.pdf
File Hash:   90529382beb760be0c71c0fd6dc51130d5d190e562769503de789a3f3514fb32
Page: 2 of 5

weapons and facsimile firearms prohibited (Misdemeanor) arising from an incident alleged to have occurred on 09/10/2022.

3. On  01/11/2023, Judge Allyn ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

4. Dr. Gregory A. Hanson, Ph.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

5. Dr. Gregory A. Hanson, Ph.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Kaitlin Anderson, Assistant Hennepin County Attorney – Criminal Division;

   Joseph McInnis, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

2

---

**Case No. 27-CR-22-4087**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-22-4087_Finding of Incompetency and Order_2023-06-01_20240429035306.pdf
File Hash:   d273eb192f37e94ff92b626787e983fd1750b42c2289cbc440b4423a84a4fb07
Page: 2 of 5

January 22, 2023. On August 9, 2022, Judge Gina Brandt found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On April 3, 2022, Judge Melissa Houghtaling ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Darren Borg, Assistant Hennepin County Attorney – Criminal Division;

   Cory Strecker, Assistant Hennepin County Attorney – Criminal Division;

   Hilary Minor, Assistant Hennepin County Attorney – Criminal Division;

   Chase Myhran, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

---

**Case No. 27-CR-22-4898**
State of MN vs TERRELL JOHNSON
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-22-4898_Finding of Incompetency and Order_2024-03-12_20240429040213.pdf
File Hash:   746e67933909c062c465ed3df5cbedaf02796ba10d185c70404d615409dee066
Page: 2 of 5

from incident alleged to have occurred on April 25, 2023; and in MNCIS file 27-CR-23-25563 with Threats of Violence – Reckless Disregard Risk (Felony) arising from an incident alleged to have occurred on November 29, 2023.  In the former case, on December 6, 2023, Judge Juan Hoyos found probable cause to believe that the offense was committed and that Defendant committed it.

2. On December 6, 2023, Judge Juan Hoyos ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Kacy Wothe, Assistant Hennepin County Attorney – Criminal Division;

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Minneapolis City Attorney;

   Laura Prahl, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

**EXHIBIT MCR-1 | p. 129**

**Case No. 27-CR-22-3570**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-22-3570_Finding of Incompetency and Order_2023-02-15_20240429034620.pdf
File Hash:   90529382beb760be0c71c0fd6dc51130d5d190e562769503de789a3f3514fb32
Page: 3 of 5

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

3

---

**Case No. 27-CR-22-4087**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-22-4087_Finding of Incompetency and Order_2023-06-01_20240429035306.pdf
File Hash:   d273eb192f37e94f92b626787e983fd1750b42c2289cbc440b4423a84a4fb07
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

3

---

**Case No. 27-CR-22-4898**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-22-4898_Finding of Incompetency and Order_2024-03-12_20240429040213.pdf
File Hash:   746e67933909c062c465ed3df5cbedaf02796ba10d185c70404d615409dee066
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

3

EXHIBIT MCR-1 | p. 130

**Case No. 27-CR-22-3570**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-22-3570_Finding of Incompetency and Order_2023-02-15_20240429034620.pdf
File Hash:   90529382beb760be0c71c0fd6dc51130d5d190e562769503de789a3f3514fb32
Page: 4 of 5

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

4

---

**Case No. 27-CR-22-4087**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-22-4087_Finding of Incompetency and Order_2023-06-01_20240429035306.pdf
File Hash:   d273eb192f37e94f92b626787e983fd1750b42c2289cbc440b4423a84a4fb07
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending

4

---

**Case No. 27-CR-22-4898**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-22-4898_Finding of Incompetency and Order_2024-03-12_20240429040213.pdf
File Hash:   746e67933909c062c465ed3df5cbedaf02796ba10d185c70404d615409dee066
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 10, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

   b.  Laura Prahl, Assistant Hennepin County Public Defender (laura.prahl@hennepin.us);

   c.  Kacy Wothe, Assistant Hennepin County Attorney (kacy.wothe@hennepin.us);

   d.  Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);

   e.  Minneapolis City Attorney;

   f.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

**EXHIBIT MCR-1 | p. 131**

**Case No. 27-CR-22-3570**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-22-3570_Finding of Incompetency and Order_2023-02-15_20240429034620.pdf
File Hash:   90529382beb760be0c71c0fd6dc51130d5d190e562769503de789a3f3514fb32
Page: 5 of 5

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 15, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

    b.  Joseph McInnis, Assistant Hennepin County Public Defender;

    c.  Kaitlin Anderson, Assistant Hennepin County Attorney;

    d.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:          **BY THE COURT:**

_____    _____
Referee of District Court        Judge of District Court

5

---

**Case No. 27-CR-22-4087**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-22-4087_Finding of Incompetency and Order_2023-06-01_20240429035306.pdf
File Hash:   d273eb192f37e94ff92b626787e983fd1750b42c2289cbc440b4423a84a4fb07
Page: 5 of 5

the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 28, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

    b.  Chase Myhran, Assistant Hennepin County Public Defender;

    c.  Darren Borg, Assistant Hennepin County Attorney;

    d.  Cory Strecker, Assistant Hennepin County Attorney;

    e.  Hilary Minor, Assistant Hennepin County Attorney;

    f.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:          **BY THE COURT:**

_____    _____
Referee of District Court        Judge of District Court

5

---

**Case No. 27-CR-22-4898**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-22-4898_Finding of Incompetency and Order_2024-03-12_20240429040213.pdf
File Hash:   746e67933909c062c465ed3df5cbedaf02796ba10d185c70404d615409dee066
Page: 5 of 5

    g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:          **BY THE COURT:**

_____    _____
Mercurio, Danielle        Browne, Michael
Mar 21 2024 2:26 PM        Mar 21 2024 3:04 PM
Referee of District Court        Judge of District Court

5

---

**EXHIBIT MCR-1 | p. 132**

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-22**
MCRO_27-CR-22-7797_Finding of Incompetency and Order_2023-02-22_20240429040528.pdf
File Hash:   4cbb2ce0b5326bbc9a91a7e5b312c2153dafaab01709d6f63725cce442d4d0b1
Page: 1 of 5

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-05**
MCRO_27-CR-22-7797_Finding of Incompetency and Order_2024-03-05_20240429040524.pdf
File Hash:   d923c4faa6529c1785385addc0fc84b0010d839c5b8879e43efc5d746bd9cc1e
Page: 1 of 5

**Case No. 27-CR-22-13185**
State of MN vs MARK ANTHONY REINHART
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-13**
MCRO_27-CR-22-13185_Finding of Incompetency and Order_2023-04-13_20240429161143.pdf
File Hash:   efda1484d8bb3f5351e335648569d33a9bfb5a9b840bb7954088ed48da803b8e
Page: 1 of 5

---

**STATE OF MINNESOTA**  ·  **DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**  ·  **CRIMINAL DIVISION**

State of Minnesota,

Court File No. 27-CR-21-23628, 27-CR-7797, 27-CR-22-9010, 27-CR-22-25134

Plaintiff,

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

vs.

Carmen Bendu Greaves,

Defendant.

This matter came before the undersigned Referee of District Court on February 21, 2023. The hearing was held remotely using the Zoom internet platform. Robert Sorenson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Madeline Baskfield, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 10/03/1978), was convicted in MNCIS file 27-CR-21-23628 with three felony charges.  Defendant was charged in MNCIS file 27-CR-22-7797 with Violate No Contact Order (Felony) arising from an incident alleged to have occurred on 04/22/2022. Defendant was charged in MNCIS file 27-CR-22-9010 with Violate No Contact Order (Felony) arising from an incident alleged to have occurred on 05/06/2022. Defendant was charged in 27-CR-22-25134 with Violate No Contact Order (Felony) and Domestic Abuse (Felony) arising from an incident alleged to have occurred on 12/14/2022.

2. On 01/18/2023, Referee Mercurio ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to

---

**STATE OF MINNESOTA**  ·  **DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**  ·  **CRIMINAL DIVISION**

State of Minnesota,

Court File No. 27-CR-21-23628; 27-CR-22-7797; 27-CR-22-9010; 27-CR-22-25134

Plaintiff,

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

vs.

Carmen Bendu Greaves,

Defendant.

This matter came before the undersigned Judge of District Court on March 5, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Madeline Baskfield, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 10/03/1978), was convicted in MNCIS file 27-CR-21-23628 with Burglary – 1st Degree (Felony), Domestic Abuse (Felony), and Violate No Contact Order (Felony) arising from an incident that occurred on December 22, 2021.  Defendant was charged in MNCIS file 27-CR-22-7797 with Violate No Contact Order (Felony) arising from an incident alleged to have occurred on April 22, 2022; in MNCIS file 27-CR-22-9010 with Violate No Contact Order (Felony) arising from an incident that occurred on May 6, 2022; and in MNCIS file 27-CR-22-25134 with Violate No Contact Order (Felony) and Domestic Abuse (Felony) arising from an incident alleged to have occurred on December 14, 2022.

2. On February 2, 2024, Judge Jean Burdorf ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Catherine A. Carlson, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

---

**STATE OF MINNESOTA**  ·  **DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**  ·  **CRIMINAL DIVISION**

State of Minnesota,

Court File No. 27-CR-22-7578; 27-CR-22-8532; 27-CR-22-9449; 27-CR-22-10914; 27-CR-22-11384; 27-CR-22-13185; 27-CR-22-14723; 27-CR-23-2104; 27-CR-23-5213

Plaintiff,

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

vs.

Mark Anthony Reinhart,

Defendant.

This matter came before the undersigned Judge of District Court on April 11, 2023. The hearing was held remotely using the Zoom internet platform. Heidi Johnson, Minneapolis City Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Shawna Kosel, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 02/10/1962) was charged in MNCIS file 27-CR-22-13185 with Indecent Exposure/Lewdness (Gross Misdemeanor) and Indecent Exposure-Public Place, Indecent Conduct, and Disorderly Conduct (Misdemeanors) arising from an incident alleged to have occurred on July 5, 2022; MNCIS file 27-CR-22-14723 with Trespass (Gross Misdemeanor) and Disorderly Conduct (Misdemeanor) arising from an incident alleged to have occurred on June 21, 2022; MNCIS file 27-CR-23-5213 with Trespass on Critical Public Service Facilities, Pipeline, Utility (Gross Misdemeanor) and No person shall urinate or defecate except in comfort stations (Misdemeanor) arising from an incident alleged to have occurred on March 8, 2023; MNCIS file 27-CR-22-7578 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on April 21, 2022; MNCIS file 27-CR-22-8532 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on May 4, 2022; MNCIS file 27-CR-22-9449 with Disorderly Conduct (Misdemeanor) arising from an incident alleged to have occurred on May 17, 2022; MNCIS file 27-CR-22-10914 with Disorderly Conduct (Misdemeanor) arising from an incident alleged to have occurred on June 7, 2022;

**EXHIBIT MCR-1 | p. 133**

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-02-22**
MCRO_27-CR-22-7797_Finding of Incompetency and Order_2023-02-22_20240429040528.pdf
File Hash:  4cbb2ce0b5326bbc9a91a7e5b312c2153dafaab01709d6f63725cce442d4d0b1
Page: 2 of 5

rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Lisa Godon, Assistant Hennepin County Attorney – Criminal Division;

    Madeline Baskfield, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical

2

---

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2024-03-05**
MCRO_27-CR-22-7797_Finding of Incompetency and Order_2024-03-05_20240429040524.pdf
File Hash:  d923c4faa6529c1785385addc0fc84b0010d839c5b8879e43efc5d746bd9cc1e
Page: 2 of 5

4. Dr. Catherine A. Carlson, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Joshua Luger, Assistant Hennepin County Attorney – Criminal Division;

    Madeline Baskfield, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care,

2

---

**Case No. 27-CR-22-13185**
State of MN vs MARK ANTHONY REINHART
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-04-13**
MCRO_27-CR-22-13185_Finding of Incompetency and Order_2023-04-13_20240429161143.pdf
File Hash:  efda1484d8bb3f5351e335648569d33a9bfb5a9b840bb7954088ed48da803b8e
Page: 2 of 5

MNCIS file 27-CR-22-11384 with Public Urination Prohibited and Disorderly Conduct (Misdemeanors) arising from an incident alleged to have occurred on June 12, 2022; MNCIS file 27-CR-23-2104 with Theft (Misdemeanor) arising from an incident alleged to have occurred on January 26, 2023. On March 9, 2023, Judge Bev Benson found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On March 9, 2023, Judge Bev Benson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charges. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

    Heidi Johnston, Minneapolis City Attorney – Criminal Division;

    Bloomington City Attorney;

    Christopher Renz, Attorney for Metropolitan Airports Commission;

    Shawna Kosel, Assistant Hennepin County Public Defender

2

**EXHIBIT MCR-1 | p. 134**

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-22**
MCRO_27-CR-22-7797_Finding of Incompetency and Order_2023-02-22_20240429040528.pdf
File Hash:   4cbb2ce0b5326bbc9a91a7e5b312c2153dafaab01709d6f63725cce442d4d0b1
Page: 3 of 5

dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received

3

---

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-05**
MCRO_27-CR-22-7797_Finding of Incompetency and Order_2024-03-05_20240429040524.pdf
File Hash:   d923c4faa6529c1785385addc0fc84b0010d839c5b8879e43efc5d746bd9cc1e
Page: 3 of 5

treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours.

3

---

**Case No. 27-CR-22-13185**
State of MN vs MARK ANTHONY REINHART
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-13**
MCRO_27-CR-22-13185_Finding of Incompetency and Order_2023-04-13_20240329161143.pdf
File Hash:   efda1484d8bb3f5351e335648569d33a9bfb5a9b840bb7954088ed48da803b8e
Page: 3 of 5

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure

3

**EXHIBIT MCR-1 | p. 135**

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type: ·Finding of Incompetency and Order·
Filing Date: 2023-02-22
MCRO_27-CR-22-7797_Finding of Incompetency and Order_2023-02-22_20240429040528.pdf
File Hash: 4cbb2ce0b5326bbc9a91a7e5b312c2153dafaab01709d6f63725cce442d4d0b1
Page: 4 of 5

in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 22, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;
    b. Madeline Baskfield, Assistant Hennepin County Public Defender;
    c. Lisa Godon, Assistant Hennepin County Attorney;
    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

---

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type: ·Finding of Incompetency and Order·
Filing Date: 2024-03-05
MCRO_27-CR-22-7797_Finding of Incompetency and Order_2024-03-05_20240429040524.pdf
File Hash: d923c4faa6529c1785385addc0fc84b0010d839c5b8879e43efc5d746bd9cc1e
Page: 4 of 5

This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 3, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;
    b. Madeline Baskfield, Assistant Hennepin County Public Defender;
    c. Joshua Luger, Assistant Hennepin County Attorney;

4

---

**Case No. 27-CR-22-13185**
State of MN vs MARK ANTHONY REINHART
Filing Type: ·Finding of Incompetency and Order·
Filing Date: 2023-04-13
MCRO_27-CR-22-13185_Finding of Incompetency and Order_2023-04-13_20240329161143.pdf
File Hash: efda1484d8bb3f5351e335648569d33a9bfb5a9b840bb7954088ed48da803b8e
Page: 4 of 5

facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or communicated phone, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least fourteen (14) days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed;

4

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-02-22**
MCRO_27-CR-22-7797_Finding of Incompetency and Order_2023-02-22_20240429040528.pdf
File Hash:    4cbb2ce0b5326bbc9a91a7e5b312c2153dafaab01709d6f63725cce442d4d0b1
Page: 5 of 5

e.  The Commitment Defense Panel attorney appointed to represent Defendant by the
Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and
the underlying police report(s) shall be delivered via email to the Prepetition Screening
Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:          **BY THE COURT:**

_____        _____
Referee of District Court          Judge of District Court

---

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2024-03-05**
MCRO_27-CR-22-7797_Finding of Incompetency and Order_2024-03-05_20240429040524.pdf
File Hash:    d923c4faa6529c1785385addc0fc84b0010d839c5b8879e43efc5d746bd9cc1e
Page: 5 of 5

d.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a
commitment is ordered);

e.  The Commitment Defense Panel attorney appointed to represent Defendant by the
Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and
the underlying police report(s) shall be delivered via email to the Prepetition Screening
Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Browne, Michael
Mar 5 2024 3:12 PM
_____
Judge of District Court

---

**Case No. 27-CR-22-13185**
State of MN vs MARK ANTHONY REINHART
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-04-13**
MCRO_27-CR-22-13185_Finding of Incompetency and Order_2023-04-13_20240429161143.pdf
File Hash:    efda1484d8bb3f5351e335648569d33a9bfb5a9b840bb7954088ed48da803b8e
Page: 5 of 5

2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks
and how they will be addressed. Either party may request a hearing to address the proposed
changes to the conditions of release.  If no hearing is requested, the court may issue an order
amending the conditions of release consistent with the proposed change in status in the civil
commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the
Defendant, then the Defendant shall be transported in secure custody back to the Fourth
Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this
matter and status review of Defendant's competence to proceed is October 10, 2023.  One
week prior to that date, reports regarding Defendant's competency and mental status shall be
e-filed and e-served to:

a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

b.  Shawna Kosel, Assistant Hennepin County Public Defender;

c.  Heidi Johnston, Minneapolis City Attorney – Criminal Division;

d.  Bloomington City Attorney;

e.  Christopher Renz, Attorney for Metropolitan Airports Commission;

f.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is
ordered);

g.  The Commitment Defense Panel attorney appointed to represent Defendant by the
Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and
the underlying police report(s) shall be delivered via email to the Prepetition Screening
Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

**EXHIBIT MCR-1 | p. 137**

**Case No. 27-CR-22-14493**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-27**
MCRO_27-CR-22-14493_Finding of Incompetency and Order_2024-02-27_20240429161527.pdf
File Hash:   c169f116fe5c2521d65e18ee36758ac8ac52ddc4822eddc76a55d6c28de94408
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Timothy Terrell Stuckey,

Defendant.

Court File No. 27-CR-23-9546;
27-CR-22-14493

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on February 27, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 11/28/1978), was charged in MNCIS file 27-CR-23-9546 with Simple Robbery (Felony) arising from an incident alleged to have occurred on May 5, 2023; and in MNCIS file 27-CR-22-14493 with Theft (Misdemeanor) arising from an incident alleged to have occurred on July 1, 2022.  On June 7, 2023, Judge William Koch found probable cause to believe that the felony offense was committed and that Defendant committed it.

2. On January 29, 2024, Judge William Koch ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Jennifer Flowers, Ph.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Jennifer Flowers, Ph.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

---

**Case No. 27-CR-22-17300**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-22-17300_Finding of Incompetency and Order_2023-05-02_20240429162002.pdf
File Hash:   b37262c61e0d06558a58f2f9eebd1345637fd4911f4d0f8dd016f1ba39d35475
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-
8067, 27-CR-21-8227, 27-CR-21-8228, 27-
CR-21-8229, 27-CR-21-8230, 27-CR-21-8511,
27-CR-22-17300, 27-CR-22-21679, 27-CR-
22-24045, 27-CR-23-385, 27-CR-23-5751, 27-
CR-23-6188

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee/Judge of District Court on May 2, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney and Megan Griffin, Attorney with the City of Minneapolis, represented the plaintiffs. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor - GMD) and Public Urination (Misdemeanor – MSD) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged

---

**Case No. 27-CR-22-17300**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-22-17300_Finding of Incompetency and Order_2023-11-01_20240429161959.pdf
File Hash:   08d1670a862e4b12225320f68f79a8e00f314d7366582a46f606ca3bd88a07fc
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-
8067, 27-CR-21-8227, 27-CR-21-8228, 27-
CR-21-8229, 27-CR-21-8230, 27-CR-21-8511,
27-CR-22-17300, 27-CR-23-5751

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on October 31, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Megan Griffin, Assistant Minneapolis City Attorney, also represented the plaintiff. Defendant was represented by Andrew J. Reiland, II, Assistant Hennepin County Public Defender. Prior to the time of the hearing, the parties agreed to the Court handling this matter administratively, without the need for appearances.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February

---

**Case No. 27-CR-22-14493**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-27**
MCRO_27-CR-22-14493_Finding of Incompetency and Order_2024-02-27_20240429161527.pdf
File Hash:   c169f116fe5c2521d65e18ee36758ac8ac52ddc4822eddc76a55d6c28de94408
Page: 2 of 5

**Case No. 27-CR-22-17300**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-22-17300_Finding of Incompetency and Order_2023-05-02_20240429162002.pdf
File Hash:   b37262c61e0d06558a58f2f9eebd1345637fd4911f4d0f8dd016f1ba39d35475
Page: 2 of 5

**Case No. 27-CR-22-17300**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-22-17300_Finding of Incompetency and Order_2023-11-01_20240429161959.pdf
File Hash:   08d1670a862e4b12225320f68f79a8e00f314d7366582a46f606ca3bd88a07fc
Page: 2 of 5

---

## Column 1 — Case No. 27-CR-22-14493

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Maria Mulvihill, Assistant Hennepin County Attorney – Criminal Division;

   Christine Irfanullah, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals;

2

---

## Column 2 — Case No. 27-CR-22-17300

to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (GMD) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; in MNCIS file 27-CR-22-21679 with Trespassing (MSD) arising from an incident alleged to have occurred on October 18, 2022; in MNCIS file 27-CR-22-24045 with Trespass (MSD) arising from an incident alleged to have occurred on December 1, 2022; in MNCIS file 27-CR-23-385 with Trespass (MSD) arising from an incident alleged to have occurred on November 24, 2022; in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023; and in MNCIS file 27-CR-23-6188.

2. On March 28, 2023, Judge Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

   Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Tom Arneson, Assistant Hennepin County Attorney – Criminal Division; and

2

---

## Column 3 — Case No. 27-CR-22-17300

23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; and in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023.

2. On August 22, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Darren Borg, Assistant Hennepin County Attorney – Criminal Division;

   Christopher Freeman, Assistant Hennepin County Attorney – Criminal Division;

   Heidi Johnston, Minneapolis City Attorney;

   Andrew Reiland, II, Assistant Hennepin County Public Defender

2

**EXHIBIT MCR-1 | p. 139**

**Case No. 27-CR-22-14493**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-27**
MCRO_27-CR-22-14493_Finding of Incompetency and Order_2024-02-27_20240429161527.pdf
File Hash:   c169f116fe5c2521d65e18ee36758ac8ac52ddc4822eddc76a55d6c28de94408
Page: 3 of 5

physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order

3

**Case No. 27-CR-22-17300**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-22-17300_Finding of Incompetency and Order_2023-05-02_20240429162002.pdf
File Hash:   b37262c61e0d06558a58f2f9eebd1345637fd4911f4d0f8dd016f1ba39d35475
Page: 3 of 5

Megan Griffin, City of Minneapolis Attorney

Susan Herlofsky, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

**Case No. 27-CR-22-17300**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-22-17300_Finding of Incompetency and Order_2023-11-01_20240429161959.pdf
File Hash:   08d1670a862e4b1222532f0f68f79a8e00f314d7366582a46f606ca3bd88a07fc
Page: 3 of 5

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous

3

**EXHIBIT MCR-1 | p. 140**

**Case No. 27-CR-22-14493**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2024-02-27**
MCRO_27-CR-22-14493_Finding of Incompetency and Order_2024-02-27_20240429161527.pdf
File Hash:  c169f116fe5c2521d65e18ee36758ac8ac52ddc4822eddc76a55d6c28de94408
Page: 4 of 5

may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 27, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;
    b. Christine Irfanullah, Assistant Hennepin County Public Defender (Christine.irfanullah@hennepin.us);
    c. Maria Mulvihill, Assistant Hennepin County Attorney (maria.mulvihill@hennepin.us);
    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

**Case No. 27-CR-22-17300**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-05-02**
MCRO_27-CR-22-17300_Finding of Incompetency and Order_2023-05-02_20240429162002.pdf
File Hash:  b37262c61e0d06558a58f2f9eebd1345637fd4911f4d0f8dd016f1ba39d35475
Page: 4 of 5

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the Defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

**Case No. 27-CR-22-17300**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-11-01**
MCRO_27-CR-22-17300_Finding of Incompetency and Order_2023-11-01_20240429161959.pdf
File Hash:  08d1670a862e4b1222532f068f79a8e00f314d7366582a46f606ca3bd88a07fc
Page: 4 of 5

to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 30, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;
    b. Andrew Reiland, II, Assistant Hennepin County Public Defender;
    c. Darren Borg, Assistant Hennepin County Attorney;
    d. Christopher Freeman, Assistant Hennepin County Attorney;
    e. Heidi Johnston, Minneapolis City Attorney;

4

**EXHIBIT MCR-1 | p. 141**

**Case No. 27-CR-22-14493**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-27**
MCRO_27-CR-22-14493_Finding of Incompetency and Order_2024-02-27_20240429161527.pdf
File Hash:   c169f116fe5c2521d65e18ee36758ac8ac52ddc4822eddc76a55d6c28de94408
Page: 5 of 5

---

e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

Dayton Klein, Julia
Feb 27 2024 4:28 PM
Judge of District Court

---

**Case No. 27-CR-22-17300**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-22-17300_Finding of Incompetency and Order_2023-05-02_20240429162002.pdf
File Hash:   b37262c61e0d06558a58f2f9eebd1345637fd4911f4d0f8dd016f1ba39d35475
Page: 5 of 5

---

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 31, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

b.  Tom Arneson, Assistant Hennepin County Public Defender;

c.  Susan Herlofsky, Assistant Hennepin County Attorney;

d.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

e.  Megan Griffin, City of Minneapolis Attorney; and

f.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____          _____
Referee of District Court                    Judge of District Court

---

**Case No. 27-CR-22-17300**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-22-17300_Finding of Incompetency and Order_2023-11-01_20240429161959.pdf
File Hash:   08d1670a862e4b12225320f68f79a8e00f314d7366582a46f606ca3bd88a07fc
Page: 5 of 5

---

f.  Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

---

5

**EXHIBIT MCR-1 | p. 142**

**Case No. 27-CR-22-19036**
State of MN vs Crystal Latasha Mcbounds
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-21**
MCRO_27-CR-22-19036_Finding of Incompetency and Order_2023-06-21_20240429162550.pdf
File Hash:   9eeacaa664e6576663ead9aef2d21834b96320bad5af09ec01ac9b31ff3b26e9
Page: 1 of 5

---

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Crystal Latasha Mcbounds,

Defendant.

Court File No. 27-CR-22-19036, 27-CR-19-20828, 27-CR-23-1481

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on June 20, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Allison Chadwick, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/24/1998), was charged in MNCIS file 27-CR-22-19036 with 2nd Degree Assault (Felony) arising from an incident alleged to have occurred on July 15, 2022. On November 28, 2022, Judge Carolina Lamas found probable cause to believe that the offense was committed and that Defendant committed it.  Defendant was charged in MNCIS file 27-CR-19-20828 with Disorderly Conduct- Brawling or Fighting (Misdemeanor) arising from an incident alleged to have occurred on August 23, 2019 and charged in MNCIS file 27-CR-23-1481 with Assault-5th Degree-Inflict or Attempt Bodily Harm and Disorderly Conduct-Brawling or Fighting (Misdemeanor) arising from an incident alleged to have occurred on July 16, 2022. On January 25, 2023, Judge Carolina Lama found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On May 2, 2023, Judge Julie Allyn ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

---

**Case No. 27-CR-22-21679**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-22-21679_Finding of Incompetency and Order_2023-05-02_20240429162858.pdf
File Hash:   77d353acecf675e3655bd180815f6d98f9da0de842deaf4faa7008cb633141d6
Page: 1 of 5

---

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-22-21679, 27-CR-22-24045, 27-CR-23-385, 27-CR-23-5751, 27-CR-23-6188

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee/Judge of District Court on May 2, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney and Megan Griffin, Attorney with the City of Minneapolis, represented the plaintiffs. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor - GMD) and Public Urination (Misdemeanor – MSD) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged

---

**Case No. 27-CR-22-21925**
State of MN vs Abdinour Mohamed Alasow
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-16**
MCRO_27-CR-22-21925_Finding of Incompetency and Order_2023-02-16_20240429162956.pdf
File Hash:   a09cfb0838456e3b231d44203cc2d5fcdc96b16e0116eb82f9818a309433492f
Page: 1 of 5

---

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Abdinour Mohamed Alasow,

Defendant.

Court File No. 27-CR-22-21925, 27-CR-22-23317, 27-CR-23-512

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on February 14, 2023. The hearing was held remotely using the Zoom internet platform. Robert Sorenson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/01/1997), was charged in MNCIS file 27-CR-22-21925 with Trespass (Gross Misdemeanor) and Interfere with Privacy (Gross Misdemeanor) arising from an incident alleged to have occurred on 04/15/2022. Defendant was charged in MNCIS file 27-CR-23-512 with Trespass (Gross Misdemeanor) and Indecent Exposure (Misdemeanor) arising from an incident alleged to have occurred on 01/05/2023. On 01/09/2023, Judge Siegesmund found probable cause to believe that the offenses were committed, and that Defendant committed them.

2. Defendant was also charged in MNCIS file 27-CR-22-23317 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on 08/04/2022.

3. On 01/09/2023, Judge Siegesmund ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

4. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

**Case No. 27-CR-22-19036**
State of MN vs Crystal Latasha Mcbounds
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-21**
MCRO_27-CR-22-19036_Finding of Incompetency and Order_2023-06-21_20240429162550.pdf
File Hash:   9eeacaa664e6576663ead9aef2d21834b96320bad5af09ec01ac9b31ff3b26e9
Page: 2 of 5

---

3. Dr. Katheryn Cranbrook, PsyD, ABPP, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Katheryn Cranbrook, PsyD, ABPP, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Samuel Colich, Assistant Hennepin County Attorney – Criminal Division;

   Allison Chadwick, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

2

---

**Case No. 27-CR-22-21679**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-22-21679_Finding of Incompetency and Order_2023-05-02_20240429162858.pdf
File Hash:   77d353acecf675e3655bd180815f6d98f9da0de842deaf4faa7008cb633141d6
Page: 2 of 5

---

to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (GMD) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; in MNCIS file 27-CR-22-21679 with Trespassing (MSD) arising from an incident alleged to have occurred on October 18, 2022; in MNCIS file 27-CR-22-24045 with Trespass (MSD) arising from an incident alleged to have occurred on December 1, 2022; in MNCIS file 27-CR-23-385 with Trespass (MSD) arising from an incident alleged to have occurred on November 24, 2022; in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023; and in MNCIS file 27-CR-23-6188.

2. On March 28, 2023, Judge Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

   Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Tom Arneson, Assistant Hennepin County Attorney – Criminal Division; and

2

---

**Case No. 27-CR-22-21925**
State of MN vs Abdinour Mohamed Alasow
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-16**
MCRO_27-CR-22-21925_Finding of Incompetency and Order_2023-02-16_20240429162956.pdf
File Hash:   a09cfb0838456e3b231d44203cc2d5fcdc96b16e0116eb82f9818a309433492f
Page: 2 of 5

---

5. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   John Monnens, Assistant Hennepin County Attorney;

   Christopher Renz, Prosecuting Attorney for Metropolitan Airports Commission;

   Rebecca Noothed and Freya Whiting, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

2

**EXHIBIT MCR-1 | p. 144**

**Case No. 27-CR-22-19036**
State of MN vs Crystal Latasha Mcbounds
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-21**
MCRO_27-CR-22-19036_Finding of Incompetency and Order_2023-06-21_20240429162550.pdf
File Hash:     9eeacaa664e6576663ead9aef2d21834b96320bad5af09ec01ac9b31ff3b26e9
Page: 3 of 5

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all

3

---

**Case No. 27-CR-22-21679**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-22-21679_Finding of Incompetency and Order_2023-05-02_20240429162858.pdf
File Hash:     77d353acecf675e3655bd180815f6d98f9da0de842deaf4faa7008cb633141d6
Page: 3 of 5

Megan Griffin, City of Minneapolis Attorney

Susan Herlofsky, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

---

**Case No. 27-CR-22-21925**
State of MN vs Abdinour Mohamed Alasow
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-16**
MCRO_27-CR-22-21925_Finding of Incompetency and Order_2023-02-16_20240429162956.pdf
File Hash:     a09cfb0838456e3b231d44203cc2d5fcdc96b16e0116eb82f9818a309433492f
Page: 3 of 5

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all

3

**EXHIBIT MCR-1 | p. 145**

**Case No. 27-CR-22-19036**
State of MN vs Crystal Latasha Mcbounds
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-21**
MCRO_27-CR-22-19036_Finding of Incompetency and Order_2023-06-21_20240429162550.pdf
File Hash:   9eecaa664e6576663ead9aef2d21834b96320bad5af09ec01ac9b31ff3b26e9
Page: 4 of 5

information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is December 19, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

4

---

**Case No. 27-CR-22-21679**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-22-21679_Finding of Incompetency and Order_2023-05-02_20240429162858.pdf
File Hash:   77d353acecf675e3655bd180815f6d98f9da0de842deaf4faa7008cb633141d6
Page: 4 of 4

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

---

**Case No. 27-CR-22-21925**
State of MN vs Abdinour Mohamed Alasow
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-16**
MCRO_27-CR-22-21925_Finding of Incompetency and Order_2023-02-16_20240429162956.pdf
File Hash:   a09cfb0838456e3b231d44203cc2d5fcdc96b16e0116eb82f9818a309433492f
Page: 4 of 5

information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 15, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

4

**Case No. 27-CR-22-19036**
State of MN vs Crystal Latasha Mcbounds
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-21**
MCRO_27-CR-22-19036_Finding of Incompetency and Order_2023-06-21_20240429162550.pdf
File Hash:   9eeacaa664e6576663ead9aef2d21834b96320bad5af09ec01ac9b31ff3b26e9
Page: 5 of 5

a. Fourth Judicial District Court – 4thCriminalRule20 email list;

b. Allison Chadwick, Assistant Hennepin County Public Defender;

c. Samuel Colich, Assistant Hennepin County Attorney;

d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

---

**Case No. 27-CR-22-21679**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-22-21679_Finding of Incompetency and Order_2023-05-02_20240429162858.pdf
File Hash:   77d353acecf675e3655bd180815f6d98f9da0de842deaf4faa7008cb633141d6
Page: 5 of 5

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 31, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

a. Fourth Judicial District Court – 4thCriminalRule20 email list;

b. Tom Arneson, Assistant Hennepin County Public Defender;

c. Susan Herlofsky, Assistant Hennepin County Attorney;

d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

e. Megan Griffin, City of Minneapolis Attorney; and

f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____                  _____
Referee of District Court                Judge of District Court

5

---

**Case No. 27-CR-22-21925**
State of MN vs Abdinour Mohamed Alasow
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-16**
MCRO_27-CR-22-21925_Finding of Incompetency and Order_2023-02-16_20240429162956.pdf
File Hash:   a09cfb0838456e3b231d44203cc2d5fcdc96b16e0116eb82f9818a309433492f
Page: 5 of 5

a. Fourth Judicial District Court – 4thCriminalRule20 email list;

b. Rebecca Noothed, Assistant Hennepin County Public Defender;

c. Freya Whiting, Assistant Hennepin County Public Defender;

d. John Monnens, Assistant Hennepin County Attorney;

e. Christopher Renz, Prosecuting Attorney for Metropolitan Airports Commission;

f. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____                  _____
Referee of District Court                Judge of District Court

5

**EXHIBIT MCR-1 | p. 147**

**Case No. 27-CR-22-22521**
State of MN vs Dennis Joseph Barry
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-02-15**
MCRO_27-CR-22-22521_Finding of Incompetency and Order_2023-02-15_20240429163112.pdf
File Hash:  c975ffd77e5a7c3fec104b891c33f6504b908df1930053b7523ffb8165ede3f7
Page: 1 of 5

**STATE OF MINNESOTA**  **DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**  **CRIMINAL DIVISION**

State of Minnesota,  Court File No. 27-CR-22-22521, 27-CR-21-
10675, 27-CR-21-11624, 27-CR-21-21893,
Plaintiff,  27-CR-22-3570, 27-CR-22-17662, 27-CR-22-
18518

vs.  **FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
Dennis Joseph Barry,  **AND ORDER REGARDING**
**COMPETENCY**

Defendant.

This matter came before the undersigned Referee of District Court on February 14, 2023. The hearing was held remotely using the Zoom internet platform. Robert Sorenson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 05/14/1977), was charged in MNCIS file 27-CR-22-22521 with five counts of 2nd Degree Burglary (Felony) arising from an incident alleged to have occurred on 08/02/2022. On 01/11/2023, Judge Allyn found probable cause to believe that the offenses were committed and that Defendant committed them.

2. Defendant was also charged in MNCIS file 27-CR-21-10675 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on 05/03/2021. Defendant was charged in MNCIS file 27-CR-21-11624 with Theft (Misdemeanor) arising from an incident alleged to have occurred on 06/20/2021. Defendant was charged in MNCIS file 27-CR-21-21893 with Possession of drug paraphernalia in a public place (Misdemeanor) arising from an incident alleged to have occurred on 11/28/2021. Defendant was charged in MNCIS file 27-CR-22-3570 with Threats of Violence (Felony) arising from an incident alleged to have occurred on 02/20/2022. Defendant was charged in MNCIS file 27-CR-22-17662 with Criminal Damage to Property (Misdemeanor) arising from an incident alleged to have occurred on 09/02/2022. Defendant was charged in MNCIS file 27-CR-22-18518 with Carrying

**Case No. 27-CR-22-22963**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-06-01**
MCRO_27-CR-22-22963_Finding of Incompetency and Order_2023-06-01_20240429163939.pdf
File Hash:  2cdeed6c528997c9dbe260a8c4845f70611e38d7f7e8e31e9c1b5489225ad1f6
Page: 1 of 5

**STATE OF MINNESOTA**  **DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**  **CRIMINAL DIVISION**

State of Minnesota,  Court File No. 27-CR-21-1980, 27-CR-21-
20072, 27-CR-21-20988, 27-CR-21-21355,
Plaintiff,  27-CR-21-23188, 27-CR-21-23215, 27-CR-
22-4087, 27-CR-22-22963, 27-CR-23-1752

vs.  **FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
Gordon Eugene Sharp, Jr.,  **AND ORDER REGARDING**
**COMPETENCY**

Defendant.

This matter came before the undersigned Referee of District Court on May 30, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 05/13/1988), was charged in MNCIS file 27-CR-21-1980 with Theft (Felony) arising from an incident alleged to have occurred on January 27, 2021; in MNCIS file 27-CR-21-20072 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on October 1, 2021; in MNCIS file 27-CR-21-20988 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on November 9, 2021; in MNCIS file 27-CR-21-21355 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred November 16, 2021; in MNCIS file 27-CR-21-23188 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 11, 2021; in MNCIS file 27-CR-21-23215 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 16, 2021; in MNCIS file 27-CR-22-4087 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on December 9, 2021; in MNCIS file 27-CR-22-22963 with 3rd Degree Burglary (Felony) arising from an incident alleged to have occurred on May 27, 2022; and in MNCIS file 27-CR-23-1752 with 4th Degree Damage to Property and Trespass (Misdemeanor) arising from an incident alleged to have occurred on

**Case No. 27-CR-22-23317**
State of MN vs Abdinour Mohamed Alasow
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-02-16**
MCRO_27-CR-22-23317_Finding of Incompetency and Order_2023-02-16_20240429164130.pdf
File Hash:  7ce28da91697109958d7f0514c22529b397d652456c0014e13b33f1417e79d9c
Page: 1 of 5

**STATE OF MINNESOTA**  **DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**  **CRIMINAL DIVISION**

State of Minnesota,  Court File No. 27-CR-22-21925, 27-CR-22-
23317, 27-CR-23-512
Plaintiff,

vs.  **FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
**AND ORDER REGARDING**
Abdinour Mohamed Alasow,  **COMPETENCY**

Defendant.

This matter came before the undersigned Referee of District Court on February 14, 2023. The hearing was held remotely using the Zoom internet platform. Robert Sorenson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/01/1997), was charged in MNCIS file 27-CR-22-21925 with Trespass (Gross Misdemeanor) and Interfere with Privacy (Gross Misdemeanor) arising from an incident alleged to have occurred on 04/15/2022. Defendant was charged in MNCIS file 27-CR-23-512 with Trespass (Gross Misdemeanor) and Indecent Exposure (Misdemeanor) arising from an incident alleged to have occurred on 01/05/2023. On 01/09/2023, Judge Siegesmund found probable cause to believe that the offenses were committed, and that Defendant committed them.

2. Defendant was also charged in MNCIS file 27-CR-22-23317 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on 08/04/2022.

3. On 01/09/2023, Judge Siegesmund ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

4. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

**EXHIBIT MCR-1 | p. 148**

**Case No. 27-CR-22-22521**
State of MN vs Dennis Joseph Barry
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-02-15**
MCRO_27-CR-22-22521_Finding of Incompetency and Order_2023-02-15_20240429163112.pdf
File Hash:  c975ffd77e5a7c3fec104b891c33f6504b908df1930053b7523ffb8165ede3f7
Page: 2 of 5

weapons and facsimile firearms prohibited (Misdemeanor) arising from an incident alleged to have occurred on 09/10/2022.

3. On 01/11/2023, Judge Allyn ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

4. Dr. Gregory A. Hanson, Ph.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

5. Dr. Gregory A. Hanson, Ph.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Kaitlin Anderson, Assistant Hennepin County Attorney – Criminal Division;

    Joseph McInnis, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

2

---

**Case No. 27-CR-22-22963**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-06-01**
MCRO_27-CR-22-22963_Finding of Incompetency and Order_2023-06-01_20240429163939.pdf
File Hash:  2cdeed6c528997c9dbe260a8c4845f70611e38d7f7e8e31e9c1b5489225ad1f6
Page: 2 of 5

January 22, 2023. On August 9, 2022, Judge Gina Brandt found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On April 3, 2022, Judge Melissa Houghtaling ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Darren Borg, Assistant Hennepin County Attorney – Criminal Division;

    Cory Strecker, Assistant Hennepin County Attorney – Criminal Division;

    Hilary Minor, Assistant Hennepin County Attorney – Criminal Division;

    Chase Myhran, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

---

**Case No. 27-CR-22-23317**
State of MN vs Abdinour Mohamed Alasow
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-02-16**
MCRO_27-CR-22-23317_Finding of Incompetency and Order_2023-02-16_20240429164130.pdf
File Hash:  7ce28da91697109958d7f0514c22529b397d652456c0014e13b33f1417e79d9c
Page: 2 of 5

5. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    John Monnens, Assistant Hennepin County Attorney;

    Christopher Renz, Prosecuting Attorney for Metropolitan Airports Commission;

    Rebecca Noothed and Freya Whiting, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

2

**EXHIBIT MCR-1 | p. 149**

**Case No. 27-CR-22-22521**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-22-22521_Finding of Incompetency and Order_2023-02-15_20240429163112.pdf
File Hash:   c975ffd77e5a7c3fec104b891c33f6504b908df1930053b7523ffb8165ede3f7
Page: 3 of 5

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

3

**Case No. 27-CR-22-22963**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-22-22963_Finding of Incompetency and Order_2023-06-01_20240429163939.pdf
File Hash:   2cdeed6c528997c9dbe260a8c4845f70611e38d7f7e8e31e9c1b5489225ad1f6
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the criminal and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

3

**Case No. 27-CR-22-23317**
State of MN vs Abdinour Mohamed Alasow
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-16**
MCRO_27-CR-22-23317_Finding of Incompetency and Order_2023-02-16_20240429164130.pdf
File Hash:   7ce28da91697109958d7f0514c22529b397d652456c0014e13b33f1417e79d9c
Page: 3 of 5

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all

3

**EXHIBIT MCR-1 | p. 150**

**Case No. 27-CR-22-22521**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-02-15**
MCRO_27-CR-22-22521_Finding of Incompetency and Order_2023-02-15_20240429163112.pdf
File Hash:    c975ffd77e5a7c3fec104b891c33f6504b908df1930053b7523ffb8165ede3f7
Page: 4 of 5

**Case No. 27-CR-22-22963**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-06-01**
MCRO_27-CR-22-22963_Finding of Incompetency and Order_2023-06-01_20240429163939.pdf
File Hash:    2cdeed6c528997c9dbe260a8c4845f70611e38d7f7e8e31e9c1b5489225ad1f6
Page: 4 of 5

**Case No. 27-CR-22-23317**
State of MN vs Abdinour Mohamed Alasow
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-02-16**
MCRO_27-CR-22-23317_Finding of Incompetency and Order_2023-02-16_20240429164130.pdf
File Hash:    7ce28da916971099958d7d0514c22529b397d652456c0014e13b33f1417e79d9c
Page: 4 of 5

---

**Column 1 — Case No. 27-CR-22-22521**

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

4

**Column 2 — Case No. 27-CR-22-22963**

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending

4

**Column 3 — Case No. 27-CR-22-23317**

information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 15, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

4

**EXHIBIT MCR-1 | p. 151**

**Case No. 27-CR-22-22521**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-15**
MCRO_27-CR-22-22521_Finding of Incompetency and Order_2023-02-15_20240429163112.pdf
File Hash:   c975ffd77e5a7c3fec104b891c33f6504b908df1930053b7523ffb8165ede3f7
Page: 5 of 5

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 15, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Joseph McInnis, Assistant Hennepin County Public Defender;

    c. Kaitlin Anderson, Assistant Hennepin County Attorney;

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:        **BY THE COURT:**

_____      _____
Referee of District Court        Judge of District Court

5

---

**Case No. 27-CR-22-22963**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-22-22963_Finding of Incompetency and Order_2023-06-01_20240429163939.pdf
File Hash:   2cdeed6c528997c9dbe260a8c4845f70611e38d7f7e8e31e9c1b5489225ad1f6
Page: 5 of 5

the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 28, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Chase Myhran, Assistant Hennepin County Public Defender;

    c. Darren Borg, Assistant Hennepin County Attorney;

    d. Cory Strecker, Assistant Hennepin County Attorney;

    e. Hilary Minor, Assistant Hennepin County Attorney;

    f. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:        **BY THE COURT:**

_____      _____
Referee of District Court        Judge of District Court

5

---

**Case No. 27-CR-22-23317**
State of MN vs Abdinour Mohamed Alasow
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-16**
MCRO_27-CR-22-23317_Finding of Incompetency and Order_2023-02-16_20240429164130.pdf
File Hash:   7ce28da91697109958d7f0514c22529b397d652456c0014e13b33f1417e79d9c
Page: 5 of 5

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Rebecca Noothed, Assistant Hennepin County Public Defender;

    c. Freya Whiting, Assistant Hennepin County Public Defender;

    d. John Monnens, Assistant Hennepin County Attorney;

    e. Christopher Renz, Prosecuting Attorney for Metropolitan Airports Commission;

    f. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:        **BY THE COURT:**

_____      _____
Referee of District Court        Judge of District Court

5

**EXHIBIT MCR-1 | p. 152**

**Case No. 27-CR-22-24045**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-05-02**
MCRO_27-CR-22-24045_Finding of Incompetency and Order_2023-05-02_20240429164219.pdf
File Hash:    5fbdcce9b89968581195afe0e943d7fa5423f2e736317d170076a6a09b27ded6
Page: 1 of 5

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-22-21679, 27-CR-22-24045, 27-CR-23-385, 27-CR-23-5751, 27-CR-23-6188

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Referee/Judge of District Court on May 2, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney and Megan Griffin, Attorney with the City of Minneapolis, represented the plaintiffs. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor - GMD) and Public Urination (Misdemeanor – MSD) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged

**Case No. 27-CR-22-24627**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-03-08**
MCRO_27-CR-22-24627_Finding of Incompetency and Order_2023-03-08_20240429164355.pdf
File Hash:    fdd76adbf23a20bea09275ae3dc54cf1c2c5efcce4f2683e93f31ee63f400bf3
Page: 1 of 5

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Rex Allen Basswood, Jr.,

Defendant.

Court File No. 27-CR-20-6517, 27-CR-21-23131, 27-CR-22-24627

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Judge of District Court on March 7, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Chelsea Knutson, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 07/19/1989), was charged in MNCIS file 27-CR-20-6517 with Theft (Felony) arising from an incident alleged to have occurred on 02/06/2020; in MNCIS file 27-CR-21-23131 with Theft (Felony) arising from an incident alleged to have occurred on 12/14/2021; and in MNCIS file 27-CR-22-24627 with Simple Robbery (Felony) arising from an incident alleged to have occurred on 11/08/2022.

2. On 12/30/2022, Judge Michael Browne ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Adam A. Milz, PhD, LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**Case No. 27-CR-22-25134**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-02-22**
MCRO_27-CR-22-25134_Finding of Incompetency and Order_2023-02-22_20240429164457.pdf
File Hash:    c2b1efab1f9cfc0068ea321a74883d3c6002155800fd437ff289afc9230dab8b
Page: 1 of 5

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Carmen Bendu Greaves,

Defendant.

Court File No. 27-CR-21-23628, 27-CR-7797, 27-CR-22-9010, 27-CR-22-25134

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

This matter came before the undersigned Referee of District Court on February 21, 2023. The hearing was held remotely using the Zoom internet platform. Robert Sorenson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Madeline Baskfield, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 10/03/1978), was convicted in MNCIS file 27-CR-21-23628 with three felony charges.  Defendant was charged in MNCIS file 27-CR-22-7797 with Violate No Contact Order (Felony) arising from an incident alleged to have occurred on 04/22/2022. Defendant was charged in MNCIS file 27-CR-22-9010 with Violate No Contact Order (Felony) arising from an incident alleged to have occurred on 05/06/2022. Defendant was charged in 27-CR-22-25134 with Violate No Contact Order (Felony) and Domestic Abuse (Felony) arising from an incident alleged to have occurred on 12/14/2022.

2. On 01/18/2023, Referee Mercurio ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to

**EXHIBIT MCR-1 | p. 153**

**Case No. 27-CR-22-24045**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-22-24045_Finding of Incompetency and Order_2023-05-02_20240429164219.pdf
File Hash:   5fbdcce9b89968581195afe0e943d7fa5423f2e736317d170076a6a09b27ded6
Page: 2 of 5

to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree
Damage to Property (GMD) arising from an incident alleged to have occurred on March 9,
2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising
from an incident alleged to have occurred on January 27, 2022; in MNCIS file 27-CR-22-
21679 with Trespassing (MSD) arising from an incident alleged to have occurred on October
18, 2022; in MNCIS file 27-CR-22-24045 with Trespass (MSD) arising from an incident
alleged to have occurred on December 1, 2022; in MNCIS file 27-CR-23-385 with Trespass
(MSD) arising from an incident alleged to have occurred on November 24, 2022; in MNCIS
file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged
to have occurred on March 16, 2023; and in MNCIS file 27-CR-23-6188.

2. On March 28, 2023, Judge Dayton Klein ordered that Defendant undergo an evaluation to
assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court,
reviewed Defendant's records, interviewed Defendant, and filed a written report with this
Court.

Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court,
opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to
rationally consult with counsel; or lacks the ability to understand the proceedings or participate
in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be
dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to
competency to proceed. While suspended, the criminal court retains authority over the criminal
case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this
Order shall be filed with the Court within ten (10) days of the date of service.

Tom Arneson, Assistant Hennepin County Attorney – Criminal Division; and

2

---

**Case No. 27-CR-22-24627**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-22-24627_Finding of Incompetency and Order_2023-03-08_20240429164355.pdf
File Hash:   fdd76adbf23a20bea09275ae3dc54cf1c2c5efcce4f2683e93f31ee63f400bf3
Page: 2 of 5

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to
competency to proceed. While suspended, the criminal court retains authority over the criminal
case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this
Order shall be filed with the Court within ten (10) days of the date of service.

Daniel Provencher, Assistant Hennepin County Attorney – Criminal Division;

Chelsea Knutson, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition
screening pursuant to the Minnesota Commitment and Treatment Act and make a
recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a
recommendation in a written report supporting or not supporting civil commitment to the
Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five
(5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal
Complaint(s), and the underlying police report(s) along with its written recommendation to the
Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at
all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those
protected by Federal regulation or law. This Order grants the members of PSP access to the
records of any individual or entity that has provided observation, evaluation, diagnosis, care,
treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records
maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical
dependency evaluators and treatment providers; health clinics; medical centers and hospitals;
physicians; psychologists; mental health care providers; case managers; parole and probation

2

---

**Case No. 27-CR-22-25134**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-22**
MCRO_27-CR-22-25134_Finding of Incompetency and Order_2023-02-22_20240429164457.pdf
File Hash:   c2b1efab1f9cfc0068ea321a74883d3c6002155800fd437ff289afc9230dab8b
Page: 2 of 5

rationally consult with counsel; or lacks the ability to understand the proceedings or participate
in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to
competency to proceed. While suspended, the criminal court retains authority over the criminal
case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this
Order shall be filed with the Court within ten (10) days of the date of service.

Lisa Godon, Assistant Hennepin County Attorney – Criminal Division;

Madeline Baskfield, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition
screening pursuant to the Minnesota Commitment and Treatment Act and make a
recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a
recommendation in a written report supporting or not supporting civil commitment to the
Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five
(5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal
Complaint(s), and the underlying police report(s) along with its written recommendation to the
Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at
all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those
protected by Federal regulation or law. This Order grants the members of PSP access to the
records of any individual or entity that has provided observation, evaluation, diagnosis, care,
treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records
maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical

2

**EXHIBIT MCR-1 | p. 154**

**Case No. 27-CR-22-24045**
State of MN vs Lucas Patrick Kraskey
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-05-02**
MCRO_27-CR-22-24045_Finding of Incompetency and Order_2023-05-02_20240429164219.pdf
File Hash:    5fbdcce9b89968581195afe0e943d7fa5423f2e736317d170076a6a09b27ded6
Page: 3 of 5

Megan Griffin, City of Minneapolis Attorney

Susan Herlofsky, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

---

**Case No. 27-CR-22-24627**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-03-08**
MCRO_27-CR-22-24627_Finding of Incompetency and Order_2023-03-08_20240429164355.pdf
File Hash:    fdd76adbf23a20bea09275ae3dc54cf1c2c5efcce4f2683e93f31ee63f400bf3
Page: 3 of 5

agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10.  The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11.  Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order

3

---

**Case No. 27-CR-22-25134**
State of MN vs Carmen Bendu Greaves
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-02-22**
MCRO_27-CR-22-25134_Finding of Incompetency and Order_2023-02-22_20240429164457.pdf
File Hash:    c2b1efab1f9cfc0068ea321a74883d3c6002155800fd437ff289afc9230dab8b
Page: 3 of 5

dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10.  The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11.  Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received

3

**EXHIBIT MCR-1 | p. 155**

**Case No. 27-CR-22-24045**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-22-24045_Finding of Incompetency and Order_2023-05-02_20240429164219.pdf
File Hash:   5fbdcce9b89968581195afe0e943d7fa5423f2e736317d170076a6a09b27ded6
Page: 4 of 5

---

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

---

**Case No. 27-CR-22-24627**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-22-24627_Finding of Incompetency and Order_2023-03-08_20240429164355.pdf
File Hash:   fdd76adbf23a20bea09275ae3dc54cf1c2c5efcce4f2683e93f31ee63f400bf3
Page: 4 of 5

---

may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 5, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Chelsea Knutson, Assistant Hennepin County Public Defender;

    c. Daniel Provencher, Assistant Hennepin County Attorney;

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

---

**Case No. 27-CR-22-25134**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-22**
MCRO_27-CR-22-25134_Finding of Incompetency and Order_2023-02-22_20240429164457.pdf
File Hash:   c2b1efab1f9cfc0068ea321a74883d3c6002155800fd437ff289afc9230dab8b
Page: 4 of 5

---

in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 22, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Madeline Baskfield, Assistant Hennepin County Public Defender;

    c. Lisa Godon, Assistant Hennepin County Attorney;

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

**EXHIBIT MCR-1 | p. 156**

**Case No. 27-CR-22-24045**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-05-02**
MCRO_27-CR-22-24045_Finding of Incompetency and Order_2023-05-02_20240429164219.pdf
File Hash: 5fbdcce9b89968581195afe0e943d7fa5423f2e736317d170076a6a09b27ded6
Page: 5 of 5

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 31, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;
   b. Tom Arneson, Assistant Hennepin County Public Defender;
   c. Susan Herlofsky, Assistant Hennepin County Attorney;
   d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);
   e. Megan Griffin, City of Minneapolis Attorney; and
   f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:              **BY THE COURT:**

_____        _____
Referee of District Court            Judge of District Court

5

---

**Case No. 27-CR-22-24627**
State of MN vs Rex Allen Basswood, Jr.
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-03-08**
MCRO_27-CR-22-24627_Finding of Incompetency and Order_2023-03-08_20240429164355.pdf
File Hash: fdd76adbf23a20bea09275ae3dc54cf1c2c5efcce4f2683e93f31ee63f400bf3
Page: 5 of 5

   e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

---

**Case No. 27-CR-22-25134**
State of MN vs Carmen Bendu Greaves
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-02-22**
MCRO_27-CR-22-25134_Finding of Incompetency and Order_2023-02-22_20240429164457.pdf
File Hash: c2b1efab1f9cfc0068ea321a74883d3c6002155800fd437ff289afc9230dab8b
Page: 5 of 5

   e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:              **BY THE COURT:**

_____        _____
Referee of District Court            Judge of District Court

5

**EXHIBIT MCR-1 | p. 157**

**Case No. 27-CR-22-25134**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-05**
MCRO_27-CR-22-25134_Finding of Incompetency and Order_2024-03-05_20240429164453.pdf
File Hash:   80b459611307fb894888161ba5df9d00cea2bbecd24652289d51101a3ce4e527
Page: 1 of 5

---

**Case No. 27-CR-23-385**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-23-385_Finding of Incompetency and Order_2023-05-02_20240430071836.pdf
File Hash:   69aee13b27283ee64ab2f3fca4da451fadf43986c1a84db0c16ff44f1bf27d88
Page: 1 of 5

---

**Case No. 27-CR-23-512**
State of MN vs Abdinour Mohamed Alasow
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-16**
MCRO_27-CR-23-512_Finding of Incompetency and Order_2023-02-16_20240430071935.pdf
File Hash:   c7eb18871e56574ed2d1a3629b7d5a8deee69f9386f06da2fdcd60702744eda4
Page: 1 of 5

---

## Column 1 — Case No. 27-CR-22-25134

STATE OF MINNESOTA      DISTRICT COURT

COUNTY OF HENNEPIN    FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

     Plaintiff,

Court File No. 27-CR-21-23628; 27-CR-22-7797; 27-CR-22-9010; 27-CR-22-25134

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

Carmen Bendu Greaves,

     Defendant.

This matter came before the undersigned Judge of District Court on March 5, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Madeline Baskfield, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

### FINDINGS OF FACT

1. Defendant (date of birth 10/03/1978), was convicted in MNCIS file 27-CR-21-23628 with Burglary – 1st Degree (Felony), Domestic Abuse (Felony), and Violate No Contact Order (Felony) arising from an incident that occurred on December 22, 2021. Defendant was charged in MNCIS file 27-CR-22-7797 with Violate No Contact Order (Felony) arising from an incident alleged to have occurred on April 22, 2022; in MNCIS file 27-CR-22-9010 with Violate No Contact Order (Felony) arising from an incident that occurred on May 6, 2022; and in MNCIS file 27-CR-22-25134 with Violate No Contact Order (Felony) and Domestic Abuse (Felony) arising from an incident alleged to have occurred on December 14, 2022.

2. On February 2, 2024, Judge Jean Burdorf ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Catherine A. Carlson, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

---

## Column 2 — Case No. 27-CR-23-385

STATE OF MINNESOTA      DISTRICT COURT

COUNTY OF HENNEPIN    FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

     Plaintiff,

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-22-21679, 27-CR-22-24045, 27-CR-23-385, 27-CR-23-5751, 27-CR-23-6188

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

Lucas Patrick Kraskey,

     Defendant.

This matter came before the undersigned Referee/Judge of District Court on May 2, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney and Megan Griffin, Attorney with the City of Minneapolis, represented the plaintiffs. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

### FINDINGS OF FACT

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor - GMD) and Public Urination (Misdemeanor – MSD) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged

---

## Column 3 — Case No. 27-CR-23-512

STATE OF MINNESOTA      DISTRICT COURT

COUNTY OF HENNEPIN    FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

     Plaintiff,

Court File No. 27-CR-22-21925, 27-CR-22-23317, 27-CR-23-512

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

Abdinour Mohamed Alasow,

     Defendant.

This matter came before the undersigned Referee of District Court on February 14, 2023. The hearing was held remotely using the Zoom internet platform. Robert Sorenson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

### FINDINGS OF FACT

1. Defendant (date of birth 01/01/1997), was charged in MNCIS file 27-CR-22-21925 with Trespass (Gross Misdemeanor) and Interfere with Privacy (Gross Misdemeanor) arising from an incident alleged to have occurred on 04/15/2022. Defendant was charged in MNCIS file 27-CR-23-512 with Trespass (Gross Misdemeanor) and Indecent Exposure (Misdemeanor) arising from an incident alleged to have occurred on 01/05/2023. On 01/09/2023, Judge Siegesmund found probable cause to believe that the offenses were committed, and that Defendant committed them.

2. Defendant was also charged in MNCIS file 27-CR-22-23317 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on 08/04/2022.

3. On 01/09/2023, Judge Siegesmund ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

4. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

---

**Case No. 27-CR-22-25134**
State of MN vs Carmen Bendu Greaves
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2024-03-05**
MCRO_27-CR-22-25134_Finding of Incompetency and Order_2024-03-05_20240429164453.pdf
File Hash: 80b459611307fb894888161ba5df9d00cea2bbecd24652289d51101a3ce4e527
Page: 2 of 5

4. Dr. Catherine A. Carlson, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Joshua Luger, Assistant Hennepin County Attorney – Criminal Division;

    Madeline Baskfield, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care,

2

---

**Case No. 27-CR-23-385**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-05-02**
MCRO_27-CR-23-385_Finding of Incompetency and Order_2023-05-02_20240307017836.pdf
File Hash: 69aee13b27283ee64ab2f3fca4da451fadf43986c1a84db0c16ff44f1bf27d88
Page: 2 of 5

to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (GMD) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; in MNCIS file 27-CR-22-21679 with Trespassing (MSD) arising from an incident alleged to have occurred on October 18, 2022; in MNCIS file 27-CR-22-24045 with Trespass (MSD) arising from an incident alleged to have occurred on December 1, 2022; in MNCIS file 27-CR-23-385 with Trespass (MSD) arising from an incident alleged to have occurred on November 24, 2022; in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023; and in MNCIS file 27-CR-23-6188.

2. On March 28, 2023, Judge Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

    Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Tom Arneson, Assistant Hennepin County Attorney – Criminal Division; and

2

---

**Case No. 27-CR-23-512**
State of MN vs Abdinour Mohamed Alasow
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-02-16**
MCRO_27-CR-23-512_Finding of Incompetency and Order_2023-02-16_20240300071935.pdf
File Hash: c7eb18871e56574ed2d1a3629b7d5a8deee69f9386f06da2fdcd60702744eda4
Page: 2 of 5

5. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    John Monnens, Assistant Hennepin County Attorney;

    Christopher Renz, Prosecuting Attorney for Metropolitan Airports Commission;

    Rebecca Noothed and Freya Whiting, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

2

**EXHIBIT MCR-1 | p. 159**

**Case No. 27-CR-22-25134**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-05**
MCRO_27-CR-22-25134_Finding of Incompetency and Order_2024-03-05_20240429164453.pdf
File Hash:   80b459611307fb894888161ba5df9d00ea2bbecd24652289d51101a3ce4e527
Page: 3 of 5

treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours.

3

---

**Case No. 27-CR-23-385**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-23-385_Finding of Incompetency and Order_2023-05-02_20240430071836.pdf
File Hash:   69aee13b27283ee64ab2f3fca4da451fadf43986c1a84db0c16ff44f1bf27d88
Page: 3 of 5

Megan Griffin, City of Minneapolis Attorney

Susan Herlofsky, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

---

**Case No. 27-CR-23-512**
State of MN vs Abdinour Mohamed Alasow
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-16**
MCRO_27-CR-23-512_Finding of Incompetency and Order_2023-02-16_20240430071935.pdf
File Hash:   c7eb18871e56574ed2d1a3629b7d5a8deee69f9386f06da2fdcd60702744eda4
Page: 3 of 5

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all

3

**EXHIBIT MCR-1 | p. 160**

**Case No. 27-CR-22-25134**
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-05**
MCRO_27-CR-22-25134_Finding of Incompetency and Order_2024-03-05_20240429164453.pdf
File Hash:   80b459611307fb894888161ba5df9d00cea2bbecd24652289d51101a3ce4e527
Page: 4 of 5

---

This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 3, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Madeline Baskfield, Assistant Hennepin County Public Defender;

   c. Joshua Luger, Assistant Hennepin County Attorney;

4

---

**Case No. 27-CR-23-385**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-23-385_Finding of Incompetency and Order_2023-05-02_20240430071836.pdf
File Hash:   69aee13b27283ee64ab2f3fca4da451fadf43986c1a84db0c16ff44f1bf27d88
Page: 4 of 5

---

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

---

**Case No. 27-CR-23-512**
State of MN vs Abdinour Mohamed Alasow
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-02-16**
MCRO_27-CR-23-512_Finding of Incompetency and Order_2023-02-16_20240430071935.pdf
File Hash:   c7eb18871e56574ed2d1a3629b7d5a8deee69f936f06da2fdcd60702744eda4
Page: 4 of 5

---

information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 15, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

4

---

**EXHIBIT MCR-1 | p. 161**

**Case No. 27-CR-22-25134**
State of MN vs Carmen Bendu Greaves
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2024-03-05**
MCRO_27-CR-22-25134_Finding of Incompetency and Order_2024-03-05_20240429164453.pdf
File Hash:    80b459611307fb894888161ba5df9d00cea2bbecd24652289d51101a3ce4e527
Page: 5 of 5

**Case No. 27-CR-23-385**
State of MN vs Lucas Patrick Kraskey
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-05-02**
MCRO_27-CR-23-385_Finding of Incompetency and Order_2023-05-02_20240430071836.pdf
File Hash:    69aee13b27283ee64ab2f3fca4da451fadf43986c1a84db0c16ff44f1bf27d88
Page: 5 of 5

**Case No. 27-CR-23-512**
State of MN vs Abdinour Mohamed Alasow
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-02-16**
MCRO_27-CR-23-512_Finding of Incompetency and Order_2023-02-16_20240430071935.pdf
File Hash:    c7eb18871e56574ed2d1a3629b7d5a8deee69f9386f06da2fdcd60702744eda4
Page: 5 of 5

---

**Column 1 (Case No. 27-CR-22-25134):**

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

BY THE COURT:

Browne, Michael
Mar 5 2024 1:12 PM
_____
Judge of District Court

5

---

**Column 2 (Case No. 27-CR-23-385):**

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 31, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Tom Arneson, Assistant Hennepin County Public Defender;

    c. Susan Herlofsky, Assistant Hennepin County Attorney;

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. Megan Griffin, City of Minneapolis Attorney; and

    f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

_____    _____
Referee of District Court      Judge of District Court

5

---

**Column 3 (Case No. 27-CR-23-512):**

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Rebecca Noothed, Assistant Hennepin County Public Defender;

    c. Freya Whiting, Assistant Hennepin County Public Defender;

    d. John Monnens, Assistant Hennepin County Attorney;

    e. Christopher Renz, Prosecuting Attorney for Metropolitan Airports Commission;

    f. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:      **BY THE COURT:**

_____    _____
Referee of District Court      Judge of District Court

5

**EXHIBIT MCR-1 | p. 162**

**Case No. 27-CR-23-2480**
State of MN vs Sandra Vongsaphay
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-23-2480_Finding of Incompetency and Order_2023-03-08_20240430072640.pdf
File Hash:   0de990454f3f68ba743c9383d2269b7eced1721500ac0872e0ace429a1886931
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Court File No. 27-CR-23-2480

Plaintiff,

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

vs.

Sandra Vongsaphay,

Defendant.

This matter came before the undersigned Judge of District Court on March 7, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/01/1981) was charged in MNCIS 27-CR-23-2480 with 2nd Degree Burglary (Felony) and Financial Transaction Card Fraud (Gross Misdemeanor) arising from an incident alleged to have occurred on 01/30/2023.  On 02/02/2023, Judge Allyn found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On 02/02/2022, Judge Allyn ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Gregory Hanson, Ph.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Gregory Hanson, Ph.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

---

**Case No. 27-CR-23-2480**
State of MN vs Sandra Vongsaphay
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-04-04**
MCRO_27-CR-23-2480_Finding of Incompetency and Order_2024-04-04_20240430072631.pdf
File Hash:   f80be50c533dd948cc53198c47906ccac4c685a742f88e6156d7b630fcab2a96
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Court File No. 27-CR-21-5142; 27-CR-22-
18824; 27-CR-23-2480; 27-CR-23-16937

Plaintiff,

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

vs.

Sandra Vongsaphay,

Defendant.

This matter came before the undersigned Judge of District Court on April 2, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Christine Irfanullah, Assistant Hennepin County Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/01/1981), was charged in MNCIS file 27-CR-21-5142 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on January 26, 2021; in MNCIS file 27-CR-22-18824 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on September 19, 2022; in MNCIS file 27-CR-23-2480 with Burglary – 2nd Degree (Felony) and Financial Transaction Card Fraud – Use – No Consent (Gross Misdemeanor) arising from an incident alleged to have occurred on January 30, 2023; and in MNCIS file 27-CR-23-16937 with Drugs – 5th Degree (Felony) and Theft (Misdemeanor) arising from an incident alleged to have occurred on August 8, 2023.  In the former case, on September 21, 2022, Judge Luis Bartolomei found probable cause to believe that the offense was committed and that Defendant committed it.

2. On February 27, 2024, Judge Mark Kappelhoff ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

---

**Case No. 27-CR-3-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-12-11**
MCRO_27-CR-3-3198_Finding of Incompetency and Order_2023-12-11_20240430072731.pdf
File Hash:   1445e98e4ea0b554ac3ca34abbc06471665df6a65cd7c1cf8534d045acec18d4
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Court File No. 27-CR-23-3198; 27-CR-21-
19577

Plaintiff,

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

vs.

Aaron Dashaun Cherry
a/k/a Aaron D. Cherry
a/k/a Aaron Deshaun Cherry,

Defendant.

This matter came before the undersigned Referee of District Court on November 17, 2023. The hearing was held remotely using the Zoom internet platform. Joshua Luger, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Chelsea Knutson, Esq.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/19/1994), was charged in MNCIS file 27-CR-23-3198 with Violate No Contact Order (Felony), and Domestic Assault (Felony), arising from an incident alleged to have occurred on February 8, 2023. Defendant was also charged with Domestic Assault (Felony), arising from an incident alleged to have occurred on October 18, 2021. On March 6, 2023, Judge Koch found probable cause to believe that the offenses were committed, and that Defendant committed them.

2. On July 31, 2023, Judge Koch ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Lauren A. Herbert, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

**EXHIBIT MCR-1 | p. 163**

**Case No. 27-CR-23-2480**
State of MN vs Sandra Vongsaphay
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-23-2480_Finding of Incompetency and Order_2023-03-08_20240430072640.pdf
File Hash:   0de990454f3f68ba743c9383d2269b7eced1721500ac0872e0ace429a1886931
Page: 2 of 5

**Case No. 27-CR-23-2480**
State of MN vs Sandra Vongsaphay
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-04-04**
MCRO_27-CR-23-2480_Finding of Incompetency and Order_2024-04-04_20240430072631.pdf
File Hash:   f80be50c533dd948cc53198c47906ccac4c685a742f88e6156d7b630fcab2a96
Page: 2 of 5

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-12-11**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-11_20240430072731.pdf
File Hash:   1445e98e4ea0b554ac3ca34abbc06471665df6a65cd7c1cf8534d045acec18d4
Page: 2 of 5

---

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Thomas Manewitz, Assistant Hennepin County Attorney – Criminal Division;

   Alicia Granse, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation

2

3. Dr. Amanda Powers, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amanda Powers, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Mawerdi Hamid, Assistant Hennepin County Attorney – Criminal Division;

   Thomas Manewitz, Assistant Hennepin County Attorney – Criminal Division;

   Christine Irfanullah, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

2

4. A contested competency hearing was held on November 17, 2023, and Referee Skibbie determined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Joshua Luger, Assistant Hennepin County Attorney – Criminal Division;

   Chelsea Knutson, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care,

2

**EXHIBIT MCR-1 | p. 164**

**Case No. 27-CR-23-2480**
State of MN vs Sandra Vongsaphay
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-23-2480_Finding of Incompetency and Order_2023-03-08_20240430072640.pdf
File Hash:   0de990454f3f68ba743c9383d2269b7eced1721500ac0872e0ace429a1886931
Page: 3 of 5

agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order

3

---

**Case No. 27-CR-23-2480**
State of MN vs Sandra Vongsaphay
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-04-04**
MCRO_27-CR-23-2480_Finding of Incompetency and Order_2024-04-04_20240430072631.pdf
File Hash:   f80be50c533dd948cc53198c47906ccac4c685a742f88e6156d7b630fcab2a96
Page: 3 of 5

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of

3

---

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-12-11**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-11_20240430072731.pdf
File Hash:   1445e98e4ea0b554ac3ca34abbc06471665df6a65cd7c1cf8534d045acec18d4
Page: 3 of 5

treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours.

3

**EXHIBIT MCR-1 | p. 165**

Case No. 27-CR-23-2480
State of MN vs Sandra Vongsaphay
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-23-2480_Finding of Incompetency and Order_2023-03-08_20240430072640.pdf
File Hash:   0de990454f3f68ba743c9383d2269b7eced1721500ac0872e0ace429a1886931
Page: 4 of 5

may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 5, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Alicia Granse, Assistant Hennepin County Public Defender;

   c. Thomas Manewitz, Assistant Hennepin County Attorney;

   d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

Case No. 27-CR-23-2480
State of MN vs Sandra Vongsaphay
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-04-04**
MCRO_27-CR-23-2480_Finding of Incompetency and Order_2024-04-04_20240430072631.pdf
File Hash:   f80be50c533dd948cc53198c47906ccac4c685a742f88e6156d7b630fcab2a96
Page: 4 of 5

this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 1, 2024.  One week

4

Case No. 27-CR-23-3198
State of MN vs AARON DASHAUN CHERRY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-12-11**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-11_20240430072731.pdf
File Hash:   1445e98e4ea0b554ac3ca34abbc06471665df6a65cd7c1cf8534d045acec18d4
Page: 4 of 5

This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is June 18, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Chelsea Knutson, Assistant Hennepin County Public Defender;

   c. Joshua Luger, Assistant Hennepin County Attorney;

4

**EXHIBIT MCR-1 | p. 166**

**Case No. 27-CR-23-2480**
State of MN vs Sandra Vongsaphay
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-08**
MCRO_27-CR-23-2480_Finding of Incompetency and Order_2023-03-08_20240430072640.pdf
File Hash:      0de990454f3f68ba743c9383d2269b7eced1721500ac0872e0ace429a1886931
Page: 5 of 5

e.  The Commitment Defense Panel attorney appointed to represent Defendant by the
Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and
the underlying police report(s) shall be delivered via email to the Prepetition Screening
Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

---

**Case No. 27-CR-23-2480**
State of MN vs Sandra Vongsaphay
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-04-04**
MCRO_27-CR-23-2480_Finding of Incompetency and Order_2024-04-04_20240430072631.pdf
File Hash:      f80be50c533dd948cc53198c47906ccac4c685a742f88e6156d7b630fcab2a96
Page: 5 of 5

prior to that date, reports regarding Defendant's competency and mental status shall be e-filed
and e-served to:

a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

b.  Christine Irfanullah, Assistant Hennepin County Public Defender;

c.  Mawerdi Hamid, Assistant Hennepin County Attorney;

d.  Thomas Manewitz, Assistant Hennepin County Attorney;

e.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a
commitment is ordered);

f.  The Commitment Defense Panel attorney appointed to represent Defendant by the
Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and
the underlying police report(s) shall be delivered via email to the Prepetition Screening
Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

**Dated:** April 4, 2024

_____
Judge of District Court

5

---

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-12-11**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-11_20240430072731.pdf
File Hash:      1445e98e4ea0b554ac3ca34abbc06471665df6a65cd7c1cf8534d045acec18d4
Page: 5 of 5

d.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a
commitment is ordered);

e.  The Commitment Defense Panel attorney appointed to represent Defendant by the
Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and
the underlying police report(s) shall be delivered via email to the Prepetition Screening
Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                           **BY THE COURT:**

_____        _____
Referee of District Court                            Judge of District Court

5

**EXHIBIT MCR-1 | p. 167**

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-03-22**
MCRO_27-CR-23-3459_Finding of Incompetency and Order_2023-03-22_20240430072906.pdf
File Hash:    a56a45d08106f3b4816458aa2be97ed4fa7c2c9842131ec5708b644077726 58f
Page: 1 of 5

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-03-22**
MCRO_27-CR-23-3460_Finding of Incompetency and Order_2023-03-22_20240430072943.pdf
File Hash:    89253c14549da70c8f9deafa9c6ccb50b904d428cb930bf27c2ffe339b3fc5b2
Page: 1 of 5

**Case No. 27-CR-23-3496**
State of MN vs ABDULKADIR ELMI EGAL
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-03-22**
MCRO_27-CR-23-3496_Finding of Incompetency and Order_2023-03-22_20240430073021.pdf
File Hash:    883dcdfeaed896784393a46f890f1af96efd8b7433d0c3a07a81ddd6cc5c3dac
Page: 1 of 5

---

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |
| | **CRIMINAL DIVISION** |

State of Minnesota,

Court File No. 27-CR-23-3459,
27-CR-23-3460

Plaintiff,

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

vs.

Muad Abdulkadir,

Defendant.

This matter came before the undersigned Referee of District Court on March 21, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant did not appear and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender. At the time of the hearing, a deputy indicated that Respondent was unable to appear via Zoom from his cell due to his disorganized and disruptive behavior.  Respondent was excused from the hearing for good cause due to his disruptive behavior.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/01/1994, was charged in MNCIS file 27-CR-23-3459 with 1st Degree Aggravated Robbery (Felony) and in MNCIS file 27-CR-23-3460 with 2nd Degree Assault (Felony) and Threats of Violence (Felony) arising from an incident alleged to have occurred on 02/11/2023.  On 02/16/2023, Judge Hilary Caligiuri found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On 02/16/2023, Judge Hilary Caligiuri ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. John Anderson, Ph.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

---

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |
| | **CRIMINAL DIVISION** |

State of Minnesota,

Court File No. 27-CR-23-3459,
27-CR-23-3460

Plaintiff,

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

vs.

Muad Abdulkadir,

Defendant.

This matter came before the undersigned Referee of District Court on March 21, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant did not appear and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender. At the time of the hearing, a deputy indicated that Respondent was unable to appear via Zoom from his cell due to his disorganized and disruptive behavior.  Respondent was excused from the hearing for good cause due to his disruptive behavior.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/01/1994, was charged in MNCIS file 27-CR-23-3459 with 1st Degree Aggravated Robbery (Felony) and in MNCIS file 27-CR-23-3460 with 2nd Degree Assault (Felony) and Threats of Violence (Felony) arising from an incident alleged to have occurred on 02/11/2023.  On 02/16/2023, Judge Hilary Caligiuri found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On 02/16/2023, Judge Hilary Caligiuri ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. John Anderson, Ph.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

---

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |
| | **CRIMINAL DIVISION** |

State of Minnesota,

Court File No. 27-CR-23-3496;
27-CR-23-1557

Plaintiff,

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

vs.

Abdulkadir Elmi Egal,

Defendant.

This matter came before the undersigned Referee of District Court on March 21, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Megan Griffin, Minneapolis City Attorney, represented the plaintiff in 27-CR-23-1557 and agreed to have the findings applied to that case. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender. Also present was Sahil Kahin, Somali language interpreter.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 01/01/1957), was charged in MNCIS file 27-CR-23-3496 with 2nd Degree Assault (Felony) arising from an incident alleged to have occurred on February 10, 2023.  On February 15, 2023, Judge Caligiuri found probable cause to believe that the offense(s) was committed and that Defendant committed it.

2. Defendant was charged in MNCIS file 27-CR-23-1557 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on January 19, 2023.

3. On February 15, 2023, Judge Caligiuri ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

4. Dr. Dawn M. Peuschold, Ph.D., ABPP, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

---

**EXHIBIT MCR-1 | p. 168**

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-3459_Finding of Incompetency and Order_2023-03-22_20240430072906.pdf
File Hash:    a56a45d08106f3b4816458aa2be97ed44fa7c2c9842131ec5708b644077726658f
Page: 2 of 5

4.  Dr. John Anderson, Ph.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Thomas Prochazka, Assistant Hennepin County Attorney – Criminal Division;

    Douglas Biglow, Attorney for Defendant

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care,

2

---

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-3460_Finding of Incompetency and Order_2023-03-22_20240430072943.pdf
File Hash:    89253c14549da70c8f9deafa9c6ccb50b904d428cb930bf27c2ffe339b3fc5b2
Page: 2 of 5

4.  Dr. John Anderson, Ph.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Thomas Prochazka, Assistant Hennepin County Attorney – Criminal Division;

    Douglas Biglow, Attorney for Defendant

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care,

2

---

**Case No. 27-CR-23-3496**
State of MN vs ABDULKADIR ELMI EGAL
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-3496_Finding of Incompetency and Order_2023-03-22_20240430073021.pdf
File Hash:    883dcdfeaed896784393a46f890f1af96efd8b7433d0c3a07a81add6cc5c3dac
Page: 2 of 5

5.  Dr. Dawn M. Peuschold, Ph.D., ABPP, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1.  The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    David Romaker, Assistant Hennepin County Attorney – Criminal Division;

    Bernice Hodge, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the

2

**EXHIBIT MCR-1 | p. 169**

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-3459_Finding of Incompetency and Order_2023-03-22_20240430072906.pdf
File Hash:      a56a45d08106f3b4816458aa2be97ed44fa7c2c9842131ec5708b64407772658f
Page: 3 of 5

---

treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours.

3

---

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-3460_Finding of Incompetency and Order_2023-03-22_20240430072943.pdf
File Hash:      89253c14549da70c8f9deafa9c6ccb50b904d428cb930bf27c2ffe339b3fc5b2
Page: 3 of 5

---

treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours.

3

---

**Case No. 27-CR-23-3496**
State of MN vs ABDULKADIR ELMI EGAL
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-3496_Finding of Incompetency and Order_2023-03-22_20240430073021.pdf
File Hash:      883dcdfeaed896784393a46f890f1af96efd8b7433d0c3a07a81ddd6cc5c3dac
Page: 3 of 5

---

records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security,

3

**EXHIBIT MCR-1 | p. 170**

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   2023-03-22
MCRO_27-CR-23-3459_Finding of Incompetency and Order_2023-03-22_20240430072906.pdf
File Hash:   a56a45d08106f3b4816458aa2be97ed44fa7c2c9842131ec5708b64407772658f
Page: 4 of 5

---

This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 19, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Douglas Biglow, Attorney for Defendant;

   c. Thomas Prochazka, Assistant Hennepin County Attorney;

4

---

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   2023-03-22
MCRO_27-CR-23-3460_Finding of Incompetency and Order_2023-03-22_20240430072943.pdf
File Hash:   89253c14549da70c8f9deafa9c6ccb50b904d428cb930bf27c2ffe339b3fc5b2
Page: 4 of 5

---

This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 19, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Douglas Biglow, Attorney for Defendant;

   c. Thomas Prochazka, Assistant Hennepin County Attorney;

4

---

**Case No. 27-CR-23-3496**
State of MN vs ABDULKADIR ELMI EGAL
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   2023-03-22
MCRO_27-CR-23-3496_Finding of Incompetency and Order_2023-03-22_20240430073021.pdf
File Hash:   883dcdfeaed896784393a46f890f1af96efd8b7433d0c3a07a81ddd6cc5c3dac
Page: 4 of 5

---

employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 19, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Bernice Hodge, Assistant Hennepin County Public Defender;

4

**EXHIBIT MCR-1 | p. 171**

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-3459_Finding of Incompetency and Order_2023-03-22_20240430072906.pdf
File Hash:      a56a45d08106f3b4816458aa2be97ed4fa7c2c9842131ec5708b64407772658f
Page: 5 of 5

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:        **BY THE COURT:**

_____      _____
Referee of District Court        Judge of District Court

5

---

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-3460_Finding of Incompetency and Order_2023-03-22_20240430072943.pdf
File Hash:      89253c14549da70c8f9deafa9c6ccb50b904d428cb930bf27c2ffe339b3fc5b2
Page: 5 of 5

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:        **BY THE COURT:**

_____      _____
Referee of District Court        Judge of District Court

5

---

**Case No. 27-CR-23-3496**
State of MN vs ABDULKADIR ELMI EGAL
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-03-22**
MCRO_27-CR-23-3496_Finding of Incompetency and Order_2023-03-22_20240430073021.pdf
File Hash:      883dcdfeaed896784393a46f890f1af96efd8b7433d0c3a07a81ddd6cc5c3dac
Page: 5 of 5

    c. David Romaker, Assistant Hennepin County Attorney – Criminal Division;

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:        **BY THE COURT:**

_____      _____
Referee of District Court        Judge of District Court

5

**EXHIBIT MCR-1 | p. 172**

**Case No. 27-CR-23-5213**
State of MN vs MARK ANTHONY REINHART
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-04-13**
MCRO_27-CR-23-5213_Finding of Incompetency and Order_2023-04-13_20240430073156.pdf
File Hash:   e25deddb7103b222d00d4310fbbcc5663c8cda4a345107b638a17f711d5f3ccb
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Mark Anthony Reinhart,

Defendant.

Court File No. 27-CR-22-7578; 27-CR-22-8532; 27-CR-22-9449; 27-CR-22-10914; 27-CR-22-11384; 27-CR-22-13185; 27-CR-22-14723; 27-CR-23-2104; 27-CR-23-5213

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on April 11, 2023. The hearing was held remotely using the Zoom internet platform. Heidi Johnson, Minneapolis City Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Shawna Kosel, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 02/10/1962) was charged in MNCIS file 27-CR-22-13185 with Indecent Exposure/Lewdness (Gross Misdemeanor) and Indecent Exposure-Public Place, Indecent Conduct, and Disorderly Conduct (Misdemeanors) arising from an incident alleged to have occurred on July 5, 2022; MNCIS file 27-CR-22-14723 with Trespass (Gross Misdemeanor) and Disorderly Conduct (Misdemeanor) arising from an incident alleged to have occurred on June 21, 2022; MNCIS file 27-CR-23-5213 with Trespass on Critical Public Service Facilities, Pipeline, Utility (Gross Misdemeanor) and No person shall urinate or defecate except in comfort stations (Misdemeanor) arising from an incident alleged to have occurred on March 8, 2023; MNCIS file 27-CR-22-7578 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on April 21, 2022; MNCIS file 27-CR-22-8532 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on May 4, 2022; MNCIS file 27-CR-22-9449 with Disorderly Conduct (Misdemeanor) arising from an incident alleged to have occurred on May 17, 2022; MNCIS file 27-CR-22-10914 with Disorderly Conduct (Misdemeanor) arising from an incident alleged to have occurred on June 7, 2022;

---

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-23-5751_Finding of Incompetency and Order_2023-05-02_20240430073242.pdf
File Hash:   7c17915e47dd8cb5ccd6bc77b0c8e3ad7bc6bb4807aa9208015f13085bd23d84
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-22-21679, 27-CR-22-24045, 27-CR-23-385, 27-CR-23-5751, 27-CR-23-6188

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee/Judge of District Court on May 2, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney and Megan Griffin, Attorney with the City of Minneapolis, represented the plaintiffs. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor - GMD) and Public Urination (Misdemeanor – MSD) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged

---

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-23-5751_Finding of Incompetency and Order_2023-11-01_20240430073239.pdf
File Hash:   9873c39586a16ef511766642e39d8ed3ad7681364f9b27d8daf36df8a844e7d
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Lucas Patrick Kraskey,

Defendant.

Court File No. 27-CR-21-6904, 27-CR-21-8067, 27-CR-21-8227, 27-CR-21-8228, 27-CR-21-8229, 27-CR-21-8230, 27-CR-21-8511, 27-CR-22-17300, 27-CR-23-5751

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on October 31, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Megan Griffin, Assistant Minneapolis City Attorney, also represented the plaintiff. Defendant was represented by Andrew J. Reiland, II, Assistant Hennepin County Public Defender. Prior to the time of the hearing, the parties agreed to the Court handling this matter administratively, without the need for appearances.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/01/1984), was charged in MNCIS file 27-CR-21-6904 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 29, 2021; in MNCIS file 27-CR-21-8067 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 25, 2021; in MNCIS file 27-CR-21-8227 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 24, 2021; in MNCIS file 27-CR-21-8228 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8229 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 15, 2021; in MNCIS file 27-CR-21-8230 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on February

**EXHIBIT MCR-1 | p. 173**

**Case No. 27-CR-23-5213**
State of MN vs MARK ANTHONY REINHART
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-13**
MCRO_27-CR-23-5213_Finding of Incompetency and Order_2023-04-13_20240430073156.pdf
File Hash:   e25deddb7103b222d00d4310fbbcc5663c8cda4a345107b638a17f711d5f3ccb
Page: 2 of 5

MNCIS file 27-CR-22-11384 with Public Urination Prohibited and Disorderly Conduct (Misdemeanors) arising from an incident alleged to have occurred on June 12, 2022; MNCIS file 27-CR-23-2104 with Theft (Misdemeanor) arising from an incident alleged to have occurred on January 26, 2023. On March 9, 2023, Judge Bev Benson found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On March 9, 2023, Judge Bev Benson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The prosecutor has thirty (30) days from filing of this Order to file a Notice of Intent to Prosecute the gross misdemeanor charges. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

Heidi Johnston, Minneapolis City Attorney – Criminal Division;

Bloomington City Attorney;

Christopher Renz, Attorney for Metropolitan Airports Commission;

Shawna Kosel, Assistant Hennepin County Public Defender

2

---

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-23-5751_Finding of Incompetency and Order_2023-05-02_20240430073242.pdf
File Hash:   7c17915e47dd8cb5ccd6bc77b0c8e3ad7bc6bb4807aa9208015f13085bd23d84
Page: 2 of 5

to have occurred on February 23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (GMD) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; in MNCIS file 27-CR-22-21679 with Trespassing (MSD) arising from an incident alleged to have occurred on October 18, 2022; in MNCIS file 27-CR-22-24045 with Trespass (MSD) arising from an incident alleged to have occurred on December 1, 2022; in MNCIS file 27-CR-23-385 with Trespass (MSD) arising from an incident alleged to have occurred on November 24, 2022; in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023; and in MNCIS file 27-CR-23-6188.

2. On March 28, 2023, Judge Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

Dr. Kristen A. Otte, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

Tom Arneson, Assistant Hennepin County Attorney – Criminal Division; and

2

---

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-23-5751_Finding of Incompetency and Order_2023-11-01_20240430073239.pdf
File Hash:   9873c39586a16ef511766642e39d8ed3ad7681364f9b27cd8daf36df8a844e7d
Page: 2 of 5

23, 2021; in MNCIS file 27-CR-21-8511 with 3rd Degree Damage to Property (Gross Misdemeanor) arising from an incident alleged to have occurred on March 9, 2021; in MNCIS file 27-CR-22-17300 with 1st Degree Damage to Property (Felony) arising from an incident alleged to have occurred on January 27, 2022; and in MNCIS file 27-CR-23-5751 with 5th Degree Drug Possession (Felony) arising from an incident alleged to have occurred on March 16, 2023.

2. On August 22, 2023, Judge Julia Dayton Klein ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen A. Otte, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

Darren Borg, Assistant Hennepin County Attorney – Criminal Division;

Christopher Freeman, Assistant Hennepin County Attorney – Criminal Division;

Heidi Johnston, Minneapolis City Attorney;

Andrew Reiland, II, Assistant Hennepin County Public Defender

2

**EXHIBIT MCR-1 | p. 174**

**Case No. 27-CR-23-5213**
State of MN vs MARK ANTHONY REINHART
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-13**
MCRO_27-CR-23-5213_Finding of Incompetency and Order_2023-04-13_20240430073156.pdf
File Hash:   e25deddb7103b222d00d4310fbbcc5663c8cda4a345107b638a17f711d5f3cccb
Page: 3 of 5

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure

3

---

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-23-5751_Finding of Incompetency and Order_2023-05-02_20240430073242.pdf
File Hash:   7c17915e47dd8cb5ccd6bc77b0c8e3ad7bc6bb4807aa9208015f13085bd23d84
Page: 3 of 5

Megan Griffin, City of Minneapolis Attorney

Susan Herlofsky, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

---

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-23-5751_Finding of Incompetency and Order_2023-11-01_20240430073239.pdf
File Hash:   9873c39586a16ef511766642e39d8ed3ad768136449fb27cd8daf36df8a844e7d
Page: 3 of 5

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous

3

---

**EXHIBIT MCR-1 | p. 175**

**Case No. 27-CR-23-5213**
State of MN vs MARK ANTHONY REINHART
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-04-13**
MCRO_27-CR-23-5213_Finding of Incompetency and Order_2023-04-13_20240430073156.pdf
File Hash:    e25deddb7103b222d00d4310fbbcc5663c8cda4a345107b638a17f711d5f3ccb
Page: 4 of 5

facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least fourteen (14) days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed;

4

---

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-05-02**
MCRO_27-CR-23-5751_Finding of Incompetency and Order_2023-05-02_20240430073242.pdf
File Hash:    7c17915e47dd8cb5ccd6bc77b0c8e3ad7bc6bb4807aa9208015f13085bd23d84
Page: 4 of 5

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended

4

---

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:    **2023-11-01**
MCRO_27-CR-23-5751_Finding of Incompetency and Order_2023-11-01_20240430073239.pdf
File Hash:    9873c39586a16ef511766642e39d8ed3ad7681364f9b27d8daf36df8a844e7d
Page: 4 of 5

to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 30, 2024.  One week prior to that date, reports regarding Defendant's competency and status shall be e-filed and e-served to:
   a. Fourth Judicial District Court – 4thCriminalRule20 email list;
   b. Andrew Reiland, II, Assistant Hennepin County Public Defender;
   c. Darren Borg, Assistant Hennepin County Attorney;
   d. Christopher Freeman, Assistant Hennepin County Attorney;
   e. Heidi Johnston, Minneapolis City Attorney;

4

**EXHIBIT MCR-1 | p. 176**

**Case No. 27-CR-23-5213**
State of MN vs MARK ANTHONY REINHART
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-04-13**
MCRO_27-CR-23-5213_Finding of Incompetency and Order_2023-04-13_20240430073156.pdf
File Hash:   e25deddb7103b222d00d4310fbbcc5663c8cda4a345107b638a17f711d5f3ccb
Page: 5 of 5

2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 10, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Shawna Kosel, Assistant Hennepin County Public Defender;

    c. Heidi Johnston, Minneapolis City Attorney – Criminal Division;

    d. Bloomington City Attorney;

    e. Christopher Renz, Attorney for Metropolitan Airports Commission;

    f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

---

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-05-02**
MCRO_27-CR-23-5751_Finding of Incompetency and Order_2023-05-02_20240430073242.pdf
File Hash:   7c17915e47dd8cb5ccd6bc77b0c8e3ad7bc6bb4807aa9208015f13085bd23d84
Page: 5 of 5

conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is October 31, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Tom Arneson, Assistant Hennepin County Public Defender;

    c. Susan Herlofsky, Assistant Hennepin County Attorney;

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. Megan Griffin, City of Minneapolis Attorney; and

    f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:                    **BY THE COURT:**

_____        _____
Referee of District Court               Judge of District Court

5

---

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-23-5751_Finding of Incompetency and Order_2023-11-01_20240430073239.pdf
File Hash:   9873c39586a16ef511766642e39d8ed3ad7681364f9b27cd8daf36df8a844e7d
Page: 5 of 5

    f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

EXHIBIT MCR-1 | p. 177

**Case No. 27-CR-23-8560**
State of MN vs INGRAM METEBO OYUGI
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-23-8560_Finding of Incompetency and Order_2023-06-01_20240430073449.pdf
File Hash:   7c2e18a48384e5f68058c304ffd170528c05f8b2ed4892833c80aad33dc56908
Page: 1 of 5

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Ingram Metebo Oyugi,

Defendant.

Court File No. 27-CR-23-8560, 27-CR-23-8342

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

    This matter came before the undersigned Referee of District Court on May 30, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

    Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/31/1991), was charged in MNCIS 27-CR-23-8560 with Use Tear Gas to Immobilize (Felony), 4th Degree Assault (Felony), and Use Tear Gas/Stun Gun on a Peace Officer (Gross Misdemeanor) arising from an incident alleged to have occurred on April 21, 2023; and in MNCIS file 27-CR-23-8342 with two counts of Domestic Assault-Harm (Misdemeanors) and Disorderly Conduct (Misdemeanor) arising from an incident alleged to have occurred on April 11, 2023. On April 25, 2023, Judge Jay Quam found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On April 25, 2023, Judge Jay Quam ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Adam Gierok, PsyD, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Adam Gierok, PsyD, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally

---

**Case No. 27-CR-23-8649**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-23-8649_Finding of Incompetency and Order_2024-03-12_20240430073550.pdf
File Hash:   a96ba4e7cedbb2cdfbb1d84c87891e3d106117dbc7425dd3e6969a35812237ad
Page: 1 of 5

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Terrell Johnson,

Defendant.

Court File No. 27-CR-19-12466; 27-CR-19-19606; 27-CR-20-8926; 27-CR-20-20037; 27-CR-21-19552; 27-CR-21-23233; 27-CR-22-1165; 27-CR-22-4898; 27-CR-23-8649; 27-CR-23-25563

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

    This matter came before the undersigned Referee of District Court on March 12, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Michelle Doffing, Minneapolis City Attorney, appeared. Defendant appeared out of custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

    Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 08/28/1979), was charged in MNCIS file 27-CR-19-12466 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on May 28, 2019; in MNCIS file 27-CR-19-19606 with Drugs – 3rd Degree (Felony) arising from an incident alleged to have occurred on August 12, 2019; in MNCIS file 27-CR-20-8926 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 2, 2020; in MNCIS file 27-CR-20-20037 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on April 6, 2019; in MNCIS file 27-CR-21-19552 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on July 12, 2021; in MNCIS file 27-CR-21-23233 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on December 17, 2021; in MNCIS file 27-CR-22-1165 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on October 9, 2021; in MNCIS file 27-CR-22-4898 with Drugs – 5th Degree (Felony) arising from an incident alleged to have occurred on March 15, 2022; in MNCIS file 27-CR-23-8649 with Domestic Assault (Gross Misdemeanor) arising

---

**Case No. 27-CR-23-9546**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-27**
MCRO_27-CR-23-9546_Finding of Incompetency and Order_2024-02-27_20240430073802.pdf
File Hash:   c7862668b4c4e342e1ba98aa77e3d423ba62b2fb899e5d09f266a5d7ea9f04c2
Page: 1 of 5

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Timothy Terrell Stuckey,

Defendant.

Court File No. 27-CR-23-9546; 27-CR-22-14493

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

    This matter came before the undersigned Judge of District Court on February 27, 2024. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

    Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 11/28/1978), was charged in MNCIS file 27-CR-23-9546 with Simple Robbery (Felony) arising from an incident alleged to have occurred on May 5, 2023; and in MNCIS file 27-CR-22-14493 with Theft (Misdemeanor) arising from an incident alleged to have occurred on July 1, 2022. On June 7, 2023, Judge William Koch found probable cause to believe that the felony offense was committed and that Defendant committed it.

2. On January 29, 2024, Judge William Koch ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Jennifer Flowers, Ph.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Jennifer Flowers, Ph.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

---

**EXHIBIT MCR-1 | p. 178**

**Case No. 27-CR-23-8560**
State of MN vs INGRAM METEBO OYUGI
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-23-8560_Finding of Incompetency and Order_2023-06-01_20240430073449.pdf
File Hash:   7c2e18a48384e5f68058c304ffd170528c05f8b2ed4892833c80aad33dc56908
Page: 2 of 5

consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Kaitlin Anderson, Assistant Hennepin County Attorney – Criminal Division;

   Matthew Elsen, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records

2

---

**Case No. 27-CR-23-8649**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-23-8649_Finding of Incompetency and Order_2024-03-12_20240430073550.pdf
File Hash:   a96ba4e7cedbb2cdfbb1d84c87891e3d106117dbc7425dd3e6969a35812237ad
Page: 2 of 5

from incident alleged to have occurred on April 25, 2023; and in MNCIS file 27-CR-23-25563 with Threats of Violence – Reckless Disregard Risk (Felony) arising from an incident alleged to have occurred on November 29, 2023. In the former case, on December 6, 2023, Judge Juan Hoyos found probable cause to believe that the offense was committed and that Defendant committed it.

2. On December 6, 2023, Judge Juan Hoyos ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Kacy Wothe, Assistant Hennepin County Attorney – Criminal Division;

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Minneapolis City Attorney;

   Laura Prahl, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

---

**Case No. 27-CR-23-9546**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-27**
MCRO_27-CR-23-9546_Finding of Incompetency and Order_2024-02-27_20240430073802.pdf
File Hash:   c7862668b4c4e342e1ba98aa77e3d423ba62b2fb899e5d09f266a5d7ea9f04c2
Page: 2 of 5

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Maria Mulvihill, Assistant Hennepin County Attorney – Criminal Division;

   Christine Irfanullah, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals;

2

**EXHIBIT MCR-1 | p. 179**

**Case No. 27-CR-23-8560**
State of MN vs INGRAM METEBO OYUGI
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-06-01**
MCRO_27-CR-23-8560_Finding of Incompetency and Order_2023-06-01_20240430073449.pdf
File Hash:  7c2e18a48384e5f68058c304ffd170528c05f8b2ed4892833c80aad33dc56908
Page: 3 of 5

maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider

3

---

**Case No. 27-CR-23-8649**
State of MN vs TERRELL JOHNSON
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2024-03-12**
MCRO_27-CR-23-8649_Finding of Incompetency and Order_2024-03-12_20240430073550.pdf
File Hash:  a96ba4e7cedbb2cdfbb1d84c87891e3d106117dbc7425dd3e6969a35812237ad
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

3

---

**Case No. 27-CR-23-9546**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2024-02-27**
MCRO_27-CR-23-9546_Finding of Incompetency and Order_2024-02-27_20240430073802.pdf
File Hash:  c7862668b4c4e342e1ba98aa77e3d423ba62b2fb899e5d09f266a5d7ea9f04c2
Page: 3 of 5

physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order

3

**Case No. 27-CR-23-8560**
State of MN vs INGRAM METEBO OYUGI
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-23-8560_Finding of Incompetency and Order_2023-06-01_20240430073449.pdf
File Hash:   7c2e18a48384e5f68058c304ffd170528c05f8b2ed4892833c80aad33dc56908
Page: 4 of 5

to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is November 28, 2023. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Matthew Elsen, Assistant Hennepin County Public Defender;

   c. Kaitlin Anderson, Assistant Hennepin County Attorney;

4

---

**Case No. 27-CR-23-8649**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-23-8649_Finding of Incompetency and Order_2024-03-12_20240430073550.pdf
File Hash:   a96ba4e7cedbb2cdfbb1d84c87891e3d106117dbc7425dd3e6969a35812237ad
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the Defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is September 10, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Laura Prahl, Assistant Hennepin County Public Defender (laura.prahl@hennepin.us);

   c. Kacy Wothe, Assistant Hennepin County Attorney (kacy.wothe@hennepin.us);

   d. Evan Powell, Assistant Hennepin County Attorney (evan.powell@hennepin.us);

   e. Minneapolis City Attorney;

   f. Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

---

**Case No. 27-CR-23-9546**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-27**
MCRO_27-CR-23-9546_Finding of Incompetency and Order_2024-02-27_20240430073802.pdf
File Hash:   c7862668b4c4e342e1ba98aa77e3d423ba62b2fb899e5d09f266a5d7ea9f04c2
Page: 4 of 5

may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 27, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Christine Irfanullah, Assistant Hennepin County Public Defender (Christine.irfanullah@hennepin.us);

   c. Maria Mulvihill, Assistant Hennepin County Attorney (maria.mulvihill@hennepin.us);

   d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

**EXHIBIT MCR-1 | p. 181**

**Case No. 27-CR-23-8560**
State of MN vs INGRAM METEBO OYUGI
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-06-01**
MCRO_27-CR-23-8560_Finding of Incompetency and Order_2023-06-01_20240430073449.pdf
File Hash:   7c2e18a48384e5f68058c304ffd170528c05f8b2ed4892833c80aad33dc56908
Page: 5 of 5

    d.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:           **BY THE COURT:**

_____    _____
Referee of District Court        Judge of District Court

5

---

**Case No. 27-CR-23-8649**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-03-12**
MCRO_27-CR-23-8649_Finding of Incompetency and Order_2024-03-12_20240430073550.pdf
File Hash:   a96ba4e7cedbb2cdfbb1d84c87891e3d106117dbc7425dd3e6969a35812237ad
Page: 5 of 5

    g.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

14. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:           **BY THE COURT:**

Marcurio, Danielle        Browne, Michael
Mar 21 2024 2:36 PM        Mar 21 2024 3:04 PM
_____    _____
Referee of District Court        Judge of District Court

5

---

**Case No. 27-CR-23-9546**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-27**
MCRO_27-CR-23-9546_Finding of Incompetency and Order_2024-02-27_20240430073802.pdf
File Hash:   c7862668b4c4e342e1ba98aa77e3d423ba62b2f b899e5d09f266a5d7ea9f04c2
Page: 5 of 5

    e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

Dayton Klein, Julia
Feb 27 2024 4:28 PM
_____
Judge of District Court

5

**EXHIBIT MCR-1 | p. 182**

**Case No. 27-CR-23-12360**
State of MN vs ALEXANDER ORVAL THOMLEY
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:    **2023-07-26**
MCRO_27-CR-23-12360_Finding of Incompetency and Order_2023-07-26_20240430073932.pdf
File Hash:    0b77d56a58d720aff42d0ced6ce2dc5a26c44d9ba77ca8f9a00640626e150a00
Page: 1 of 5

**ASTATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Alexander Orval Thomley,

Defendant.

Court File No. 27-CR-23-12360

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
**AND ORDER REGARDING**
**COMPETENCY**

This matter came before the undersigned Judge of District Court on July 25, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant did not appear and was represented by Susan Herlofsky, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 11/09/1996), was charged with 2nd Degree Assault (Felony) arising from an incident alleged to have occurred on June 12, 2023. On June 15, 2023, Judge Michael Burns found probable cause to believe that the offense was committed and that Defendant committed it.

2. On June 15, 2023, Judge Michael Burns ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Jennifer Flowers, Ph.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Jennifer Flowers, Ph.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

---

**Case No. 27-CR-23-12653**
State of MN vs JACOB JOSEPH SCHECH
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:    **2023-12-13**
MCRO_27-CR-23-12653_Finding of Incompetency and Order_2023-12-13_20240430074010.pdf
File Hash:    a535cdeb69bffbb612b3a6c66aee91e1e704d6812809c3626f8001f31294a24e
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

vs.

Jacob Joseph Schech,

Defendant.

Court File No. 27-CR-23-12653;
27-CR-23-15254

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
**AND ORDER REGARDING**
**COMPETENCY**

This matter came administratively before the undersigned Judge of District Court on December 12, 2023, pursuant to agreement by the parties. The hearing was held remotely using the Zoom internet platform. Dan Allard, Assistant Hennepin County Attorney, represented the plaintiff. Defendant was represented by Raissa Carpenter, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 02/29/1984), was charged in MNCIS file 27-CR-23-12653 with Fleeing a Peace Officer in a Motor Vehicle (Felony) arising from an incident alleged to have occurred on May 11, 2023; and in MNCIS file 27-CR-23-15254 with Murder – 2nd Degree – With Intent-Not Premeditated (Felony) arising from an incident alleged to have occurred on July 19, 2023. On September 21, 2023, Judge Julie Allyn found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On September 21, 2023, as amended on September 27, 2023, Judge Julie Allyn ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Adam Gierok, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

---

**Case No. 27-CR-23-13960**
State of MN vs JEREMIAH JAMES RIVERS
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:    **2023-08-24**
MCRO_27-CR-23-13960_Finding of Incompetency and Order_2023-08-24_20240430074057.pdf
File Hash:    eff543ff3094303b06315ededc44b678deef26c9c02e8e230c1efea2d0460e33
Page: 1 of 5

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,

v.

Jeremiah James Rivers,[1]

Defendant.

Court File No. 27-CR-23-13960

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW**
**AND ORDER REGARDING**
**COMPETENCY**

This matter came before the undersigned Judge of District Court on August 22, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the State and appeared on behalf of the attorney of record, Erin Goltz, Esq. Defendant appeared in custody and was represented by Kevin Gray, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 10/12/1989), was charged in MNCIS file 27-CR-23-13960 with three counts of Threats of Violence – Reckless Disregard Risk (Felony) arising from an incident alleged to have occurred on July 3, 2023. On July 7, 2023, Judge Paul Scoggin found probable cause to believe that the offenses were committed, and that Defendant committed them.

2. On July 7, 2023, Judge Paul Scoggin ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Lauren A. Herbert, Psy.D., LP, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

---

[1] Defendant uses she/her pronouns.

**EXHIBIT MCR-1 | p. 183**

**Case No. 27-CR-23-12360**
State of MN vs ALEXANDER ORVAL THOMLEY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-07-26**
MCRO_27-CR-23-12360_Finding of Incompetency and Order_2023-07-26_20240430073932.pdf
File Hash:    0b77d56a58d720aff42d0ced6ce2dc5a26c44d9ba77ca8f9a00640626e150a00
Page: 2 of 5

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Evan Powell, Assistant Hennepin County Attorney – Criminal Division;

   Susan Herlofsky, Assistant Hennepin County Public Defender.

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or

2

---

**Case No. 27-CR-23-12653**
State of MN vs JACOB JOSEPH SCHECH
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-12-13**
MCRO_27-CR-23-12653_Finding of Incompetency and Order_2023-12-13_20240430074010.pdf
File Hash:    a535cdeb69bffbb612b3a6c66aee91e1e704d6812809c3626f8001f31294a24e
Page: 2 of 5

4. Dr. Adam Gierok, Psy.D., LP,  Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Christopher Filipski, Assistant Hennepin County Attorney – Criminal Division;

   Daniel Allard, Assistant Hennepin County Attorney – Criminal Division;

   Robert Speeter, Esq;

   Raissa Carpenter, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

2

---

**Case No. 27-CR-23-13960**
State of MN vs JEREMIAH JAMES RIVERS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-08-24**
MCRO_27-CR-23-13960_Finding of Incompetency and Order_2023-08-24_20240430074057.pdf
File Hash:    eff543ff3094303b06315dedc44b678deef26c9c02e8e230c1efea2d0460e33
Page: 2 of 5

4. Dr. Lauren A. Herbert, Psy.D., LP, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Erin Goltz, Assistant Hennepin County Attorney – Criminal Division;

   Kevin Gray, Assistant Hennepin County Public Defender.

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

2

**EXHIBIT MCR-1 | p. 184**

**Case No. 27-CR-23-12360**
State of MN vs ALEXANDER ORVAL THOMLEY
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-07-26**
MCRO_27-CR-23-12360_Finding of Incompetency and Order_2023-07-26_20240430073932.pdf
File Hash:   0b77d56a58d720aff42d0ced6ce2dc5a26c44d9ba77ca8f9a00640626e150a00
Page: 3 of 5

programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including mental, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

3

**Case No. 27-CR-23-12653**
State of MN vs JACOB JOSEPH SCHECH
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-12-13**
MCRO_27-CR-23-12653_Finding of Incompetency and Order_2023-12-13_20240430074010.pdf
File Hash:   a535cdeb69bffbb612b3a6c66aee91e1e704d6812809c3626f8001f31294a24e
Page: 3 of 5

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all

3

**Case No. 27-CR-23-13960**
State of MN vs JEREMIAH JAMES RIVERS
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:   **2023-08-24**
MCRO_27-CR-23-13960_Finding of Incompetency and Order_2023-08-24_20240430074057.pdf
File Hash:   eff543ff3094303b06315dedc44b678deef26c9c02e8e230c1efea2d0460e33
Page: 3 of 5

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

3

EXHIBIT MCR-1 | p. 185

**Case No. 27-CR-23-12360**
State of MN vs ALEXANDER ORVAL THOMLEY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-07-26**
MCRO_27-CR-23-12360_Finding of Incompetency and Order_2023-07-26_20240430073932.pdf
File Hash:   0b77d456a58d720aff42d0ced6ce2dc5a26c44d9ba77ca8f9a00640626e150a00
Page: 4 of 5

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is January 23, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Susan Herlofsky, Assistant Hennepin County Public Defender;

   c. Evan Powell, Assistant Hennepin County Attorney;

   d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

4

**Case No. 27-CR-23-12653**
State of MN vs JACOB JOSEPH SCHECH
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-12-13**
MCRO_27-CR-23-12653_Finding of Incompetency and Order_2023-12-13_20240430074010.pdf
File Hash:   a535cdeb69bffbb612b3a6c66aee91e1e704d6812809c3626f8001f31294a24e
Page: 4 of 5

information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is June 11, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

4

**Case No. 27-CR-23-13960**
State of MN vs JEREMIAH JAMES RIVERS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-08-24**
MCRO_27-CR-23-13960_Finding of Incompetency and Order_2023-08-24_20240430074057.pdf
File Hash:   eff543ff3094303b06315ededc44b678deef26c9c02e8e230c1efea2d0460e33
Page: 4 of 5

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and <u>shall not permit</u> the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

4

**Case No. 27-CR-23-12360**
State of MN vs ALEXANDER ORVAL THOMLEY
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-07-26**
MCRO_27-CR-23-12360_Finding of Incompetency and Order_2023-07-26_20240430073932.pdf
File Hash:   0b77d56a58d720aff42d0ced6ce2dc5a26c44d9ba77ca8f9a00640626e150a00
Page: 5 of 5

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

---

**Case No. 27-CR-23-12653**
State of MN vs JACOB JOSEPH SCHECH
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-12-13**
MCRO_27-CR-23-12653_Finding of Incompetency and Order_2023-12-13_20240430074010.pdf
File Hash:   a535cdeb69bffbb612b3a6c66aee91e1e704d6812809c3626f8001f31294a24e
Page: 5 of 5

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Raissa Carpenter, Assistant Hennepin County Public Defender;

    c. Robert Speeter, Esq;

    d. Christopher Filipski, Assistant Hennepin County Attorney;

    e. Daniel Allard, Assistant Hennepin County Attorney;

    f. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    g. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

Dayton Klein, Julia
Dec 17 2023 2:22 PM
_____
Judge of District Court

5

---

**Case No. 27-CR-23-13960**
State of MN vs JEREMIAH JAMES RIVERS
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-08-24**
MCRO_27-CR-23-13960_Finding of Incompetency and Order_2023-08-24_20240430074057.pdf
File Hash:   eff543ff3094303b06315ededc44b678deef26c9c02e8e230c1efea2d0460e33
Page: 5 of 5

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is February 20, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Kevin Gray, Assistant Hennepin County Public Defender;

    c. Erin Goltz, Assistant Hennepin County Attorney;

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

    e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT**

5

**EXHIBIT MCR-1 | p. 187**

**Case No. 27-CR-23-16281**
State of MN vs FUE VANG
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-23-16281_Finding of Incompetency and Order_2023-11-01_20240430074130.pdf
File Hash:   949be4b43b10b9812073ee1b16f8f8ecc9ebb14a18fc4a84d4c5a72fd55136bc
Page: 1 of 5

---

**STATE OF MINNESOTA**  **DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**  **CRIMINAL DIVISION**

State of Minnesota,

Plaintiff,        Court File No. 27-CR-23-16281

vs.        **FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

Fue Vang,

Defendant.

This matter came before the undersigned Judge of District Court on October 31, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Christine Irfanullah, Assistant Hennepin County Public Defender. Also present Kazoua Yang, Court-certified Hmong Interpreter.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/29/1993), was charged in MNCIS file 27-CR-23-16281 with Threats of Violence – Reckless Disregard Risk (Felony) and Domestic Violence – By Strangulation (Felony) arising from an incident alleged to have occurred on August 2, 2023. On August 28, 2023, Judge Julie Allyn found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On August 28, 2023, Judge Julie Allyn ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Maren Conway, PsyD, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to

---

**Case No. 27-CR-23-18846**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-10**
MCRO_27-CR-23-18846_Finding of Incompetency and Order_2023-10-10_20240430074709.pdf
File Hash:   46cca74ce731bdd4495638b17c66fc5a604d4393e461ecdf4099605fbd64c85c
Page: 1 of 5

---

**STATE OF MINNESOTA**  **DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**  **CRIMINAL DIVISION**

State of Minnesota,        Court File No. 27-CR-23-15818; 27-CR-23-18118; 27-CR-23-18266; 27-CR-23-18384; 27-CR-23-18478; 27-CR-23-18605; 27-CR-23-18170; 27-CR-23-18846; 27-CR-23-18850

Plaintiff,

vs.        **FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

Ricky Nelson Sullivan,

Defendant.

This matter came before the undersigned Referee of District Court on October 10, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Leslie O'Connor, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 04/19/1987), was charged in MNCIS file 27-CR-23-18850 with Theft (Felony) arising from an incident alleged to have occurred on August 27, 2023; in MNCIS file 27-CR-23-18846 with Theft (Felony) arising from an incident alleged to have occurred on August 22, 2023; in MNCIS file 27-CR-23-15818 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on July 27, 2023; in MNCIS file 27-CR-23-18118 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 25, 2023; in MNCIS file 27-CR-23-18266 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 25, 2023; in MNCIS file 27-CR-23-18384 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 29, 2023; in MNCIS file 27-CR-23-18478 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 30, 2023; in MNCIS file 27-CR-23-18605 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 31, 2023; and in MNCIS file 27-CR-23-18170 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 26, 2023.  In the former case, on September 6, 2023, Judge Juan

---

**Case No. 27-CR-23-18850**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-10**
MCRO_27-CR-23-18850_Finding of Incompetency and Order_2023-10-10_20240430074746.pdf
File Hash:   7c030a104778107eac977e9e6741c82154ec8930278f49bd3f4e78e0ea6a3f0b
Page: 1 of 5

---

**STATE OF MINNESOTA**  **DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**COUNTY OF HENNEPIN**  **CRIMINAL DIVISION**

State of Minnesota,        Court File No. 27-CR-23-15818; 27-CR-23-18118; 27-CR-23-18266; 27-CR-23-18384; 27-CR-23-18478; 27-CR-23-18605; 27-CR-23-18170; 27-CR-23-18846; 27-CR-23-18850

Plaintiff,

vs.        **FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

Ricky Nelson Sullivan,

Defendant.

This matter came before the undersigned Referee of District Court on October 10, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Leslie O'Connor, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 04/19/1987), was charged in MNCIS file 27-CR-23-18850 with Theft (Felony) arising from an incident alleged to have occurred on August 27, 2023; in MNCIS file 27-CR-23-18846 with Theft (Felony) arising from an incident alleged to have occurred on August 22, 2023; in MNCIS file 27-CR-23-15818 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on July 27, 2023; in MNCIS file 27-CR-23-18118 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 25, 2023; in MNCIS file 27-CR-23-18266 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 25, 2023; in MNCIS file 27-CR-23-18384 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 29, 2023; in MNCIS file 27-CR-23-18478 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 30, 2023; in MNCIS file 27-CR-23-18605 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 31, 2023; and in MNCIS file 27-CR-23-18170 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 26, 2023.  In the former case, on September 6, 2023, Judge Juan

---

**EXHIBIT MCR-1 | p. 188**

**Case No. 27-CR-23-16281**
State of MN vs FUE VANG
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-23-16281_Finding of Incompetency and Order_2023-11-01_20240430074130.pdf
File Hash:   949be4b43b10b9812073ee1b16f8f8ecc9ebb14a18fc4a84d4c5a72fd55136bc
Page: 2 of 5

---

rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Thomas Prochazka, Assistant Hennepin County Attorney – Criminal Division;

   Christine Irfanullah, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical

2

---

**Case No. 27-CR-23-18846**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-10**
MCRO_27-CR-23-18846_Finding of Incompetency and Order_2023-10-10_20240330074709.pdf
File Hash:   46cca74ce731bdd4495638b17c66fc5a604d4393e461ecdf4099605fbd64c85c
Page: 2 of 5

---

Hoyos found probable cause to believe that the offense was committed and that Defendant committed it.

2. On September 6, 2023, Judge Juan Hoyos ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01. However, the parties agreed to adopt the findings from MNCIS file 27-CR-22-25418.

3. In MNCIS file 27-CR-22-25418, Dr. Jennifer Flowers, Ph.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Jennifer Flowers, Ph.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Christopher Filipski, Assistant Hennepin County Attorney – Criminal Division;

   Leslie O'Connor and Eli Pasmaner, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the

2

---

**Case No. 27-CR-23-18850**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-10**
MCRO_27-CR-23-18850_Finding of Incompetency and Order_2023-10-10_20240330074746.pdf
File Hash:   7c030a10477810 7eac977e9e6741c82154ec8930278f49bd3f4e78e0ea6a3f0b
Page: 2 of 5

---

Hoyos found probable cause to believe that the offense was committed and that Defendant committed it.

2. On September 6, 2023, Judge Juan Hoyos ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01. However, the parties agreed to adopt the findings from MNCIS file 27-CR-22-25418.

3. In MNCIS file 27-CR-22-25418, Dr. Jennifer Flowers, Ph.D., L.P., Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Jennifer Flowers, Ph.D., L.P., Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

   Christopher Filipski, Assistant Hennepin County Attorney – Criminal Division;

   Leslie O'Connor and Eli Pasmaner, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the

2

**EXHIBIT MCR-1 | p. 189**

**Case No. 27-CR-23-16281**
State of MN vs FUE VANG
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-23-16281_Finding of Incompetency and Order_2023-11-01_20240430074130.pdf
File Hash:   949be4b43b10b9812073ee1b16f8f8ecc9ebb14a18fc4a84d4c5a72fd55136bc
Page: 3 of 5

**Case No. 27-CR-23-18846**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-10**
MCRO_27-CR-23-18846_Finding of Incompetency and Order_2023-10-10_20240430074709.pdf
File Hash:   46cca74ce731bdd4495638b17c66fc5a604d4393e461ecdf4099605fbd64c85c
Page: 3 of 5

**Case No. 27-CR-23-18850**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-10**
MCRO_27-CR-23-18850_Finding of Incompetency and Order_2023-10-10_20240430074746.pdf
File Hash:   7c030a104778107eac977e9e6741c82154ec8930278f49bd3f4e78e0ea6a3f0b
Page: 3 of 5

---

**Column 1 (Case No. 27-CR-23-16281):**

dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received

3

**Column 2 (Case No. 27-CR-23-18846):**

Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

3

**Column 3 (Case No. 27-CR-23-18850):**

Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

3

**EXHIBIT MCR-1 | p. 190**

**Case No. 27-CR-23-16281**
State of MN vs FUE VANG
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-23-16281_Finding of Incompetency and Order_2023-11-01_20240430074130.pdf
File Hash:   949be4b43b10b9812073ee1b16f8f8ecc9ebb14a18fc4a84d4c5a72fd55136bc
Page: 4 of 5

in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 30, 2024.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a. Fourth Judicial District Court – 4thCriminalRule20 email list;

    b. Christine Irfanullah, Assistant Hennepin County Public Defender;

    c. Thomas Prochazka, Assistant Hennepin County Attorney;

    d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

**Case No. 27-CR-23-18846**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-10**
MCRO_27-CR-23-18846_Finding of Incompetency and Order_2023-10-10_20240430074709.pdf
File Hash:   46cca74ce731bdd4495638b17c66fc5a604d4393e461ecdf4099605fbd64c85c
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending

4

**Case No. 27-CR-23-18850**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-10**
MCRO_27-CR-23-18850_Finding of Incompetency and Order_2023-10-10_20240430074746.pdf
File Hash:   7c030a104778107eac977e9e6741c82154ec8930278f49bd3f4e78e0ea6a3f0b
Page: 4 of 5

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending

4

**Case No. 27-CR-23-16281**
State of MN vs FUE VANG
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-11-01**
MCRO_27-CR-23-16281_Finding of Incompetency and Order_2023-11-01_20240430074130.pdf
File Hash:   949be4b43b10b9812073ee1b16f8f8ecc9ebb14a18fc4a84d4c5a72fd55136bc
Page: 5 of 5

**Case No. 27-CR-23-18846**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-10-10**
MCRO_27-CR-23-18846_Finding of Incompetency and Order_2023-10-10_20240430074709.pdf
File Hash:   46cca74ce731bdd4495638b17c66fc5a604d4393e461ecdf4099605fbd64c85c
Page: 5 of 5

**Case No. 27-CR-23-18850**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2023-10-10**
MCRO_27-CR-23-18850_Finding of Incompetency and Order_2023-10-10_20240430074746.pdf
File Hash:   7c030a104778107eac977e9e6741c82154ec8930278f49bd3f4e78e0ea6a3f0b
Page: 5 of 5

## Column 1 — Case No. 27-CR-23-16281

e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

## Column 2 — Case No. 27-CR-23-18846

the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 9, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

b.  Leslie O'Connor, Assistant Hennepin County Public Defender;

c.  Eli Pasmanter, Assistant Hennepin County Public Defender;

d.  Christopher Filipski, Assistant Hennepin County Attorney;

e.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

f.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:

_____
Skibbie, Lori
Oct 11 2023 1:10 PM
Referee of District Court

BY THE COURT:

_____
Dayton Klein, Julia
Oct 11 2023 2:10 PM
Judge of District Court

5

## Column 3 — Case No. 27-CR-23-18850

the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 9, 2023.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

b.  Leslie O'Connor, Assistant Hennepin County Public Defender;

c.  Eli Pasmanter, Assistant Hennepin County Public Defender;

d.  Christopher Filipski, Assistant Hennepin County Attorney;

e.  Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

f.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:

_____
Skibbie, Lori
Oct 11 2023 1:10 PM
Referee of District Court

BY THE COURT:

_____
Dayton Klein, Julia
Oct 11 2023 2:10 PM
Judge of District Court

5

EXHIBIT MCR-1 | p. 192

**Case No. 27-CR-23-18964**
State of MN vs TROY CARL WARNKE, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-18**
MCRO_27-CR-23-18964_Finding of Incompetency and Order_2023-10-18_20240430074822.pdf
File Hash:   4fa7f97258e12301229b94a0069215941b35168cc546361d465b9927cae0f6eb
Page: 1 of 5

**Case No. 27-CR-23-20715**
State of MN vs KESSIE KAFELE WILSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-23-20715_Finding of Incompetency and Order_2023-11-01_20240430074856.pdf
File Hash:   9d5e1bf870701f5d647827c3835ae63ac70fd058972eeb29f545f6c3197bf400
Page: 1 of 5

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-15**
MCRO_27-CR-23-21653_Finding of Incompetency and Order_2023-11-15_20240430075012.pdf
File Hash:   6dc08e93ea8dc78ff073b853558f045d5eff34391980b91030ab2b106d515640
Page: 1 of 5

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Troy Carl Warnke, Jr.,

Defendant.

Court File No. 27-CR-23-18964

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on October 17, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Amanda Brodhag, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 06/28/1986), was charged in MNCIS file 27-CR-23-18964 with two counts of Assault – Third Degree (Felony) arising from an incident alleged to have occurred on September 2, 2023. On September 7, 2023, Judge Juan Hoyos found probable cause to believe that the offenses were committed and that Defendant committed them.

2. On September 7, 2023, Judge Juan Hoyos ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Dawn Peuschold, PhD, ABPP, LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Dawn Peuschold, PhD, ABPP, LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Kessie Kafele Wilson,

Defendant.

Court File No. 27-CR-21-14861; 27-CR-23-20715

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on October 31, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Matthew Swiontek, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 07/02/1979), was convicted in MNCIS file 27-CR-21-14861 with Assault – 3rd Degree (Felony) arising from an incident that occurred on June 14, 2021.

2. Defendant was charged in MNCIS file 27-CR-23-20715 with Stalking (Felony) and Threats of Violence (Felony) arising from an incident alleged to have occurred on September 21, 2023. On September 29, 2023, Senior Judge Poston found probable cause to believe that the offenses were committed and that Defendant committed them.

3. Pursuant to agreement by the parties, the Court adopted the Rule 20.01 Report dated July 19, 2023, contained in MNCIS file 27-CR-23-8817.

4. Dr. Kathryn Jameson, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court in MNCIS file 27-CR-23-8817.

5. Dr. Kathryn Jameson, Psy.D., LP, ABPP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Robert William Balsimo,

Defendant.

Court File No. 27-CR-23-21653;
27-CR-23-12404

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Referee of District Court on November 14, 2023. The hearing was held remotely using the Zoom internet platform. Tom Arneson, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Raissa Carpenter, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 09/18/1981), was charged in MNCIS file 27-CR-23-21653 with Domestic Assault (Felony) arising from an incident alleged to have occurred on October 8, 2023; and in MNCIS file 27-CR-23-12404 with Speed 60 Zone 88/60 (Petty Misdemeanor), No Proof MV Insurance (Misdemeanor), Driving After Revocation (Misdemeanor), and Failure to Obey a Lawful Order (Misdemeanor) arising from an incident alleged to have occurred on June 5, 2023. On October 11, 2023, Judge Lisa Janzen found probable cause to believe that the felony offense was committed and that Defendant committed it.

2. On October 11, 2023, Judge Lisa Janzen ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Catherine A. Carlson, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Catherine A. Carlson, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability

**EXHIBIT MCR-1 | p. 193**

**Case No. 27-CR-23-18964**
State of MN vs TROY CARL WARNKE, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-18**
MCRO_27-CR-23-18964_Finding of Incompetency and Order_2023-10-18_20240430074822.pdf
File Hash:   4fa7f97258e12301229b94a0069215941b35168cc546361d465b9927cae0f6eb
Page: 2 of 5

**Case No. 27-CR-23-20715**
State of MN vs KESSIE KAFELE WILSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-23-20715_Finding of Incompetency and Order_2023-11-01_20240430074856.pdf
File Hash:   9d5e1bf870701f5d647827c3835ae63ac70fd058972eeb29f545f6c3197bf400
Page: 2 of 5

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-15**
MCRO_27-CR-23-21653_Finding of Incompetency and Order_2023-11-15_20240430075012.pdf
File Hash:   6dc08e93ea8dc78ff073b853558f045d5eff34391980b91030ab2b106d515640
Page: 2 of 5

---

**Column 1 — Case No. 27-CR-23-18964**

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Stephen Moeller, Assistant Hennepin County Attorney – Criminal Division;

    Amanda Brodhag, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or

2

---

**Column 2 — Case No. 27-CR-23-20715**

to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Thomas Prochazka, Assistant Hennepin County Attorney – Criminal Division;

    Matthew Swiontek, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical

2

---

**Column 3 — Case No. 27-CR-23-21653**

to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case including, but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten (10) days of the date of service.

    Isaiah Ellison, Assistant Hennepin County Attorney – Criminal Division;

    Raissa Carpenter, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records

2

---

**EXHIBIT MCR-1 | p. 194**

**Case No. 27-CR-23-18964**
State of MN vs TROY CARL WARNKE, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-18**
MCRO_27-CR-23-18964_Finding of Incompetency and Order_2023-10-18_20240430074822.pdf
File Hash:   4fa7f97258e12301229b94a0069215941b35168cc546361d465b9927cae0f6eb
Page: 3 of 5

programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

3

---

**Case No. 27-CR-23-20715**
State of MN vs KESSIE KAFELE WILSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-23-20715_Finding of Incompetency and Order_2023-11-01_20240430074856.pdf
File Hash:   9d5e1b8f70701f5d647827c3835ae63ac70fd058972eeb29f545f6c3197bf400
Page: 3 of 5

dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider to release the requested information and/or records related to treatment Defendant has received

3

---

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-15**
MCRO_27-CR-23-21653_Finding of Incompetency and Order_2023-11-15_20240430075012.pdf
File Hash:   6dc08e93ea8dc78ff073b853558f045d5eff34391980b91030ab2b106d515640
Page: 3 of 5

maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Psychological Services of Hennepin County District Court, or the Department of Human Services Forensic Evaluation Department if the defendant is civilly committed, shall have access to Defendant's treatment records to prepare the required report(s) on the defendant's mental condition with an opinion as to competency to proceed. By presentation of a copy of this order, whether mailed, sent electronically, discussed verbally, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, military, Social Security, employment, and educational records, to the agency requesting the records within 72 hours. This Order shall be sufficient to require an agency, department, entity, or health care provider

3

**Case No. 27-CR-23-18964**
State of MN vs TROY CARL WARNKE, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-18**
MCRO_27-CR-23-18964_Finding of Incompetency and Order_2023-10-18_20240430074822.pdf
File Hash:   4fa7f97258e12301229b94a0069215941b35168cc546361d465b9927cae0f6eb
Page: 4 of 5

**Case No. 27-CR-23-20715**
State of MN vs KESSIE KAFELE WILSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-23-20715_Finding of Incompetency and Order_2023-11-01_20240430074856.pdf
File Hash:   9d5e1bf870701f5d647827c3835ae63ac70fd058972eeb29f545f6c3197bf400
Page: 4 of 5

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-15**
MCRO_27-CR-23-21653_Finding of Incompetency and Order_2023-11-15_20240430075012.pdf
File Hash:   6dc08e93ea8dc78ff073b853558f045d5eff34391980b91030ab2b106d515640
Page: 4 of 5

---

**Column 1 — Case No. 27-CR-23-18964**

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 16, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Amanda Brodhag, Assistant Hennepin County Public Defender;

   c. Stephen Moeller, Assistant Hennepin County Attorney;

   d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

   e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

4

---

**Column 2 — Case No. 27-CR-23-20715**

in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is February 6, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Matthew Swiontek, Assistant Hennepin County Public Defender;

   c. Thomas Prochazka, Assistant Hennepin County Attorney;

   d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

4

---

**Column 3 — Case No. 27-CR-23-21653**

to release the requested information and/or records related to treatment Defendant has received in connection with that facility. Any of the defendant's records released pursuant to this order may not be disclosed to any other person without court authorization or Defendant's signed consent.

12. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

13. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release. If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

14. In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

15. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is May 14, 2024. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;

   b. Raissa Carpenter, Assistant Hennepin County Public Defender (raissa.carpenter@hennepin.us);

   c. Isaiah Ellison, Assistant Hennepin County Attorney (Isaiah.Ellison@hennepin.us);

4

**EXHIBIT MCR-1 | p. 196**

**Case No. 27-CR-23-18964**
State of MN vs TROY CARL WARNKE, Jr.
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-10-18**
MCRO_27-CR-23-18964_Finding of Incompetency and Order_2023-10-18_20240430074822.pdf
File Hash:      4fa7f97258e12301229b94a0069215941b35168cc546361d465b9927cae0f6eb
Page: 5 of 5

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:           **BY THE COURT:**

_____          _____
Referee of District Court          Judge of District Court

5

---

**Case No. 27-CR-23-20715**
State of MN vs KESSIE KAFELE WILSON
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-01**
MCRO_27-CR-23-20715_Finding of Incompetency and Order_2023-11-01_20240430074856.pdf
File Hash:      9d5e1bf870701f5d647827c3835ae63ac70fd058972eeb29f545f6c3197bf400
Page: 5 of 5

e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT:**

_____
Judge of District Court

5

---

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2023-11-15**
MCRO_27-CR-23-21653_Finding of Incompetency and Order_2023-11-15_20240430075012.pdf
File Hash:      6dc08e93ea8dc78ff073b853558f045d5eff34391980b91030ab2b106d515640
Page: 5 of 5

d. Assistant Hennepin County Attorney's Office – Adult Services Division (if a commitment is ordered);

e. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

Order Recommended By:           **BY THE COURT:**

_____          _____
Referee of District Court          Judge of District Court

5

**EXHIBIT MCR-1 | p. 197**

**Case No. 27-CR-22-9720**
State of MN vs EMANUEL OMAR BLACK
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2024-02-02**
MCRO_27-CR-22-9720_Finding of Incompetency and Order_2024-02-02_20240429152432.pdf
File Hash:    b9bbd4ddeff2e023486917c41a65399e982af2f4a57b8006eaec061d1daa97c7
Page: 1 of 3

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Emanuel Omar Black,

Defendant.

Court File No. 27-CR-22-9720, 27-CR-23-16226, 27-CR-23-17424, 27-CR-23-23670, 27-CR-23-25310, 27-CR-23-17576; 27-CR-22-12076, 27-CR-24-2150

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on January 30, 2024. The hearing was held remotely using the Zoom internet platform. Michelle Doffing, Minneapolis City Attorney, represented the State. Defendant appeared in custody and was represented by Elizabeth Scott, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 11/05/1996), was charged in MNCIS file 27-CR-22-9720 with Theft (Misdemeanor) and Trespass (Misdemeanor) arising from an incident alleged to have occurred on May 21, 2022; in MNCIS file 27-CR-23-16226 with Theft (Misdemeanor) arising from an incident alleged to have occurred on July 30, 2023; in MNCIS file 27-CR-23-17424 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 16, 2023; in MNCIS file 27-CR-23-23670 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on November 3, 2023; in MNCIS file 27-CR-23-25310 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on November 27, 2023; in MNCIS file 27-CR-23-17576 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 19, 2023; in MNCIS file 27-CR-22-12076 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on June 8, 2022; and in MNCIS file 27-CR-24-2150 with Interrupt/Disrupt/Interfere with Emergency CB Radio (Misdemeanor), 4th Degree Damage to Property (Misdemeanor), and Transit-

**Case No. 27-CR-22-12076**
State of MN vs Emanuel Omar Black
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2024-02-02**
MCRO_27-CR-22-12076_Finding of Incompetency and Order_2024-02-02_20240429153145.pdf
File Hash:    edeed6aeadad2872b928b90e4ef1c6cf7a34fcf465ead476b7bc55f1507083c
Page: 1 of 3

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Emanuel Omar Black,

Defendant.

Court File No. 27-CR-22-9720, 27-CR-23-16226, 27-CR-23-17424, 27-CR-23-23670, 27-CR-23-25310, 27-CR-23-17576; 27-CR-22-12076, 27-CR-24-2150

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on January 30, 2024. The hearing was held remotely using the Zoom internet platform. Michelle Doffing, Minneapolis City Attorney, represented the State. Defendant appeared in custody and was represented by Elizabeth Scott, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 11/05/1996), was charged in MNCIS file 27-CR-22-9720 with Theft (Misdemeanor) and Trespass (Misdemeanor) arising from an incident alleged to have occurred on May 21, 2022; in MNCIS file 27-CR-23-16226 with Theft (Misdemeanor) arising from an incident alleged to have occurred on July 30, 2023; in MNCIS file 27-CR-23-17424 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 16, 2023; in MNCIS file 27-CR-23-23670 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on November 3, 2023; in MNCIS file 27-CR-23-25310 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on November 27, 2023; in MNCIS file 27-CR-23-17576 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 19, 2023; in MNCIS file 27-CR-22-12076 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on June 8, 2022; and in MNCIS file 27-CR-24-2150 with Interrupt/Disrupt/Interfere with Emergency CB Radio (Misdemeanor), 4th Degree Damage to Property (Misdemeanor), and Transit-

**Case No. 27-CR-23-17576**
State of MN vs EMANUEL OMAR BLACK
Filing Type:  ·Finding of Incompetency and Order·
Filing Date:  **2024-02-02**
MCRO_27-CR-23-17576_Finding of Incompetency and Order_2024-02-02_20240430074616.pdf
File Hash:    93ab12421e9ad789a7e099a195d1a8c03475626dacd319122b8b7495d9a069fc
Page: 1 of 3

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

Plaintiff,

vs.

Emanuel Omar Black,

Defendant.

Court File No. 27-CR-22-9720, 27-CR-23-16226, 27-CR-23-17424, 27-CR-23-23670, 27-CR-23-25310, 27-CR-23-17576; 27-CR-22-12076, 27-CR-24-2150

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

This matter came before the undersigned Judge of District Court on January 30, 2024. The hearing was held remotely using the Zoom internet platform. Michelle Doffing, Minneapolis City Attorney, represented the State. Defendant appeared in custody and was represented by Elizabeth Scott, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 11/05/1996), was charged in MNCIS file 27-CR-22-9720 with Theft (Misdemeanor) and Trespass (Misdemeanor) arising from an incident alleged to have occurred on May 21, 2022; in MNCIS file 27-CR-23-16226 with Theft (Misdemeanor) arising from an incident alleged to have occurred on July 30, 2023; in MNCIS file 27-CR-23-17424 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 16, 2023; in MNCIS file 27-CR-23-23670 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on November 3, 2023; in MNCIS file 27-CR-23-25310 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on November 27, 2023; in MNCIS file 27-CR-23-17576 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on August 19, 2023; in MNCIS file 27-CR-22-12076 with Trespass (Misdemeanor) arising from an incident alleged to have occurred on June 8, 2022; and in MNCIS file 27-CR-24-2150 with Interrupt/Disrupt/Interfere with Emergency CB Radio (Misdemeanor), 4th Degree Damage to Property (Misdemeanor), and Transit-

**EXHIBIT MCR-1 | p. 198**

**Case No. 27-CR-22-9720**
State of MN vs EMANUEL OMAR BLACK
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2024-02-02**
MCRO_27-CR-22-9720_Finding of Incompetency and Order_2024-02-02_20240429152432.pdf
File Hash:      b9bbd4ddeff2e023486917c41a65399e982af2f4a57b8006eaec061d1daa97c7
Page: 2 of 3

Obstruct/Interfere with Operation of Vehicle (Misdemeanor) arising from an incident alleged to have occurred on January 26, 2024.

2. On November 28, 2023, Judge Thomas J. Conley ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The misdemeanor charges are dismissed pursuant to Rule 20.01.

2. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

3. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

4. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

5. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances.

2

---

**Case No. 27-CR-22-12076**
State of MN vs Emanuel Omar Black
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2024-02-02**
MCRO_27-CR-22-12076_Finding of Incompetency and Order_2024-02-02_20240429153145.pdf
File Hash:      edeed6aeadad2872b928bf90e4ef1c6cf7a34fcf465ead476b7bc55f1507083c
Page: 2 of 3

Obstruct/Interfere with Operation of Vehicle (Misdemeanor) arising from an incident alleged to have occurred on January 26, 2024.

2. On November 28, 2023, Judge Thomas J. Conley ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The misdemeanor charges are dismissed pursuant to Rule 20.01.

2. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

3. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

4. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

5. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances.

2

---

**Case No. 27-CR-23-17576**
State of MN vs EMANUEL OMAR BLACK
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2024-02-02**
MCRO_27-CR-23-17576_Finding of Incompetency and Order_2024-02-02_20240430074616.pdf
File Hash:      93ab12421e9ad789a7e099a195d1a8c03475626dacd319122b8b7495d9a069fc
Page: 2 of 3

Obstruct/Interfere with Operation of Vehicle (Misdemeanor) arising from an incident alleged to have occurred on January 26, 2024.

2. On November 28, 2023, Judge Thomas J. Conley ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn. R. Crim. P. 20.01.

3. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Amy Crockford, Psy.D., LP, Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial. The misdemeanor charges must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The misdemeanor charges are dismissed pursuant to Rule 20.01.

2. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the Defendant should be civilly committed under the Act.

3. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

4. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

5. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances.

2

**EXHIBIT MCR-1 | p. 199**

**Case No. 27-CR-22-9720**
State of MN vs EMANUEL OMAR BLACK
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-02**
MCRO_27-CR-22-9720_Finding of Incompetency and Order_2024-02-02_20240429152432.pdf
File Hash:      b9bbd4ddeff2e023486917c41a65399e982af2f4a57b8006eaec061d1daa97c7
Page: 3 of 3

6. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

7. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

8. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

9. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT**

3

---

**Case No. 27-CR-22-12076**
State of MN vs Emanuel Omar Black
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-02**
MCRO_27-CR-22-12076_Finding of Incompetency and Order_2024-02-02_20240429153145.pdf
File Hash:      edeed6aeadad2872b928bf90e4ef1c6cf7a34fcf465ead476b7bc55f1507083c
Page: 3 of 3

6. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

7. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

8. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

9. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT**

3

---

**Case No. 27-CR-23-17576**
State of MN vs EMANUEL OMAR BLACK
Filing Type:   ·Finding of Incompetency and Order·
Filing Date:   **2024-02-02**
MCRO_27-CR-23-17576_Finding of Incompetency and Order_2024-02-02_20240430074616.pdf
File Hash:      93ab12421e9ad789a7e099a195d1a8c03475626dacd319122b8b7495d9a069fc
Page: 3 of 3

6. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment, or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

7. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

8. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

9. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

**BY THE COURT**

3

**EXHIBIT MCR-1 | p. 200**