# EXHIBIT MCR-4

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2017-02-21**
MCRO_27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2017-02-21_20240430093603.pdf
File Hash:    1e8782aba664f9aafa4736873eafa8ac0a01cc42dcb0bcec9cac41515d16186ff
Page: 1 of 6

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

State of Minnesota,

    Plaintiff,

vs.

Adrian Wesley

    Defendant.

)
)
)
)
)
)
)
)
)
)

**FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER INCLUDING PETITION FOR JUDICIAL COMMITMENT**

MNCIS No:   27CR171555

* * * * * * * *

This matter came on for hearing before the undersigned Judge on February 21, 2017; Robert Sorensen, Assistant Hennepin County Attorney, represented the plaintiff on the felony.  The Defendant appeared in custody and was represented by counsel, Kellie Charles of the Hennepin County Public Defender's Office. Pursuant to the evidence adduced at the hearing and upon all of the files, records, and proceedings herein, the Court makes the following:

**FINDINGS OF FACT**

1.  The Defendant was born on March 15, 1991; resides in a group home, is not a Veteran, and his aunt who lives in Minnesota is his nearest kindred.

2.  The Defendant has been charged with the alleged offense of Felony Criminal Sexual Conduct in the 2nd Degree from an offense date of January 20, 2017. Judge Jay Quam found probable cause to believe that the felony crime was committed and that Defendant committed it. Copies of the complaint and police reports are incorporated by reference and made part of this Order.

---

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-08-27**
MCRO_27-CR-18-18391_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430092804.pdf
File Hash:    1fd18bbf096127193812f0e480dd3acb4b9b2977274774cfaa7f3ea3d217eb62
Page: 1 of 6

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

    Plaintiff,

vs.

Aesha Ibrahim Osman,

    Defendant.

)
)
)
)
)
)
)
)
)

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

MNCIS No: 27-CR-19-3539;
27-CR-19-1916; 27-CR-19-17539
27-CR-18-20198; 27-CR-18-18391

This matter came before the undersigned Judge on August 27, 2019. Robert Sorensen, Assistant Hennepin County Attorney, represented the plaintiff on the felony. Defendant appeared in custody and was represented by Kathryn Hansel, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; MNCIS Case No. 27-CR-18-20198 with Assault in the Fifth Degree (Gross Misdemeanor) and Disorderly Conduct arising from an incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-18-18391 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on July 2, 2018; MNCIS Case No. 27-CR-19-17539 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have

---

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-08-27**
MCRO_27-CR-19-1916_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430091245.pdf
File Hash:    cee99043e5d82d53dac1ad1df2c7fe34b2bad02a9a0661d6a3e7a22c4e4eb0e0
Page: 1 of 6

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,

    Plaintiff,

vs.

Aesha Ibrahim Osman,

    Defendant.

)
)
)
)
)
)
)
)
)

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER REGARDING COMPETENCY**

MNCIS No: 27-CR-19-3539;
27-CR-19-1916; 27-CR-19-17539
27-CR-18-20198; 27-CR-18-18391

This matter came before the undersigned Judge on August 27, 2019. Robert Sorensen, Assistant Hennepin County Attorney, represented the plaintiff on the felony. Defendant appeared in custody and was represented by Kathryn Hansel, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; MNCIS Case No. 27-CR-18-20198 with Assault in the Fifth Degree (Gross Misdemeanor) and Disorderly Conduct arising from an incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-18-18391 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on July 2, 2018; MNCIS Case No. 27-CR-19-17539 with Assault in the Fifth Degree (Felony) arising from an incident alleged to

---

**EXHIBIT MCR-4 | p. 1**

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:  ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2017-02-21**
MCRO_27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2017-02-21_20240430093603.pdf
File Hash:    1e8782aba664f9aafa4736873eafa8ac0d1cc42dcb0bcec9cac41515d16186ff
Page: 2 of 6

3. On January 20, 2017, Judge Jay Quam ordered Psychological Services of Fourth Judicial District Court, to conduct an examination and make an evaluation of the Defendant's mental condition pursuant to Minn.R.Crim.P. 20.01.

4. In a report to the Court, attached and incorporated herein, Elizabeth Barbo, Ph.D., L.P., Psychological Services of Hennepin County District Court, has determined that the Defendant is mentally ill and developmentally disabled so as to be incompetent to stand trial.

**CONCLUSION OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

2. The Hennepin County Sheriff shall transport Defendant from the Hennepin County Adult Detention Center to the head of an appropriate treatment facility when a bed becomes available as ordered by the Fourth Judicial District Court – Mental Health Division. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.  The head of that treatment facility to which the Defendant is confined shall receive and hold Defendant safe and secure for further observation, evaluation, diagnosis, treatment, care and confinement until the conclusion of the commitment proceedings and further order of the Fourth Judicial District Court – Criminal Division.

3. The Defendant is referred to the Fourth Judicial District Court – Mental Health Division for whatever proceedings that Court deems appropriate pursuant to Minn.R.Crim.P. 20.01 and Minnesota Chapter 253B to restore Defendant to competency.

2

---

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-18-18391_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430092804.pdf
File Hash:    1fd18bbf096127193812f0e480dd5acb4b9b2977274774cfaa7f3ea3d217eb62
Page: 2 of 6

have occurred on March 23, 2019. On August 27, 2019, Judge Carolina A. Lamas found probable cause to believe that the felony was committed in 27-CR-19-17539 was committed and that Defendant committed them; previously, on February 26, 2019 Judge Carolina A. Lamas found probable cause to believe that felonies were committed in 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-20198, and 27-CR-18-1839 and that Defendant committed them.

2. On August 19, 2019, the Minnesota Department of Human Services – Direct Care and Treatment submitted a Rule 20.01, Subd. 7 report.

3. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Forensic Psychologist with Direct Care and Treatment reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Direct Care and Treatment opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. Assistant Hennepin County Attorney, Elizabeth Smith, requested that MNCIS Case No. 27-CR-19-17539 be added to the calendar for a finding regarding competency be entered.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case, including but not limited to, bail or conditions of release.

2

---

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-19-1916_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430091245.pdf
File Hash:    cee99043e5d82d53dac1ad1df2c7fe34b2bad02c9a0661d6a3e7a22c4e4eb0e0
Page: 2 of 6

have occurred on March 23, 2019. On August 27, 2019, Judge Carolina A. Lamas found probable cause to believe that the felony was committed in 27-CR-19-17539 was committed and that Defendant committed them; previously, on February 26, 2019 Judge Carolina A. Lamas found probable cause to believe that felonies were committed in 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-20198, and 27-CR-18-1839 and that Defendant committed them.

2. On August 19, 2019, the Minnesota Department of Human Services – Direct Care and Treatment submitted a Rule 20.01, Subd. 7 report.

3. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Forensic Psychologist with Direct Care and Treatment reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Direct Care and Treatment opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. Assistant Hennepin County Attorney, Elizabeth Smith, requested that MNCIS Case No. 27-CR-19-17539 be added to the calendar for a finding regarding competency be entered.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case, including but not limited to, bail or conditions of release.

2

**EXHIBIT MCR-4 | p. 2**

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2017-02-21**
MCRO_27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2017-02-21_20240430093603.pdf
File Hash:     1e8782aba464f9aafa4736873eafa8ac0d1cc42dcb0bcec9cac41515d16186ff
Page: 3 of 6

4.  The Hennepin County Prepetition Screening Program is the agency designated in Hennepin County to conduct the preliminary investigation required by Minn. Stat 253.07, Subd. 1.  The screening team assigned by the Prepetition Screening Program to investigate this Petition shall have access to all Defendant's files and records (including those protected by Federal regulation or law.)  This order is intended to give the screening team access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care, treatment or confinement to the Defendant. This order applies to, but is not limited to, records maintained by: chemical dependency evaluators, and treatment providers; health clinics, medical centers and hospitals; physicians and psychologists; mental health care providers and case managers; parole and probation agencies; residential and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections and the correctional authority for any other state; and, the court's own records (including records maintained by the Psychological Services to the Court Department).  This order also authorizes employees or officers of the record keepers described above to discuss the respondent's condition, history, records, and/or status with the screening team.  Information collected pursuant to this order shall be considered private data on the Defendant and it may be included in the written Prepetition screening report.

5.  In the event the Fourth Judicial District Court – Mental Health Division finds the said Defendant to be mentally ill, mentally deficient, or mentally ill and dangerous to the public, and in need of hospitalization, Defendant may be committed directly to an appropriate safe and secure institution by the Fourth Judicial District Court -- Mental Health Division for hospitalization, periodic evaluation and treatment as incompetent

3

---

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-18-18391_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430092804.pdf
File Hash:     1fd18bbf096127193812f0e480dd5acb4b9b2977274774cfaa7f3ea3d217eb62
Page: 3 of 3

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.
    Elizabeth Smith, Assistant Hennepin County Attorney – Criminal Division;
    Kathryn Hansel, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care treatment or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; resident and nonresidential

3

---

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-19-1916_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430091245.pdf
File Hash:     cee99043e5d82d53dac1ad1df2c7fe34b2bad02c9a0661d6a3e7a22c4e4eb0e0
Page: 3 of 3

2.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.
    Elizabeth Smith, Assistant Hennepin County Attorney – Criminal Division;
    Kathryn Hansel, Assistant Hennepin County Public Defender

3.  The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4.  PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5.  Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6.  Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7.  Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care treatment or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; resident and nonresidential

3

3

**EXHIBIT MCR-4 | p. 3**

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2017-02-21**
MCRO_27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2017-02-21_20240430093603.pdf
File Hash:    1e8782aba664f9aafa4736873eafa8ac0d1cc42dcb0bcec9cac41515d16186ff
Page: 4 of 6

and mentally deficient, mentally ill and/or mentally ill and dangerous to the public until such time as Defendant shall have become competent to understand the proceedings against him and participate in his defense, unless otherwise directed by the Probate/Mental Health Division of District Court.  The head of the treatment facility shall submit a written report on the Defendant's competency to proceed in the criminal case at least every six months and when Defendant has attained competency.

6.  For any defendant who is not subject to the provisions of Minn. Stat. §253B.18, the head of the treatment facility shall not permit the defendant's release, institutional transfer, partial institutionalization status, termination, discharge or provisional discharge of the civil commitment until further order of the Hennepin County District Court – Criminal Division.  Any such proposal shall be made in writing to the Hennepin County District Court – Criminal Division and parties at least 14 days prior to the proposed change in status.  The proposal shall address the following issues:  1) whether the respondent is competent, 2) how the proposed plan will meet respondent's treatment needs, and 3) security risks and how they will be addressed.  Either party may request a hearing on this issue.  If no hearing is requested, the court may issue an order approving the proposed change in status.

7.  In the event the Fourth Judicial District Court – Mental Health Division does not commit the Defendant, then the Defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

8.  The Criminal proceedings are hereby suspended until Defendant has returned to a competent state of mind.

9.  Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

4

---

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-08-27**
MCRO_27-CR-18-18391_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430092804.pdf
File Hash:    1fd18bbf096127193812f0e480dd3acb4b9b2977274774cfaa7f3ea3d217eb62
Page: 4 of 4

community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

12. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed

4

---

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-08-27**
MCRO_27-CR-19-1916_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430091245.pdf
File Hash:    cee99043e5d82d53dac1ad1df2c7fe34b2bad02a9a0661d6a3e7a22c4e4eb0e0
Page: 4 of 4

community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8.  This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9.  If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

12. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed

4

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2017-02-21**
MCRO_27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2017-02-21_20240430093603.pdf
File Hash:    1e8782aba664f9aafa4736873eafa8ac0d1cc42dcb0bcec9cac41515d16186ff
Page: 5 of 6

10. The undersigned shall file this Order with the Fourth Judicial District Court – Criminal Division and the following persons/agencies shall be served with electronic copies of the Order:

   a.  Fourth Judicial District Court – Mental Health Division;

   b.  Hennepin County Attorney's Office – Mental Health Division;

   c.  Hennepin County Attorney's Office – Criminal Division;

   d.  City of Minneapolis, Attorney's Office – Criminal Division;

   e.  Kellie Charles, Assistant Hennepin County Public Defender; and

   f.  Hennepin County Pre-petition Screening Unit.

11. The Defendant's next review date in Hennepin County District Court – Criminal Division on the criminal matter and status review of Rule 20, Minn.R.Crim.P. is August 22, 2017.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

   b.  Kellie Charles,  Assistant Hennepin County Public Defender;

   c.  Robert Sorenson, Assistant Hennepin County Attorney;

   d.  Hennepin County Attorney – Mental Health Section; and

   e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

BY THE COURT:

DATED:  February 21, 2017

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

Attachments:  Examiner's Report
              Complaint

5

---

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-08-27**
MCRO_27-CR-18-18391_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430092804.pdf
File Hash:    1fd18bbf096127193812f0e480dd5acb4b9b2977274774cfaa7f3ea3d217eb62
Page: 5 of 6

change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

13. In the event the Fourth Judicial District Court – Mental Health Division does not commit the defendant, then the defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

14. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is February 25, 2020.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

   b.  Kathryn Hansel, Assistant Hennepin County Public Defender;

   c.  Elizabeth Smith, Assistant Hennepin County Attorney;

   d.  Assistant Hennepin County Attorney's Office – Adult Services Division [if a commitment is ordered];

   e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

15. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email

5

---

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-08-27**
MCRO_27-CR-19-1916_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430091245.pdf
File Hash:    cee99043e5d82d53dac1ad1df2c7fe34b2bad02a9a0661d6a3e7a22c4e4eb0e0
Page: 5 of 6

change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

13. In the event the Fourth Judicial District Court – Mental Health Division does not commit the defendant, then the defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

14. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is February 25, 2020.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

   b.  Kathryn Hansel, Assistant Hennepin County Public Defender;

   c.  Elizabeth Smith, Assistant Hennepin County Attorney;

   d.  Assistant Hennepin County Attorney's Office – Adult Services Division [if a commitment is ordered];

   e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

15. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email

5

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2017-02-21**
MCRO_27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2017-02-21_20240430093603.pdf
File Hash:     1e8782aba664f9aafa4736873eafa8ac0d1cc42dcb0bcec9cac41515d16186ff
Page: 6 of 6

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-08-27**
MCRO_27-CR-18-18391_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430092804.pdf
File Hash:     1fd18bbf096127193812f0e480dd5acb4b9b2977274774cfaa7f3ea3d217eb62
Page: 6 of 6

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-08-27**
MCRO_27-CR-19-1916_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430091245.pdf
File Hash:     cee99043e5d82d53dac1ad1df2c7fe34b2bad02c9a0661d6a3e7a22c4e4eb0e0
Page: 6 of 6

---

to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

BY THE COURT:

DATED:  August 27, 2019

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

---

to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

BY THE COURT:

DATED:  August 27, 2019

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

6

6

6

**EXHIBIT MCR-4 | p. 6**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-19-3539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430091356.pdf
File Hash:   5a0a94727929b02a793aec6a5db1aaa3850db995738211c15cc92eb5669260c6
Page: 1 of 6

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,                    )
                                       )    **FINDINGS OF FACT,**
            Plaintiff,                 )    **CONCLUSIONS OF LAW**
                                       )    **AND ORDER REGARDING**
                                       )    **COMPETENCY**
vs.                                    )
                                       )    MNCIS No: 27-CR-19-3539;
Aesha Ibrahim Osman,                   )    27-CR-19-1916; 27-CR-19-17539
                                       )    27-CR-18-20198; 27-CR-18-18391
            Defendant.                 )

        This matter came before the undersigned Judge on August 27, 2019.
Robert Sorensen, Assistant Hennepin County Attorney, represented the plaintiff
on the felony. Defendant appeared in custody and was represented by Kathryn
Hansel, Assistant Hennepin County Public Defender.

        Based on all the files, records and proceedings in this case, the Court
makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-
    CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an
    incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-
    CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the
    Fourth Degree (Felony) arising from an incident alleged to have occurred on
    January 20, 2019; MNCIS Case No. 27-CR-18-20198 with Assault in the Fifth
    Degree (Gross Misdemeanor) and Disorderly Conduct arising from an
    incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-
    18-18391 with Assault in the Fifth Degree (Felony) arising from an incident
    alleged to have occurred on July 2, 2018; MNCIS Case No. 27-CR-19-17539
    with Assault in the Fifth Degree (Felony) arising from an incident alleged to

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-10-08**
MCRO_27-CR-19-12466_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-10-08_20240430091852.pdf
File Hash:   e698743c4f3cf9a1c0f0722580acb849d2e0d4e15f504c07035160b042e505b
Page: 1 of 6

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,                    )
                                       )    **FINDINGS OF FACT,**
            Plaintiff,                 )    **CONCLUSIONS OF LAW**
                                       )    **AND ORDER REGARDING**
                                       )    **COMPETENCY**
vs.                                    )
                                       )    MNCIS No:  27-CR-19-12466;
Terrell Dannie Johnson,                )    27-CR-18-27501; 27-CR-19-19606
                                       )
            Defendant.                 )

        This matter came before the undersigned Judge on October 8, 2019. Robert
Sorensen, Assistant Hennepin County Attorney, represented the plaintiff.
Defendant appeared in custody and was represented by Sebastian Mesa-White,
Assistant Hennepin County Public Defender.

        Based on all the files, records and proceedings in this case, the Court
makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 08/28/1979) was charged in MNCIS Case No. 27-
    CR-19-12466 with Drug Possession in the Third Degree (Felony) arising from
    an incident alleged to have occurred on May 28, 2019; MNCIS Case No. 27-
    CR-18-27501 Defendant has been charged and convicted of Drug Possession
    in the Fifth Degree (Felony) arising from an incident alleged to have occurred on
    November 6, 2018; MNCIS Case No. 27-CR-19-19606 with Drug Possession
    in the Third Degree (Felony) arising from an incident alleged to have
    occurred on August 12, 2019. On May 31, 2019, Judge Lois Conroy found
    probable cause to believe that the Felony offense was committed and that
    Defendant committed it in MNCIS Case No. 27-CR-19-12466; on October 8,
    2019, Judge Carolina A. Lamas found probable cause to believe that the

---

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-19-17539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430092003.pdf
File Hash:   e9d1dce6b78656fd68512b3f913d907ed2ad8d925b5946c4e42df271a21f6484
Page: 1 of 6

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,                    )
                                       )    **FINDINGS OF FACT,**
            Plaintiff,                 )    **CONCLUSIONS OF LAW**
                                       )    **AND ORDER REGARDING**
                                       )    **COMPETENCY**
vs.                                    )
                                       )    MNCIS No: 27-CR-19-3539;
Aesha Ibrahim Osman,                   )    27-CR-19-1916; 27-CR-19-17539
                                       )    27-CR-18-20198; 27-CR-18-18391
            Defendant.                 )

        This matter came before the undersigned Judge on August 27, 2019.
Robert Sorensen, Assistant Hennepin County Attorney, represented the plaintiff
on the felony. Defendant appeared in custody and was represented by Kathryn
Hansel, Assistant Hennepin County Public Defender.

        Based on all the files, records and proceedings in this case, the Court
makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-
    CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an
    incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-
    CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the
    Fourth Degree (Felony) arising from an incident alleged to have occurred on
    January 20, 2019; MNCIS Case No. 27-CR-18-20198 with Assault in the Fifth
    Degree (Gross Misdemeanor) and Disorderly Conduct arising from an
    incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-
    18-18391 with Assault in the Fifth Degree (Felony) arising from an incident
    alleged to have occurred on July 2, 2018; MNCIS Case No. 27-CR-19-17539
    with Assault in the Fifth Degree (Felony) arising from an incident alleged to

---

**EXHIBIT MCR-4 | p. 7**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-19-3539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430091356.pdf
File Hash:   5a0a94727929b02a793aec6a5db1aaa3850db995738211c15cc92eb5669260c6
Page: 2 of 6

have occurred on March 23, 2019. On August 27, 2019, Judge Carolina A. Lamas found probable cause to believe that the felony was committed in 27-CR-19-17539 was committed and that Defendant committed them; previously, on February 26, 2019 Judge Carolina A. Lamas found probable cause to believe that felonies were committed in 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-20198, and 27-CR-18-1839 and that Defendant committed them.

2. On August 19, 2019, the Minnesota Department of Human Services – Direct Care and Treatment submitted a Rule 20.01, Subd. 7 report.

3. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Forensic Psychologist with Direct Care and Treatment reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Direct Care and Treatment opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. Assistant Hennepin County Attorney, Elizabeth Smith, requested that MNCIS Case No. 27-CR-19-17539 be added to the calendar for a finding regarding competency be entered.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case, including but not limited to, bail or conditions of release.

2

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-10-08**
MCRO_27-CR-19-12466_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-10-08_20240430091852.pdf
File Hash:   e698743c4f3cf9a1c02f0722580acb849d2e0d4e15f504c07035160b042e505b
Page: 2 of 6

Felony offense was committed and that Defendant committed it in MNCIS Case No. 27-CR-19-19606.

2. On September 16, 2019, Judge Carolina A. Lamas ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Sonia Reardon, Ph.D., LP, Psychological Services of Hennepin County District Court reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Sonia Reardon, Ph.D. LP, Psychological Services of Hennepin County District Court opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.  The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case, including but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

Emily Liebman, Assistant Hennepin County Attorney – Criminal Division;

Sebastian Mesa-White, Assistant Hennepin County Public Defender

2

---

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-19-17539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430092003.pdf
File Hash:   e9d1dce6b78656fd68512b3f913d907ed2ad8d925b5946c4e42df271a21f6484
Page: 2 of 6

have occurred on March 23, 2019. On August 27, 2019, Judge Carolina A. Lamas found probable cause to believe that the felony was committed in 27-CR-19-17539 was committed and that Defendant committed them; previously, on February 26, 2019 Judge Carolina A. Lamas found probable cause to believe that felonies were committed in 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-20198, and 27-CR-18-1839 and that Defendant committed them.

2. On August 19, 2019, the Minnesota Department of Human Services – Direct Care and Treatment submitted a Rule 20.01, Subd. 7 report.

3. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Forensic Psychologist with Direct Care and Treatment reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Direct Care and Treatment opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. Assistant Hennepin County Attorney, Elizabeth Smith, requested that MNCIS Case No. 27-CR-19-17539 be added to the calendar for a finding regarding competency be entered.

### CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

### ORDER

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case, including but not limited to, bail or conditions of release.

2

---

**EXHIBIT MCR-4 | p. 8**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-19-3539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430091356.pdf
File Hash:   5a0a94727929b02a793aec6a5db1aaa3850db995738211c15cc92eb5669260c6
Page: 3 of 6

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

    Elizabeth Smith, Assistant Hennepin County Attorney – Criminal Division;

    Kathryn Hansel, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care treatment or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; resident and nonresidential

3

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-10-08**
MCRO_27-CR-19-12466_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-10-08_20240430091852.pdf
File Hash:   e698743c4f3cf9a1c02f0722580acb849d2e0d4e15f504c07035160b042e505b
Page: 3 of 6

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care treatment or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; resident and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment,

3

---

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-19-17539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430092003.pdf
File Hash:   e9d1dce6b78656fd68512b3f913d907ed2ad8d925b5946c4e42df271a21f6484
Page: 3 of 6

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

    Elizabeth Smith, Assistant Hennepin County Attorney – Criminal Division;

    Kathryn Hansel, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care treatment or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; resident and nonresidential

3

Archived Case Files Available at MnCourtFraud.Substack.com

9

**EXHIBIT MCR-4 | p. 9**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-19-3539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430091356.pdf
File Hash:   5a0a94727929b02a793aec6a5db1aaa3850db995738211c15cc92eb5669260c6
Page: 4 of 6

community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

12. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed

4

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-10-08**
MCRO_27-CR-19-12466_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-10-08_20240430091852.pdf
File Hash:   e698743c4f3cf9a1c02f0722580acb849d2e0d4e15f504c07035160b042e505b
Page: 4 of 6

and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

12. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public

4

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-19-17539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430092003.pdf
File Hash:   e9d1dce6b78656fd68512b3f913d907ed2ad8d925b5946c4e42df271a21f6484
Page: 4 of 6

community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

12. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed

4

**EXHIBIT MCR-4 | p. 10**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-08-27**
MCRO_27-CR-19-3539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430091356.pdf
File Hash:    5a0a94727929b02a793aec6a5db1aaa3850db995738211c15cc92eb5669260c6
Page: 5 of 6

change in status. Any proposed change in status under the civil commitment

requiring amended conditions of release shall be made in writing to the

Fourth Judicial District Court – Criminal Division and parties at least 14 days

prior to proposed change in status. The written proposal shall address the

following issues 1) whether the Defendant is competent to proceed; 2) how

the proposed plan will meet the Defendant's treatment needs; and 3) public

safety risks and how they will be addressed. Either party may request a

hearing to address the proposed changes to the conditions of release. If no

hearing is requested, the court may issue an order amending the conditions of

release consistent with the proposed change in status in the civil commitment

matter.

13. In the event the Fourth Judicial District Court – Mental Health Division does

not commit the defendant, then the defendant shall be transported in secure

custody back to the Fourth Judicial District Court – Criminal Division for

further proceedings herein.

14. Defendant's next appearance in Hennepin County District Court – Criminal

Division on this matter and status review of Defendant's competence to

proceed is February 25, 2020. One week prior to that date, reports regarding

Defendant's competency and mental status shall be e-filed and e-served to:

  a. Fourth Judicial District Court – 4thCriminalRule20 email list;

  b. Kathryn Hansel, Assistant Hennepin County Public Defender;

  c. Elizabeth Smith, Assistant Hennepin County Attorney;

  d. Assistant Hennepin County Attorney's Office – Adult Services
     Division [if a commitment is ordered];

  e. The Commitment Defense Panel attorney appointed to represent
     Defendant by the Fourth Judicial District Court – Probate/Mental
     Health Division.

15. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal

complaint(s), and the underlying police report(s) shall be delivered via email

5

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-10-08**
MCRO_27-CR-19-12466_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-10-08_20240430091852.pdf
File Hash:    e698743c4f3cf9a1c02f0722580acb849d2e0d4e15f504c07035160b042e505b
Page: 5 of 6

safety risks and how they will be addressed. Either party may request a

hearing to address the proposed changes to the conditions of release. If no

hearing is requested, the court may issue an order amending the conditions of

release consistent with the proposed change in status in the civil commitment

matter.

13. In the event the Fourth Judicial District Court – Mental Health Division does

not commit the defendant, then the defendant shall be transported in secure

custody back to the Fourth Judicial District Court – Criminal Division for

further proceedings herein.

14. Defendant's next appearance in Hennepin County District Court – Criminal

Division on this matter and status review of Defendant's competence to

proceed is April 7, 2020. One week prior to that date, reports regarding

Defendant's competency and mental status shall be e-filed and e-served to:

15. Defendant's competency and mental status shall be e-filed and e-served to:

  a. Fourth Judicial District Court – 4thCriminalRule20 email list;

  b. Sebastien Mesa-White, Assistant Hennepin County Public Defender;

  c. Assistant Hennepin County Attorney's Office – Adult Services
     Division [if a commitment is ordered];

  d. The Commitment Defense Panel attorney appointed to represent
     Defendant by the Fourth Judicial District Court – Probate/Mental
     Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal

complaint(s), and the underlying police report(s) shall be delivered via email

to the Prepetition Screening Program of Hennepin County's Human Services

and Public Health Department.

BY THE COURT:

DATED: October 8, 2019

_____
Carolina A. Lamas
Judge of District Court

5

---

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-08-27**
MCRO_27-CR-19-17539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430092003.pdf
File Hash:    e9d1dce6b78656fd68512b3f913d907ed2ad8d925b5946c4e42df271a21f6484
Page: 5 of 6

change in status. Any proposed change in status under the civil commitment

requiring amended conditions of release shall be made in writing to the

Fourth Judicial District Court – Criminal Division and parties at least 14 days

prior to proposed change in status. The written proposal shall address the

following issues 1) whether the Defendant is competent to proceed; 2) how

the proposed plan will meet the Defendant's treatment needs; and 3) public

safety risks and how they will be addressed. Either party may request a

hearing to address the proposed changes to the conditions of release. If no

hearing is requested, the court may issue an order amending the conditions of

release consistent with the proposed change in status in the civil commitment

matter.

13. In the event the Fourth Judicial District Court – Mental Health Division does

not commit the defendant, then the defendant shall be transported in secure

custody back to the Fourth Judicial District Court – Criminal Division for

further proceedings herein.

14. Defendant's next appearance in Hennepin County District Court – Criminal

Division on this matter and status review of Defendant's competence to

proceed is February 25, 2020. One week prior to that date, reports regarding

Defendant's competency and mental status shall be e-filed and e-served to:

  a. Fourth Judicial District Court – 4thCriminalRule20 email list;

  b. Kathryn Hansel, Assistant Hennepin County Public Defender;

  c. Elizabeth Smith, Assistant Hennepin County Attorney;

  d. Assistant Hennepin County Attorney's Office – Adult Services
     Division [if a commitment is ordered];

  e. The Commitment Defense Panel attorney appointed to represent
     Defendant by the Fourth Judicial District Court – Probate/Mental
     Health Division.

15. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal

complaint(s), and the underlying police report(s) shall be delivered via email

5

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-19-3539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430091356.pdf
File Hash:      5a0a94727929b02a793aec6a5db1aaa3850db995738211c15cc92eb5669260c6
Page: 6 of 6

to the Prepetition Screening Program of Hennepin County's Human Services
and Public Health Department.

                              BY THE COURT:

DATED:  August 27, 2019

                              _____
                              Carolina A. Lamas
                              Judge of District Court
                              Fourth Judicial District

6

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-10-08**
MCRO_27-CR-19-12466_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-10-08_20240430091852.pdf
File Hash:      e698743c4f3cf9a1c02f0722580acb849d2e0d4e15f504c07035160b042e505b
Page: 6 of 6

Fourth Judicial District

6

---

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-08-27**
MCRO_27-CR-19-17539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-08-27_20240430092003.pdf
File Hash:      e9d1dce6b78656fd68512b3f913d907ed2ad8d925b5946c4e42df271a21f6484
Page: 6 of 6

to the Prepetition Screening Program of Hennepin County's Human Services
and Public Health Department.

                              BY THE COURT:

DATED:  August 27, 2019

                              _____
                              Carolina A. Lamas
                              Judge of District Court
                              Fourth Judicial District

6

---

12

**EXHIBIT MCR-4 | p. 12**

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
MCRO_27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093550.pdf
File Hash:     fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 1 of 7

**Case No. 27-CR-17-8342**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
MCRO_27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093644.pdf
File Hash:     ecd56ec1ab1637d9c83c6687b69bd914180df20c6717k5c0b33dce4fc8a79271c
Page: 1 of 7

**Case No. 27-CR-17-22909**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
MCRO_27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093726.pdf
File Hash:     3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 1 of 7

---

27-CR-17-1555

Filed in District Court
State of Minnesota
5/8/2020 3:50 PM

State of Minnesota                                              District Court

County of Hennepin                                      Fourth Judicial District

                                                        Judge Lisa K. Janzen
State of Minnesota,                                        Case Type: Criminal
    Plaintiff,
                                                   **FINDINGS OF FACT AND
v.                                                  CONCLUSIONS OF LAW
                                                REGARDING DEFENDANT'S
                                                 COMPETENCY TO PROCEED**
Adrian Wesley,
    Defendant.                          Case Numbers: 27-CR-17-1555
                                                      27-CR-17-22909
                                                      27-CR-17-8342

    The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on February 10, 2020, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Jason Lewis, dated October 1, 2019.  Amy Blagoev, Assistant Hennepin County Attorney, appeared for the State.  Julius Nolen, appeared on behalf of the defendant who was personally present. Dr. Jason Lewis, PhD, LP, of State Operated Forensic Services testified and the court received his report dated October 1, 2019 and his Curriculum Vitae as exhibits.  The court also took judicial notice of the five previous rule 20.01 evaluations filed in the case.  The court took the matter under advisement on February 10, 2020. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

    1.  Defendant is **INCOMPETENT** to proceed.

**FINDINGS AND CONCLUSIONS**

    Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2.  The determination of whether a defendant is able

---

27-CR-17-8342

Filed in District Court
State of Minnesota
5/8/2020 3:54 PM

State of Minnesota                                              District Court

County of Hennepin                                      Fourth Judicial District

                                                        Judge Lisa K. Janzen
State of Minnesota,                                        Case Type: Criminal
    Plaintiff,
                                                   **FINDINGS OF FACT AND
v.                                                  CONCLUSIONS OF LAW
                                                REGARDING DEFENDANT'S
                                                 COMPETENCY TO PROCEED**
Adrian Wesley,
    Defendant.                          Case Numbers: 27-CR-17-1555
                                                      27-CR-17-22909
                                                      27-CR-17-8342

    The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on February 10, 2020, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Jason Lewis, dated October 1, 2019.  Amy Blagoev, Assistant Hennepin County Attorney, appeared for the State.  Julius Nolen, appeared on behalf of the defendant who was personally present. Dr. Jason Lewis, PhD, LP, of State Operated Forensic Services testified and the court received his report dated October 1, 2019 and his Curriculum Vitae as exhibits.  The court also took judicial notice of the five previous rule 20.01 evaluations filed in the case.  The court took the matter under advisement on February 10, 2020. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

    1.  Defendant is **INCOMPETENT** to proceed.

**FINDINGS AND CONCLUSIONS**

    Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2.  The determination of whether a defendant is able

---

27-CR-17-22909

Filed in District Court
State of Minnesota
5/8/2020 3:52 PM

State of Minnesota                                              District Court

County of Hennepin                                      Fourth Judicial District

                                                        Judge Lisa K. Janzen
State of Minnesota,                                        Case Type: Criminal
    Plaintiff,
                                                   **FINDINGS OF FACT AND
v.                                                  CONCLUSIONS OF LAW
                                                REGARDING DEFENDANT'S
                                                 COMPETENCY TO PROCEED**
Adrian Wesley,
    Defendant.                          Case Numbers: 27-CR-17-1555
                                                      27-CR-17-22909
                                                      27-CR-17-8342

    The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on February 10, 2020, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Jason Lewis, dated October 1, 2019.  Amy Blagoev, Assistant Hennepin County Attorney, appeared for the State.  Julius Nolen, appeared on behalf of the defendant who was personally present. Dr. Jason Lewis, PhD, LP, of State Operated Forensic Services testified and the court received his report dated October 1, 2019 and his Curriculum Vitae as exhibits.  The court also took judicial notice of the five previous rule 20.01 evaluations filed in the case.  The court took the matter under advisement on February 10, 2020. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

    1.  Defendant is **INCOMPETENT** to proceed.

**FINDINGS AND CONCLUSIONS**

    Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2.  The determination of whether a defendant is able

---

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
MCRO_27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093550.pdf
File Hash:    fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 2 of 7

Filed in District Court
State of Minnesota
5/8/2020 3:50 PM

27-CR-17-1555

to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.

Mr. Wesley has been charged in file 27-CR-17-1555 with one count of Criminal Sexual Conduct in the 2nd Degree arising from an incident alleged to have occurred on January 15, 2017. He is also charged in file 27-CR-17-22909 with one count of Assault in the 4th Degree from an incident alleged to have occurred on July 14, 2017.   Finally, he is charged in file 27-CR-17-8342 with one count of Criminal Damage to Property in the First Degree for an incident alleged to have occurred on March 5, 2017.  On January 20, 2017 Judge Jay Quam found probable cause on file 27-CR-17-1555 and ordered that a Rule 20.01 evaluation be completed. Dr. Kristen A. Otte, Psy.D. LP of Hennepin Psychological Services was assigned to complete the first 20.01 evaluation of the defendant. She filed her report on February 17, 2017.  Dr. Otte opined that Mr. Wesley was incompetent and provided the following diagnoses:

1. Other Specified Neurodevelopmental Disorder (Associated with Prenatal Alcohol Exposure, formerly referred to as Fetal Alcohol Syndrome).
2. Intellectual Disability, Moderate
3. Unspecified Depressive Disorder

Dr. Otte indicated further information was required to determine whether Mr. Wesley met the diagnostic criteria for a psychotic disorder.

Dr. Otte noted Mr. Wesley's clinical presentation is complex due to his long standing and well-documented history of neurodevelopmental deficits and intellectual disabilities which contribute to problems with emotion regulation and behavioral control as well as his ability to communicate effectively about his thoughts and emotions.  Mr. Wesley demonstrates a history of aggression and impulse control as well as sexually inappropriate behavior.  Dr. Otte noted these issues are further compounded by his hearing impairment and that he requires the use of ASL interpreters to communicate and participate in evaluation interviews.  Mr. Wesley's deficits are due to drug and alcohol exposure in-utero. Due to maternal abuse and neglect he was removed from his mother's care.  His hearing loss is due to recurrent and untreated ear infections.

**Case No. 27-CR-17-8342**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
MCRO_27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093644.pdf
File Hash:    ecd56ec1ab1637d9c83c6687b69bd914180df20c6717Sc0b33dce4fc8a79271c
Page: 2 of 7

Filed in District Court
State of Minnesota
5/8/2020 3:54 PM

27-CR-17-8342

to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.

Mr. Wesley has been charged in file 27-CR-17-1555 with one count of Criminal Sexual Conduct in the 2nd Degree arising from an incident alleged to have occurred on January 15, 2017. He is also charged in file 27-CR-17-22909 with one count of Assault in the 4th Degree from an incident alleged to have occurred on July 14, 2017.   Finally, he is charged in file 27-CR-17-8342 with one count of Criminal Damage to Property in the First Degree for an incident alleged to have occurred on March 5, 2017.  On January 20, 2017 Judge Jay Quam found probable cause on file 27-CR-17-1555 and ordered that a Rule 20.01 evaluation be completed. Dr. Kristen A. Otte, Psy.D. LP of Hennepin Psychological Services was assigned to complete the first 20.01 evaluation of the defendant. She filed her report on February 17, 2017. Dr. Otte opined that Mr. Wesley was incompetent and provided the following diagnoses:

1. Other Specified Neurodevelopmental Disorder (Associated with Prenatal Alcohol Exposure, formerly referred to as Fetal Alcohol Syndrome).
2. Intellectual Disability, Moderate
3. Unspecified Depressive Disorder

Dr. Otte indicated further information was required to determine whether Mr. Wesley met the diagnostic criteria for a psychotic disorder.

Dr. Otte noted Mr. Wesley's clinical presentation is complex due to his long standing and well-documented history of neurodevelopmental deficits and intellectual disabilities which contribute to problems with emotion regulation and behavioral control as well as his ability to communicate effectively about his thoughts and emotions.  Mr. Wesley demonstrates a history of aggression and impulse control as well as sexually inappropriate behavior.  Dr. Otte noted these issues are further compounded by his hearing impairment and that he requires the use of ASL interpreters to communicate and participate in evaluation interviews.  Mr. Wesley's deficits are due to drug and alcohol exposure in-utero. Due to maternal abuse and neglect he was removed from his mother's care.  His hearing loss is due to recurrent and untreated ear infections.

**Case No. 27-CR-17-22909**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
MCRO_27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093726.pdf
File Hash:    3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 2 of 7

Filed in District Court
State of Minnesota
5/8/2020 3:52 PM

27-CR-17-22909

to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.

Mr. Wesley has been charged in file 27-CR-17-1555 with one count of Criminal Sexual Conduct in the 2nd Degree arising from an incident alleged to have occurred on January 15, 2017. He is also charged in file 27-CR-17-22909 with one count of Assault in the 4th Degree from an incident alleged to have occurred on July 14, 2017.   Finally, he is charged in file 27-CR-17-8342 with one count of Criminal Damage to Property in the First Degree for an incident alleged to have occurred on March 5, 2017.  On January 20, 2017 Judge Jay Quam found probable cause on file 27-CR-17-1555 and ordered that a Rule 20.01 evaluation be completed. Dr. Kristen A. Otte, Psy.D. LP of Hennepin Psychological Services was assigned to complete the first 20.01 evaluation of the defendant. She filed her report on February 17, 2017. Dr. Otte opined that Mr. Wesley was incompetent and provided the following diagnoses:

1. Other Specified Neurodevelopmental Disorder (Associated with Prenatal Alcohol Exposure, formerly referred to as Fetal Alcohol Syndrome).
2. Intellectual Disability, Moderate
3. Unspecified Depressive Disorder

Dr. Otte indicated further information was required to determine whether Mr. Wesley met the diagnostic criteria for a psychotic disorder.

Dr. Otte noted Mr. Wesley's clinical presentation is complex due to his long standing and well-documented history of neurodevelopmental deficits and intellectual disabilities which contribute to problems with emotion regulation and behavioral control as well as his ability to communicate effectively about his thoughts and emotions.  Mr. Wesley demonstrates a history of aggression and impulse control as well as sexually inappropriate behavior.  Dr. Otte noted these issues are further compounded by his hearing impairment and that he requires the use of ASL interpreters to communicate and participate in evaluation interviews.  Mr. Wesley's deficits are due to drug and alcohol exposure in-utero. Due to maternal abuse and neglect he was removed from his mother's care.  His hearing loss is due to recurrent and untreated ear infections.

Archived Case Files Available at MnCourtFraud.Substack.com

**EXHIBIT MCR-4 | p. 14**

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2020-05-08**
MCRO_27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093550.pdf
File Hash:    fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 3 of 7

**Case No. 27-CR-17-8342**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2020-05-08**
MCRO_27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093644.pdf
File Hash:    ecd56ec1ab1637d9c83c6687b69bd914180df20c6717 5c0b33dce4fc8a79271c
Page: 3 of 7

**Case No. 27-CR-17-22909**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2020-05-08**
MCRO_27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093726.pdf
File Hash:    3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 3 of 7

---

27-CR-17-1555
Filed in District Court
State of Minnesota
5/8/2020 3:50 PM

Dr. Otte indicated in her evaluation that Mr. Wesley's impairments result in significant deficits in planning and decision-making, reasoning, problem-solving, abstract thinking, emotion regulation, adaptive functioning and self-care. She opined that the deficits associated with his neurodevelopmental disorder and intellectual disability significantly interfere with his competency-related functioning. Dr. Otte opined that his prognosis for maintaining the requisite competency-related abilities is exceedingly poor. She noted his deficits and disabilities are chronic and long standing despite a long history of intensive support and intervention and wrote, "There is little likelihood that Mr. Wesley would be restored to competency in the foreseeable future."

On February 21, 2017, Judge Carolina Lamas entered findings of incompetency on all three of Mr. Wesley's files and referred him for screening for civil commitment. He was subsequently committed as Developmentally Disabled and Mentally Ill and Dangerous. The Department of Human Services placed him in the Minnesota Security Hospital - St. Peter where he continues to reside as a patient. Subsequently he has undergone four additional forensic evaluations conducted by Dr. Jason Lewis of State Operated Forensic Services. In each of the four subsequent evaluations, Dr. Lewis opined that Mr. Wesley was incompetent. Additionally, Dr. Lewis included a diagnoses of Unspecified Schizophrenia Spectrum and Psychotic Disorder.

In the most recent Rule 20.01 evaluation, filed on October 1, 2019, Dr. Lewis filed a report opining that Mr. Wesley has been restored to competency. Dr. Lewis noted that Mr. Wesley is psychiatrically stable and has been psychiatrically stable for the last couple evaluations. Dr. Lewis indicated Mr. Wesley demonstrates a lack of ongoing psychosis, he is alert, and his memory and thought processes are intact. Thus, Mr. Wesley's mental illness is not currently interfering significantly with competency issues. The questions the court must determine is whether Mr. Wesley's chronic cognitive deficits render him incompetent.

Dr. Lewis is a forensic examiner for State Operated Forensic Services and was previously the Clinical Director of the Competency Restoration Program. He testified that the Competency Restoration Program focuses on educating patients about the criminal legal process, including the roles of the parties in

---

27-CR-17-8342
Filed in District Court
State of Minnesota
5/8/2020 3:54 PM

Dr. Otte indicated in her evaluation that Mr. Wesley's impairments result in significant deficits in planning and decision-making, reasoning, problem-solving, abstract thinking, emotion regulation, adaptive functioning and self-care. She opined that the deficits associated with his neurodevelopmental disorder and intellectual disability significantly interfere with his competency-related functioning. Dr. Otte opined that his prognosis for maintaining the requisite competency-related abilities is exceedingly poor. She noted his deficits and disabilities are chronic and long standing despite a long history of intensive support and intervention and wrote, "There is little likelihood that Mr. Wesley would be restored to competency in the foreseeable future."

On February 21, 2017, Judge Carolina Lamas entered findings of incompetency on all three of Mr. Wesley's files and referred him for screening for civil commitment. He was subsequently committed as Developmentally Disabled and Mentally Ill and Dangerous. The Department of Human Services placed him in the Minnesota Security Hospital - St. Peter where he continues to reside as a patient. Subsequently he has undergone four additional forensic evaluations conducted by Dr. Jason Lewis of State Operated Forensic Services. In each of the four subsequent evaluations, Dr. Lewis opined that Mr. Wesley was incompetent. Additionally, Dr. Lewis included a diagnoses of Unspecified Schizophrenia Spectrum and Psychotic Disorder.

In the most recent Rule 20.01 evaluation, filed on October 1, 2019, Dr. Lewis filed a report opining that Mr. Wesley has been restored to competency. Dr. Lewis noted that Mr. Wesley is psychiatrically stable and has been psychiatrically stable for the last couple evaluations. Dr. Lewis indicated Mr. Wesley demonstrates a lack of ongoing psychosis, he is alert, and his memory and thought processes are intact. Thus, Mr. Wesley's mental illness is not currently interfering significantly with competency issues. The questions the court must determine is whether Mr. Wesley's chronic cognitive deficits render him incompetent.

Dr. Lewis is a forensic examiner for State Operated Forensic Services and was previously the Clinical Director of the Competency Restoration Program. He testified that the Competency Restoration Program focuses on educating patients about the criminal legal process, including the roles of the parties in

---

27-CR-17-22909
Filed in District Court
State of Minnesota
5/8/2020 3:52 PM

Dr. Otte indicated in her evaluation that Mr. Wesley's impairments result in significant deficits in planning and decision-making, reasoning, problem-solving, abstract thinking, emotion regulation, adaptive functioning and self-care. She opined that the deficits associated with his neurodevelopmental disorder and intellectual disability significantly interfere with his competency-related functioning. Dr. Otte opined that his prognosis for maintaining the requisite competency-related abilities is exceedingly poor. She noted his deficits and disabilities are chronic and long standing despite a long history of intensive support and intervention and wrote, "There is little likelihood that Mr. Wesley would be restored to competency in the foreseeable future."

On February 21, 2017, Judge Carolina Lamas entered findings of incompetency on all three of Mr. Wesley's files and referred him for screening for civil commitment. He was subsequently committed as Developmentally Disabled and Mentally Ill and Dangerous. The Department of Human Services placed him in the Minnesota Security Hospital - St. Peter where he continues to reside as a patient. Subsequently he has undergone four additional forensic evaluations conducted by Dr. Jason Lewis of State Operated Forensic Services. In each of the four subsequent evaluations, Dr. Lewis opined that Mr. Wesley was incompetent. Additionally, Dr. Lewis included a diagnoses of Unspecified Schizophrenia Spectrum and Psychotic Disorder.

In the most recent Rule 20.01 evaluation, filed on October 1, 2019, Dr. Lewis filed a report opining that Mr. Wesley has been restored to competency. Dr. Lewis noted that Mr. Wesley is psychiatrically stable and has been psychiatrically stable for the last couple evaluations. Dr. Lewis indicated Mr. Wesley demonstrates a lack of ongoing psychosis, he is alert, and his memory and thought processes are intact. Thus, Mr. Wesley's mental illness is not currently interfering significantly with competency issues. The questions the court must determine is whether Mr. Wesley's chronic cognitive deficits render him incompetent.

Dr. Lewis is a forensic examiner for State Operated Forensic Services and was previously the Clinical Director of the Competency Restoration Program. He testified that the Competency Restoration Program focuses on educating patients about the criminal legal process, including the roles of the parties in

---

**EXHIBIT MCR-4 | p. 15**

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    -Find of Fact-Order, Pet Commitment-Dfd Found Incompetent-
Filing Date:    **2020-05-08**
MCRO_27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093550.pdf
File Hash:    fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 4 of 7

27-CR-17-1555

Filed in District Court
State of Minnesota
5/8/2020 3:50 PM

the legal system, the trial process and possible sentences. They also discuss the evidence and facts in each

patient's case. The goal is for the patients to understand the legal process sufficiently to be able to rationally

consult with counsel and to be able to participate in their defense. The program consists of group class

sessions and uses an assessment tool, consisting of one-hundred questions about the criminal process, to

assist with a competency determination.

At the evidentiary hearing Dr. Lewis testified that the main factor he considered in his opinion that

Mr. Wesley has been restored to competency was that Mr. Wesley had recently demonstrated an increased

knowledge of legal concepts and facts related to his charges. Dr. Lewis testified the hospital had recently

increased the frequency of Mr. Wesley's competency restoration sessions as compared to the prior

evaluation review period. Dr. Lewis testified that Mr. Wesley is now able to discuss the evidence, facts

and possible sentences of each of his cases individually. This is consistent with the restoration program's

records which show substantial progress being made in the restoration groups he has been participating in.

Dr. Lewis testified regarding Mr. Wesley's recent performance on the assessment tool. Below are examples

of questions and responses given by Mr. Wesley noted during the hearing.

1. When asked whether he is obligated to accept a plea bargain Mr. Wesley responded, "Defendants have to take a plea bargain". Dr. Lewis testified he did consider this significant as it relates to competency.

2. Mr. Wesley was unable to understand the difference between a sentence to jail and a prison sentence. Dr. Lewis testified he did not consider this significant.

3. When asked to explain what not guilty by reason of mental illness means Mr. Wesley responded, "Maybe I did it but they are going to drop the charges". Dr. Wesley testified this response is inadequate but not significant.

4. Mr. Wesley was able to identify six basis rights rudimentarily.

5. Mr. Wesley answered one question, "If I plead not guilty the charge will be dropped".

6. Mr. Wesley was not able to answer some questions without being given clues and took a significant amount of time to answer many questions.

---

**Case No. 27-CR-17-8342**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    -Find of Fact-Order, Pet Commitment-Dfd Found Incompetent-
Filing Date:    **2020-05-08**
MCRO_27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093644.pdf
File Hash:    ecd56ec1ab1637d9c83c6687b69bd914180df20c6717ic0b33dce4fc8a79271c
Page: 4 of 7

27-CR-17-8342

Filed in District Court
State of Minnesota
5/8/2020 3:54 PM

the legal system, the trial process and possible sentences. They also discuss the evidence and facts in each

patient's case. The goal is for the patients to understand the legal process sufficiently to be able to rationally

consult with counsel and to be able to participate in their defense. The program consists of group class

sessions and uses an assessment tool, consisting of one-hundred questions about the criminal process, to

assist with a competency determination.

At the evidentiary hearing Dr. Lewis testified that the main factor he considered in his opinion that

Mr. Wesley has been restored to competency was that Mr. Wesley had recently demonstrated an increased

knowledge of legal concepts and facts related to his charges. Dr. Lewis testified the hospital had recently

increased the frequency of Mr. Wesley's competency restoration sessions as compared to the prior

evaluation review period. Dr. Lewis testified that Mr. Wesley is now able to discuss the evidence, facts

and possible sentences of each of his cases individually. This is consistent with the restoration program's

records which show substantial progress being made in the restoration groups he has been participating in.

Dr. Lewis testified regarding Mr. Wesley's recent performance on the assessment tool. Below are examples

of questions and responses given by Mr. Wesley noted during the hearing.

1. When asked whether he is obligated to accept a plea bargain Mr. Wesley responded, "Defendants have to take a plea bargain". Dr. Lewis testified he did consider this significant as it relates to competency.

2. Mr. Wesley was unable to understand the difference between a sentence to jail and a prison sentence. Dr. Lewis testified he did not consider this significant.

3. When asked to explain what not guilty by reason of mental illness means Mr. Wesley responded, "Maybe I did it but they are going to drop the charges". Dr. Wesley testified this response is inadequate but not significant.

4. Mr. Wesley was able to identify six basis rights rudimentarily.

5. Mr. Wesley answered one question, "If I plead not guilty the charge will be dropped".

6. Mr. Wesley was not able to answer some questions without being given clues and took a significant amount of time to answer many questions.

---

**Case No. 27-CR-17-22909**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    -Find of Fact-Order, Pet Commitment-Dfd Found Incompetent-
Filing Date:    **2020-05-08**
MCRO_27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093726.pdf
File Hash:    3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 4 of 7

27-CR-17-22909

Filed in District Court
State of Minnesota
5/8/2020 3:52 PM

the legal system, the trial process and possible sentences. They also discuss the evidence and facts in each

patient's case. The goal is for the patients to understand the legal process sufficiently to be able to rationally

consult with counsel and to be able to participate in their defense. The program consists of group class

sessions and uses an assessment tool, consisting of one-hundred questions about the criminal process, to

assist with a competency determination.

At the evidentiary hearing Dr. Lewis testified that the main factor he considered in his opinion that

Mr. Wesley has been restored to competency was that Mr. Wesley had recently demonstrated an increased

knowledge of legal concepts and facts related to his charges. Dr. Lewis testified the hospital had recently

increased the frequency of Mr. Wesley's competency restoration sessions as compared to the prior

evaluation review period. Dr. Lewis testified that Mr. Wesley is now able to discuss the evidence, facts

and possible sentences of each of his cases individually. This is consistent with the restoration program's

records which show substantial progress being made in the restoration groups he has been participating in.

Dr. Lewis testified regarding Mr. Wesley's recent performance on the assessment tool. Below are examples

of questions and responses given by Mr. Wesley noted during the hearing.

1. When asked whether he is obligated to accept a plea bargain Mr. Wesley responded, "Defendants have to take a plea bargain". Dr. Lewis testified he did consider this significant as it relates to competency.

2. Mr. Wesley was unable to understand the difference between a sentence to jail and a prison sentence. Dr. Lewis testified he did not consider this significant.

3. When asked to explain what not guilty by reason of mental illness means Mr. Wesley responded, "Maybe I did it but they are going to drop the charges". Dr. Wesley testified this response is inadequate but not significant.

4. Mr. Wesley was able to identify six basis rights rudimentarily.

5. Mr. Wesley answered one question, "If I plead not guilty the charge will be dropped".

6. Mr. Wesley was not able to answer some questions without being given clues and took a significant amount of time to answer many questions.

---

**EXHIBIT MCR-4 | p. 16**

## Case No. 27-CR-17-1555
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type: -Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date: **2020-05-08**
MCRO_27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093550.pdf
File Hash: fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 5 of 7

Filed in District Court
State of Minnesota
5/8/2020 3:50 PM

Dr. Lewis agreed that Mr. Wesley still demonstrates some deficits as it relates to competency, but that based on the totality of the data he is now able to communicate rationally with counsel and participate in his defense, with the caveat that defense counsel is encouraged to use simple language to explain the legal concepts and to identify multiple ways to describe complicated legal concepts. Dr. Lewis wrote, "Put another way, the 'legalese' that a layman with no mental illness or intellectual deficits would find confusing will be particularly challenging for Mr. Wesley, but he has demonstrated the ability to participate meaningfully in his defense when the discourse is simplified."  Dr. Lewis also made an additional recommendation that the sign language interpreter have a CDI certification, which means that the interpreter is also deaf and familiar with deaf culture.  This type of interpreter is considered more able to accurately interpret and communicate. Dr. Lewis testified that the last time he met with Mr. Wesley was in September but that the notes he reviewed regarding progress between October and February indicated he has not decompensated.  He also testified that if Mr. Wesley were to stop taking the competency restoration classes he would likely regress to incompetency.

At the evidentiary hearing attorney Susan Herlofsky testified that she is not the attorney of record for Mr. Wesley, but works at the public defender office with assigned counsel, Julius Nolen.  She met with Mr. Wesley and assigned counsel prior to the hearing and sat at counsel table during the hearing.  She testified in their conversation prior to the hearing Mr. Wesley did not understand what a trial was and was unable to understand the difference between a trial by jury and a court trial.  He told defense counsel that he was proud that he "passed the test" at St. Peter hospital.  Ms. Herlofsky testified at the end of the evidentiary hearing and stated that during the evidentiary hearing Mr. Wesley did not appear to understand the proceedings, had been unable to consult with counsel rationally or answer specific questions that counsel asked of him.

Based on the totality of the above noted facts, the court finds that the greater weight of the evidence demonstrates Mr. Wesley is not able to rationally consult with counsel or participate in his defense.  While Mr. Wesley has demonstrated a basic understanding of the facts of his case and the legal process during his competency classes, this understanding appears to be rudimentary and fleeting.  The court does not find

## Case No. 27-CR-17-8342
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type: -Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date: **2020-05-08**
MCRO_27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093644.pdf
File Hash: ecd56ec1ab1637d9c83c6687b69bd914180df20c6717Sc0b33dce4fc8a79271c
Page: 5 of 7

Filed in District Court
State of Minnesota
5/8/2020 3:54 PM

Dr. Lewis agreed that Mr. Wesley still demonstrates some deficits as it relates to competency, but that based on the totality of the data he is now able to communicate rationally with counsel and participate in his defense, with the caveat that defense counsel is encouraged to use simple language to explain the legal concepts and to identify multiple ways to describe complicated legal concepts. Dr. Lewis wrote, "Put another way, the 'legalese' that a layman with no mental illness or intellectual deficits would find confusing will be particularly challenging for Mr. Wesley, but he has demonstrated the ability to participate meaningfully in his defense when the discourse is simplified."  Dr. Lewis also made an additional recommendation that the sign language interpreter have a CDI certification, which means that the interpreter is also deaf and familiar with deaf culture.  This type of interpreter is considered more able to accurately interpret and communicate. Dr. Lewis testified that the last time he met with Mr. Wesley was in September but that the notes he reviewed regarding progress between October and February indicated he has not decompensated.  He also testified that if Mr. Wesley were to stop taking the competency restoration classes he would likely regress to incompetency.

At the evidentiary hearing attorney Susan Herlofsky testified that she is not the attorney of record for Mr. Wesley, but works at the public defender office with assigned counsel, Julius Nolen.  She met with Mr. Wesley and assigned counsel prior to the hearing and sat at counsel table during the hearing.  She testified in their conversation prior to the hearing Mr. Wesley did not understand what a trial was and was unable to understand the difference between a trial by jury and a court trial.  He told defense counsel that he was proud that he "passed the test" at St. Peter hospital.  Ms. Herlofsky testified at the end of the evidentiary hearing and stated that during the evidentiary hearing Mr. Wesley did not appear to understand the proceedings, had been unable to consult with counsel rationally or answer specific questions that counsel asked of him.

Based on the totality of the above noted facts, the court finds that the greater weight of the evidence demonstrates Mr. Wesley is not able to rationally consult with counsel or participate in his defense.  While Mr. Wesley has demonstrated a basic understanding of the facts of his case and the legal process during his competency classes, this understanding appears to be rudimentary and fleeting.  The court does not find

## Case No. 27-CR-17-22909
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type: -Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date: **2020-05-08**
MCRO_27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093726.pdf
File Hash: 3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 5 of 7

Filed in District Court
State of Minnesota
5/8/2020 3:52 PM

Dr. Lewis agreed that Mr. Wesley still demonstrates some deficits as it relates to competency, but that based on the totality of the data he is now able to communicate rationally with counsel and participate in his defense, with the caveat that defense counsel is encouraged to use simple language to explain the legal concepts and to identify multiple ways to describe complicated legal concepts. Dr. Lewis wrote, "Put another way, the 'legalese' that a layman with no mental illness or intellectual deficits would find confusing will be particularly challenging for Mr. Wesley, but he has demonstrated the ability to participate meaningfully in his defense when the discourse is simplified."  Dr. Lewis also made an additional recommendation that the sign language interpreter have a CDI certification, which means that the interpreter is also deaf and familiar with deaf culture.  This type of interpreter is considered more able to accurately interpret and communicate. Dr. Lewis testified that the last time he met with Mr. Wesley was in September but that the notes he reviewed regarding progress between October and February indicated he has not decompensated.  He also testified that if Mr. Wesley were to stop taking the competency restoration classes he would likely regress to incompetency.

At the evidentiary hearing attorney Susan Herlofsky testified that she is not the attorney of record for Mr. Wesley, but works at the public defender office with assigned counsel, Julius Nolen.  She met with Mr. Wesley and assigned counsel prior to the hearing and sat at counsel table during the hearing.  She testified in their conversation prior to the hearing Mr. Wesley did not understand what a trial was and was unable to understand the difference between a trial by jury and a court trial.  He told defense counsel that he was proud that he "passed the test" at St. Peter hospital.  Ms. Herlofsky testified at the end of the evidentiary hearing and stated that during the evidentiary hearing Mr. Wesley did not appear to understand the proceedings, had been unable to consult with counsel rationally or answer specific questions that counsel asked of him.

Based on the totality of the above noted facts, the court finds that the greater weight of the evidence demonstrates Mr. Wesley is not able to rationally consult with counsel or participate in his defense.  While Mr. Wesley has demonstrated a basic understanding of the facts of his case and the legal process during his competency classes, this understanding appears to be rudimentary and fleeting.  The court does not find

Archived Case Files Available at MnCourtFraud.Substack.com

**EXHIBIT MCR-4 | p. 17**

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   -Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
MCRO_27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093550.pdf
File Hash:     fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 6 of 7

that this evidence demonstrates a cognitive ability to understand the legal concepts. Rather, it appears Mr. Wesley has been able to memorize definitions and terms due to repetition as a result of the high frequency of the competency classes he attends. This finding is further supported by Dr. Lewis's testimony that if Mr. Wesley were to discontinue competency restoration classes, he would likely soon regress to incompetency.

In order to rationally consult with counsel and participate in his defense, a defendant must have the cognitive ability, after consulting with counsel, to make important decisions about whether to accept a plea bargain, whether to have a jury or court trial and whether or not to testify. These decisions regarding the waiver of constitutional rights must be made by a defendant himself, after consulting with counsel. The defendant's attorney may not make these decisions for a defendant. While it appears Mr. Wesley now understands that he must behave properly in a courtroom setting and that he should follow the advice of counsel, simply indicating that he will "behave" in the courtroom and do what his lawyers tell him to do not establish that he is competent. His lack of understanding about whether he must accept a plea bargain and the difference between jail and prison is evidence that he is unable to participate in his defense. As noted by the psychologists, his cognitive impairments significantly interfere with his reasoning and decision making abilities. Most importantly, defense counsel's testimony that during the evidentiary hearing he demonstrated a lack of understanding about what a trial was and did not have the ability to consult with counsel or participate in his defense solidifies the court's conclusion that Mr. Wesley is incompetent.

Finally, it is important to take into consideration the recommendations of Dr. Lewis regarding suggested accommodations that can be made to assist Mr. Wesley in understanding the proceedings. Dr. Lewis indicates that Mr. Wesley does not have the ability to understand the "legalese" that a typical layman defendant would comprehend. His suggestion that defense counsel allot more time than customary, use simple language and explain legal concepts in multiple ways is prudent and the court does believe that defense counsel can implement these strategies. However, under the facts of Mr. Wesley's case, the court does not find that these accommodations are sufficient to render an otherwise incompetent defendant competent. Slowing down a legal proceeding by pausing or recessing to allow defense counsel to explain

Archived Case Files Available at MnCourtFraud.Substack.com

---

**Case No. 27-CR-17-8342**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   -Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
MCRO_27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093644.pdf
File Hash:     ecd56ec1ab1637d9c83c6687b69bd914180df20c6717c0b33dce4fc8a79271c
Page: 6 of 7

27-CR-17-8342

Filed in District Court
State of Minnesota
5/8/2020 3:54 PM

that this evidence demonstrates a cognitive ability to understand the legal concepts. Rather, it appears Mr. Wesley has been able to memorize definitions and terms due to repetition as a result of the high frequency of the competency classes he attends. This finding is further supported by Dr. Lewis's testimony that if Mr. Wesley were to discontinue competency restoration classes, he would likely soon regress to incompetency.

In order to rationally consult with counsel and participate in his defense, a defendant must have the cognitive ability, after consulting with counsel, to make important decisions about whether to accept a plea bargain, whether to have a jury or court trial and whether or not to testify. These decisions regarding the waiver of constitutional rights must be made by a defendant himself, after consulting with counsel. The defendant's attorney may not make these decisions for a defendant. While it appears Mr. Wesley now understands that he must behave properly in a courtroom setting and that he should follow the advice of counsel, simply indicating that he will "behave" in the courtroom and do what his lawyers tell him to do not establish that he is competent. His lack of understanding about whether he must accept a plea bargain and the difference between jail and prison is evidence that he is unable to participate in his defense. As noted by the psychologists, his cognitive impairments significantly interfere with his reasoning and decision making abilities. Most importantly, defense counsel's testimony that during the evidentiary hearing he demonstrated a lack of understanding about what a trial was and did not have the ability to consult with counsel or participate in his defense solidifies the court's conclusion that Mr. Wesley is incompetent.

Finally, it is important to take into consideration the recommendations of Dr. Lewis regarding suggested accommodations that can be made to assist Mr. Wesley in understanding the proceedings. Dr. Lewis indicates that Mr. Wesley does not have the ability to understand the "legalese" that a typical layman defendant would comprehend. His suggestion that defense counsel allot more time than customary, use simple language and explain legal concepts in multiple ways is prudent and the court does believe that defense counsel can implement these strategies. However, under the facts of Mr. Wesley's case, the court does not find that these accommodations are sufficient to render an otherwise incompetent defendant competent. Slowing down a legal proceeding by pausing or recessing to allow defense counsel to explain

---

**Case No. 27-CR-17-22909**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   -Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
MCRO_27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093726.pdf
File Hash:     3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 6 of 7

27-CR-17-22909

Filed in District Court
State of Minnesota
5/8/2020 3:52 PM

that this evidence demonstrates a cognitive ability to understand the legal concepts. Rather, it appears Mr. Wesley has been able to memorize definitions and terms due to repetition as a result of the high frequency of the competency classes he attends. This finding is further supported by Dr. Lewis's testimony that if Mr. Wesley were to discontinue competency restoration classes, he would likely soon regress to incompetency.

In order to rationally consult with counsel and participate in his defense, a defendant must have the cognitive ability, after consulting with counsel, to make important decisions about whether to accept a plea bargain, whether to have a jury or court trial and whether or not to testify. These decisions regarding the waiver of constitutional rights must be made by a defendant himself, after consulting with counsel. The defendant's attorney may not make these decisions for a defendant. While it appears Mr. Wesley now understands that he must behave properly in a courtroom setting and that he should follow the advice of counsel, simply indicating that he will "behave" in the courtroom and do what his lawyers tell him to do not establish that he is competent. His lack of understanding about whether he must accept a plea bargain and the difference between jail and prison is evidence that he is unable to participate in his defense. As noted by the psychologists, his cognitive impairments significantly interfere with his reasoning and decision making abilities. Most importantly, defense counsel's testimony that during the evidentiary hearing he demonstrated a lack of understanding about what a trial was and did not have the ability to consult with counsel or participate in his defense solidifies the court's conclusion that Mr. Wesley is incompetent.

Finally, it is important to take into consideration the recommendations of Dr. Lewis regarding suggested accommodations that can be made to assist Mr. Wesley in understanding the proceedings. Dr. Lewis indicates that Mr. Wesley does not have the ability to understand the "legalese" that a typical layman defendant would comprehend. His suggestion that defense counsel allot more time than customary, use simple language and explain legal concepts in multiple ways is prudent and the court does believe that defense counsel can implement these strategies. However, under the facts of Mr. Wesley's case, the court does not find that these accommodations are sufficient to render an otherwise incompetent defendant competent. Slowing down a legal proceeding by pausing or recessing to allow defense counsel to explain

**EXHIBIT MCR-4 | p. 18**

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
MCRO_27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093550.pdf
File Hash:     fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 7 of 7

| 27-CR-17-1555 | Filed in District Court State of Minnesota 5/8/2020 3:50 PM |

every process, objection, argument or term used in witness testimony will not be sufficient to allow Mr. Wesley to comprehend the process, rationally consult with counsel and participate in his own defense.  Dr. Lewis noted in his April 2019 evaluation that "if his competence-related deficits are primarily the result of intellectual deficits, his prognosis is likely to be poor."  The court finds that his competency related deficits are the result of his intellectual deficits.  Although his factual understanding of his charges and the legal process has improved due to competency classes, the greater weight of the evidence does not establish that he has the rational ability to consult with counsel regarding trial strategy, make decisions regarding the waiver of constitutional rights and plea negotiations or otherwise participate in his defense.

The state has not met its burden of proving, by greater weight of the evidence that Mr. Wesley is competent.  Therefore the court finds that the defendant, Mr. Wesley, is **INCOMPETENT**.

LKJ

By the Court:

Dated: <u>5/8/2020</u>
_____
Lisa K. Janzen
Judge of District Court

---

**Case No. 27-CR-17-8342**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
MCRO_27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093644.pdf
File Hash:     ecd56ec1ab1637d9c83c6687b69bd914180df20c67175c0b33dce4fc8a79271c
Page: 7 of 7

| 27-CR-17-8342 | Filed in District Court State of Minnesota 5/8/2020 3:54 PM |

every process, objection, argument or term used in witness testimony will not be sufficient to allow Mr. Wesley to comprehend the process, rationally consult with counsel and participate in his own defense.  Dr. Lewis noted in his April 2019 evaluation that "if his competence-related deficits are primarily the result of intellectual deficits, his prognosis is likely to be poor."  The court finds that his competency related deficits are the result of his intellectual deficits.  Although his factual understanding of his charges and the legal process has improved due to competency classes, the greater weight of the evidence does not establish that he has the rational ability to consult with counsel regarding trial strategy, make decisions regarding the waiver of constitutional rights and plea negotiations or otherwise participate in his defense.

The state has not met its burden of proving, by greater weight of the evidence that Mr. Wesley is competent.  Therefore the court finds that the defendant, Mr. Wesley, is **INCOMPETENT**.

LKJ

By the Court:

Dated: <u>5/8/2020</u>
_____
Lisa K. Janzen
Judge of District Court

---

**Case No. 27-CR-17-22909**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
MCRO_27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08_20240430093726.pdf
File Hash:     3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 7 of 7

| 27-CR-17-22909 | Filed in District Court State of Minnesota 5/8/2020 3:52 PM |

every process, objection, argument or term used in witness testimony will not be sufficient to allow Mr. Wesley to comprehend the process, rationally consult with counsel and participate in his own defense.  Dr. Lewis noted in his April 2019 evaluation that "if his competence-related deficits are primarily the result of intellectual deficits, his prognosis is likely to be poor."  The court finds that his competency related deficits are the result of his intellectual deficits.  Although his factual understanding of his charges and the legal process has improved due to competency classes, the greater weight of the evidence does not establish that he has the rational ability to consult with counsel regarding trial strategy, make decisions regarding the waiver of constitutional rights and plea negotiations or otherwise participate in his defense.

The state has not met its burden of proving, by greater weight of the evidence that Mr. Wesley is competent.  Therefore the court finds that the defendant, Mr. Wesley, is **INCOMPETENT**.

LKJ

By the Court:

Dated: <u>5/8/2020</u>
_____
Lisa K. Janzen
Judge of District Court

**EXHIBIT MCR-4 | p. 19**

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-02-26**
MCRO_27-CR-18-18391_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430092811.pdf
File Hash:   80d5c7396f07b275cddd61133b768209ef04f8b8ba8c41a4d5dab28077188517
Page: 1 of 5

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,       )
                          )     **FINDINGS OF FACT,**
            Plaintiff,    )     **CONCLUSIONS OF LAW**
                          )     **AND ORDER REGARDING**
                          )     **COMPETENCY**
vs.                       )
                          )     MNCIS No:  27-CR-19-3539;
                          )     27-CR-19-1916; 27-CR-18-28491;
Aesha Ibrahim Osman,      )     27-CR-18-20198; 27-CR-18-18391
                          )
            Defendant.    )

This matter came before the undersigned Judge on February 26, 2019.
Robert Sorensen, Assistant Hennepin County Attorney, represented the plaintiff
on the felony. Defendant appeared in custody and was represented by Kathryn
Hansel, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court
makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-
    CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an
    incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-
    CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the
    Fourth Degree (Felony) arising from an incident alleged to have occurred on
    January 20, 2019; MNCIS Case No. 27-CR-18-28461 with Disorderly Conduct
    (Misdemeanor) arising from an incident alleged to have occurred on
    November 17, 2018; MNCIS Case No. 27-CR-18-20198 with Assault in the
    Fifth Degree (Gross Misdemeanor) and Disorderly Conduct arising from an
    incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-
    18-18391 with Assault in the Fifth Degree (Felony) arising from an incident

---

**Case No. 27-CR-18-18396**
State of MN vs Ramadan Hakim Campbell
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2018-10-02**
MCRO_27-CR-18-18396_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2018-10-02_20240430093000.pdf
File Hash:   37c5218ce2ae40092834e5f96c1d0cce94512da1173ce16ba2ac43596f896884
Page: 1 of 5

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,         )
                            )     **FINDINGS OF FACT,**
            Plaintiff,      )     **CONCLUSIONS OF LAW**
                            )     **AND ORDER REGARDING**
                            )     **COMPETENCY**
vs.                         )
                            )     MNCIS No:  27-CR-18-18396;
Ramadan Hakim Campbell,     )     27-CR-18-17180; 27-VB-18-92129
                            )
            Defendant.      )

This matter came before the undersigned Judge on October 2, 2018. Robert
Sorensen, Assistant Hennepin County Attorney, represented the plaintiff on the
felony. Patrick Leach, Edina City Attorney, waived appearance. Defendant
appeared out of custody and was represented by James Kamin Assistant
Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court
makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 03/06/1985) was charged in MNCIS Case No. 27-
    CR-18-18396 with Possession of Firearm (Felony) and Drug Possession in the
    Fifth Degree (Felony) arising from an incident alleged to have occurred on
    July 20, 2018; MNCIS Case No. 27-CR-18-17180 – Uninsured Vehicle (Gross
    Misdemeanor), Driving After Suspension (Misdemeanor), and Exceed Speed
    Limit Posted (Petty Misdemeanor) from an offense date of June 29, 2018;
    MNCIS Case No. 27-VB-18-92129 – Amplified Sound from a Vehicle
    (Misdemeanor) from an offense date of March 11, 2018. On August 21, 2018,
    Judge Fred Karasov found probable cause to believe that the felonies were
    committed and that Defendant committed them.

20

---

**Case No. 27-CR-18-18396**
State of MN vs Ramadan Hakim Campbell
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-11-12**
MCRO_27-CR-18-18396_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-11-12_20240430092954.pdf
File Hash:   d7079bf12551fa60b54e678bdf0957fec1a5e5c5158511ae21d84630fea18688
Page: 1 of 5

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota,         )
                            )     **FINDINGS OF FACT,**
            Plaintiff,      )     **CONCLUSIONS OF LAW**
                            )     **AND ORDER REGARDING**
                            )     **COMPETENCY**
vs.                         )
                            )     MNCIS No:  27-CR-18-18396;
Ramadan Hakim Campbell,     )     27-CR-19-15802
                            )
            Defendant.      )

This matter came before the undersigned Judge on November 12, 2019.
Zachary Stephenson, Assistant Hennepin County Attorney, represented the
plaintiff on the felony. Erica Glassberg, Bloomington City Attorney, waived
appearance. Defendant appeared out of custody and was represented by James
Kamin Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court
makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 03/06/1985) was charged in MNCIS Case No. 27-
    CR-18-18396 with Possession of Firearm (Felony) and Drug Possession in the
    Fifth Degree (Felony) arising from an incident alleged to have occurred on
    July 20, 2018; MNCIS Case No. 27-CR-19-15802 with Driver Must Carry Proof
    of Insurance (Gross Misdemeanor) and Driving Without a Valid License
    (Misdemeanor) arising from an incident alleged to have occurred on July 4,
    2019. On August 21, 2018, Judge Fred Karasov found probable cause to
    believe that the felonies were committed and that Defendant committed
    them.

**EXHIBIT MCR-4 | p. 20**

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:      ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-02-26**
MCRO_27-CR-18-18391_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430092811.pdf
File Hash:      80d5c7396f07b275cddd61133b768209ef04f8b8a8c41a4d5dab28077188517
Page: 2 of 5

alleged to have occurred on July 2, 2018. On February 26, 2019, Judge Carolina A. Lamas found probable cause to believe that the felonies were committed and that Defendant committed them.

2. On January 28, 2019, Judge Kathryn Quaintance ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Elizabeth Barbo, Ph.D., LP, Psychological Services of Hennepin County District Court reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Elizabeth Barbo, Ph.D., LP, Psychological Services of Hennepin County District Court opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case, including but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

    Elizabeth Smith, Assistant Hennepin County Attorney – Criminal Division;

    Kathryn Hansel, Assistant Hennepin County Public Defender

2

---

**Case No. 27-CR-18-18396**
State of MN vs Ramadan Hakim Campbell
Filing Type:      ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2018-10-02**
MCRO_27-CR-18-18396_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2018-10-02_20240430093000.pdf
File Hash:      37c5218ce2ee40092834e5f96c1d0cce94512da1173ce16ba2ac43596f896884
Page: 2 of 5

2. On August 21, 2018, Judge Fred Karasov ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Catherine Carlson, Psy.D., LP, Psychological Services of Hennepin County District Court reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Catherine Carlson, Psy.D, LP, Psychological Services of Hennepin County District Court opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.  The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case, including but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

    Jacob Kraus, Assistant Hennepin County Attorney – Criminal Division;

    Patrick Leach, Edina City Attorney – Criminal Division;

    James Kamin, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment

2

21

---

**Case No. 27-CR-18-18396**
State of MN vs Ramadan Hakim Campbell
Filing Type:      ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-11-12**
MCRO_27-CR-18-18396_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-11-12_20240430092954.pdf
File Hash:      d7079bf12551fa60b54e678bdf0957fec1a5e5c5158511ae21d84630fea18688
Page: 2 of 5

2. On August 1, 2019, Judge Carolina A. Lamas ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Catherine Carlson, Psy.D., LP, Psychological Services of Hennepin County District Court reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Catherine Carlson, Psy.D, LP, Psychological Services of Hennepin County District Court opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.  The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case, including but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

    Erin Lutz, Assistant Hennepin County Attorney – Criminal Division;

    Erica Glassberg, Bloomington City Attorney – Criminal Division;

    James Kamin, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment

2

**EXHIBIT MCR-4 | p. 21**

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-02-26**
MCRO_27-CR-18-18391_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430092811.pdf
File Hash:    80d5c7396f07b275cddd61133b768209ef04f8b8ba8c41a4d5dab28077188517
Page: 3 of 5

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care treatment or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; resident and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment,

3

**Case No. 27-CR-18-18396**
State of MN vs Ramadan Hakim Campbell
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2018-10-02**
MCRO_27-CR-18-18396_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2018-10-02_20240430093000.pdf
File Hash:    37c5218ce2ee40092834e5f96c1d0cce94512da1173ce16ba2ac43596f896884
Page: 3 of 5

Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care treatment or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; resident and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but

3

**Case No. 27-CR-18-18396**
State of MN vs Ramadan Hakim Campbell
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-11-12**
MCRO_27-CR-18-18396_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-11-12_20240430092954.pdf
File Hash:    d7079bf12551fa60b54e678bdf0957fec1a5e5c5158511ae21d84630fea18688
Page: 3 of 3

Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care treatment or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; resident and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but

3

**EXHIBIT MCR-4 | p. 22**

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-02-26**
MCRO_27-CR-18-18391_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430092811.pdf
File Hash:    80d5c7396f07b275cddd61133b768209ef04f8b8a8c41a4d5dab28077188517
Page: 4 of 5

and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility. The Hennepin County Sheriff shall transport the Defendant from the Hennepin County Adult Detention Center to the custody of the head of the facility named in the order for civil commitment when notified that placement is available for the Defendant.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. The criminal conditions of release remain in effect until placement at an appropriate facility can occur.

12. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head of the treatment facility shall hold Defendant safe and secure under the civil commitment, and shall not permit the Defendant's release, institutional transfer, partial institutionalization status, discharge, or provisional discharge of the civil commitment until the Fourth Judicial District Court – Criminal Division has ordered conditions of release consistent with the proposed change in status. Any proposed change in status under the civil commitment requiring amended conditions of release shall be made in writing to the Fourth Judicial District Court – Criminal Division and parties at least 14 days prior to proposed change in status. The written proposal shall address the following issues 1) whether the Defendant is competent to proceed; 2) how the proposed plan will meet the Defendant's treatment needs; and 3) public

4

---

**Case No. 27-CR-18-18396**
State of MN vs Ramadan Hakim Campbell
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2018-10-02**
MCRO_27-CR-18-18396_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2018-10-02_20240430093000.pdf
File Hash:    37c5218ce2ee40092834e5f96c1d0cce94512da1173ce16ba2ac43596f896884
Page: 4 of 4

it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 2, 2019.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;
   b. James Kamin, Assistant Hennepin County Public Defender;
   c. Jacob Kraus, Assistant Hennepin County Attorney;
   d. Patrick Leach, City of Edina – Criminal Division;
   e. Assistant Hennepin County Attorney's Office – Adult Services Division [if a commitment is ordered];
   f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

12. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

BY THE COURT:

4

---

**Case No. 27-CR-18-18396**
State of MN vs Ramadan Hakim Campbell
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-11-12**
MCRO_27-CR-18-18396_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-11-12_20240430092954.pdf
File Hash:    d7079bf12551fa60b54e678bdf0957fec1a5e5c5158511ae21d84630fea18688
Page: 4 of 4

it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds the Defendant to be mentally ill, developmentally disabled, chemically dependent, or mentally ill and dangerous to the public, the Defendant may be committed directly to an appropriate safe and secure facility.

10. The head of the treatment facility shall submit a written report addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

11. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is April 2, 2019.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

   a. Fourth Judicial District Court – 4thCriminalRule20 email list;
   b. James Kamin, Assistant Hennepin County Public Defender;
   c. Erin Lutz, Assistant Hennepin County Attorney;
   d. Erica Glassberg, City of Bloomington – Criminal Division;
   e. Assistant Hennepin County Attorney's Office – Adult Services Division [if a commitment is ordered];
   f. The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

12. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

BY THE COURT:

4

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-02-26**
MCRO_27-CR-18-18391_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430092811.pdf
File Hash:      80d5c7396f07b275cddd61133b768209ef04f8b8b8a8c41a4d5dab28077188517
Page: 5 of 5

safety risks and how they will be addressed.  Either party may request a
hearing to address the proposed changes to the conditions of release.  If no
hearing is requested, the court may issue an order amending the conditions of
release consistent with the proposed change in status in the civil commitment
matter.

13. In the event the Fourth Judicial District Court – Mental Health Division does
    not commit the defendant, then the defendant shall be transported in secure
    custody back to the Fourth Judicial District Court – Criminal Division for
    further proceedings herein.

14. Defendant's next appearance in Hennepin County District Court – Criminal
    Division on this matter and status review of Defendant's competence to
    proceed is August 27, 2019.  One week prior to that date, reports regarding
    Defendant's competency and mental status shall be e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

    b.  Kathryn Hansel, Assistant Hennepin County Public Defender;

    c.  Elizabeth Smith, Assistant Hennepin County Attorney;

    d.  Assistant Hennepin County Attorney's Office – Adult Services
        Division [if a commitment is ordered];

    e.  The Commitment Defense Panel attorney appointed to represent
        Defendant by the Fourth Judicial District Court – Probate/Mental
        Health Division.

15. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal
    complaint(s), and the underlying police report(s) shall be delivered via email
    to the Prepetition Screening Program of Hennepin County's Human Services
    and Public Health Department.

BY THE COURT:

DATED:  February 26, 2019

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

**Case No. 27-CR-18-18396**
State of MN vs Ramadan Hakim Campbell
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2018-10-02**
MCRO_27-CR-18-18396_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2018-10-02_20240430093000.pdf
File Hash:      37c5218ce2ee40092834e5f96c1d0cce94512da1173ce16ba2ac43596f896884
Page: 5 of 5

DATED:  October 2, 2018

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

**Case No. 27-CR-18-18396**
State of MN vs Ramadan Hakim Campbell
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2019-11-12**
MCRO_27-CR-18-18396_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-11-12_20240430092954.pdf
File Hash:      d7079bf12551fa60b54e678bdf0957fec1a5e5c5158511ae21d84630fea18688
Page: 5 of 5

DATED:  November 12, 2019

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

**EXHIBIT MCR-4 | p. 24**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:  **2019-02-26**
MCRO_27-CR-19-1916_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430091248.pdf
File Hash:  4e6020ee4f43db1903d7cb35b5302dedc3de22ef263fabc0426427e9b25b2d51
Page: 1 of 5

---

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota, )
)
Plaintiff, )
)
vs. )
)
Aesha Ibrahim Osman, )
)
Defendant. )

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

MNCIS No: 27-CR-19-3539;
27-CR-19-1916; 27-CR-18-28491;
27-CR-18-20198; 27-CR-18-18391

This matter came before the undersigned Judge on February 26, 2019. Robert Sorensen, Assistant Hennepin County Attorney, represented the plaintiff on the felony. Defendant appeared in custody and was represented by Kathryn Hansel, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; MNCIS Case No. 27-CR-18-28461 with Disorderly Conduct (Misdemeanor) arising from an incident alleged to have occurred on November 17, 2018; MNCIS Case No. 27-CR-18-20198 with Assault in the Fifth Degree (Gross Misdemeanor) and Disorderly Conduct arising from an incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-18-18391 with Assault in the Fifth Degree (Felony) arising from an incident

---

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:  **2019-02-26**
MCRO_27-CR-19-3539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430091359.pdf
File Hash:  2f8f75f367ce0496904163da6d3e6aaf3018415f960c4d7d8839f7ad610c564c
Page: 1 of 5

---

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota, )
)
Plaintiff, )
)
vs. )
)
Aesha Ibrahim Osman, )
)
Defendant. )

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

MNCIS No: 27-CR-19-3539;
27-CR-19-1916; 27-CR-18-28491;
27-CR-18-20198; 27-CR-18-18391

This matter came before the undersigned Judge on February 26, 2019. Robert Sorensen, Assistant Hennepin County Attorney, represented the plaintiff on the felony. Defendant appeared in custody and was represented by Kathryn Hansel, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; MNCIS Case No. 27-CR-18-28461 with Disorderly Conduct (Misdemeanor) arising from an incident alleged to have occurred on November 17, 2018; MNCIS Case No. 27-CR-18-20198 with Assault in the Fifth Degree (Gross Misdemeanor) and Disorderly Conduct arising from an incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-18-18391 with Assault in the Fifth Degree (Felony) arising from an incident

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:  ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:  **2019-06-25**
MCRO_27-CR-19-12466_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-06-25_20240430091858.pdf
File Hash:  6f37ea4ee19120667d824e266ff88f73fe922048eb605353c060df36cd861f62
Page: 1 of 5

---

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
CRIMINAL DIVISION

State of Minnesota, )
)
Plaintiff, )
)
vs. )
)
Terrell Dannie Johnson, )
)
Defendant. )

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
AND ORDER REGARDING
COMPETENCY**

MNCIS No: 27-CR-19-12466;
27-CR-18-27501

This matter came before the undersigned Judge on June 25, 2019. Robert Sorensen, Assistant Hennepin County Attorney, represented the plaintiff. Defendant appeared in custody and was represented by Sebastian Mesa-White, Assistant Hennepin County Public Defender.

Based on all the files, records and proceedings in this case, the Court makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 08/28/1979) was charged in MNCIS Case No. 27-CR-19-12466 with Drug Possession in the Third Degree (Felony) arising from an incident alleged to have occurred on May 28, 2019; MNCIS Case No. 27-CR-18-27501 Defendant has been charged and convicted of Drug Possession in the Fifth Degree (Felony) arising from an incident alleged to have occurred on November 6, 2018. On May 31, 2019, Judge Lois Conroy found probable cause to believe that the Felony offense was committed and that Defendant committed it.

2.  On May 31, 2019, Judge Lois Conroy ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

---

**EXHIBIT MCR-4 | p. 25**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-02-26**
MCRO_27-CR-19-1916_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430091248.pdf
File Hash:    4e6020ee4f43db1903d7cb35b5302dedc3de22ef263fabc0426427e9b25b2d51
Page: 2 of 5

alleged to have occurred on July 2, 2018. On February 26, 2019, Judge Carolina A. Lamas found probable cause to believe that the felonies were committed and that Defendant committed them.

2. On January 28, 2019, Judge Kathryn Quaintance ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Elizabeth Barbo, Ph.D., LP, Psychological Services of Hennepin County District Court reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Elizabeth Barbo, Ph.D., LP, Psychological Services of Hennepin County District Court opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case, including but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

   Elizabeth Smith, Assistant Hennepin County Attorney – Criminal Division;

   Kathryn Hansel, Assistant Hennepin County Public Defender

2

---

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-02-26**
MCRO_27-CR-19-3539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430091359.pdf
File Hash:    2f8f75f367ce0496904163da6d3e6aaf3018415f960c4d7d8839f7ad610c564c
Page: 2 of 5

alleged to have occurred on July 2, 2018. On February 26, 2019, Judge Carolina A. Lamas found probable cause to believe that the felonies were committed and that Defendant committed them.

2. On January 28, 2019, Judge Kathryn Quaintance ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Elizabeth Barbo, Ph.D., LP, Psychological Services of Hennepin County District Court reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Elizabeth Barbo, Ph.D., LP, Psychological Services of Hennepin County District Court opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case, including but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

   Elizabeth Smith, Assistant Hennepin County Attorney – Criminal Division;

   Kathryn Hansel, Assistant Hennepin County Public Defender

2

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-06-25**
MCRO_27-CR-19-12466_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-06-25_20240430091858.pdf
File Hash:    6f37ea4ee19120667d824e266ff88f73fe922048eb605353c060df36cd861f62
Page: 2 of 5

3. Dr. Sonia Reardon, Ph.D., LP, Psychological Services of Hennepin County District Court reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Sonia Reardon, Ph.D. LP, Psychological Services of Hennepin County District Court opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**CONCLUSIONS OF LAW**

Defendant is presently incompetent to stand trial.  The misdemeanor charge(s) must be dismissed pursuant to Rule 20.01.

**ORDER**

1. The criminal proceedings in this matter are suspended until Defendant is restored to competency to proceed. While suspended, the criminal court retains authority over the criminal case, including but not limited to, bail or conditions of release.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

   Emily Liebman, Assistant Hennepin County Attorney – Criminal Division;

   Sebastian Mesa-White, Assistant Hennepin County Public Defender

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

2

Archived Case Files Available at MnCourtFraud.Substack.com

**EXHIBIT MCR-4 | p. 26**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type: ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date: **2019-02-26**
MCRO_27-CR-19-1916_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430091248.pdf
File Hash:    4e6020ee4f43db1903d7cb35b5302dedc3de22ef263fabc0426427e9b25b2d51
Page: 3 of 5

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care treatment or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; resident and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment,

3

---

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type: ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date: **2019-02-26**
MCRO_27-CR-19-3539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430091359.pdf
File Hash:    2f8f75f367ce0496904163da6d3e6aaf3018415f960c4d7d8839f7ad610c564c
Page: 3 of 5

3. The Hennepin County Prepetition Screening Program (PSP) must conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation as to whether the defendant should be civilly committed under the Act.

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care treatment or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; resident and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment,

3

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type: ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date: **2019-06-25**
MCRO_27-CR-19-12466_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-06-25_20240430091858.pdf
File Hash:    6f37ea4ee19120667d824e266ff88f73fe922048eb605353c060df36cd861f62
Page: 3 of 5

4. PSP shall investigate whether civil commitment should be pursued and forward a recommendation in a written report supporting or not supporting civil commitment to the Hennepin County Attorney's Office – Adult Services Division ("HCAO-ASD") within five (5) days of receiving this Order.

5. Prepetition Screening shall provide copies of the Rule 20 Competency Evaluation, the criminal Complaint(s), and the underlying police report(s) along with its written recommendation to the Hennepin County Attorney's Office – Adult Services Division.

6. Defendant is ordered to cooperate with the civil commitment process including appearing at all court appearances in the civil and criminal cases.

7. Members of PSP shall have access to all Defendant's files and records, including those protected by Federal regulation or law. This Order grants the members of PSP access to the records of any individual or entity that has provided observation, evaluation, diagnosis, care treatment or confinement of the Defendant. This Order applies to, but is not limited to, records maintained by: Minnesota Fourth Judicial District Court Psychological Services; chemical dependency evaluators and treatment providers; health clinics; medical centers and hospitals; physicians; psychologists; mental health care providers; case managers; parole and probation agencies; resident and nonresidential community mental health treatment facilities or programs; regional treatment centers; the Minnesota Department of Corrections; the correctional authority for any other state; schools and school districts; law enforcement agencies; and the Court's own records.

8. This Order also authorizes employees or officers of the record keepers described above to discuss the Defendant's condition, history, treatment, and/or status with the members of PSP. Information collected by PSP pursuant to this Order shall be considered private data on the Defendant, but it may be included in the written report produced by PSP and forwarded to the HCAO-ASD.

3

**EXHIBIT MCR-4 | p. 27**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-02-26**
MCRO_27-CR-19-1916_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430091248.pdf
File Hash:    4e6020ee4f43db1903d7cb35b5302dedc3de22ef263fabc0426427e9b25b2d51
Page: 4 of 5

and/or status with the members of PSP. Information collected by PSP
pursuant to this Order shall be considered private data on the Defendant, but
it may be included in the written report produced by PSP and forwarded to
the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds
the Defendant to be mentally ill, developmentally disabled, chemically
dependent, or mentally ill and dangerous to the public, the Defendant may be
committed directly to an appropriate safe and secure facility. The Hennepin
County Sheriff shall transport the Defendant from the Hennepin County
Adult Detention Center to the custody of the head of the facility named in the
order for civil commitment when notified that placement is available for the
Defendant.

10. The head of the treatment facility shall submit a written report addressing the
Defendant's competency to proceed in the criminal case when the Defendant
has attained competency, or at least every six months.

11. The criminal conditions of release remain in effect until placement at an
appropriate facility can occur.

12. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head
of the treatment facility shall hold Defendant safe and secure under the civil
commitment, and shall not permit the Defendant's release, institutional
transfer, partial institutionalization status, discharge, or provisional discharge
of the civil commitment until the Fourth Judicial District Court – Criminal
Division has ordered conditions of release consistent with the proposed
change in status. Any proposed change in status under the civil commitment
requiring amended conditions of release shall be made in writing to the
Fourth Judicial District Court – Criminal Division and parties at least 14 days
prior to proposed change in status. The written proposal shall address the
following issues 1) whether the Defendant is competent to proceed; 2) how
the proposed plan will meet the Defendant's treatment needs; and 3) public

4

---

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-02-26**
MCRO_27-CR-19-3539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430091359.pdf
File Hash:    2f8f75f367ce0496904163da6d3e6aaf3018415f960c4d7d8839f7ad610c564c
Page: 4 of 5

and/or status with the members of PSP. Information collected by PSP
pursuant to this Order shall be considered private data on the Defendant, but
it may be included in the written report produced by PSP and forwarded to
the HCAO-ASD.

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds
the Defendant to be mentally ill, developmentally disabled, chemically
dependent, or mentally ill and dangerous to the public, the Defendant may be
committed directly to an appropriate safe and secure facility. The Hennepin
County Sheriff shall transport the Defendant from the Hennepin County
Adult Detention Center to the custody of the head of the facility named in the
order for civil commitment when notified that placement is available for the
Defendant.

10. The head of the treatment facility shall submit a written report addressing the
Defendant's competency to proceed in the criminal case when the Defendant
has attained competency, or at least every six months.

11. The criminal conditions of release remain in effect until placement at an
appropriate facility can occur.

12. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head
of the treatment facility shall hold Defendant safe and secure under the civil
commitment, and shall not permit the Defendant's release, institutional
transfer, partial institutionalization status, discharge, or provisional discharge
of the civil commitment until the Fourth Judicial District Court – Criminal
Division has ordered conditions of release consistent with the proposed
change in status. Any proposed change in status under the civil commitment
requiring amended conditions of release shall be made in writing to the
Fourth Judicial District Court – Criminal Division and parties at least 14 days
prior to proposed change in status. The written proposal shall address the
following issues 1) whether the Defendant is competent to proceed; 2) how
the proposed plan will meet the Defendant's treatment needs; and 3) public

4

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-06-25**
MCRO_27-CR-19-12466_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-06-25_20240430091858.pdf
File Hash:    6f37ea4ee19120667d824e266ff88f73fe922048eb605353c060df36cd861f62
Page: 4 of 5

9. If the Fourth Judicial District Court – Probate/Mental Health Division finds
the Defendant to be mentally ill, developmentally disabled, chemically
dependent, or mentally ill and dangerous to the public, the Defendant may be
committed directly to an appropriate safe and secure facility. The Hennepin
County Sheriff shall transport the Defendant from the Hennepin County
Adult Detention Center to the custody of the head of the facility named in the
order for civil commitment when notified that placement is available for the
Defendant.

10. The head of the treatment facility shall submit a written report addressing the
Defendant's competency to proceed in the criminal case when the Defendant
has attained competency, or at least every six months.

11. The criminal conditions of release remain in effect until placement at an
appropriate facility can occur.

12. If Defendant is not subject to the provisions of Minn. Stat. § 253B.18, the head
of the treatment facility shall hold Defendant safe and secure under the civil
commitment, and shall not permit the Defendant's release, institutional
transfer, partial institutionalization status, discharge, or provisional discharge
of the civil commitment until the Fourth Judicial District Court – Criminal
Division has ordered conditions of release consistent with the proposed
change in status. Any proposed change in status under the civil commitment
requiring amended conditions of release shall be made in writing to the
Fourth Judicial District Court – Criminal Division and parties at least 14 days
prior to proposed change in status. The written proposal shall address the
following issues 1) whether the Defendant is competent to proceed; 2) how
the proposed plan will meet the Defendant's treatment needs; and 3) public
safety risks and how they will be addressed. Either party may request a
hearing to address the proposed changes to the conditions of release.  If no
hearing is requested, the court may issue an order amending the conditions of

4

**EXHIBIT MCR-4 | p. 28**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-02-26**
MCRO_27-CR-19-1916_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430091248.pdf
File Hash:    4e6020ee4f43db1903d7cb35b5302dedc3de22ef263fabc0426427e9b25b2d51
Page: 5 of 5

safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

13. In the event the Fourth Judicial District Court – Mental Health Division does not commit the defendant, then the defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

14. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 27, 2019.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:
    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;
    b.  Kathryn Hansel, Assistant Hennepin County Public Defender;
    c.  Elizabeth Smith, Assistant Hennepin County Attorney;
    d.  Assistant Hennepin County Attorney's Office – Adult Services Division [if a commitment is ordered];
    e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

15. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

BY THE COURT:

DATED:  February 26, 2019
_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

---

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-02-26**
MCRO_27-CR-19-3539_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-02-26_20240430091359.pdf
File Hash:    2f8f75f367ce0496904163da6d3e6aaf3018415f960c4d7d8839f7ad610c564c
Page: 5 of 5

safety risks and how they will be addressed. Either party may request a hearing to address the proposed changes to the conditions of release.  If no hearing is requested, the court may issue an order amending the conditions of release consistent with the proposed change in status in the civil commitment matter.

13. In the event the Fourth Judicial District Court – Mental Health Division does not commit the defendant, then the defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

14. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is August 27, 2019.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:
    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;
    b.  Kathryn Hansel, Assistant Hennepin County Public Defender;
    c.  Elizabeth Smith, Assistant Hennepin County Attorney;
    d.  Assistant Hennepin County Attorney's Office – Adult Services Division [if a commitment is ordered];
    e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

15. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

BY THE COURT:

DATED:  February 26, 2019
_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

---

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2019-06-25**
MCRO_27-CR-19-12466_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2019-06-25_20240430091858.pdf
File Hash:    6f37ea4ee19120667d824e266ff88f73fe922048eb605353c060df36cd861f62
Page: 5 of 5

release consistent with the proposed change in status in the civil commitment matter.

13. In the event the Fourth Judicial District Court – Mental Health Division does not commit the defendant, then the defendant shall be transported in secure custody back to the Fourth Judicial District Court – Criminal Division for further proceedings herein.

14. Defendant's next appearance in Hennepin County District Court – Criminal Division on this matter and status review of Defendant's competence to proceed is January 7, 2020.  One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

15. Defendant's competency and mental status shall be e-filed and e-served to:
    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;
    b.  Sebastien Mesa-White, Assistant Hennepin County Public Defender;
    c.  Assistant Hennepin County Attorney's Office – Adult Services Division [if a commitment is ordered];
    d.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

16. A copy of this Order, the Rule 20.01 Competency Evaluation, the criminal complaint(s), and the underlying police report(s) shall be delivered via email to the Prepetition Screening Program of Hennepin County's Human Services and Public Health Department.

BY THE COURT:

DATED:  June 25, 2019
_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

**EXHIBIT MCR-4 | p. 29**