# EXHIBIT MCR-6

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2025-01-14**
118__Demand-or-Request-for-Discovery_2025-01-14.pdf
File Hash: 7ffec7874b908db494b2486e205692ef6cfa2617e453b72ef9c5bd2d126d879f
Page: 1 of 8

27-CR-23-1886

Filed in District Court
State of Minnesota
1/14/2025 10:22 AM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,
Plaintiff,
vs.
Matthew Guertin,
Defendant

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-23-1886

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law. .

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-17**
MCRO_27-CR-23-21653_Demand or Request for Discovery_2023-10-17_20240430075015.pdf
File Hash: 1eb8f8a9fac4b583b86519f6bf8da1370cbca64c9ef55046b4ba6d30fd25eecf
Page: 1 of 8

27-CR-23-21653

Filed in District Court
State of Minnesota
10/17/2023 1:44 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,
Plaintiff,
vs.
Robert Balsimo,
Defendant

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-23-21653

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law. .

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-03-27**
MCRO_27-CR-23-5751_Demand or Request for Discovery_2023-03-27_20240430073244.pdf
File Hash: 1e447af9b976003c8a509030a9c8cf73f193782d20e2f3c1de01cd3b02d1f07d
Page: 1 of 8

27-CR-23-5751

Filed in District Court
State of Minnesota
3/27/2023 10:23 AM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,
Plaintiff,
vs.
Lucas Kraskey
Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-23-5751

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2025-01-14**
118__Demand-or-Request-for-Discovery_2025-01-14.pdf
File Hash: 7ffec7874b908db494b2486e205692ef6cfa2617e453b72ef9c5bd2d126d879f
Page: 2 of 8

27-CR-23-1886

Filed in District Court
State of Minnesota
1/14/2025 10:22 AM

Defendant or accomplices. This request includes recorded statements by any other person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

2

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-17**
MCRO_27-CR-23-21653_Demand or Request for Discovery_2023-10-17_20240430075015.pdf
File Hash: 1eb8f8a9fac4b583b86519f6bf8da1370cbca64c9ef55046b4ba6d30fd25eecf
Page: 2 of 8

27-CR-23-21653

Filed in District Court
State of Minnesota
10/17/2023 1:44 PM

Defendant or accomplices. This request includes recorded statements by any other person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

2

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-03-27**
MCRO_27-CR-23-5751_Demand or Request for Discovery_2023-03-27_20240430073244.pdf
File Hash: 1e447af9b976003c8a509030a9c8cf73f193782d20e2f3c1de01cd3b02d1f07d
Page: 2 of 8

27-CR-23-5751

Filed in District Court
State of Minnesota
3/27/2023 10:23 AM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

2

Archived Case Files Available at MnCourtFraud.Substack.com

2

EXHIBIT MCR-6 | p. 2

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2025-01-14**
118__Demand-or-Request-for-Discovery_2025-01-14.pdf
File Hash: 7ffec7874b908db494b2486e205692ef6cfa2617e453b72ef9c5bd2d126d879f
Page: 3 of 8

Filed in District Court
State of Minnesota
1/14/2025 10:22 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-17**
MCRO_27-CR-23-21653_Demand or Request for Discovery_2023-10-17_20240430075015.pdf
File Hash: 1eb8f8a9fac4b583b86519f6bf8da1370cbca64c9ef55046b4ba6d30fd25eecf
Page: 3 of 8

Filed in District Court
State of Minnesota
10/17/2023 1:44 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-03-27**
MCRO_27-CR-23-5751_Demand or Request for Discovery_2023-03-27_20240430073244.pdf
File Hash: 1e447af9b976003c8a509030a9c8cf73f193782d20e2f3c1de01cd3b02d1f07d
Page: 3 of 8

Filed in District Court
State of Minnesota
3/27/2023 10:23 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

Archived Case Files Available at MnCourtFraud.Substack.com

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2025-01-14**
118__Demand-or-Request-for-Discovery_2025-01-14.pdf
File Hash: 7ffec7874b908db494b2486e205692ef6cfa2617e453b72ef9c5bd2d126d879f
Page: 4 of 8

Filed in District Court
State of Minnesota
1/14/2025 10:22 AM

3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.
4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-17**
MCRO_27-CR-23-21653_Demand or Request for Discovery_2023-10-17_20240430075015.pdf
File Hash: 1eb8f8a9fac4b583b86519f6bf8da1370cbca64c9ef55046b4ba6d30fd25eecf
Page: 4 of 8

Filed in District Court
State of Minnesota
10/17/2023 1:44 PM

3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.
4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-03-27**
MCRO_27-CR-23-5751_Demand or Request for Discovery_2023-03-27_20240430073244.pdf
File Hash: 1e447af9b976003c8a509030a9c8cf73f193782d20e2f3c1de01cd3b02d1f07d
Page: 4 of 8

Filed in District Court
State of Minnesota
3/27/2023 10:23 AM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

Archived Case Files Available at MnCourtFraud.Substack.com

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2025-01-14**
118__Demand-or-Request-for-Discovery_2025-01-14.pdf
File Hash: 7ffec7874b908db494b2486e205692ef6cfa2617e453b72ef9c5bd2d126d879f
Page: 5 of 8

Filed in District Court
State of Minnesota
1/14/2025 10:22 AM

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.
8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-17**
MCRO_27-CR-23-21653_Demand or Request for Discovery_2023-10-17_20240430075015.pdf
File Hash: 1eb8f8a9fac4b583b86519f6bf8da1370cbca64c9ef55046b4ba6d30fd25eecf
Page: 5 of 8

Filed in District Court
State of Minnesota
10/17/2023 1:44 PM

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.
8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-03-27**
MCRO_27-CR-23-5751_Demand or Request for Discovery_2023-03-27_20240430073244.pdf
File Hash: 1e447af9b976003c8a509030a9c8cf73f193782d20e2f3c1de01cd3b02d1f07d
Page: 5 of 8

Filed in District Court
State of Minnesota
3/27/2023 10:23 AM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2025-01-14**
118__Demand-or-Request-for-Discovery_2025-01-14.pdf
File Hash: 7ffec7874b908db494b2486e205692ef6cfa2617e453b72ef9c5bd2d126d879f
Page: 6 of 8

Filed in District Court
State of Minnesota
1/14/2025 10:22 AM

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment, either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-17**
MCRO_27-CR-23-21653_Demand or Request for Discovery_2023-10-17_20240430075015.pdf
File Hash: 1eb8f8a9fac4b583b86519f6bf8da1370cbca64c9ef55046b4ba6d30fd25eecf
Page: 6 of 8

Filed in District Court
State of Minnesota
10/17/2023 1:44 PM

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment, either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-03-27**
MCRO_27-CR-23-5751_Demand or Request for Discovery_2023-03-27_20240430073244.pdf
File Hash: 1e447af9b976003c8a509030a9c8cf73f193782d20e2f3c1de01cd3b02d1f07d
Page: 6 of 8

Filed in District Court
State of Minnesota
3/27/2023 10:23 AM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2025-01-14**
118__Demand-or-Request-for-Discovery_2025-01-14.pdf
File Hash: 7ffec7874b908db494b2486e205692ef6cfa2617e453b72ef9c5bd2d126d879f
Page: 7 of 8

Filed in District Court
State of Minnesota
1/14/2025 10:22 AM

5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-17**
MCRO_27-CR-23-21653_Demand or Request for Discovery_2023-10-17_20240430075015.pdf
File Hash: 1eb8f8a9fac4b583b86519f6bf8da1370cbca64c9ef55046b4ba6d30fd25eecf
Page: 7 of 8

Filed in District Court
State of Minnesota
10/17/2023 1:44 PM

5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-03-27**
MCRO_27-CR-23-5751_Demand or Request for Discovery_2023-03-27_20240430073244.pdf
File Hash: 1e447af9b976003c8a509030a9c8cf73f193782d20e2f3c1de01cd3b02d1f07d
Page: 7 of 8

Filed in District Court
State of Minnesota
3/27/2023 10:23 AM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

Archived Case Files Available at MnCourtFraud.Substack.com

EXHIBIT MCR-6 | p. 7

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2025-01-14**
118__Demand-or-Request-for-Discovery_2025-01-14.pdf
File Hash: 7ffec7874b908db494b2486e205692ef6cfa2617e453b72ef9c5bd2d126d879f
Page: 8 of 8

Filed in District Court
State of Minnesota
1/14/2025 10:22 AM

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.
2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.
3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.
4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
MICHAEL BERGER - CHIEF PUBLIC DEFENDER

By /s/
Raissa Carpenter
Attorney ID No. 396413
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, Minnesota 55415

Dated: This 14th day of January, 2025.

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-17**
MCRO_27-CR-23-21653_Demand or Request for Discovery_2023-10-17_20240430075015.pdf
File Hash: 1eb8f8a9fac4b583b86519f6bf8da1370cbca64c9ef55046b4ba6d30fd25eecf
Page: 8 of 8

Filed in District Court
State of Minnesota
10/17/2023 1:44 PM

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.
2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.
3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.
4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
MICHAEL BERGER - CHIEF PUBLIC DEFENDER

By /s/
Raissa Carpenter
Attorney ID No. 396413
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, Minnesota 55415

Dated: This 11th, of October, 2023.

**Case No. 27-CR-23-5751**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-03-27**
MCRO_27-CR-23-5751_Demand or Request for Discovery_2023-03-27_20240430073244.pdf
File Hash: 1e447af9b976003c8a509030a9c8cf73f193782d20e2f3c1de01cd3b02d1f07d
Page: 8 of 8

Filed in District Court
State of Minnesota
3/27/2023 10:23 AM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.
3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.
4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Kassius O. Benson - CHIEF PUBLIC DEFENDER

By: /s/
Raissa Carpenter
Attorney License No. 396413
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-09-20**
MCRO_27-CR-22-18209_Demand or Request for Discovery_2022-09-20_20240429162114.pdf
File Hash: a64723d14a3ea2e5a289bfff0771c8800ac9a076e4ddba1a5243ba2485fc19fb
Page: 1 of 8

27-CR-22-18209

Filed in District Court
State of Minnesota
9/20/2022 2:36 PM

STATE OF MINNESOTA DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

State of Minnesota, Plaintiff, vs. Juliet Higgins, Defendant

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-22-18209

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law. .

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-06-04**
MCRO_27-CR-19-12466_Demand or Request for Discovery_2019-06-04_20240430091900.pdf
File Hash: ff426584810fad7e057c1bc1ef21b1537b916b915b1b8fb2cad53715cb3a6e64
Page: 1 of 8

27-CR-19-12466

Filed in District Court
State of Minnesota
6/4/2019 2:03 PM

STATE OF MINNESOTA DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

State of Minnesota, Plaintiff, vs. Terrell Johnson, Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-19-12466

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-08-16**
MCRO_27-CR-19-19606_Demand or Request for Discovery_2019-08-16_20240430092109.pdf
File Hash: bbd6bd894334183c7cd31284c50279911a45e76c4606851bf04713d3c31ab43f
Page: 1 of 8

27-CR-19-19606

Filed in District Court
State of Minnesota
8/16/2019 7:54 AM

STATE OF MINNESOTA DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

State of Minnesota, Plaintiff, vs. Terrell Johnson, Defendant

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-19-19606

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law. .

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-09-20**
MCRO_27-CR-22-18209_Demand or Request for Discovery_2022-09-20_20240429162114.pdf
File Hash: a64723d14a3ea2e5a289bfff0771c8800ac9a076e4ddba1a5243ba2485fc19fb
Page: 2 of 8

Filed in District Court
State of Minnesota
9/20/2022 2:36 PM

Defendant or accomplices. This request includes recorded statements by any other person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-06-04**
MCRO_27-CR-19-12466_Demand or Request for Discovery_2019-06-04_20240430091900.pdf
File Hash: ff426584810fad7e057c1bc1ef21b1537b916b915b1b8fb2cad53715cb3a6e64
Page: 2 of 8

Filed in District Court
State of Minnesota
6/4/2019 2:03 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-08-16**
MCRO_27-CR-19-19606_Demand or Request for Discovery_2019-08-16_20240430092109.pdf
File Hash: bbd6bd894334183c7cd31284c50279911a45e76c4606851bf04713d3c31ab43f
Page: 2 of 8

Filed in District Court
State of Minnesota
8/16/2019 7:54 AM

Defendant or accomplices. This request includes recorded statements by any other person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-09-20**
MCRO_27-CR-22-18209_Demand or Request for Discovery_2022-09-20_20240429162114.pdf
File Hash: a64723d14a3ea2e5a289bfff0771c8800ac9a076e4ddba1a5243ba2485fc19fb
Page: 3 of 8

27-CR-22-18209

Filed in District Court
State of Minnesota
9/20/2022 2:36 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.

3

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-06-04**
MCRO_27-CR-19-12466_Demand or Request for Discovery_2019-06-04_20240430091900.pdf
File Hash: ff426584810fad7e057c1bc1ef21b1537b916b915b1b8fb2cad53715cb3a6e64
Page: 3 of 8

27-CR-19-12466

Filed in District Court
State of Minnesota
6/4/2019 2:03 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

3

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-08-16**
MCRO_27-CR-19-19606_Demand or Request for Discovery_2019-08-16_20240430092109.pdf
File Hash: bbd6bd894334183c7cd31284c50279911a45e76c4606851bf04713d3c31ab43f
Page: 3 of 8

27-CR-19-19606

Filed in District Court
State of Minnesota
8/16/2019 7:54 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.

3

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-09-20**
MCRO_27-CR-22-18209_Demand or Request for Discovery_2022-09-20_20240429162114.pdf
File Hash: a64723d14a3ea2e5a289bfff0771c8800ac9a076e4ddba1a5243ba2485fc19fb
Page: 4 of 8

Filed in District Court
State of Minnesota
9/20/2022 2:36 PM

3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.
4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-06-04**
MCRO_27-CR-19-12466_Demand or Request for Discovery_2019-06-04_20240430091900.pdf
File Hash: ff426584810fad7e057c1bc1ef21b1537b916b915b1b8fb2cad53715cb3a6e64
Page: 4 of 8

Filed in District Court
State of Minnesota
6/4/2019 2:03 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-08-16**
MCRO_27-CR-19-19606_Demand or Request for Discovery_2019-08-16_20240430092109.pdf
File Hash: bbd6bd894334183c7cd31284c50279911a45e76c4606851bf04713d3c31ab43f
Page: 4 of 8

Filed in District Court
State of Minnesota
8/16/2019 7:54 AM

3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.
4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-09-20**
MCRO_27-CR-22-18209_Demand or Request for Discovery_2022-09-20_20240429162114.pdf
File Hash: a64723d14a3ea2e5a289bfff0771c8800ac9a076e4ddba1a5243ba2485fc19fb
Page: 5 of 8

Filed in District Court
State of Minnesota
9/20/2022 2:36 PM

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.
8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-06-04**
MCRO_27-CR-19-12466_Demand or Request for Discovery_2019-06-04_20240430091900.pdf
File Hash: ff426584810fad7e057c1bc1ef21b1537b916b915b1b8fb2cad53715cb3a6e64
Page: 5 of 8

Filed in District Court
State of Minnesota
6/4/2019 2:03 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-08-16**
MCRO_27-CR-19-19606_Demand or Request for Discovery_2019-08-16_20240430092109.pdf
File Hash: bbd6bd894334183c7cd31284c50279911a45e76c4606851bf04713d3c31ab43f
Page: 5 of 8

Filed in District Court
State of Minnesota
8/16/2019 7:54 AM

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.
8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-09-20**
MCRO_27-CR-22-18209_Demand or Request for Discovery_2022-09-20_20240429162114.pdf
File Hash: a64723d14a3ea2e5a289bfff0771c8800ac9a076e4ddba1a5243ba2485fc19fb
Page: 6 of 8

Filed in District Court
State of Minnesota
9/20/2022 2:36 PM

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment, either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-06-04**
MCRO_27-CR-19-12466_Demand or Request for Discovery_2019-06-04_20240430091900.pdf
File Hash: ff426584810fad7e057c1bc1ef21b1537b916b915b1b8fb2cad53715cb3a6e64
Page: 6 of 8

Filed in District Court
State of Minnesota
6/4/2019 2:03 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-08-16**
MCRO_27-CR-19-19606_Demand or Request for Discovery_2019-08-16_20240430092109.pdf
File Hash: bbd6bd894334183c7cd31284c50279911a45e76c4606851bf04713d3c31ab43f
Page: 6 of 8

Filed in District Court
State of Minnesota
8/16/2019 7:54 AM

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment, either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-09-20**
MCRO_27-CR-22-18209_Demand or Request for Discovery_2022-09-20_20240429162114.pdf
File Hash: a64723d14a3ea2e5a289bfff0771c8800ac9a076e4ddba1a5243ba2485fc19fb
Page: 7 of 8

Filed in District Court
State of Minnesota
9/20/2022 2:36 PM

5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-06-04**
MCRO_27-CR-19-12466_Demand or Request for Discovery_2019-06-04_20240430091900.pdf
File Hash: ff426584810fad7e057c1bc1ef21b1537b916b915b1b8fb2cad53715cb3a6e64
Page: 7 of 8

Filed in District Court
State of Minnesota
6/4/2019 2:03 PM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-08-16**
MCRO_27-CR-19-19606_Demand or Request for Discovery_2019-08-16_20240430092109.pdf
File Hash: bbd6bd894334183c7cd31284c50279911a45e76c4606851bf04713d3c31ab43f
Page: 7 of 8

Filed in District Court
State of Minnesota
8/16/2019 7:54 AM

5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Archived Case Files Available at MnCourtFraud.Substack.com

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-09-20**
MCRO_27-CR-22-18209_Demand or Request for Discovery_2022-09-20_20240429162114.pdf
File Hash: a64723d14a3ea2e5a289bfff0771c8800ac9a076e4ddba1a5243ba2485fc19fb
Page: 8 of 8

Filed in District Court
State of Minnesota
9/20/2022 2:36 PM

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
KASSIUS O. BENSON - CHIEF PUBLIC DEFENDER

By /s/
Raissa Carpenter
Attorney ID No. 396413
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, Minnesota 55415

Dated: This 14th of September, 2022.

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-06-04**
MCRO_27-CR-19-12466_Demand or Request for Discovery_2019-06-04_20240430091900.pdf
File Hash: ff426584810fad7e057c1bc1ef21b1537b916b915b1b8fb2cad53715cb3a6e64
Page: 8 of 8

Filed in District Court
State of Minnesota
6/4/2019 2:03 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
MARY F. MORIARTY - CHIEF PUBLIC DEFENDER

By: /s/
Sebastian Mesa-White
Attorney License No. 393275
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 4th day of June, 2019.

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-08-16**
MCRO_27-CR-19-19606_Demand or Request for Discovery_2019-08-16_20240430092109.pdf
File Hash: bbd6bd894334183c7cd31284c50279911a45e76c4606851bf04713d3c31ab43f
Page: 8 of 8

Filed in District Court
State of Minnesota
8/16/2019 7:54 AM

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
MARY F. MORIARTY - CHIEF PUBLIC DEFENDER

By /s/
Sebastian Mesa-White
Attorney License No. 393275
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 16th day of August, 2019.

**Case No. 27-CR-19-28883**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-11-27**
MCRO_27-CR-19-28883_Demand or Request for Discovery_2019-11-27_20240430092415.pdf
File Hash: f6c9044d6be9ff7a23abbff37bec626948f9fc5baea116d0261994645c2d449c
Page: 1 of 8

Filed in District Court
State of Minnesota
11/27/2019 7:35 AM

STATE OF MINNESOTA DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

State of Minnesota,
Plaintiff,
vs.
Jacob Johnson,
Defendant

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-19-28883

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law. .

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the

**Case No. 27-CR-20-3244**
State of MN vs ANGELIC DENISE SCHAEFER
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-03-19**
MCRO_27-CR-20-3244_Demand or Request for Discovery_2020-03-19_20240430085042.pdf
File Hash: 090b09f41e357ec06bae6ec728c6bc40f96f1d929d79843c2a30d334752e7cf5
Page: 1 of 8

Filed in District Court
State of Minnesota
3/19/2020 8:25 AM

STATE OF MINNESOTA DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

State of Minnesota,
Plaintiff,
vs.
Angelic Schaeffer AKA Nunn,
Defendant

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-20-3244

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law. .

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the

**Case No. 27-CR-20-6517**
State of MN vs Rex Allen Basswood, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-23**
MCRO_27-CR-20-6517_Demand or Request for Discovery_2020-07-23_20240430085229.pdf
File Hash: 4ac015b42a71ae9360bc88d3d8f4d48ced0ab3efece929907a3deb7b67cf29e6
Page: 1 of 8

Filed in District Court
State of Minnesota
7/23/2020 9:01 AM

STATE OF MINNESOTA DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

State of Minnesota,
Plaintiff,
vs.
Rex Allen Basswood, Jr.,
Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-20-6517

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-19-28883**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-11-27**
MCRO_27-CR-19-28883_Demand or Request for Discovery_2019-11-27_20240430092415.pdf
File Hash: f6c9044d6be9ff7a23abbff37bec626948f9fc5baea116d0261994645c2d449c
Page: 2 of 8

Filed in District Court
State of Minnesota
11/27/2019 7:35 AM

Defendant or accomplices. This request includes recorded statements by any other person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-20-3244**
State of MN vs ANGELIC DENISE SCHAEFER
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-03-19**
MCRO_27-CR-20-3244_Demand or Request for Discovery_2020-03-19_20240430085042.pdf
File Hash: 090b09f41e357ec06bae6ec728c6bc40f96f1d929d79843c2a30d334752e7cf5
Page: 2 of 8

Filed in District Court
State of Minnesota
3/19/2020 8:25 AM

Defendant or accomplices. This request includes recorded statements by any other person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-20-6517**
State of MN vs Rex Allen Basswood, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-23**
MCRO_27-CR-20-6517_Demand or Request for Discovery_2020-07-23_20240430085229.pdf
File Hash: 4ac015b42a71ae9360bc88d3d8f4d48ced0ab3efece929907a3deb7b67cf29e6
Page: 2 of 8

Filed in District Court
State of Minnesota
7/23/2020 9:01 AM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-19-28883**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-11-27**
MCRO_27-CR-19-28883_Demand or Request for Discovery_2019-11-27_20240430092415.pdf
File Hash: f6c9044d6be9ff7a23abbff37bec626948f9fc5baea116d0261994645c2d449c
Page: 3 of 8

Filed in District Court
State of Minnesota
11/27/2019 7:35 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.

**Case No. 27-CR-20-3244**
State of MN vs ANGELIC DENISE SCHAEFER
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-03-19**
MCRO_27-CR-20-3244_Demand or Request for Discovery_2020-03-19_20240430085042.pdf
File Hash: 090b09f41e357ec06bae6ec728c6bc40f96f1d929d79843c2a30d334752e7cf5
Page: 3 of 8

Filed in District Court
State of Minnesota
3/19/2020 8:25 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.

**Case No. 27-CR-20-6517**
State of MN vs Rex Allen Basswood, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-23**
MCRO_27-CR-20-6517_Demand or Request for Discovery_2020-07-23_20240430085229.pdf
File Hash: 4ac015b42a71ae9360bc88d3d8f4d48ced0ab3efece929907a3deb7b67cf29e6
Page: 3 of 8

Filed in District Court
State of Minnesota
7/23/2020 9:01 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-19-28883**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-11-27**
MCRO_27-CR-19-28883_Demand or Request for Discovery_2019-11-27_20240430092415.pdf
File Hash: f6c9044d6be9ff7a23abbff37bec626948f9fc5baea116d0261994645c2d449c
Page: 4 of 8

27-CR-19-28883
Filed in District Court
State of Minnesota
11/27/2019 7:35 AM

3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.
4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

4

**Case No. 27-CR-20-3244**
State of MN vs ANGELIC DENISE SCHAEFER
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-03-19**
MCRO_27-CR-20-3244_Demand or Request for Discovery_2020-03-19_20240430085042.pdf
File Hash: 090b09f41e357ec06bae6ec728c6bc40f96f1d929d79843c2a30d334752e7cf5
Page: 4 of 8

27-CR-20-3244
Filed in District Court
State of Minnesota
3/19/2020 8:25 AM

3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.
4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

4

**Case No. 27-CR-20-6517**
State of MN vs Rex Allen Basswood, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-23**
MCRO_27-CR-20-6517_Demand or Request for Discovery_2020-07-23_20240430085229.pdf
File Hash: 4ac015b42a71ae9360bc88d3d8f4d48ced0ab3efece929907a3deb7b67cf29e6
Page: 4 of 8

27-CR-20-6517
Filed in District Court
State of Minnesota
7/23/2020 9:01 AM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

4

Archived Case Files Available at MnCourtFraud.Substack.com
20
**EXHIBIT MCR-6 | p. 20**

**Case No. 27-CR-19-28883**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-11-27**
MCRO_27-CR-19-28883_Demand or Request for Discovery_2019-11-27_20240430092415.pdf
File Hash: f6c9044d6be9ff7a23abbff37bec626948f9fc5baea116d0261994645c2d449c
Page: 5 of 8

Filed in District Court
State of Minnesota
11/27/2019 7:35 AM

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.
8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

**Case No. 27-CR-20-3244**
State of MN vs ANGELIC DENISE SCHAEFER
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-03-19**
MCRO_27-CR-20-3244_Demand or Request for Discovery_2020-03-19_20240430085042.pdf
File Hash: 090b09f41e357ec06bae6ec728c6bc40f96f1d929d79843c2a30d334752e7cf5
Page: 5 of 8

Filed in District Court
State of Minnesota
3/19/2020 8:25 AM

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.
8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

**Case No. 27-CR-20-6517**
State of MN vs Rex Allen Basswood, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-23**
MCRO_27-CR-20-6517_Demand or Request for Discovery_2020-07-23_20240430085229.pdf
File Hash: 4ac015b42a71ae9360bc88d3d8f4d48ced0ab3efece929907a3deb7b67cf29e6
Page: 5 of 8

Filed in District Court
State of Minnesota
7/23/2020 9:01 AM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-19-28883**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-11-27**
MCRO_27-CR-19-28883_Demand or Request for Discovery_2019-11-27_20240430092415.pdf
File Hash: f6c9044d6be9ff7a23abbff37bec626948f9fc5baea116d0261994645c2d449c
Page: 6 of 8

27-CR-19-28883

Filed in District Court
State of Minnesota
11/27/2019 7:35 AM

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment, either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).

6

**Case No. 27-CR-20-3244**
State of MN vs ANGELIC DENISE SCHAEFER
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-03-19**
MCRO_27-CR-20-3244_Demand or Request for Discovery_2020-03-19_20240430085042.pdf
File Hash: 090b09f41e357ec06bae6ec728c6bc40f96f1d929d79843c2a30d334752e7cf5
Page: 6 of 8

27-CR-20-3244

Filed in District Court
State of Minnesota
3/19/2020 8:25 AM

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment, either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).

6

**Case No. 27-CR-20-6517**
State of MN vs Rex Allen Basswood, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-23**
MCRO_27-CR-20-6517_Demand or Request for Discovery_2020-07-23_20240430085229.pdf
File Hash: 4ac015b42a71ae9360bc88d3d8f4d48ced0ab3efece929907a3deb7b67cf29e6
Page: 6 of 8

27-CR-20-6517

Filed in District Court
State of Minnesota
7/23/2020 9:01 AM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

6

Archived Case Files Available at MnCourtFraud.Substack.com

22

EXHIBIT MCR-6 | p. 22

**Case No. 27-CR-19-28883**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-11-27**
MCRO_27-CR-19-28883_Demand or Request for Discovery_2019-11-27_20240430092415.pdf
File Hash: f6c9044d6be9ff7a23abbff37bec626948f9fc5baea116d0261994645c2d449c
Page: 7 of 8

Filed in District Court
State of Minnesota
11/27/2019 7:35 AM

5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

**Case No. 27-CR-20-3244**
State of MN vs ANGELIC DENISE SCHAEFER
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-03-19**
MCRO_27-CR-20-3244_Demand or Request for Discovery_2020-03-19_20240430085042.pdf
File Hash: 090b09f41e357ec06bae6ec728c6bc40f96f1d929d79843c2a30d334752e7cf5
Page: 7 of 8

Filed in District Court
State of Minnesota
3/19/2020 8:25 AM

5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

**Case No. 27-CR-20-6517**
State of MN vs Rex Allen Basswood, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-23**
MCRO_27-CR-20-6517_Demand or Request for Discovery_2020-07-23_20240430085229.pdf
File Hash: 4ac015b42a71ae9360bc88d3d8f4d48ced0ab3efece929907a3deb7b67cf29e6
Page: 7 of 8

Filed in District Court
State of Minnesota
7/23/2020 9:01 AM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

Archived Case Files Available at MnCourtFraud.Substack.com

**Case No. 27-CR-19-28883**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2019-11-27**
MCRO_27-CR-19-28883_Demand or Request for Discovery_2019-11-27_20240430092415.pdf
File Hash: f6c9044d6be9ff7a23abbff37bec626948f9fc5baea116d0261994645c2d449c
Page: 8 of 8

Filed in District Court
State of Minnesota
11/27/2019 7:35 AM

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
MARY F. MORIARTY - CHIEF PUBLIC DEFENDER

By /s/
Morgan France-Ramirez
Attorney License No. 395945
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 26th day of November, 2019.

**Case No. 27-CR-20-3244**
State of MN vs ANGELIC DENISE SCHAEFER
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-03-19**
MCRO_27-CR-20-3244_Demand or Request for Discovery_2020-03-19_20240430085042.pdf
File Hash: 090b09f41e357ec06bae6ec728c6bc40f96f1d929d79843c2a30d334752e7cf5
Page: 8 of 8

Filed in District Court
State of Minnesota
3/19/2020 8:25 AM

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
MARY F. MORIARTY - CHIEF PUBLIC DEFENDER

By /s/
Collin Tierney
Attorney License No. 396312
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 19th day of March, 2020.

**Case No. 27-CR-20-6517**
State of MN vs Rex Allen Basswood, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-23**
MCRO_27-CR-20-6517_Demand or Request for Discovery_2020-07-23_20240430085229.pdf
File Hash: 4ac015b42a71ae9360bc88d3d8f4d48ced0ab3efece929907a3deb7b67cf29e6
Page: 8 of 8

Filed in District Court
State of Minnesota
7/23/2020 9:01 AM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
MARY F. MORIARTY - CHIEF PUBLIC DEFENDER

By: /s/
Gay Glaze
Attorney License No. 226191
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 22nd day of July, 2020.

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-22**
MCRO_27-CR-20-8926_Demand or Request for Discovery_2020-07-22_20240430085450.pdf
File Hash: cf364f7e47755274147d4530ae6ea1335742c69421c77d854dfd004bb1502c9f
Page: 1 of 8

27-CR-20-8926

Filed in District Court
State of Minnesota
7/22/2020 10:13 AM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Terrell Johnson,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-20-8926

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-20-23521**
State of MN vs CASPER HUY VUONG
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-11-10**
MCRO_27-CR-20-23521_Demand or Request for Discovery_2020-11-10_20240430090525.pdf
File Hash: f0ba492a15aa8b0d7538be818a2ced0c6813b1362a69ec9a207debeb3156e55e
Page: 1 of 8

27-CR-20-23521

Filed in District Court
State of Minnesota
11/10/2020 4:01 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Casper Huy Vuong,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-20-23521

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-1230**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-01-25**
MCRO_27-CR-21-1230_Demand or Request for Discovery_2021-01-25_20240430075455.pdf
File Hash: c1ef2ac0ec4f03ed870005005b67c3d1c29ffe4f8c5a6b60d43d67d88f2784ed
Page: 1 of 8

27-CR-21-1230

Filed in District Court
State of Minnesota
1/25/2021 11:51 AM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Makis Devell Lane,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-1230

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-22**
MCRO_27-CR-20-8926_Demand or Request for Discovery_2020-07-22_20240430085450.pdf
File Hash: cf364f7e47755274147d4530ae6ea1335742c69421c77d854dfd004bb1502c9f
Page: 2 of 8

Filed in District Court
State of Minnesota
7/22/2020 10:13 AM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-20-23521**
State of MN vs CASPER HUY VUONG
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-11-10**
MCRO_27-CR-20-23521_Demand or Request for Discovery_2020-11-10_20240430090525.pdf
File Hash: f0ba492a15aa8b0d7538be818a2ced0c6813b1362a69ec9a207debeb3156e55e
Page: 2 of 8

Filed in District Court
State of Minnesota
11/10/2020 4:01 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-21-1230**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-01-25**
MCRO_27-CR-21-1230_Demand or Request for Discovery_2021-01-25_20240430075455.pdf
File Hash: c1ef2ac0ec4f03ed870005005b67c3d1c29ffe4f8c5a6b60d43d67d88f2784ed
Page: 2 of 8

Filed in District Court
State of Minnesota
1/25/2021 11:51 AM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-22**
MCRO_27-CR-20-8926_Demand or Request for Discovery_2020-07-22_20240430085450.pdf
File Hash: cf364f7e47755274147d4530ae6ea1335742c69421c77d854dfd004bb1502c9f
Page: 3 of 8

Filed in District Court
State of Minnesota
7/22/2020 10:13 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-20-23521**
State of MN vs CASPER HUY VUONG
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-11-10**
MCRO_27-CR-20-23521_Demand or Request for Discovery_2020-11-10_20240430090525.pdf
File Hash: f0ba492a15aa8b0d7538be818a2ced0c6813b1362a69ec9a207debeb3156e55e
Page: 3 of 8

Filed in District Court
State of Minnesota
11/10/2020 4:01 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-21-1230**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-01-25**
MCRO_27-CR-21-1230_Demand or Request for Discovery_2021-01-25_20240430075455.pdf
File Hash: c1ef2ac0ec4f03ed870005005b67c3d1c29ffe4f8c5a6b60d43d67d88f2784ed
Page: 3 of 8

Filed in District Court
State of Minnesota
1/25/2021 11:51 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-22**
MCRO_27-CR-20-8926_Demand or Request for Discovery_2020-07-22_20240430085450.pdf
File Hash: cf364f7e47755274147d4530ae6ea1335742c69421c77d854dfd004bb1502c9f
Page: 4 of 8

Filed in District Court
State of Minnesota
7/22/2020 10:13 AM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-20-23521**
State of MN vs CASPER HUY VUONG
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-11-10**
MCRO_27-CR-20-23521_Demand or Request for Discovery_2020-11-10_20240430090525.pdf
File Hash: f0ba492a15aa8b0d7538be818a2ced0c6813b1362a69ec9a207debeb3156e55e
Page: 4 of 8

Filed in District Court
State of Minnesota
11/10/2020 4:01 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-21-1230**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-01-25**
MCRO_27-CR-21-1230_Demand or Request for Discovery_2021-01-25_20240430075455.pdf
File Hash: c1ef2ac0ec4f03ed870005005b67c3d1c29ffe4f8c5a6b60d43d67d88f2784ed
Page: 4 of 8

Filed in District Court
State of Minnesota
1/25/2021 11:51 AM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-22**
MCRO_27-CR-20-8926_Demand or Request for Discovery_2020-07-22_20240430085450.pdf
File Hash: cf364f7e47755274147d4530ae6ea1335742c69421c77d854dfd004bb1502c9f
Page: 5 of 8

Filed in District Court
State of Minnesota
7/22/2020 10:13 AM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-20-23521**
State of MN vs CASPER HUY VUONG
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-11-10**
MCRO_27-CR-20-23521_Demand or Request for Discovery_2020-11-10_20240430090525.pdf
File Hash: f0ba492a15aa8b0d7538be818a2ced0c6813b1362a69ec9a207debeb3156e55e
Page: 5 of 8

Filed in District Court
State of Minnesota
11/10/2020 4:01 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-21-1230**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-01-25**
MCRO_27-CR-21-1230_Demand or Request for Discovery_2021-01-25_20240430075455.pdf
File Hash: c1ef2ac0ec4f03ed870005005b67c3d1c29ffe4f8c5a6b60d43d67d88f2784ed
Page: 5 of 8

Filed in District Court
State of Minnesota
1/25/2021 11:51 AM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-22**
MCRO_27-CR-20-8926_Demand or Request for Discovery_2020-07-22_20240430085450.pdf
File Hash: cf364f7e47755274147d4530ae6ea1335742c69421c77d854dfd004bb1502c9f
Page: 6 of 8

Filed in District Court
State of Minnesota
7/22/2020 10:13 AM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-20-23521**
State of MN vs CASPER HUY VUONG
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-11-10**
MCRO_27-CR-20-23521_Demand or Request for Discovery_2020-11-10_20240430090525.pdf
File Hash: f0ba492a15aa8b0d7538be818a2ced0c6813b1362a69ec9a207debeb3156e55e
Page: 6 of 8

Filed in District Court
State of Minnesota
11/10/2020 4:01 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-21-1230**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-01-25**
MCRO_27-CR-21-1230_Demand or Request for Discovery_2021-01-25_20240430075455.pdf
File Hash: c1ef2ac0ec4f03ed870005005b67c3d1c29ffe4f8c5a6b60d43d67d88f2784ed
Page: 6 of 8

Filed in District Court
State of Minnesota
1/25/2021 11:51 AM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-22**
MCRO_27-CR-20-8926_Demand or Request for Discovery_2020-07-22_20240430085450.pdf
File Hash: cf364f7e47755274147d4530ae6ea1335742c69421c77d854dfd004bb1502c9f
Page: 7 of 8

Filed in District Court
State of Minnesota
7/22/2020 10:13 AM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-20-23521**
State of MN vs CASPER HUY VUONG
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-11-10**
MCRO_27-CR-20-23521_Demand or Request for Discovery_2020-11-10_20240430090525.pdf
File Hash: f0ba492a15aa8b0d7538be818a2ced0c6813b1362a69ec9a207debeb3156e55e
Page: 7 of 8

Filed in District Court
State of Minnesota
11/10/2020 4:01 PM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-21-1230**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-01-25**
MCRO_27-CR-21-1230_Demand or Request for Discovery_2021-01-25_20240430075455.pdf
File Hash: c1ef2ac0ec4f03ed870005005b67c3d1c29ffe4f8c5a6b60d43d67d88f2784ed
Page: 7 of 8

Filed in District Court
State of Minnesota
1/25/2021 11:51 AM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-07-22**
MCRO_27-CR-20-8926_Demand or Request for Discovery_2020-07-22_20240430085450.pdf
File Hash: cf364f7e47755274147d4530ae6ea1335742c69421c77d854dfd004bb1502c9f
Page: 8 of 8

Filed in District Court
State of Minnesota
7/22/2020 10:13 AM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
MARY F. MORIARTY - CHIEF PUBLIC DEFENDER

By: /s/
Sebastian Mesa-White
Attorney License No. 393275
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 22nd day of July, 2020.

**Case No. 27-CR-20-23521**
State of MN vs CASPER HUY VUONG
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2020-11-10**
MCRO_27-CR-20-23521_Demand or Request for Discovery_2020-11-10_20240430090525.pdf
File Hash: f0ba492a15aa8b0d7538be818a2ced0c6813b1362a69ec9a207debeb3156e55e
Page: 8 of 8

Filed in District Court
State of Minnesota
11/10/2020 4:01 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
MARY F. MORIARTY - CHIEF PUBLIC DEFENDER

By: /s/
Victoria Knott
Attorney License No. 399301
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 9th day of November, 2020.

**Case No. 27-CR-21-1230**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-01-25**
MCRO_27-CR-21-1230_Demand or Request for Discovery_2021-01-25_20240430075455.pdf
File Hash: c1ef2ac0ec4f03ed870005005b67c3d1c29ffe4f8c5a6b60d43d67d88f2784ed
Page: 8 of 8

Filed in District Court
State of Minnesota
1/25/2021 11:51 AM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
KASSIUS O. BENSON - CHIEF PUBLIC DEFENDER

By: /s/
Lindsey Van Beek
Attorney License No. 397721
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 25th day of January, 2021.

**Case No. 27-CR-21-1977**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1977_Demand or Request for Discovery_2021-04-07_20240430075626.pdf
File Hash: 0b15e70b46b58a5491f05da85384455fcdb1342bd50710fd7f084efe96ee7785
Page: 1 of 8

27-CR-21-1977

Filed in District Court
State of Minnesota
4/7/2021 2:19 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Angelic Denise Nunn,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-1977

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-1978**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1978_Demand or Request for Discovery_2021-04-07_20240430075736.pdf
File Hash: 9bd88e54a85246712740cb0b7174d2143c238a846dff6d02957b78db68544198
Page: 1 of 8

27-CR-21-1978

Filed in District Court
State of Minnesota
4/7/2021 2:56 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Angelic Denise Nunn,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-1978

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-02-03**
MCRO_27-CR-21-1980_Demand or Request for Discovery_2021-02-03_20240430080023.pdf
File Hash: b4d4831faf0f197fd9bb01c57cf18055d8f190f45f7dc3e25d6275896a634c9b
Page: 1 of 8

27-CR-21-1980

Filed in District Court
State of Minnesota
2/3/2021 6:19 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Gordon Sharp,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-1980

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-1977**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1977_Demand or Request for Discovery_2021-04-07_20240430075626.pdf
File Hash: 0b15e70b46b58a5491f05da85384455fcdb1342bd50710fd7f084efe96ee7785
Page: 2 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:19 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-21-1978**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1978_Demand or Request for Discovery_2021-04-07_20240430075736.pdf
File Hash: 9bd88e54a85246712740cb0b7174d2143c238a846dff6d02957b78db68544198
Page: 2 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:56 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-02-03**
MCRO_27-CR-21-1980_Demand or Request for Discovery_2021-02-03_20240430080023.pdf
File Hash: b4d4831faf0f197fd9bb01c57cf18055d8f190f45f7dc3e25d6275896a634c9b
Page: 2 of 8

Filed in District Court
State of Minnesota
2/3/2021 6:19 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-21-1977**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1977_Demand or Request for Discovery_2021-04-07_20240430075626.pdf
File Hash: 0b15e70b46b58a5491f05da85384455fcdb1342bd50710fd7f084efe96ee7785
Page: 3 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:19 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-21-1978**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1978_Demand or Request for Discovery_2021-04-07_20240430075736.pdf
File Hash: 9bd88e54a85246712740cb0b7174d2143c238a846dff6d02957b78db68544198
Page: 3 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:56 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-02-03**
MCRO_27-CR-21-1980_Demand or Request for Discovery_2021-02-03_20240430080023.pdf
File Hash: b4d4831faf0f197fd9bb01c57cf18055d8f190f45f7dc3e25d6275896a634c9b
Page: 3 of 8

Filed in District Court
State of Minnesota
2/3/2021 6:19 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-21-1977**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1977_Demand or Request for Discovery_2021-04-07_20240430075626.pdf
File Hash: 0b15e70b46b58a5491f05da85384455fcdb1342bd50710fd7f084efe96ee7785
Page: 4 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:19 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-21-1978**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1978_Demand or Request for Discovery_2021-04-07_20240430075736.pdf
File Hash: 9bd88e54a85246712740cb0b7174d2143c238a846dff6d02957b78db68544198
Page: 4 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:56 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-02-03**
MCRO_27-CR-21-1980_Demand or Request for Discovery_2021-02-03_20240430080023.pdf
File Hash: b4d4831faf0f197fd9bb01c57cf18055d8f190f45f7dc3e25d6275896a634c9b
Page: 4 of 8

Filed in District Court
State of Minnesota
2/3/2021 6:19 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-21-1977**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1977_Demand or Request for Discovery_2021-04-07_20240430075626.pdf
File Hash: 0b15e70b46b58a5491f05da85384455fcdb1342bd50710fd7f084efe96ee7785
Page: 5 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:19 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-21-1978**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1978_Demand or Request for Discovery_2021-04-07_20240430075736.pdf
File Hash: 9bd88e54a85246712740cb0b7174d2143c238a846dff6d02957b78db68544198
Page: 5 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:56 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-02-03**
MCRO_27-CR-21-1980_Demand or Request for Discovery_2021-02-03_20240430080023.pdf
File Hash: b4d4831faf0f197fd9bb01c57cf18055d8f190f45f7dc3e25d6275896a634c9b
Page: 5 of 8

Filed in District Court
State of Minnesota
2/3/2021 6:19 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-21-1977**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1977_Demand or Request for Discovery_2021-04-07_20240430075626.pdf
File Hash: 0b15e70b46b58a5491f05da85384455fcdb1342bd50710fd7f084efe96ee7785
Page: 6 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:19 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state’s own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-21-1978**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1978_Demand or Request for Discovery_2021-04-07_20240430075736.pdf
File Hash: 9bd88e54a85246712740cb0b7174d2143c238a846dff6d02957b78db68544198
Page: 6 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:56 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state’s own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-02-03**
MCRO_27-CR-21-1980_Demand or Request for Discovery_2021-02-03_20240430080023.pdf
File Hash: b4d4831faf0f197fd9bb01c57cf18055d8f190f45f7dc3e25d6275896a634c9b
Page: 6 of 8

Filed in District Court
State of Minnesota
2/3/2021 6:19 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state’s own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-21-1977**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1977_Demand or Request for Discovery_2021-04-07_20240430075626.pdf
File Hash: 0b15e70b46b58a5491f05da85384455fcdb1342bd50710fd7f084efe96ee7785
Page: 7 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:19 PM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-21-1978**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1978_Demand or Request for Discovery_2021-04-07_20240430075736.pdf
File Hash: 9bd88e54a85246712740cb0b7174d2143c238a846dff6d02957b78db68544198
Page: 7 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:56 PM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-02-03**
MCRO_27-CR-21-1980_Demand or Request for Discovery_2021-02-03_20240430080023.pdf
File Hash: b4d4831faf0f197fd9bb01c57cf18055d8f190f45f7dc3e25d6275896a634c9b
Page: 7 of 8

Filed in District Court
State of Minnesota
2/3/2021 6:19 PM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-21-1977**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1977_Demand or Request for Discovery_2021-04-07_20240430075626.pdf
File Hash: 0b15e70b46b58a5491f05da85384455fcdb1342bd50710fd7f084efe96ee7785
Page: 8 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:19 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
KASSIUS O. BENSON - CHIEF PUBLIC DEFENDER

By: /s/
Victoria Knott
Attorney License No. 399301
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 7th day of April, 2021.

**Case No. 27-CR-21-1978**
State of MN vs ANGELIC DENISE NUNN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-04-07**
MCRO_27-CR-21-1978_Demand or Request for Discovery_2021-04-07_20240430075736.pdf
File Hash: 9bd88e54a85246712740cb0b7174d2143c238a846dff6d02957b78db68544198
Page: 8 of 8

Filed in District Court
State of Minnesota
4/7/2021 2:56 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
KASSIUS O. BENSON - CHIEF PUBLIC DEFENDER

By: /s/
Victoria Knott
Attorney License No. 399301
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 7th day of April, 2021.

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-02-03**
MCRO_27-CR-21-1980_Demand or Request for Discovery_2021-02-03_20240430080023.pdf
File Hash: b4d4831faf0f197fd9bb01c57cf18055d8f190f45f7dc3e25d6275896a634c9b
Page: 8 of 8

Filed in District Court
State of Minnesota
2/3/2021 6:19 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
KASSIUS O. BENSON - CHIEF PUBLIC DEFENDER

By: /s/
Alexander Davis
Attorney License No. 398864
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 3rd day of February, 2021.

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8067_Demand or Request for Discovery_2021-08-02_20240430080652.pdf
File Hash: 285a5c3c81dc892daaa42c2acb191c7652fe41dddc579194098f565fc1d530ec
Page: 1 of 8

27-CR-21-8067

Filed in District Court
State of Minnesota
8/2/2021 4:09 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,
Plaintiff,
vs.
Lucas Kraskey,
Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-8067

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8227_Demand or Request for Discovery_2021-08-02_20240430080745.pdf
File Hash: 465acff80c978256d22b24931faf5e3ce40513328a43c8b5ec3f994dfc5e47ae
Page: 1 of 8

27-CR-21-8227

Filed in District Court
State of Minnesota
8/2/2021 4:11 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,
Plaintiff,
vs.
Lucas Kraskey,
Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-8227

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8228_Demand or Request for Discovery_2021-08-02_20240430080837.pdf
File Hash: f57b03eabb9dd18f8245f3762d81873b573aeb932e32070fdfa72855cfab616c
Page: 1 of 8

27-CR-21-8228

Filed in District Court
State of Minnesota
8/2/2021 4:13 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,
Plaintiff,
vs.
Lucas Kraskey,
Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-8228

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8067_Demand or Request for Discovery_2021-08-02_20240430080652.pdf
File Hash: 285a5c3c81dc892daaa42c2acb191c7652fe41dddc579194098f565fc1d530ec
Page: 2 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:09 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8227_Demand or Request for Discovery_2021-08-02_20240430080745.pdf
File Hash: 465acff80c978256d22b24931faf5e3ce40513328a43c8b5ec3f994dfc5e47ae
Page: 2 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:11 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8228_Demand or Request for Discovery_2021-08-02_20240430080837.pdf
File Hash: f57b03eabb9dd18f8245f3762d81873b573aeb932e32070fdfa72855cfab616c
Page: 2 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:13 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8067_Demand or Request for Discovery_2021-08-02_20240430080652.pdf
File Hash: 285a5c3c81dc892daaa42c2acb191c7652fe41dddc579194098f565fc1d530ec
Page: 3 of 8

27-CR-21-8067

Filed in District Court
State of Minnesota
8/2/2021 4:09 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

3

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8227_Demand or Request for Discovery_2021-08-02_20240430080745.pdf
File Hash: 465acff80c978256d22b24931faf5e3ce40513328a43c8b5ec3f994dfc5e47ae
Page: 3 of 8

27-CR-21-8227

Filed in District Court
State of Minnesota
8/2/2021 4:11 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

3

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8228_Demand or Request for Discovery_2021-08-02_20240430080837.pdf
File Hash: f57b03eabb9dd18f8245f3762d81873b573aeb932e32070fdfa72855cfab616c
Page: 3 of 8

27-CR-21-8228

Filed in District Court
State of Minnesota
8/2/2021 4:13 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

3

Archived Case Files Available at MnCourtFraud.Substack.com

43

**EXHIBIT MCR-6 | p. 43**

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8067_Demand or Request for Discovery_2021-08-02_20240430080652.pdf
File Hash: 285a5c3c81dc892daaa42c2acb191c7652fe41dddc579194098f565fc1d530ec
Page: 4 of 8

27-CR-21-8067
Filed in District Court
State of Minnesota
8/2/2021 4:09 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

4

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8227_Demand or Request for Discovery_2021-08-02_20240430080745.pdf
File Hash: 465acff80c978256d22b24931faf5e3ce40513328a43c8b5ec3f994dfc5e47ae
Page: 4 of 8

27-CR-21-8227
Filed in District Court
State of Minnesota
8/2/2021 4:11 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

4

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8228_Demand or Request for Discovery_2021-08-02_20240430080837.pdf
File Hash: f57b03eabb9dd18f8245f3762d81873b573aeb932e32070fdfa72855cfab616c
Page: 4 of 8

27-CR-21-8228
Filed in District Court
State of Minnesota
8/2/2021 4:13 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

4

Archived Case Files Available at MnCourtFraud.Substack.com

44

**EXHIBIT MCR-6 | p. 44**

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8067_Demand or Request for Discovery_2021-08-02_20240430080652.pdf
File Hash: 285a5c3c81dc892daaa42c2acb191c7652fe41dddc579194098f565fc1d530ec
Page: 5 of 8

27-CR-21-8067

Filed in District Court
State of Minnesota
8/2/2021 4:09 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

5

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8227_Demand or Request for Discovery_2021-08-02_20240430080745.pdf
File Hash: 465acff80c978256d22b24931faf5e3ce40513328a43c8b5ec3f994dfc5e47ae
Page: 5 of 8

27-CR-21-8227

Filed in District Court
State of Minnesota
8/2/2021 4:11 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

5

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8228_Demand or Request for Discovery_2021-08-02_20240430080837.pdf
File Hash: f57b03eabb9dd18f8245f3762d81873b573aeb932e32070fdfa72855cfab616c
Page: 5 of 8

27-CR-21-8228

Filed in District Court
State of Minnesota
8/2/2021 4:13 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

5

Archived Case Files Available at MnCourtFraud.Substack.com

45

**EXHIBIT MCR-6 | p. 45**

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8067_Demand or Request for Discovery_2021-08-02_20240430080652.pdf
File Hash: 285a5c3c81dc892daaa42c2acb191c7652fe41dddc579194098f565fc1d530ec
Page: 6 of 8

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8227_Demand or Request for Discovery_2021-08-02_20240430080745.pdf
File Hash: 465acff80c978256d22b24931faf5e3ce40513328a43c8b5ec3f994dfc5e47ae
Page: 6 of 8

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8228_Demand or Request for Discovery_2021-08-02_20240430080837.pdf
File Hash: f57b03eabb9dd18f8245f3762d81873b573aeb932e32070fdfa72855cfab616c
Page: 6 of 8

27-CR-21-8067

Filed in District Court
State of Minnesota
8/2/2021 4:09 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state’s own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

6

27-CR-21-8227

Filed in District Court
State of Minnesota
8/2/2021 4:11 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state’s own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

6

27-CR-21-8228

Filed in District Court
State of Minnesota
8/2/2021 4:13 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state’s own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

6

Archived Case Files Available at MnCourtFraud.Substack.com

46

**EXHIBIT MCR-6 | p. 46**

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8067_Demand or Request for Discovery_2021-08-02_20240430080652.pdf
File Hash: 285a5c3c81dc892daaa42c2acb191c7652fe41dddc579194098f565fc1d530ec
Page: 7 of 8

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8227_Demand or Request for Discovery_2021-08-02_20240430080745.pdf
File Hash: 465acff80c978256d22b24931faf5e3ce40513328a43c8b5ec3f994dfc5e47ae
Page: 7 of 8

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8228_Demand or Request for Discovery_2021-08-02_20240430080837.pdf
File Hash: f57b03eabb9dd18f8245f3762d81873b573aeb932e32070fdfa72855cfab616c
Page: 7 of 8

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-21-8067**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8067_Demand or Request for Discovery_2021-08-02_20240430080652.pdf
File Hash: 285a5c3c81dc892daaa42c2acb191c7652fe41dddc579194098f565fc1d530ec
Page: 8 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:09 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Kassius O. Benson - CHIEF PUBLIC DEFENDER

By: /s/
Eric O. Hawkins
Attorney License No. 276947
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 2nd day of August, 2021.

**Case No. 27-CR-21-8227**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8227_Demand or Request for Discovery_2021-08-02_20240430080745.pdf
File Hash: 465acff80c978256d22b24931faf5e3ce40513328a43c8b5ec3f994dfc5e47ae
Page: 8 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:11 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Kassius O. Benson - CHIEF PUBLIC DEFENDER

By: /s/
Eric O. Hawkins
Attorney License No. 276947
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 2nd day of August, 2021.

**Case No. 27-CR-21-8228**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8228_Demand or Request for Discovery_2021-08-02_20240430080837.pdf
File Hash: f57b03eabb9dd18f8245f3762d81873b573aeb932e32070fdfa72855cfab616c
Page: 8 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:13 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Kassius O. Benson - CHIEF PUBLIC DEFENDER

By: /s/
Eric O. Hawkins
Attorney License No. 276947
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 2nd day of August, 2021.

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8229_Demand or Request for Discovery_2021-08-02_20240430081535.pdf
File Hash: 40cfcddaf74de7b30a5e688d9f2ab577a0d8fdec241116b28ea51916a94566d7
Page: 1 of 8

27-CR-21-8229

Filed in District Court
State of Minnesota
8/2/2021 4:15 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Lucas Kraskey,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-8229

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8230_Demand or Request for Discovery_2021-08-02_20240430081652.pdf
File Hash: 112405d50a4f35868ba38931cf82bb3feeb00c79d3bac8aead77d10efc87da1d
Page: 1 of 8

27-CR-21-8230

Filed in District Court
State of Minnesota
8/2/2021 4:16 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Lucas Kraskey,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-8230

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-06-26**
MCRO_27-CR-21-10675_Demand or Request for Discovery_2021-06-26_20240430082241.pdf
File Hash: e600a927894866bc4a883bacb5380e0b0543e82f32972f3dc6766050dfc0f848
Page: 1 of 8

27-CR-21-10675

Filed in District Court
State of Minnesota
6/26/2021 8:24 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Dennis Joseph Barry,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-10675

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8229_Demand or Request for Discovery_2021-08-02_20240430081535.pdf
File Hash: 40cfcddaf74de7b30a5e688d9f2ab577a0d8fdec241116b28ea51916a94566d7
Page: 2 of 8

27-CR-21-8229

Filed in District Court
State of Minnesota
8/2/2021 4:15 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

2

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8230_Demand or Request for Discovery_2021-08-02_20240430081652.pdf
File Hash: 112405d50a4f35868ba38931cf82bb3feeb00c79d3bac8aead77d10efc87da1d
Page: 2 of 8

27-CR-21-8230

Filed in District Court
State of Minnesota
8/2/2021 4:16 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

2

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-06-26**
MCRO_27-CR-21-10675_Demand or Request for Discovery_2021-06-26_20240430082241.pdf
File Hash: e600a927894866bc4a883bacb5380e0b0543e82f32972f3dc6766050dfc0f848
Page: 2 of 8

27-CR-21-10675

Filed in District Court
State of Minnesota
6/26/2021 8:24 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

2

Archived Case Files Available at MnCourtFraud.Substack.com
50
**EXHIBIT MCR-6 | p. 50**

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8229_Demand or Request for Discovery_2021-08-02_20240430081535.pdf
File Hash: 40cfcddaf74de7b30a5e688d9f2ab577a0d8fdec241116b28ea51916a94566d7
Page: 3 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:15 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8230_Demand or Request for Discovery_2021-08-02_20240430081652.pdf
File Hash: 112405d50a4f35868ba38931cf82bb3feeb00c79d3bac8aead77d10efc87da1d
Page: 3 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:16 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-06-26**
MCRO_27-CR-21-10675_Demand or Request for Discovery_2021-06-26_20240430082241.pdf
File Hash: e600a927894866bc4a883bacb5380e0b0543e82f32972f3dc6766050dfc0f848
Page: 3 of 8

Filed in District Court
State of Minnesota
6/26/2021 8:24 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8229_Demand or Request for Discovery_2021-08-02_20240430081535.pdf
File Hash: 40cfcddaf74de7b30a5e688d9f2ab577a0d8fdec241116b28ea51916a94566d7
Page: 4 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:15 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8230_Demand or Request for Discovery_2021-08-02_20240430081652.pdf
File Hash: 112405d50a4f35868ba38931cf82bb3feeb00c79d3bac8aead77d10efc87da1d
Page: 4 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:16 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-06-26**
MCRO_27-CR-21-10675_Demand or Request for Discovery_2021-06-26_20240430082241.pdf
File Hash: e600a927894866bc4a883bacb5380e0b0543e82f32972f3dc6766050dfc0f848
Page: 4 of 8

Filed in District Court
State of Minnesota
6/26/2021 8:24 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8229_Demand or Request for Discovery_2021-08-02_20240430081535.pdf
File Hash: 40cfcddaf74de7b30a5e688d9f2ab577a0d8fdec241116b28ea51916a94566d7
Page: 5 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:15 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8230_Demand or Request for Discovery_2021-08-02_20240430081652.pdf
File Hash: 112405d50a4f35868ba38931cf82bb3feeb00c79d3bac8aead77d10efc87da1d
Page: 5 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:16 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-06-26**
MCRO_27-CR-21-10675_Demand or Request for Discovery_2021-06-26_20240430082241.pdf
File Hash: e600a927894866bc4a883bacb5380e0b0543e82f32972f3dc6766050dfc0f848
Page: 5 of 8

Filed in District Court
State of Minnesota
6/26/2021 8:24 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8229_Demand or Request for Discovery_2021-08-02_20240430081535.pdf
File Hash: 40cfcddaf74de7b30a5e688d9f2ab577a0d8fdec241116b28ea51916a94566d7
Page: 6 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:15 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8230_Demand or Request for Discovery_2021-08-02_20240430081652.pdf
File Hash: 112405d50a4f35868ba38931cf82bb3feeb00c79d3bac8aead77d10efc87da1d
Page: 6 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:16 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-06-26**
MCRO_27-CR-21-10675_Demand or Request for Discovery_2021-06-26_20240430082241.pdf
File Hash: e600a927894866bc4a883bacb5380e0b0543e82f32972f3dc6766050dfc0f848
Page: 6 of 8

Filed in District Court
State of Minnesota
6/26/2021 8:24 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8229_Demand or Request for Discovery_2021-08-02_20240430081535.pdf
File Hash: 40cfcddaf74de7b30a5e688d9f2ab577a0d8fdec241116b28ea51916a94566d7
Page: 7 of 8

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8230_Demand or Request for Discovery_2021-08-02_20240430081652.pdf
File Hash: 112405d50a4f35868ba38931cf82bb3feeb00c79d3bac8aead77d10efc87da1d
Page: 7 of 8

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-06-26**
MCRO_27-CR-21-10675_Demand or Request for Discovery_2021-06-26_20240430082241.pdf
File Hash: e600a927894866bc4a883bacb5380e0b0543e82f32972f3dc6766050dfc0f848
Page: 7 of 8

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-21-8229**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8229_Demand or Request for Discovery_2021-08-02_20240430081535.pdf
File Hash: 40cfcddaf74de7b30a5e688d9f2ab577a0d8fdec241116b28ea51916a94566d7
Page: 8 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:15 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Kassius O. Benson - CHIEF PUBLIC DEFENDER

By: /s/
Eric O. Hawkins
Attorney License No. 276947
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 2nd day of August, 2021.

**Case No. 27-CR-21-8230**
State of MN vs Lucas Patrick Kraskey
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-8230_Demand or Request for Discovery_2021-08-02_20240430081652.pdf
File Hash: 112405d50a4f35868ba38931cf82bb3feeb00c79d3bac8aead77d10efc87da1d
Page: 8 of 8

Filed in District Court
State of Minnesota
8/2/2021 4:16 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Kassius O. Benson - CHIEF PUBLIC DEFENDER

By: /s/
Eric O. Hawkins
Attorney License No. 276947
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 2nd day of August, 2021.

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-06-26**
MCRO_27-CR-21-10675_Demand or Request for Discovery_2021-06-26_20240430082241.pdf
File Hash: e600a927894866bc4a883bacb5380e0b0543e82f32972f3dc6766050dfc0f848
Page: 8 of 8

Filed in District Court
State of Minnesota
6/26/2021 8:24 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
KASSIUS O. BENSON - CHIEF PUBLIC DEFENDER

By: /s/
Alexander Davis
Attorney License No. 398864
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 22nd day of June, 2021.

**Case No. 27-CR-21-13752**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-13752_Demand or Request for Discovery_2021-08-02_20240430082359.pdf
File Hash: b081214fc557e9d4531d9d332adec89f2f2e17dc22949597cfbf9e584f04c12a
Page: 1 of 8

27-CR-21-13752

Filed in District Court
State of Minnesota
8/2/2021 3:48 PM

STATE OF MINNESOTA DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Makis Lane,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-13752

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-13795**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-07-29**
MCRO_27-CR-21-13795_Demand or Request for Discovery_2021-07-29_20240430082445.pdf
File Hash: bd0c459649c8b1a18285ee89d2096e0e225598a115dc2fcbd5262e69f38fec07
Page: 1 of 8

27-CR-21-13795

Filed in District Court
State of Minnesota
7/29/2021 9:19 AM

STATE OF MINNESOTA DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Jacob Mamar Johnson,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-13795

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-11-03**
MCRO_27-CR-21-20072_Demand or Request for Discovery_2021-11-03_20240430083115.pdf
File Hash: 140a774a5df4d23125c4c738f02986cc7208b0dfc8bb456626b199cc38163a51
Page: 1 of 8

27-CR-21-20072

Filed in District Court
State of Minnesota
11/3/2021 11:44 AM

STATE OF MINNESOTA DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Gordon Sharp

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-20072

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-13752**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-13752_Demand or Request for Discovery_2021-08-02_20240430082359.pdf
File Hash: b081214fc557e9d4531d9d332adec89f2f2e17dc22949597cfbf9e584f04c12a
Page: 2 of 8

Filed in District Court
State of Minnesota
8/2/2021 3:48 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-21-13795**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-07-29**
MCRO_27-CR-21-13795_Demand or Request for Discovery_2021-07-29_20240430082445.pdf
File Hash: bd0c459649c8b1a18285ee89d2096e0e225598a115dc2fcbd5262e69f38fec07
Page: 2 of 8

Filed in District Court
State of Minnesota
7/29/2021 9:19 AM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-11-03**
MCRO_27-CR-21-20072_Demand or Request for Discovery_2021-11-03_20240430083115.pdf
File Hash: 140a774a5df4d23125c4c738f02986cc7208b0dfc8bb456626b199cc38163a51
Page: 2 of 8

Filed in District Court
State of Minnesota
11/3/2021 11:44 AM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-21-13752**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-13752_Demand or Request for Discovery_2021-08-02_20240430082359.pdf
File Hash: b081214fc557e9d4531d9d332adec89f2f2e17dc22949597cfbf9e584f04c12a
Page: 3 of 8

Filed in District Court
State of Minnesota
8/2/2021 3:48 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-21-13795**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-07-29**
MCRO_27-CR-21-13795_Demand or Request for Discovery_2021-07-29_20240430082445.pdf
File Hash: bd0c459649c8b1a18285ee89d2096e0e225598a115dc2fcbd5262e69f38fec07
Page: 3 of 8

Filed in District Court
State of Minnesota
7/29/2021 9:19 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-11-03**
MCRO_27-CR-21-20072_Demand or Request for Discovery_2021-11-03_20240430083115.pdf
File Hash: 140a774a5df4d23125c4c738f02986cc7208b0dfc8bb456626b199cc38163a51
Page: 3 of 8

Filed in District Court
State of Minnesota
11/3/2021 11:44 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-21-13752**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-13752_Demand or Request for Discovery_2021-08-02_20240430082359.pdf
File Hash: b081214fc557e9d4531d9d332adec89f2f2e17dc22949597cfbf9e584f04c12a
Page: 4 of 8

Filed in District Court
State of Minnesota
8/2/2021 3:48 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-21-13795**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-07-29**
MCRO_27-CR-21-13795_Demand or Request for Discovery_2021-07-29_20240430082445.pdf
File Hash: bd0c459649c8b1a18285ee89d2096e0e225598a115dc2fcbd5262e69f38fec07
Page: 4 of 8

Filed in District Court
State of Minnesota
7/29/2021 9:19 AM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-11-03**
MCRO_27-CR-21-20072_Demand or Request for Discovery_2021-11-03_20240430083115.pdf
File Hash: 140a774a5df4d23125c4c738f02986cc7208b0dfc8bb456626b199cc38163a51
Page: 4 of 8

Filed in District Court
State of Minnesota
11/3/2021 11:44 AM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

Archived Case Files Available at MnCourtFraud.Substack.com

**Case No. 27-CR-21-13752**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-13752_Demand or Request for Discovery_2021-08-02_20240430082359.pdf
File Hash: b081214fc557e9d4531d9d332adec89f2f2e17dc22949597cfbf9e584f04c12a
Page: 5 of 8

Filed in District Court
State of Minnesota
8/2/2021 3:48 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-21-13795**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-07-29**
MCRO_27-CR-21-13795_Demand or Request for Discovery_2021-07-29_20240430082445.pdf
File Hash: bd0c459649c8b1a18285ee89d2096e0e225598a115dc2fcbd5262e69f38fec07
Page: 5 of 8

Filed in District Court
State of Minnesota
7/29/2021 9:19 AM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-11-03**
MCRO_27-CR-21-20072_Demand or Request for Discovery_2021-11-03_20240430083115.pdf
File Hash: 140a774a5df4d23125c4c738f02986cc7208b0dfc8bb456626b199cc38163a51
Page: 5 of 8

Filed in District Court
State of Minnesota
11/3/2021 11:44 AM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-21-13752**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-13752_Demand or Request for Discovery_2021-08-02_20240430082359.pdf
File Hash: b081214fc557e9d4531d9d332adec89f2f2e17dc22949597cfbf9e584f04c12a
Page: 6 of 8

27-CR-21-13752

Filed in District Court
State of Minnesota
8/2/2021 3:48 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

6

**Case No. 27-CR-21-13795**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-07-29**
MCRO_27-CR-21-13795_Demand or Request for Discovery_2021-07-29_20240430082445.pdf
File Hash: bd0c459649c8b1a18285ee89d2096e0e225598a115dc2fcbd5262e69f38fec07
Page: 6 of 8

27-CR-21-13795

Filed in District Court
State of Minnesota
7/29/2021 9:19 AM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

6

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-11-03**
MCRO_27-CR-21-20072_Demand or Request for Discovery_2021-11-03_20240430083115.pdf
File Hash: 140a774a5df4d23125c4c738f02986cc7208b0dfc8bb456626b199cc38163a51
Page: 6 of 8

27-CR-21-20072

Filed in District Court
State of Minnesota
11/3/2021 11:44 AM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

6

Archived Case Files Available at MnCourtFraud.Substack.com

62

**EXHIBIT MCR-6 | p. 62**

**Case No. 27-CR-21-13752**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-13752_Demand or Request for Discovery_2021-08-02_20240430082359.pdf
File Hash: b081214fc557e9d4531d9d332adec89f2f2e17dc22949597cfbf9e584f04c12a
Page: 7 of 8

Filed in District Court
State of Minnesota
8/2/2021 3:48 PM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-21-13795**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-07-29**
MCRO_27-CR-21-13795_Demand or Request for Discovery_2021-07-29_20240430082445.pdf
File Hash: bd0c459649c8b1a18285ee89d2096e0e225598a115dc2fcbd5262e69f38fec07
Page: 7 of 8

Filed in District Court
State of Minnesota
7/29/2021 9:19 AM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-11-03**
MCRO_27-CR-21-20072_Demand or Request for Discovery_2021-11-03_20240430083115.pdf
File Hash: 140a774a5df4d23125c4c738f02986cc7208b0dfc8bb456626b199cc38163a51
Page: 7 of 8

Filed in District Court
State of Minnesota
11/3/2021 11:44 AM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or
b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.
2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.
3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-21-13752**
State of MN vs MAKIS DEVELL LANE
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-08-02**
MCRO_27-CR-21-13752_Demand or Request for Discovery_2021-08-02_20240430082359.pdf
File Hash: b081214fc557e9d4531d9d332adec89f2f2e17dc22949597cfbf9e584f04c12a
Page: 8 of 8

Filed in District Court
State of Minnesota
8/2/2021 3:48 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Kassius O. Benson - CHIEF PUBLIC DEFENDER

By: /s/
Laura L. Prahl
Attorney License No. 394846
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 2nd day of August, 2021.

**Case No. 27-CR-21-13795**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-07-29**
MCRO_27-CR-21-13795_Demand or Request for Discovery_2021-07-29_20240430082445.pdf
File Hash: bd0c459649c8b1a18285ee89d2096e0e225598a115dc2fcbd5262e69f38fec07
Page: 8 of 8

Filed in District Court
State of Minnesota
7/29/2021 9:19 AM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
KASSIUS O. BENSON - CHIEF PUBLIC DEFENDER

By: /s/
Holly Frame
Attorney License No. 390273
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 28th day of July, 2021.

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-11-03**
MCRO_27-CR-21-20072_Demand or Request for Discovery_2021-11-03_20240430083115.pdf
File Hash: 140a774a5df4d23125c4c738f02986cc7208b0dfc8bb456626b199cc38163a51
Page: 8 of 8

Filed in District Court
State of Minnesota
11/3/2021 11:44 AM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Kassius O. Benson - CHIEF PUBLIC DEFENDER

By: /s/
Alexander Davis
Attorney License No. 398864
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 3rd day of November, 2021.

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-12-27**
MCRO_27-CR-21-23456_Demand or Request for Discovery_2021-12-27_20240430084344.pdf
File Hash: 9c8d0bc7ea983f5b5d6510a78a0b54d13852cd90de63e72070c76bd8939b146e
Page: 1 of 8

27-CR-21-23456

Filed in District Court
State of Minnesota
12/27/2021 3:08 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Brittany Latesha Crutchfield,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-21-23456

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-22-1165**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-01-29**
MCRO_27-CR-22-1165_Demand or Request for Discovery_2022-01-29_20240429030437.pdf
File Hash: 4c6711285f74ea02f039907c7bef2a043b1b25f9c98cd5864b1ef5aafe9368d3
Page: 1 of 8

27-CR-22-1165

Filed in District Court
State of Minnesota
1/29/2022 10:27 AM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

TERRELL JOHNSON,

Defendant

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-22-1165

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law. .

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the

**Case No. 27-CR-22-3377**
State of MN vs CHASE RADLEY GREEN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-01**
MCRO_27-CR-22-3377_Demand or Request for Discovery_2022-03-01_20240429031134.pdf
File Hash: 293d4734dfc61aa5d3fae7fe73b0549cc48788bd0293f3fa8e3698d188216723
Page: 1 of 8

27-CR-22-3377

Filed in District Court
State of Minnesota
3/1/2022 11:03 AM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Chase Radley Green,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-22-3377

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-12-27**
MCRO_27-CR-21-23456_Demand or Request for Discovery_2021-12-27_20240430084344.pdf
File Hash: 9c8d0bc7ea983f5b5d6510a78a0b54d13852cd90de63e72070c76bd8939b146e
Page: 2 of 8

Filed in District Court
State of Minnesota
12/27/2021 3:08 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-22-1165**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-01-29**
MCRO_27-CR-22-1165_Demand or Request for Discovery_2022-01-29_20240429030437.pdf
File Hash: 4c6711285f74ea02f039907c7bef2a043b1b25f9c98cd5864b1ef5aafe9368d3
Page: 2 of 8

Filed in District Court
State of Minnesota
1/29/2022 10:27 AM

Defendant or accomplices. This request includes recorded statements by any other person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-22-3377**
State of MN vs CHASE RADLEY GREEN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-01**
MCRO_27-CR-22-3377_Demand or Request for Discovery_2022-03-01_20240429031134.pdf
File Hash: 293d4734dfc61aa5d3fae7fe73b0549cc48788bd0293f3fa8e3698d188216723
Page: 2 of 8

Filed in District Court
State of Minnesota
3/1/2022 11:03 AM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-12-27**
MCRO_27-CR-21-23456_Demand or Request for Discovery_2021-12-27_20240430084344.pdf
File Hash: 9c8d0bc7ea983f5b5d6510a78a0b54d13852cd90de63e72070c76bd8939b146e
Page: 3 of 8

Filed in District Court
State of Minnesota
12/27/2021 3:08 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-22-1165**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-01-29**
MCRO_27-CR-22-1165_Demand or Request for Discovery_2022-01-29_20240429030437.pdf
File Hash: 4c6711285f74ea02f039907c7bef2a043b1b25f9c98cd5864b1ef5aafe9368d3
Page: 3 of 8

Filed in District Court
State of Minnesota
1/29/2022 10:27 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.

**Case No. 27-CR-22-3377**
State of MN vs CHASE RADLEY GREEN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-01**
MCRO_27-CR-22-3377_Demand or Request for Discovery_2022-03-01_20240429031134.pdf
File Hash: 293d4734dfc61aa5d3fae7fe73b0549cc48788bd0293f3fa8e3698d188216723
Page: 3 of 8

Filed in District Court
State of Minnesota
3/1/2022 11:03 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-12-27**
MCRO_27-CR-21-23456_Demand or Request for Discovery_2021-12-27_20240430084344.pdf
File Hash: 9c8d0bc7ea983f5b5d6510a78a0b54d13852cd90de63e72070c76bd8939b146e
Page: 4 of 8

Filed in District Court
State of Minnesota
12/27/2021 3:08 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-22-1165**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-01-29**
MCRO_27-CR-22-1165_Demand or Request for Discovery_2022-01-29_20240429030437.pdf
File Hash: 4c6711285f74ea02f039907c7bef2a043b1b25f9c98cd5864b1ef5aafe9368d3
Page: 4 of 8

Filed in District Court
State of Minnesota
1/29/2022 10:27 AM

3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.
4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

**Case No. 27-CR-22-3377**
State of MN vs CHASE RADLEY GREEN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-01**
MCRO_27-CR-22-3377_Demand or Request for Discovery_2022-03-01_20240429031134.pdf
File Hash: 293d4734dfc61aa5d3fae7fe73b0549cc48788bd0293f3fa8e3698d188216723
Page: 4 of 8

Filed in District Court
State of Minnesota
3/1/2022 11:03 AM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-12-27**
MCRO_27-CR-21-23456_Demand or Request for Discovery_2021-12-27_20240430084344.pdf
File Hash: 9c8d0bc7ea983f5b5d6510a78a0b54d13852cd90de63e72070c76bd8939b146e
Page: 5 of 8

Filed in District Court
State of Minnesota
12/27/2021 3:08 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-22-1165**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-01-29**
MCRO_27-CR-22-1165_Demand or Request for Discovery_2022-01-29_20240429030437.pdf
File Hash: 4c6711285f74ea02f039907c7bef2a043b1b25f9c98cd5864b1ef5aafe9368d3
Page: 5 of 8

Filed in District Court
State of Minnesota
1/29/2022 10:27 AM

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.
8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

**Case No. 27-CR-22-3377**
State of MN vs CHASE RADLEY GREEN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-01**
MCRO_27-CR-22-3377_Demand or Request for Discovery_2022-03-01_20240429031134.pdf
File Hash: 293d4734dfc61aa5d3fae7fe73b0549cc48788bd0293f3fa8e3698d188216723
Page: 5 of 8

Filed in District Court
State of Minnesota
3/1/2022 11:03 AM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-12-27**
MCRO_27-CR-21-23456_Demand or Request for Discovery_2021-12-27_20240430084344.pdf
File Hash: 9c8d0bc7ea983f5b5d6510a78a0b54d13852cd90de63e72070c76bd8939b146e
Page: 6 of 8

Filed in District Court
State of Minnesota
12/27/2021 3:08 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-22-1165**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-01-29**
MCRO_27-CR-22-1165_Demand or Request for Discovery_2022-01-29_20240429030437.pdf
File Hash: 4c6711285f74ea02f039907c7bef2a043b1b25f9c98cd5864b1ef5aafe9368d3
Page: 6 of 8

Filed in District Court
State of Minnesota
1/29/2022 10:27 AM

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment, either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).

**Case No. 27-CR-22-3377**
State of MN vs CHASE RADLEY GREEN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-01**
MCRO_27-CR-22-3377_Demand or Request for Discovery_2022-03-01_20240429031134.pdf
File Hash: 293d4734dfc61aa5d3fae7fe73b0549cc48788bd0293f3fa8e3698d188216723
Page: 6 of 8

Filed in District Court
State of Minnesota
3/1/2022 11:03 AM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-12-27**
MCRO_27-CR-21-23456_Demand or Request for Discovery_2021-12-27_20240430084344.pdf
File Hash: 9c8d0bc7ea983f5b5d6510a78a0b54d13852cd90de63e72070c76bd8939b146e
Page: 7 of 8

27-CR-21-23456

Filed in District Court
State of Minnesota
12/27/2021 3:08 PM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

7

**Case No. 27-CR-22-1165**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-01-29**
MCRO_27-CR-22-1165_Demand or Request for Discovery_2022-01-29_20240429030437.pdf
File Hash: 4c6711285f74ea02f039907c7bef2a043b1b25f9c98cd5864b1ef5aafe9368d3
Page: 7 of 8

27-CR-22-1165

Filed in District Court
State of Minnesota
1/29/2022 10:27 AM

5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

7

**Case No. 27-CR-22-3377**
State of MN vs CHASE RADLEY GREEN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-01**
MCRO_27-CR-22-3377_Demand or Request for Discovery_2022-03-01_20240429031134.pdf
File Hash: 293d4734dfc61aa5d3fae7fe73b0549cc48788bd0293f3fa8e3698d188216723
Page: 7 of 8

27-CR-22-3377

Filed in District Court
State of Minnesota
3/1/2022 11:03 AM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

7

Archived Case Files Available at MnCourtFraud.Substack.com

71

**EXHIBIT MCR-6 | p. 71**

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2021-12-27**
MCRO_27-CR-21-23456_Demand or Request for Discovery_2021-12-27_20240430084344.pdf
File Hash: 9c8d0bc7ea983f5b5d6510a78a0b54d13852cd90de63e72070c76bd8939b146e
Page: 8 of 8

Filed in District Court
State of Minnesota
12/27/2021 3:08 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Kassius O. Benson - CHIEF PUBLIC DEFENDER

By: /s/
Kellen A. Dotson
Attorney License No. 402454
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 27th day of December, 2021.

**Case No. 27-CR-22-1165**
State of MN vs TERRELL JOHNSON
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-01-29**
MCRO_27-CR-22-1165_Demand or Request for Discovery_2022-01-29_20240429030437.pdf
File Hash: 4c6711285f74ea02f039907c7bef2a043b1b25f9c98cd5864b1ef5aafe9368d3
Page: 8 of 8

Filed in District Court
State of Minnesota
1/29/2022 10:27 AM

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
KASSIUS O. BENSON - CHIEF PUBLIC DEFENDER

By /s/
Marecca Vertin
Attorney ID No. 401246
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, Minnesota 55415

Dated: This 31st day of January, 2022.

**Case No. 27-CR-22-3377**
State of MN vs CHASE RADLEY GREEN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-01**
MCRO_27-CR-22-3377_Demand or Request for Discovery_2022-03-01_20240429031134.pdf
File Hash: 293d4734dfc61aa5d3fae7fe73b0549cc48788bd0293f3fa8e3698d188216723
Page: 8 of 8

Filed in District Court
State of Minnesota
3/1/2022 11:03 AM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Kassius O. Benson - CHIEF PUBLIC DEFENDER

By: /s/
Samantha J. Richie
Attorney License No. 402301
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 1st day of March, 2022.

**Case No. 27-CR-22-4087**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-10**
MCRO_27-CR-22-4087_Demand or Request for Discovery_2022-03-10_20240429035327.pdf
File Hash: 384acdee85bd27bc519dec1e2da790ec830b706670f2f78cf4983d59616abbbc
Page: 1 of 8

Filed in District Court
State of Minnesota
3/10/2022 9:34 AM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Gordon Sharp

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-22-4087

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-08-15**
MCRO_27-CR-22-15550_Demand or Request for Discovery_2022-08-15_20240429161925.pdf
File Hash: 906448c73ec61594f228c23b51c645a7526dcd00f0c3e871d6677af5cb105b9b
Page: 1 of 8

Filed in District Court
State of Minnesota
8/15/2022 11:09 AM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Brittany Crutchfield

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-22-15550

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-22-22963**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-04-04**
MCRO_27-CR-22-22963_Demand or Request for Discovery_2023-04-04_20240429163940.pdf
File Hash: a5a918b051dde1bd0c54b5222e04a6d8e49ebfec6002e918dd5c5d61b4357965
Page: 1 of 8

Filed in District Court
State of Minnesota
4/4/2023 8:12 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

GORDON SHARP,

Defendant

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-22-22963

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law. .

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the

**Case No. 27-CR-22-4087**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-10**
MCRO_27-CR-22-4087_Demand or Request for Discovery_2022-03-10_20240429035327.pdf
File Hash: 384acdee85bd27bc519dec1e2da790ec830b706670f2f78cf4983d59616abbbc
Page: 2 of 8

Filed in District Court
State of Minnesota
3/10/2022 9:34 AM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-08-15**
MCRO_27-CR-22-15550_Demand or Request for Discovery_2022-08-15_20240429161925.pdf
File Hash: 906448c73ec61594f228c23b51c645a7526dcd00f0c3e871d6677af5cb105b9b
Page: 2 of 8

Filed in District Court
State of Minnesota
8/15/2022 11:09 AM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-22-22963**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-04-04**
MCRO_27-CR-22-22963_Demand or Request for Discovery_2023-04-04_20240429163940.pdf
File Hash: a5a918b051dde1bd0c54b5222e04a6d8e49ebfec6002e918dd5c5d61b4357965
Page: 2 of 8

Filed in District Court
State of Minnesota
4/4/2023 8:12 PM

Defendant or accomplices. This request includes recorded statements by any other person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-22-4087**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-10**
MCRO_27-CR-22-4087_Demand or Request for Discovery_2022-03-10_20240429035327.pdf
File Hash: 384acdee85bd27bc519dec1e2da790ec830b706670f2f78cf4983d59616abbbc
Page: 3 of 8

Filed in District Court
State of Minnesota
3/10/2022 9:34 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-08-15**
MCRO_27-CR-22-15550_Demand or Request for Discovery_2022-08-15_20240429161925.pdf
File Hash: 906448c73ec61594f228c23b51c645a7526dcd00f0c3e871d6677af5cb105b9b
Page: 3 of 8

Filed in District Court
State of Minnesota
8/15/2022 11:09 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-22-22963**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-04-04**
MCRO_27-CR-22-22963_Demand or Request for Discovery_2023-04-04_20240429163940.pdf
File Hash: a5a918b051dde1bd0c54b5222e04a6d8e49ebfec6002e918dd5c5d61b4357965
Page: 3 of 8

Filed in District Court
State of Minnesota
4/4/2023 8:12 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.

**Case No. 27-CR-22-4087**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-10**
MCRO_27-CR-22-4087_Demand or Request for Discovery_2022-03-10_20240429035327.pdf
File Hash: 384acdee85bd27bc519dec1e2da790ec830b706670f2f78cf4983d59616abbbc
Page: 4 of 8

27-CR-22-4087

Filed in District Court
State of Minnesota
3/10/2022 9:34 AM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

4

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-08-15**
MCRO_27-CR-22-15550_Demand or Request for Discovery_2022-08-15_20240429161925.pdf
File Hash: 906448c73ec61594f228c23b51c645a7526dcd00f0c3e871d6677af5cb105b9b
Page: 4 of 8

27-CR-22-15550

Filed in District Court
State of Minnesota
8/15/2022 11:09 AM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

4

**Case No. 27-CR-22-22963**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-04-04**
MCRO_27-CR-22-22963_Demand or Request for Discovery_2023-04-04_20240429163940.pdf
File Hash: a5a918b051dde1bd0c54b5222e04a6d8e49ebfec6002e918dd5c5d61b4357965
Page: 4 of 8

27-CR-22-22963

Filed in District Court
State of Minnesota
4/4/2023 8:12 PM

3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.
4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

4

Archived Case Files Available at MnCourtFraud.Substack.com

76

**EXHIBIT MCR-6 | p. 76**

**Case No. 27-CR-22-4087**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-10**
MCRO_27-CR-22-4087_Demand or Request for Discovery_2022-03-10_20240429035327.pdf
File Hash: 384acdee85bd27bc519dec1e2da790ec830b706670f2f78cf4983d59616abbbc
Page: 5 of 8

Filed in District Court
State of Minnesota
3/10/2022 9:34 AM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-08-15**
MCRO_27-CR-22-15550_Demand or Request for Discovery_2022-08-15_20240429161925.pdf
File Hash: 906448c73ec61594f228c23b51c645a7526dcd00f0c3e871d6677af5cb105b9b
Page: 5 of 8

Filed in District Court
State of Minnesota
8/15/2022 11:09 AM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-22-22963**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-04-04**
MCRO_27-CR-22-22963_Demand or Request for Discovery_2023-04-04_20240429163940.pdf
File Hash: a5a918b051dde1bd0c54b5222e04a6d8e49ebfec6002e918dd5c5d61b4357965
Page: 5 of 8

Filed in District Court
State of Minnesota
4/4/2023 8:12 PM

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.
8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

**Case No. 27-CR-22-4087**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-10**
MCRO_27-CR-22-4087_Demand or Request for Discovery_2022-03-10_20240429035327.pdf
File Hash: 384acdee85bd27bc519dec1e2da790ec830b706670f2f78cf4983d59616abbbc
Page: 6 of 8

27-CR-22-4087

Filed in District Court
State of Minnesota
3/10/2022 9:34 AM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

6

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-08-15**
MCRO_27-CR-22-15550_Demand or Request for Discovery_2022-08-15_20240429161925.pdf
File Hash: 906448c73ec61594f228c23b51c645a7526dcd00f0c3e871d6677af5cb105b9b
Page: 6 of 8

27-CR-22-15550

Filed in District Court
State of Minnesota
8/15/2022 11:09 AM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

6

**Case No. 27-CR-22-22963**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-04-04**
MCRO_27-CR-22-22963_Demand or Request for Discovery_2023-04-04_20240429163940.pdf
File Hash: a5a918b051dde1bd0c54b5222e04a6d8e49ebfec6002e918dd5c5d61b4357965
Page: 6 of 8

27-CR-22-22963

Filed in District Court
State of Minnesota
4/4/2023 8:12 PM

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment, either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).

6

Archived Case Files Available at MnCourtFraud.Substack.com

78

EXHIBIT MCR-6 | p. 78

**Case No. 27-CR-22-4087**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-10**
MCRO_27-CR-22-4087_Demand or Request for Discovery_2022-03-10_20240429035327.pdf
File Hash: 384acdee85bd27bc519dec1e2da790ec830b706670f2f78cf4983d59616abbbc
Page: 7 of 8

Filed in District Court
State of Minnesota
3/10/2022 9:34 AM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-08-15**
MCRO_27-CR-22-15550_Demand or Request for Discovery_2022-08-15_20240429161925.pdf
File Hash: 906448c73ec61594f228c23b51c645a7526dcd00f0c3e871d6677af5cb105b9b
Page: 7 of 8

Filed in District Court
State of Minnesota
8/15/2022 11:09 AM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-22-22963**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-04-04**
MCRO_27-CR-22-22963_Demand or Request for Discovery_2023-04-04_20240429163940.pdf
File Hash: a5a918b051dde1bd0c54b5222e04a6d8e49ebfec6002e918dd5c5d61b4357965
Page: 7 of 8

Filed in District Court
State of Minnesota
4/4/2023 8:12 PM

5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

**Case No. 27-CR-22-4087**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-03-10**
MCRO_27-CR-22-4087_Demand or Request for Discovery_2022-03-10_20240429035327.pdf
File Hash: 384acdee85bd27bc519dec1e2da790ec830b706670f2f78cf4983d59616abbbc
Page: 8 of 8

Filed in District Court
State of Minnesota
3/10/2022 9:34 AM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Kassius O. Benson - CHIEF PUBLIC DEFENDER

By: /s/
Alexander Davis
Attorney License No. 398864
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-08-15**
MCRO_27-CR-22-15550_Demand or Request for Discovery_2022-08-15_20240429161925.pdf
File Hash: 906448c73ec61594f228c23b51c645a7526dcd00f0c3e871d6677af5cb105b9b
Page: 8 of 8

Filed in District Court
State of Minnesota
8/15/2022 11:09 AM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Kassius O. Benson - CHIEF PUBLIC DEFENDER

By: /s/
Alicia Granse
Attorney License No. 400771
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

**Case No. 27-CR-22-22963**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-04-04**
MCRO_27-CR-22-22963_Demand or Request for Discovery_2023-04-04_20240429163940.pdf
File Hash: a5a918b051dde1bd0c54b5222e04a6d8e49ebfec6002e918dd5c5d61b4357965
Page: 8 of 8

Filed in District Court
State of Minnesota
4/4/2023 8:12 PM

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,
OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
LISA LOPEZ - FIRST ASSISTANT

By /s/
Chase Myhran
Attorney ID No. 400526
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, Minnesota 55415

Dated: This 4th day of April, 2023.

**Case No. 27-CR-22-22985**
State of MN vs ABDIQANI AHMED HASSAN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-07**
MCRO_27-CR-22-22985_Demand or Request for Discovery_2022-12-07_20240429164048.pdf
File Hash: 088a9ea93dd0f451a79d372e1aea79020f086b22276b85cd0f1487e439c56599
Page: 1 of 8

27-CR-22-22985

Filed in District Court
State of Minnesota
12/7/2022 10:42 AM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Abdiqani Hassan

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-22-22985

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-21**
MCRO_27-CR-22-25151_Demand or Request for Discovery_2022-12-21_20240429164608.pdf
File Hash: 50bc2a66cf29183e749f466c78b8233094ad227108a466afb294d646e5a14910
Page: 1 of 8

27-CR-22-25151

Filed in District Court
State of Minnesota
12/21/2022 12:11 PM

STATE OF MINNESOTA — DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

Nicole Kelm,

Defendant

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-22-25151

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law. .

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the

**Case No. 27-CR-23-4547**
State of MN vs Delayna Adrianne Lussier
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-18**
MCRO_27-CR-23-4547_Demand or Request for Discovery_2023-10-18_20240430073109.pdf
File Hash: cf248b5648d81a799a58cf620a88a8675eb923c3c334aed6512224c471ec34c9
Page: 1 of 8

27-CR-23-4547

Filed in District Court
State of Minnesota
10/18/2023 1:42 PM

STATE OF MINNESOTA COUNTY OF HENNEPIN — DISTRICT COURT – FELONY DIVISION — FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

vs.

DELAYNA ADRIANNE LUSSIER,

Defendant.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-23-4547

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law.

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the Defendant or accomplices. This request includes recorded statements by any other

**Case No. 27-CR-22-22985**
State of MN vs ABDIQANI AHMED HASSAN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-07**
MCRO_27-CR-22-22985_Demand or Request for Discovery_2022-12-07_20240429164048.pdf
File Hash: 088a9ea93dd0f451a79d372e1aea79020f086b22276b85cd0f1487e439c56599
Page: 2 of 8

Filed in District Court
State of Minnesota
12/7/2022 10:42 AM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-21**
MCRO_27-CR-22-25151_Demand or Request for Discovery_2022-12-21_20240429164608.pdf
File Hash: 50bc2a66cf29183e749f466c78b8233094ad227108a466afb294d646e5a14910
Page: 2 of 8

Filed in District Court
State of Minnesota
12/21/2022 12:11 PM

Defendant or accomplices. This request includes recorded statements by any other person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-23-4547**
State of MN vs Delayna Adrianne Lussier
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-18**
MCRO_27-CR-23-4547_Demand or Request for Discovery_2023-10-18_20240430073109.pdf
File Hash: cf248b5648d81a799a58cf620a88a8675eb923c3c334aed6512224c471ec34c9
Page: 2 of 8

Filed in District Court
State of Minnesota
10/18/2023 1:42 PM

person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-22-22985**
State of MN vs ABDIQANI AHMED HASSAN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-07**
MCRO_27-CR-22-22985_Demand or Request for Discovery_2022-12-07_20240429164048.pdf
File Hash: 088a9ea93dd0f451a79d372e1aea79020f086b22276b85cd0f1487e439c56599
Page: 3 of 8

Filed in District Court
State of Minnesota
12/7/2022 10:42 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-21**
MCRO_27-CR-22-25151_Demand or Request for Discovery_2022-12-21_20240429164608.pdf
File Hash: 50bc2a66cf29183e749f466c78b8233094ad227108a466afb294d646e5a14910
Page: 3 of 8

Filed in District Court
State of Minnesota
12/21/2022 12:11 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.

**Case No. 27-CR-23-4547**
State of MN vs Delayna Adrianne Lussier
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-18**
MCRO_27-CR-23-4547_Demand or Request for Discovery_2023-10-18_20240430073109.pdf
File Hash: cf248b5648d81a799a58cf620a88a8675eb923c3c334aed6512224c471ec34c9
Page: 3 of 8

Filed in District Court
State of Minnesota
10/18/2023 1:42 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.
3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request

**Case No. 27-CR-22-22985**
State of MN vs ABDIQANI AHMED HASSAN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-07**
MCRO_27-CR-22-22985_Demand or Request for Discovery_2022-12-07_20240429164048.pdf
File Hash: 088a9ea93dd0f451a79d372e1aea79020f086b22276b85cd0f1487e439c56599
Page: 4 of 8

Filed in District Court
State of Minnesota
12/7/2022 10:42 AM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-21**
MCRO_27-CR-22-25151_Demand or Request for Discovery_2022-12-21_20240429164608.pdf
File Hash: 50bc2a66cf29183e749f466c78b8233094ad227108a466afb294d646e5a14910
Page: 4 of 8

Filed in District Court
State of Minnesota
12/21/2022 12:11 PM

3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.
4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

**Case No. 27-CR-23-4547**
State of MN vs Delayna Adrianne Lussier
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-18**
MCRO_27-CR-23-4547_Demand or Request for Discovery_2023-10-18_20240430073109.pdf
File Hash: cf248b5648d81a799a58cf620a88a8675eb923c3c334aed6512224c471ec34c9
Page: 4 of 8

Filed in District Court
State of Minnesota
10/18/2023 1:42 PM

for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.

4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.
7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.

Archived Case Files Available at MnCourtFraud.Substack.com

**Case No. 27-CR-22-22985**
State of MN vs ABDIQANI AHMED HASSAN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-07**
MCRO_27-CR-22-22985_Demand or Request for Discovery_2022-12-07_20240429164048.pdf
File Hash: 088a9ea93dd0f451a79d372e1aea79020f086b22276b85cd0f1487e439c56599
Page: 5 of 8

Filed in District Court
State of Minnesota
12/7/2022 10:42 AM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-21**
MCRO_27-CR-22-25151_Demand or Request for Discovery_2022-12-21_20240429164608.pdf
File Hash: 50bc2a66cf29183e749f466c78b8233094ad227108a466afb294d646e5a14910
Page: 5 of 8

Filed in District Court
State of Minnesota
12/21/2022 12:11 PM

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.
8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

**Case No. 27-CR-23-4547**
State of MN vs Delayna Adrianne Lussier
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-18**
MCRO_27-CR-23-4547_Demand or Request for Discovery_2023-10-18_20240430073109.pdf
File Hash: cf248b5648d81a799a58cf620a88a8675eb923c3c334aed6512224c471ec34c9
Page: 5 of 8

Filed in District Court
State of Minnesota
10/18/2023 1:42 PM

8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment,

**Case No. 27-CR-22-22985**
State of MN vs ABDIQANI AHMED HASSAN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-07**
MCRO_27-CR-22-22985_Demand or Request for Discovery_2022-12-07_20240429164048.pdf
File Hash: 088a9ea93dd0f451a79d372e1aea79020f086b22276b85cd0f1487e439c56599
Page: 6 of 8

Filed in District Court
State of Minnesota
12/7/2022 10:42 AM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-21**
MCRO_27-CR-22-25151_Demand or Request for Discovery_2022-12-21_20240429164608.pdf
File Hash: 50bc2a66cf29183e749f466c78b8233094ad227108a466afb294d646e5a14910
Page: 6 of 8

Filed in District Court
State of Minnesota
12/21/2022 12:11 PM

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment, either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).

**Case No. 27-CR-23-4547**
State of MN vs Delayna Adrianne Lussier
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-18**
MCRO_27-CR-23-4547_Demand or Request for Discovery_2023-10-18_20240430073109.pdf
File Hash: cf248b5648d81a799a58cf620a88a8675eb923c3c334aed6512224c471ec34c9
Page: 6 of 8

Filed in District Court
State of Minnesota
10/18/2023 1:42 PM

either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).
5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

**Case No. 27-CR-22-22985**
State of MN vs ABDIQANI AHMED HASSAN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-07**
MCRO_27-CR-22-22985_Demand or Request for Discovery_2022-12-07_20240429164048.pdf
File Hash: 088a9ea93dd0f451a79d372e1aea79020f086b22276b85cd0f1487e439c56599
Page: 7 of 8

Filed in District Court
State of Minnesota
12/7/2022 10:42 AM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-21**
MCRO_27-CR-22-25151_Demand or Request for Discovery_2022-12-21_20240429164608.pdf
File Hash: 50bc2a66cf29183e749f466c78b8233094ad227108a466afb294d646e5a14910
Page: 7 of 8

Filed in District Court
State of Minnesota
12/21/2022 12:11 PM

5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

**Case No. 27-CR-23-4547**
State of MN vs Delayna Adrianne Lussier
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-18**
MCRO_27-CR-23-4547_Demand or Request for Discovery_2023-10-18_20240430073109.pdf
File Hash: cf248b5648d81a799a58cf620a88a8675eb923c3c334aed6512224c471ec34c9
Page: 7 of 8

Filed in District Court
State of Minnesota
10/18/2023 1:42 PM

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

**Case No. 27-CR-22-22985**
State of MN vs ABDIQANI AHMED HASSAN
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-07**
MCRO_27-CR-22-22985_Demand or Request for Discovery_2022-12-07_20240429164048.pdf
File Hash: 088a9ea93dd0f451a79d372e1aea79020f086b22276b85cd0f1487e439c56599
Page: 8 of 8

Filed in District Court
State of Minnesota
12/7/2022 10:42 AM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Kassius O. Benson - CHIEF PUBLIC DEFENDER

By: /s/
Bernice Hodge
Attorney License No. 402567
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2022-12-21**
MCRO_27-CR-22-25151_Demand or Request for Discovery_2022-12-21_20240429164608.pdf
File Hash: 50bc2a66cf29183e749f466c78b8233094ad227108a466afb294d646e5a14910
Page: 8 of 8

Filed in District Court
State of Minnesota
12/21/2022 12:11 PM

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
KASSIUS O. BENSON - CHIEF PUBLIC DEFENDER

By /s/
Amanda Brodhag
Attorney ID No. 398217
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, Minnesota 55415

Dated: This 16th, of December, 2022.

**Case No. 27-CR-23-4547**
State of MN vs Delayna Adrianne Lussier
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-10-18**
MCRO_27-CR-23-4547_Demand or Request for Discovery_2023-10-18_20240430073109.pdf
File Hash: cf248b5648d81a799a58cf620a88a8675eb923c3c334aed6512224c471ec34c9
Page: 8 of 8

Filed in District Court
State of Minnesota
10/18/2023 1:42 PM

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
Michael P. Berger - CHIEF PUBLIC DEFENDER

By: /s/
Matthew S. Swiontek
Attorney License No. 397703
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, MN 55415

Dated: This 18th day of October, 2023.

**Case No. 27-CR-23-9546**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-05-12**
MCRO_27-CR-23-9546_Demand or Request for Discovery_2023-05-12_20240430073807.pdf
File Hash: 4a7dd2fe2cd5c0bbbbcd1a2cca5e908ec2481bdbda4850c021903af1c08d8f1d
Page: 1 of 8

27-CR-23-9546

Filed in District Court
State of Minnesota
5/12/2023 10:37 AM

STATE OF MINNESOTA DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

State of Minnesota, Plaintiff, vs. Timothy Stuckey, Defendant

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-23-9546

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law. .

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the

**Case No. 27-CR-23-18846**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18846_Demand or Request for Discovery_2023-09-12_20240430074710.pdf
File Hash: 584a68ac489154e185b2c76bf203d368a6a5c3649ce1041ce2d0be3e1f7f4a7a
Page: 1 of 8

27-CR-23-18846

Filed in District Court
State of Minnesota
9/12/2023 1:50 PM

STATE OF MINNESOTA DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

State of Minnesota, Plaintiff, vs. Ricky Sullivan, Defendant

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-23-18846

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law. .

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the

**Case No. 27-CR-23-18850**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18850_Demand or Request for Discovery_2023-09-12_20240430074747.pdf
File Hash: b7e3f0dca83490016f86dad46471ce66744af4205553532893e1ed1cc49474b1
Page: 1 of 8

27-CR-23-18850

Filed in District Court
State of Minnesota
9/12/2023 1:53 PM

STATE OF MINNESOTA DISTRICT COURT – FELONY DIVISION

COUNTY OF HENNEPIN FOURTH JUDICIAL DISTRICT

State of Minnesota, Plaintiff, vs. Ricky Sullivan, Defendant

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE, AND MOTION FOR SUPPRESSION AND OTHER RELIEF**

MNCIS No. 27-CR-23-18850

* * *

Defendant, by and through counsel, hereby demands preservation of, disclosure of, and access to all evidence related to the case; moves the Court for the relief specified below; and demands a hearing on the same.

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE**

Defendant demands that the State preserve all information and evidence within the reach of the disclosures required under Rule 9.01 of the Minnesota Rules of Criminal Procedure and applicable case law. .

Defendant further demands that the State disclose all such information and evidence, and that it make all disclosures required by Rule 9.01 prior to the probable cause pretrial conference in this case.

Defendant demands access to all items subject to disclosure, and this access shall include, as appropriate, the opportunity to inspect, reproduce, photograph, test, interview, or otherwise document the matters disclosed.

These demands apply to:

1. **Investigative reports** prepared by state agents or employees in the investigation or evaluation of the case, together with the original notes of the arresting officers, if any.
2. **Statements**, as fully described in Rule 9.01, subd. 1(2). This request includes any written or recorded statement made by the Defendant or any alleged accomplice, regardless of when made, and the substance of any non-recorded oral statements by the

**Case No. 27-CR-23-9546**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-05-12**
MCRO_27-CR-23-9546_Demand or Request for Discovery_2023-05-12_20240430073807.pdf
File Hash: 4a7dd2fe2cd5c0bbbbcd1a2cca5e908ec2481bdbda4850c021903af1c08d8f1d
Page: 2 of 8

Filed in District Court
State of Minnesota
5/12/2023 10:37 AM

Defendant or accomplices. This request includes recorded statements by any other person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-23-18846**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18846_Demand or Request for Discovery_2023-09-12_20240430074710.pdf
File Hash: 584a68ac489154e185b2c76bf203d368a6a5c3649ce1041ce2d0be3e1f7f4a7a
Page: 2 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:50 PM

Defendant or accomplices. This request includes recorded statements by any other person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-23-18850**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18850_Demand or Request for Discovery_2023-09-12_20240430074747.pdf
File Hash: b7e3f0dca83490016f86dad46471ce66744af4205553532893e1ed1cc49474b1
Page: 2 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:53 PM

Defendant or accomplices. This request includes recorded statements by any other person and any written record containing the substance of statements by them, whether or not they are expected to be called at trial. This request includes statements made to any member of prosecution's staff, victim advocates, and any other person of which the government is aware or should be aware. State v. Adams, 555 N.W.2d 310 (Minn. App. 1996). It also includes disclosure of the fact that an interview with a witness took place, regardless of whether it was transcribed or whether written statements or written summaries were prepared. State v. Kaiser, 486 N.W.2d 384, 386-87 (Minn. 1992) This request also encompasses copies of recorded statements made pursuant to State v. Scales, 518 N.W.2d 587 (Minn. 1994) and any attempted recordings that for whatever alleged reason are inaudible or unavailable.

3. **Audio or video records** produced regarding this case, including squad video, 911 calls, radio runs, police radio communications, scout runs, police transport recordings, and record checks.
4. **Reports related to examinations, tests, or expert testimony**, as fully described in Rule 9.01, subd. 1(4). In addition to disclosure, Defendant also demands the in-person testimony of all analysts who performed tests the results of which the state intends to introduce into evidence at any hearing related to this case. Further, defendant hereby provides notice that he retains his right to cross-examine the analysts under State v. Caulfield, 722 N.W.2d 304, Minn. 2006.
5. **Documents and other tangible objects**, as fully described in Rule 9.01, subd. 1(3)
6. **Search warrants** obtained and executed regarding the case, including inventories and items seized.
7. **Identification procedures** including but not limited to lineups, show-up identifications, photo arrays, or the like, and details on the nature and circumstances of any and all identification procedures that become known to the government in the future.
8. **Witnesses and other persons**, as fully described in Rule 9.01, subd. 1(1).
9. **Conviction records** for all witnesses and other persons, as required to be disclosed under Rule 9.01, subd. 1(1).
10. **Prior convictions** of the Defendant or defense witnesses, to be provided as certified copies. In addition to disclosure, defendant also demands notice if the state intends to use a conviction to impeach any defense witness, including Defendant.

**Case No. 27-CR-23-9546**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-05-12**
MCRO_27-CR-23-9546_Demand or Request for Discovery_2023-05-12_20240430073807.pdf
File Hash: 4a7dd2fe2cd5c0bbbbcd1a2cca5e908ec2481bdbda4850c021903af1c08d8f1d
Page: 3 of 8

Filed in District Court
State of Minnesota
5/12/2023 10:37 AM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.

**Case No. 27-CR-23-18846**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18846_Demand or Request for Discovery_2023-09-12_20240430074710.pdf
File Hash: 584a68ac489154e185b2c76bf203d368a6a5c3649ce1041ce2d0be3e1f7f4a7a
Page: 3 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:50 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.

**Case No. 27-CR-23-18850**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18850_Demand or Request for Discovery_2023-09-12_20240430074747.pdf
File Hash: b7e3f0dca83490016f86dad46471ce66744af4205553532893e1ed1cc49474b1
Page: 3 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:53 PM

11. **Alleged but uncharged misconduct, prior bad acts, or relationship evidence** which the State intends to introduce at trial in this matter, disclosure to include police reports and any other documentation.
12. **Evidence related to an enhanced or aggravated sentence,** as identified in Rule 9.01, subd. 1(7). In addition to disclosure, defendant also demands notice if the state intends to seek an aggravated or enhanced sentence.

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the State after the State has begun complying with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**DEMAND FOR PRESERVATION AND DISCLOSURE OF EVIDENCE TENDING TO NEGATE OR REDUCE THE DEFENDANT'S GUILT**

Defendant demands that the State preserve and disclose all evidence and information known to the State which tends to negate or reduce the guilt of the Defendant, together with all evidence and information which might tend to mitigate or reduce potential punishment, as required under Minn. R. Crim. P. 9.01 subd. 1(6), under Brady v. Maryland, 373 U.S. 83 (1963), and under subsequent cases. This demand includes but is not limited to the following:

1. Evidence of bias of government witnesses or any consideration given a witness in return for cooperation with the government, including any information regarding pre-existing hard feelings, arguments, grudges, and disputes between the complainant and the Defendant.
2. Information that a government witness and/or informant was under the influence of alcohol, narcotics, or any other drug at the time of the observations about which the witness will testify and/or the informant informed.

**Case No. 27-CR-23-9546**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-05-12**
MCRO_27-CR-23-9546_Demand or Request for Discovery_2023-05-12_20240430073807.pdf
File Hash: 4a7dd2fe2cd5c0bbbbcd1a2cca5e908ec2481bdbda4850c021903af1c08d8f1d
Page: 4 of 8

Filed in District Court
State of Minnesota
5/12/2023 10:37 AM

3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.
4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

**Case No. 27-CR-23-18846**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18846_Demand or Request for Discovery_2023-09-12_20240430074710.pdf
File Hash: 584a68ac489154e185b2c76bf203d368a6a5c3649ce1041ce2d0be3e1f7f4a7a
Page: 4 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:50 PM

3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.
4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

**Case No. 27-CR-23-18850**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18850_Demand or Request for Discovery_2023-09-12_20240430074747.pdf
File Hash: b7e3f0dca83490016f86dad46471ce66744af4205553532893e1ed1cc49474b1
Page: 4 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:53 PM

3. Information tending to show the unreliability of a government witness, or which would tend to discredit the testimony of a government witness, including a request for any prior inconsistent, non-corroborative, or other witness statements which the witness' trial testimony will not reflect.
4. Information—including docket numbers, dates and jurisdictions—indicating that
   a. a government witness has had a pending juvenile or criminal case on or since the offense in this case;
   b. a government witness was arrested, pleaded guilty, had a trial, or was sentenced on or since the date of the offense in the present case;
   c. a government witness was on juvenile or criminal parole or probation on or since the date of the offense; and
   d. a government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action.
5. Information that any government witness is or has been a police informant either at the time of the offense and/or through the day of trial, including the kind of assistance or benefits provided. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value. Here, the demanded disclosure includes but is not limited to:
   a. the length and extent of the witness' informant status;
   b. the amounts that have been paid to the informant in connection with this case;
   c. non-monetary assistance provided or promised to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant either at the time of the offense and/or any other time through the day of trial;
   d. all statements made to the informant that promised benefits would not be provided without cooperation in connection with this case;
   e. the nature of assistance provided to the informant prior to this case, including the number of occasions and form of help.
6. Information which tends to show a government witness' corruption including anything in police officers' personnel files indicative of corruption.

**Case No. 27-CR-23-9546**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-05-12**
MCRO_27-CR-23-9546_Demand or Request for Discovery_2023-05-12_20240430073807.pdf
File Hash: 4a7dd2fe2cd5c0bbbbcd1a2cca5e908ec2481bdbda4850c021903af1c08d8f1d
Page: 5 of 8

Filed in District Court
State of Minnesota
5/12/2023 10:37 AM

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.
8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

**Case No. 27-CR-23-18846**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18846_Demand or Request for Discovery_2023-09-12_20240430074710.pdf
File Hash: 584a68ac489154e185b2c76bf203d368a6a5c3649ce1041ce2d0be3e1f7f4a7a
Page: 5 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:50 PM

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.
8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

**Case No. 27-CR-23-18850**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18850_Demand or Request for Discovery_2023-09-12_20240430074747.pdf
File Hash: b7e3f0dca83490016f86dad46471ce66744af4205553532893e1ed1cc49474b1
Page: 5 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:53 PM

7. Perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case.
8. Information that any government witness has made prior false accusations, including but not limited to prior complaints to the police or law enforcement agencies that did not result in a conviction.
9. Information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial, including but not limited to the issues of self-defense or defense of others.
10. Any other information tending to show a government witness' bias in favor of the government or against the defendant or which otherwise impeaches a witness' testimony, including civilian-review-board complaints against police officers involving facts similar to those of this case, whether resolved for or against the officer.
11. Names and addresses of all witnesses who do not fully corroborate the government's case or would serve to contradict or impeach the government's evidence.
12. Any indication of threats or acts of aggression toward the defendant by the complainant or decedent, and any information that the complainant had possession of any weapons at the time of the incident. Also, any other information which would indicate that the complainant was the first aggressor and/or that the Defendant acted in self-defense.
13. Names and address of any person who:
    a. identified some person other than the Defendant as a perpetrator of the alleged offense;
    b. failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure;
    c. gave any description(s) of the perpetrator(s) of the alleged offense which in any material respect differs from my client.
14. Information known to the government which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information that the Defendant was not involved in the alleged offenses and/or that the requisite elements required to prove any of the charged offenses cannot be met.

**Case No. 27-CR-23-9546**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-05-12**
MCRO_27-CR-23-9546_Demand or Request for Discovery_2023-05-12_20240430073807.pdf
File Hash: 4a7dd2fe2cd5c0bbbbcd1a2cca5e908ec2481bdbda4850c021903af1c08d8f1d
Page: 6 of 8

Filed in District Court
State of Minnesota
5/12/2023 10:37 AM

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment, either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).

**Case No. 27-CR-23-18846**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18846_Demand or Request for Discovery_2023-09-12_20240430074710.pdf
File Hash: 584a68ac489154e185b2c76bf203d368a6a5c3649ce1041ce2d0be3e1f7f4a7a
Page: 6 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:50 PM

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment, either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).

**Case No. 27-CR-23-18850**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18850_Demand or Request for Discovery_2023-09-12_20240430074747.pdf
File Hash: b7e3f0dca83490016f86dad46471ce66744af4205553532893e1ed1cc49474b1
Page: 6 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:53 PM

Defendant further demands that all officers and investigative agencies concerned abide by their continuing obligation to discover, preserve, and disclose in writing any information or materials that might be viewed as favorable to the Defendant on the issues of suppression, guilt, or punishment, either substantively, as impeachment, or as tending to discredit the government's witnesses. Kyles v. Whitley, 115 S.Ct. 1555 (1995) (imposing upon law enforcement and the prosecutor a "duty to learn" favorable information relating to the Defendant).

These requests encompass all information or evidence known to the prosecutor on this case personally or if known to any other prosecutor or law enforcement agent, as well as information and evidence about which the prosecutor on this case could acquire actual knowledge through the exercise of due diligence in responding to these inquiries.

Lastly, the defense demands disclosure of all audio or video files on CD ROM or DVD ROM disc, and demands that the state provide any and all software or other files necessary to open, view or play such disc(s).

This demand for preservation and disclosure, in its entirety, continues until final disposition of this case. It therefore encompasses any additional information subject to disclosure that becomes known to the prosecutor, staff, or anyone investigation investigating this case after the State has begun its compliance with discovery rules, orders or defense requests. Minn. R. Crim. P. 9.03, subd. 2;

**MOTION TO COMPEL DISCLOSURE AND ACCESS**

Defendant moves the Court for an Order requiring the State

1 To preserve all evidence and other matters subject to disclosure as herein demanded and as otherwise required by Minnesota Rule of Criminal Procedure 9.01.
2 To permit Defendant to have access to, inspect, reproduce, photograph, or otherwise document all disclosed items, as described in Minn. R. Crim. P 9.01, subd. 1 & subd. 1a(2).
3 To allow defendant to conduct reasonable tests or to provide notice and an opportunity for defense experts to observe the state's own tests if those tests preclude further tests or experiments, as described in Minn. R. Crim. P 9.01, subd. 1(4)(b).
4 To assist Defendant in seeking access to specified matters relating to the case which are within the possession or control of an official or employee of any governmental agency, but which are not within the control of the prosecuting attorney, as described in Minn. R. Crim. P. 9.01, subd 2(1).

**Case No. 27-CR-23-9546**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-05-12**
MCRO_27-CR-23-9546_Demand or Request for Discovery_2023-05-12_20240430073807.pdf
File Hash: 4a7dd2fe2cd5c0bbbbcd1a2cca5e908ec2481bdbda4850c021903af1c08d8f1d
Page: 7 of 8

Filed in District Court
State of Minnesota
5/12/2023 10:37 AM

5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

**Case No. 27-CR-23-18846**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18846_Demand or Request for Discovery_2023-09-12_20240430074710.pdf
File Hash: 584a68ac489154e185b2c76bf203d368a6a5c3649ce1041ce2d0be3e1f7f4a7a
Page: 7 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:50 PM

5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

**Case No. 27-CR-23-18850**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18850_Demand or Request for Discovery_2023-09-12_20240430074747.pdf
File Hash: b7e3f0dca83490016f86dad46471ce66744af4205553532893e1ed1cc49474b1
Page: 7 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:53 PM

5 For an Order directing the prosecuting attorney to identify and produce any informants who supplied or contributed information to the prosecution which led to the issuance of a Complaint against the Defendant on the grounds:

a. The privilege of non-disclosure of any informants must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant and material, and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is necessary to a fair determination of the cause; or

b. Disclosure is necessary as a means to afford this Defendant an opportunity to establish that if informants did exist, that the information supplied to the prosecutor by them was inaccurate or misrepresentative.

**MOTION TO SUPPRESS EVIDENCE**

Defendant moves the Court for an Order suppressing, particularly with respect to those items identified in the state's notice under Rule 7.01:

1 Any and all evidence obtained as a result of a stop, search, or seizure, on the ground that such evidence was obtained in violation of Defendant's constitutional and statutory protections against unreasonable searches and seizures.

2 Any and all confessions, admissions, or statements in the nature of confessions made by Defendant, together with any evidence obtained as a result thereof, on the grounds that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

3 Any and all identifications of Defendant and evidence of identification procedures used during the investigation, together with any evidence obtained as a result of identification procedures used during the investigation, on the ground that any use of such evidence, in any manner, would be in violation of the Defendant's constitutional and statutory rights.

Defendant further moves this court for an order suppressing other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**MOTION TO EXCLUDE EVIDENCE**

**Case No. 27-CR-23-9546**
State of MN vs TIMOTHY TERRELL STUCKEY
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-05-12**
MCRO_27-CR-23-9546_Demand or Request for Discovery_2023-05-12_20240430073807.pdf
File Hash: 4a7dd2fe2cd5c0bbbbcd1a2cca5e908ec2481bdbda4850c021903af1c08d8f1d
Page: 8 of 8

Filed in District Court
State of Minnesota
5/12/2023 10:37 AM

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
KASSIUS O. BENSON - CHIEF PUBLIC DEFENDER

By /s/
Christine Irfanullah-Tabora
Attorney ID No. 504092
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, Minnesota 55415

Dated: This 9th, of May, 2023.

**Case No. 27-CR-23-18846**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18846_Demand or Request for Discovery_2023-09-12_20240430074710.pdf
File Hash: 584a68ac489154e185b2c76bf203d368a6a5c3649ce1041ce2d0be3e1f7f4a7a
Page: 8 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:50 PM

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
MICHAEL BERGER - CHIEF PUBLIC DEFENDER

By /s/
Leslie O'Connor
Attorney ID No. 401438
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, Minnesota 55415

Dated: This 6th, of September, 2023.

**Case No. 27-CR-23-18850**
State of MN vs RICKY NELSON SULLIVAN, Jr.
Filing Type: ·Demand or Request for Discovery·
Filing Date: **2023-09-12**
MCRO_27-CR-23-18850_Demand or Request for Discovery_2023-09-12_20240430074747.pdf
File Hash: b7e3f0dca83490016f86dad46471ce66744af4205553532893e1ed1cc49474b1
Page: 8 of 8

Filed in District Court
State of Minnesota
9/12/2023 1:53 PM

Defendant moves the Court for an Order restraining the prosecution from attempting to introduce at trial:

1 Evidence obtained as a result of stop, search, or seizure, confession or other statement by the Defendant, or identification procedures, as described above, on the grounds that the notices filed by the State are vague, ambiguous, and inspecific, all to the prejudice of the Defendant and contrary to the meaning of Minnesota R. Crim. P. 7.01.

2 Evidence that Defendant has been guilty of additional misconduct or crimes on other occasions, on the grounds that the state has not provided notice of its intent to use such evidence or, if it did, that such notice was not specific enough or failed to specify a particular exception to the general rule of exclusion. Defendant also moves for exclusion on the grounds that the evidence is not admissible under any exception to the general rule of exclusion, that such evidence is more prejudicial than probative, or that such evidence has not been proven to be clear and convincing.

3 Evidence, argument, or any other reference to prior convictions, if any, of the Defendant.

4 Any and all other evidence for which the State has failed to provide notice as required by the Minnesota Rules of Criminal Procedure

Defendant further moves this court for an order excluding other evidence or granting any relief that the court may require to ensure a fair and expeditious trial on this matter.

**DEMAND FOR HEARING**

Defendant hereby demands a contested hearing on the above motions, to be held as soon as practicable after the serving and filing hereof.

Respectfully submitted,

OFFICE OF THE HENNEPIN COUNTY PUBLIC DEFENDER
MICHAEL BERGER - CHIEF PUBLIC DEFENDER

By /s/
Leslie O'Connor
Attorney ID No. 401438
Attorney for Defendant
701 Fourth Avenue South, Suite 1400
Minneapolis, Minnesota 55415

Dated: This 6th, of September, 2023.