# EXHIBIT APR-3

**Order Finding Guertin Competent to Proceed | April 3, 2025 | Index 127**
EXHIBIT APR-3

[127__Order-Finding-Guertin-Competent__2025-04-03.pdf](#)

SHA-256 Hash of Source File:  6e296082826a09d26ebdab4d5d068616f1b3cca5a2a5f02a075ab4d99f6702e1

Page: 1 of 4          [ source file ]          [ .ots timestamp of source file ]

---

STATE OF MINNESOTA                                              FOURTH JUDICIAL DISTRICT
COUNTY OF HENNEPIN                                            PROBATE/MENTAL HEALTH DIVISION

---

State of Minnesota,
    Plaintiff.

v.

Matthew Guertin,
    Defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER REGARDING DEFENDANT'S COMPETENCY TO PROCEED

27-CR-23-1886

---

    This matter came on before the undersigned judge on March 5, 2025, for an evidentiary hearing regarding Mr. Guertin's competency.  The hearing was held in-person at the Hennepin County Government Center in room C457.

- Assistant Hennepin County Attorney Mawerdi Hamid appeared for the State.
- Assistant Hennepin County Public Defenders Raissa Carpenter and Emmett Donnelly represented Mr. Guertin, who appeared out of custody.

    At the hearing, the Court took judicial notice of Dr. Katheryn Cranbrook's December 20, 2024, Examiner's Report without objection from the parties and heard testimony from Mr. Guertin.[1]

    The Court, having considered the matter, now makes the following:

### BACKGROUND

1. Mr. Guertin is charged with the following:

    - One count of Reckless Discharge of a Firearm within a Municipality (Felony) arising from an incident alleged to have occurred on January 21, 2023.

    - Three counts of Receiving/Possessing a Firearm with no Serial Number (Felony) arising from an incident alleged to have occurred on January 21, 2023.

---

[1] Mr. Guertin uploaded several exhibits into MNCIS before the hearing.  During his testimony, Mr. Guertin referenced several of these exhibits.  During closing, the Defense informed the Court they would not be offering these exhibits outside of the testimony received at the hearing.

Order
Page 1 of 4

File Embedded and Bookmarked Version at MnCourtFraud.Substack.com/p/apr-3

**EXHIBIT APR-3 | p. 1**

**Order Finding Guertin Competent to Proceed | April 3, 2025 | Index 127**
EXHIBIT APR-3

127__Order-Finding-Guertin-Competent__2025-04-03.pdf

SHA-256 Hash of Source File: 6e296082826a09d26ebdab4d5d068616f1b3cca5a2a5f02a075ab4d99f6702e1

Page: 2 of 4        [ source file ]        [ .ots timestamp of source file ]

2. On October 15, 2024, Judge Shereen Askalani ordered Mr. Guertin to undergo an Evaluation for Competency to Proceed pursuant to Rule 20.01 of the Minnesota Rules of Criminal Procedure to determine if he is competent to proceed to trial.

3. Mr. Guertin has previously been found incompetent to proceed on July 13, 2023, and January 16, 2024.

4. Dr. Katheryn Cranbrook was assigned to evaluate Mr. Guertin. In her December 20, 2024, Report, Dr. Cranbrook opined Mr. Guertin "declined to participate in [the] evaluation due to ongoing symptoms of mental illness" and "defendant's prognosis for attaining the capacity for competent participation in the legal process appears poor."[2]

### FINDINGS OF FACT

1. The Court's findings are based on the information and opinions provided by Dr. Cranbrook in her Rule 20.01 Evaluation Report ("Report") dated December 20, 2024, and on the testimony of Mr. Guertin at the hearing.

2. Dr. Katheryn Cranbrook filed her report with this Court on December 20, 2024. In her report, Dr. Cranbrook diagnosed Mr. Guertin with Unspecified Schizophrenia Spectrum and Other Psychotic Disorder based on available records.[3] Dr. Cranbrook reported Mr. Guertin failed to cooperate with an examination despite several attempts.[4] Dr. Cranbook opined Mr. Guertin "has a history of psychosis characterized by prominent delusional thinking, as well as impaired thought processes."[5] Furthermore, Dr. Cranbrook reported Mr. Guertin has recently demonstrated symptoms of psychosis during previous competence evaluations which "has persisted in his recent communications and allegations."[6] Dr. Cranbrook has opined these symptoms "have been noted to compromise his capacity to rationally engage in the evaluation and effectively communicate."[7] Dr. Cranbrook further notes Mr. Guertin's paranoid beliefs and persistent allegations of violations of his constitutional rights are consistent with the "impaired thought processes that have previously rendered him incompetent to proceed."[8] Dr. Cranbrook ultimately opined Mr. Guertin "declined to participate in [the] evaluation due to ongoing symptoms of mental illness" and "defendant's prognosis for attaining the capacity for competent participation in the legal process appears poor."[9] The Court finds Dr. Cranbrook's report to be generally reliable based upon his presentation, or lack thereof.

---

[2] Report, p.4.
[3] *Id*. at 3.
[4] *Id*.
[5] *Id*.
[6] *Id*.
[7] *Id*.
[8] *Id*. at 4.
[9] *Id*.

Order
Page 2 of 4

File Embedded and Bookmarked Version at MnCourtFraud.Substack.com/p/apr-3

**Order Finding Guertin Competent to Proceed | April 3, 2025 | Index 127**
EXHIBIT APR-3

[127__Order-Finding-Guertin-Competent__2025-04-03.pdf](#)
SHA-256 Hash of Source File:  6e296082826a09d26ebdab4d5d068616f1b3cca5a2a5f02a075ab4d99f6702e1
Page: 3 of 4         [ source file ]         [ .ots timestamp of source file ]

     3.     Mr. Guertin testified at the hearing in opposition to Dr. Cranbrook's report and a finding of incompetency.  Mr. Guertin testified he has had three Rule 20 exams which have determined he is incompetent.  Mr. Guertin also testified about what he believes to have been manipulated discovery materials in his previous civil commitment case and a motion he filed in that case seeking "authentic" discovery materials.  Mr. Guertin provided extensive testimony at the hearing challenging Dr. Cranbrook's opinion he is suffering from mental illness. Mr. Guertin testified Netflix and Microsoft were involved in the theft of his patent, and these beliefs were not based in delusions.  He testified about his extensive professional background to support his assertion of the corporate wrongdoing toward him.  While the Court has no basis upon which it can discount Mr. Guertin's apparently credible testimony about his past professional career, he did attempt to inflate his past work by ascribing an "engineering" label to his work, although he acknowledged he was not educated or certified/licensed as an engineer.  Still, he appears to have extensive experience in his chosen work.  The pride he has in his past work was discussed at great length in an apparent attempt to show his past evaluators improperly did not believe the reported work history was valid.  The Court believes his criticism of the past diagnoses misses the mark.  While his work history may be beyond reproach, his claims that Netflix and Microsoft have engaged in theft of intellectual property does not appear to have support.  His beliefs in that regard appear to be fantastical and paranoid.

     4.     Regarding the current charges against him, however, he is more realistic.  He said he is charged with reckless discharge of a firearm in a municipality and three counts of possession of a gun without a serial number.  He understands how a case is presented in criminal court, a criminal case might not go to trial, he may have a chance to argue a case in front of a jury, and he has a right to call witnesses.  Mr. Guertin testified the prosecution is against him.  He said he would like a resolution to his case.  Mr. Guertin testified he has conducted research on competency-related case law and Minnesota Court rules and has created custom Chat GPT bots which can help him analyze various aspects of his case.  Mr. Guertin also testified if he were to be found competent, he would not necessarily proceed to trial without an attorney since he has felony charges.  He understands the nature of the charges against him.  He understands the roles of the many parties.  He understands the severity of the allegations against him.  He understands the benefits of having counsel.  He understands the nature of a trial, and the plea bargain process.

     5.     While this Court finds Mr. Guertin to be unsupported in his claims of corporate fraud against him and the foundation for the earlier incompetency findings against him, Mr. Guertin has demonstrated an understanding of Court processes and the charges he is facing, as well as the ability to consult with his counsel about his defense.  He may have his own thoughts about how best to defend his case—whether he can rationally consult with counsel is the crux of any incompetency determination involving Mr. Guertin—but he has said he recognizes the value of having legal representation.  He will work with his legal team, and he understands there are some decisions he gets to make, while there are other decisions reserved for his counsel.  Ultimately, the Court finds Mr. Guertin is competent.

Order
Page 3 of 4

File Embedded and Bookmarked Version at MnCourtFraud.Substack.com/p/apr-3

**EXHIBIT APR-3 | p. 3**

**Order Finding Guertin Competent to Proceed | April 3, 2025 | Index 127**
EXHIBIT APR-3

127__Order-Finding-Guertin-Competent__2025-04-03.pdf
SHA-256 Hash of Source File:  6e296082826a09d26ebdab4d5d068616f1b3cca5a2a5f02a075ab4d99f6702e1
Page: 4 of 4          [ source file ]       [ .ots timestamp of source file ]

### CONCLUSIONS OF LAW

1.  "A defendant has a due process right not to be tried or convicted of a criminal charge if he or she is legally incompetent."[10]  Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find a defendant not competent unless the greater weight of the evidence shows the defendant is competent to proceed.[11]  A defendant is not competent if, due to mental illness or cognitive impairment, he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense."[12]  The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.

2.  Foremost, throughout the criminal proceedings, the trial court must be mindful of its protective duty to ensure a defendant is competent to proceed.[13]

3.  Mr. Guertin is contesting the report prepared by Dr. Cranbrook which opines his declination to participate in an evaluation was due to his symptoms of mental illness and his prognosis for obtaining legal competency appears poor.  While Dr. Cranbrook does not provide a conclusive opinion regarding Mr. Guertin's competency, Mr. Guertin bears the burden to prove, by a preponderance of evidence, he is competent.[14]

6.  Here, Mr. Guertin has met that burden.  He demonstrated in testimony he understands the charges, role of counsel and the Court, and the proceedings.  Based on the record before the Court, the Court ultimately finds Dr. Cranbrook's conclusion that Mr. Guertin is suffering from a mental illness credible.  However, Mr. Guertin has demonstrated an understanding of Court processes and the charges he is facing, as well as the ability to consult with his counsel about his defense.

### ORDER

Matthew Guertin is **COMPETENT** to proceed to trial.

BY THE COURT:

April 3, 2025
Date                                                    William H. Koch, Judge of District Court

---

[10] *Bonga v. State*, 797 N.W.2d 712, 718 (Minn. 2011)
[11] Minnesota Rules of Criminal Procedure Rule 20.01, subdivision 5(c).
[12] *Id.*, subdivision 2.
[13] *See State v. Bauer*, 245 N.W.2d 848, 852 (Minn. 1976) (ruling the court should have conducted further inquiry into the important matter of defendant's competency).
[14] *See State v. Curtis*, 921 N.W.2d 342, 348 (Minn. 2018); see also *State v. Thompson*, 988 N.W.2d 149, 154 ("when a defendant assert their own competence in a contested competency proceeding under Rule 20.02, the defendant bears the burden to prove competence") (Minn. App. 2023).

Order
Page 4 of 4

File Embedded and Bookmarked Version at MnCourtFraud.Substack.com/p/apr-3